**FILED**

OCT 3 0 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed: ___10-24-07___

RICHARD W. WIEKING, Clerk

By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

'07 CV 2107 W    POR

SHALABY, ET AL,                          No. C06-07026 MJJ

    Plaintiffs.,                    **ORDER GRANTING MOTION TO TRANSFER**

v.

NEWELL RUBBERMAID, INC. ET AL,

    Defendants.                          /

Pending before the Court is Third Party Defendant Worthington Industries, Inc.'s

("Worthington") Motion to Transfer.[1]  Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz

("Plaintiffs") oppose the motion.[2]  Despite the presumption in favor of a plaintiff's choice of venue,

the court finds that the convenience of the parties and witnesses, and the interests of justice, warrant

transfer.  Therefore, for the reasons discussed in more detail below, the Court **GRANTS** the Motion

to Transfer Venue to the Southern District of California.

## BACKGROUND

Plaintiffs originally filed a Complaint in Alameda County Superior Court of the State of

California, naming Newell Rubbermaid Inc. ("Newell") and The Home Depot, Inc ("Home Depot")

---

[1] Docket No. 50.

[2] Plaintiffs also filed an Administrative Motion for Leave to File Objections to Evidence in the Reply Papers.
(Docket No. 75.)  Because of the additional evidence submitted by Worthington in connection with its reply, and the
relevance of Plaintiffs' evidentiary objectionsh to this Court's evaluation of the importance of the witnesses' testimony, the
Court **GRANTS** the Administrative Motion.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    as Defendants. The case was removed to this Court. Thereafter, Plaintiffs filed an amended

2    complaint in which Home Depot remains a defendant, but Irwin Industrial Tool Company, Inc.

3    ("Irwin") was named in place of Newell. Plaintiffs assert claims against all Defendants for: (1) strict

4    product liability; (2) strict liability for failure to warn; (3) negligence; (4) negligent failure to warn;

5    (5) breach of implied warranty of merchantability; and (6) negligent infliction of emotional distress.

6    Bernzomatic, a division of Irwin, has sued Worthington and Western Industries, Inc. for indemnity

7    in a third party complaint.

8         The following facts are undisputed for purposes of this motion, or are established by the

9    record, unless otherwise noted. In early to mid 2005, Shalaby purchased a Bernzomatic MAPP Gas

10   torch kit from a Home Depot store located in El Cerrito, California. The kit allegedly included a

11   torch and a yellow MAPP Gas cylinder filled with MAPP Gas. (Plaintiffs' First Amended

12   Complaint ("FAC") attached as Exhibit A to Request for Judicial Notice ("RJN") at ¶ 9.) Shortly

13   thereafter, Shalaby purchased several replacement cylinders. (FAC ¶ 11.) MAPP Gas is typically

14   used for welding and soldering due to its high combustion temperature of 5301 degrees Fahrenheit

15   (2927 degrees Celsius). (RJN Exh. B at p. 2, § 1a.) However, the product literature states that

16   MAPP gas torches are also "appropriate" for other projects such as, *inter alia*, "lighting pilot lights

17   and grills" and "starting campfires." (Epstein Decl., Exh. A & Exh. B.) Shalaby regularly used his

18   torch to light campfires. (Worthington's Motion To Transfer Venue, 2:12-13 ("MTV").)

19         During the week of April 17, 2006, Plaintiffs and their two children were vacationing at a

20   recreational vehicle park known as "Campland on the Bay" located in San Diego, California. (MTV

21   at 2:13-15.) Shalaby took his torch and MAPP Gas cylinders with him on this trip. Shalaby claims

22   that on April 21, 2006 when he attempted to light a campfire using his torch, the cylinder exploded

23   and/or discharged its contents, causing Shalaby to suffer burn injuries. (FAC ¶ 20-22.)

24         Several third party witnesses that witnessed the aftermath of the incident, including camp

25   rangers Randy Stephens and Warren Ratliff, and paramedics Robert Price and Joe Russo, all work

26   and reside in the Southern California area. (*See* Huang Decl. Exh. C, Price Depo. at 5:10-6:21;

27   Huang Decl. Exh. A; Stephens Depo. at 9:1-22; Huang Decl. Exh B, Ratliff Depo. at 8:5-9:4; Huang

28   Decl. Exh. D, Russo Depo. at 10:19-11:9.) They offer the following testimony.

1      Ranger Stephens was on duty at Campland on the day of the incident. (Huang Decl. Exh. A,

2 Stephens Depo. at 11:7-10.) Fellow campers witnessed the incident and one camper reported it to

3 the camp rangers. Ranger Stephens went to the scene, observed Plaintiff make statements right after

4 the incident, and inspected the torch. (*Id.* at 10:4-14; 11:7-19.)

5      Warran Ratliff is also a ranger at Campland. (Huang Decl. Exh. B, Ratliff Depo. at 9:8-22.)

6 Ratliff arrived at the scene along with the fire department and paramedics. (*Id.* at 17:23-18:7.) At

7 the scene, Ratliff spoke to neighboring campers. (*Id.* at 18:21-19:2.) Among other things, campers

8 told him that Shalaby had attempted to light a campfire with his torch and when he was

9 unsuccessful, he became frustrated and started banging the torch on the campfire ring. (*Id.* at 19:7-

10 20:23.)

11      Ratliff made an hour-long examination of the torch and cyclinder after the incident. (*Id.* at

12 66:20-23.) Based on his examination, Ratliff felt that the torch apparatus may have been improperly

13 attached to the cylinder or not placed fully in the on position. (*Id.* at 31:5-13.) Ranger Stephens also

14 made observations of the cylinder. (Huang Decl. Exh. A, Stephens Depo. at 42:14-43:1.)

15      Paramedic Robert Price responded to the accident as an intern for Station 21 of the San

16 Diego Fire Department. (Huang Decl. Exh. C, Price Depo. at 6:15-7:14.) Price treated Shalby at the

17 scene. (*Id.* at 9:5-10:10.) Price saw beer bottles at the campsite and smelled alcohol on Shalby's

18 breath. (*Id.* at 22:13-23:6.) Price's supervisor, Joe Russo, was present when Price was interviewing

19 Shalaby. Russo said that he heard Shalaby state that he had kicked a propane cylinder into the fire

20 and that it exploded. (Huang Decl. Exh. D, Russo Depo. at 22:18-23:7.)

21      An unidentified engineer with the fire department told Stephens and Ratliff that the fire

22 department did not need to take the torch or cylinder into evidence because "the gentleman in

23 question, the patient had already told them, and that it was an accident." (Huang Decl. Exh. A,

24 Stephens Depo. at 61:22-62:4; Huang Decl. Exh. B, Ratliff Depo. at 35:5-36:7.) Ratliff took the

25 cyclinder and torch back to the ranger station where it remained for two or three days. (Huang Decl.

26 Exh. B, Ratliff Depo. at 36:15-21.) Including Price and Russo, seven persons from the San Diego

27 Fire Department Station 21 responded to the incident. (Huang Decl. Exh. D, Russo Depo. at 29:17-

28 30:20; 45:6-8.) Ratliff believes that another staff member who was present at the campground threw

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   the torch and cylinder away.  (Huang Decl. Exh. B, Ratliff Depo. at 37:15-17.)

2           Shalaby spent approximately one week at a burn unit at U.C. San Diego Medical Center

3   following the incident, before being transferred to St. Francis Memorial Hospital in San Francisco

4   on or about April 28, 2006.  (Shalaby Decl., ¶ 4.)  At St. Francis, Mr. Shalaby was treated by several

5   physicians including Drs. Thomas P. Harries, Gifford S. Leung, Guido J. Gores, Jr. and Bruce M.

6   Potenza.  (Shalaby Decl., ¶ 6.)  Plaintiff underwent several surgeries, including skin grafts, and daily

7   medical treatment.  (Shalaby Decl., ¶ 5.)  After he was released from St. Francis Memorial Hospital,

8   Mr. Shalaby received medical treatment and consultation for his injuries from his regular physician,

9   Kenneth J. Gjeltema, in Berkeley, California which he is still receiving.  In addition, Mr. Shalaby

10  received psychotherapy for psychological injuries from Richard Bloom, PhD, in Berkeley, which he

11  also continues to this day.  (Shalaby Decl., ¶ 7.)

12          On June 1, 2006, Joe Tancredy from St. Paul Travelers Insurance, a liability insurance carrier

13  for BernzOmatic, interviewed Mr. Shalaby at his residency in El Cerrito concerning the incident and

14  his injuries.  (Shalaby Decl., ¶ 8.)  Mr. Tancredy also inspected Mr. Shalaby's two additional

15  BernzOmatic MAPP gas cylinders.  (Shalaby Decl., ¶ 9.)  Mr. Tancredy asked to take custody of the

16  cylinders so that they could be examined by the manufacturers.  (Shalaby Decl., ¶ 9.)

17          Worthington now requests the Court to transfer this action from the Northern District to the

18  Southern District of California pursuant to 28 U.S.C. § 1404.

19                                  **LEGAL STANDARD**

20          Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of

21  justice, a district court may transfer any civil action to any other district or division where it might

22  have been brought." 28 U.S.C. § 1404(a) (1998).  The purpose of section 1404(a) is to prevent the

23  waste of time, energy, and money, and to protect litigants, witnesses, and the public against

24  unnecessary inconvenience and expense.  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Under

25  section 1404(a), the moving party has the burden of showing that the balance of conveniences

26  weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the

27  plaintiff's choice of forum.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843

28  (9th Cir. 1986); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

**United States District Court**
For the Northern District of California

1   To support a motion to transfer venue, the moving party must show that the forum to which

2   they seek transfer is a forum in which the action originally might have been brought. *See Hoffman v.*

3   *Blaski*, 363 U.S. 335, 344 (1960). In addition, the transfer must be for the convenience of the parties

4   and witnesses and in the interests of justice. *See Guthy-Renker Fitness, L.L.C. v. Icon Health &*

5   *Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998) (citing *Arley v. United Pac. Ins. Co.*, 379 F.2d

6   183, 185 (9th Cir. 1969)). Under Section 1404(a), the district court has discretion "to adjudicate

7   motions for transfer according to an 'individualized, case-by-case consideration of convenience and

8   fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In reviewing a

9   motion to transfer, the Court may consider the following factors to determine whether transfer is

10  appropriate in a particular case:

11          (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of
            the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with
12          the applicable law; (6) feasibility of consolidation of other claims; (7) any local
            interest in the controversy; and (8) the relative court congestion and time of trial in
13          each forum.

14  *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.* 2000 U.S. Dist. LEXIS 10139, *8 (N.D. Cal.

15  2000).

16                                      **ANALYSIS**

17          As the party requesting the transfer, Worthington bears the burden of proving that the

18  Southern District of California is the more appropriate forum for this action. *See Jones*, 211 F.3d at

19  499; *Warfield*, 346 F. Supp. 2d at 1043. Here, the main factors that this Court needs to balance are

20  the convenience of non-party witnesses, and the Plaintiff's choice of forum, as the other factors are

21  largely neutral.

22  **A.      As A Threshold Issue, This Matter Could Have Been Brought In The Southern District**

23  **of California.**

24          A party seeking transfer must show that the desired forum is one in which the action

25  originally might have been brought. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); 28 U.S.C. §

26  1404(a). Further, there is a three step analysis in determining if the transferee court is a proper

27  venue: (1) the court must have complete personal jurisdiction over defendants;

28  (2) the court must have subject matter jurisdiction; and (3) the court is the proper venue had the

1    claim originally been brought in that court." *Royal Queentex*, 2000 U.S. Dist. LEXIS 10139 at *8.

2         Here, it is undisputed that the Southern District of California satisfies all three of these

3    requirements. The court has proper subject mater jurisdiction because there is complete diversity of

4    citizenship. The claim exceeds $75,000, and the venue in the Southern District is proper under 28

5    U.S.C. section 1391(a)(2) because the incident giving rise to this action occurred within the

6    Southern District. The Court finds that Worthington has met its initial burden of demonstrating that

7    the action could have been brought in the Southern District of California.

8    **B.    Analysis of the Factors.**

9         Evaluating the facts of the instant case under the relevant factors, and taking into account

10   consideration of convenience and fairness, the Court finds Worthington has met its burden of

11   proving that the Southern District of California is the more appropriate forum for this action.

12       **1.    Convenience of Witnesses.**

13       An important factor in determining whether to grant a motion to transfer venue is the

14   convenience of the witnesses. *See Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659, *6,

15   (N.D. Cal. 1999). In analyzing whether a transfer of a case would serve the convenience of the

16   witnesses, the Court must look at who the witnesses are, the nature of what their testimony will be,

17   and why such testimony is relevant or necessary. *See Florens Container v. Cho Yang Shipping*, 245

18   F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002); *AJ Industries, Inc. v. United States District Court*, 503

19   F.2d 384, 389 (9th Cir. 1974); *Palace Exploration Co. v. Petroleum Development Co.*, F.3d 1110,

20   1121 (10th Cir. 2003). The Court will consider not only the number of witnesses located in the

21   respective districts, but also the "nature and quality of their testimony." *See Steelcase, Inc. v.*

22   *Haworth*, 41 U.S.P.Q.2D (BNA) 1468, 1470 (C.D. Cal. 1996).

23       Worthington contends that all of the important third-party witnesses are located and reside in

24   the Southern District. Specifically, Worthington claims that the testimony of camp rangers Randy

25   Stephens and Warren Ratliff, and paramedics Robert Price and Joe Russo, would establish that

26   Shalaby, rather than the alleged defect, caused the accident. Fellow campers witnessed the incident

27   and one camper reported it to the camp rangers. Worthington alleges that the testimony of these

28   witnesses will establish that Plaintiff banged the torch against a hard surface and kicked the torch

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  into the fire. (MTV 1:13-15.)  Further, Worthington contends that the testimony will establish that

2  Mr. Shalaby made "admissions that he was stupid and at fault for the incident."

3       Plaintiff disputes both the admissibility and the importance of these witnesses' testimony.

4  Having reviewed Plaintiffs/' admissibility objections, however, the Court finds that significant

5  portions of the Southern California witnesses' testimony appear to be admissible and to have large

6  probative value to the pivotal questions of causation in this case.  For example, while Ranger

7  Ratliff's recollections of what unidentified campers told him they observed – that they sounds from

8  the direction of Mr. Shalaby's campsite which led them to believe that Mr. Shalaby "became

9  frustrated" and hit the torch against a concrete ring around the campfire pit – may be inadmissible

10  hearsay[3], his own direct observations of the cylinder that exploded are probative of causation.

11  Because the primary physical evidence in this case, the cylinder and the torch, was discarded shortly

12  after the accident, this testimony will be important to the case as a foundation for expert witness

13  testimony, regardless of whether Ranger Ratliff's own opinions about what caused the damage to the

14  cylinder are admissible as expert testimony.

15       Similarly, the testimony of the two paramedics, and of Ranger Stephens, regarding

16  admissions made by Plaintiff Shalaby is likely admissible and significantly probative.  Plaintiff

17  argues that Paramedic Price's testimony that *someone* told him that Mr. Shalaby kicked around a

18  propane torch and that it went into a fire and blew up is inadmissible.  However, Price's supervisor,

19  Joe Russo, was present when Price was interviewing Shalaby, and said that he heard Shalaby tell

20  Price that he had kicked a propane cylinder into the fire and that it exploded. (Huang Decl. Exh. D,

21  Russo Depo. at 22:18-23:7.)  Taken together, these paramedics' testimony about Mr. Shalaby's

22  statements appear to be admissible under a hearsay exception as admissions of a party.  Likewise,

23  Ranger Stephens' testimony that he heard Plaintiff Shalaby describe his own actions as "stupid" and

24  the accident being his own "fault" is likely admissible and significant.  While Plaintiffs downplay

25  such testimony, and call into question Shalaby's state of mind when making these statements, the

26  Court finds that the jury could potentially attach great weight to evidence of Shalaby's

27

28

---

[3] Worthington indicates it is trying to locate the other campers so they can directly testify. The Court gives minimal weight to this fact as it has not been adequately established that any such witnesses will be located, that they will have probative recollections, or that they are likely to reside in the Southern California area.

**United States District Court**
For the Northern District of California

1   contemporaneous admissions. The weight given to such evidence is ultimately a question for the

2   jury.

3       The Court concludes that the testimony of these San Diego area witnesses is critical to Third

4   Party Defendants' defense against Plaintiffs' claims of product defect. (MTV 1:7-8.) At least four

5   third-party witnesses who reside and work in the San Diego area will offer testimony probative to

6   how the accident occurred. If the case remains in the Northern District of California, all the

7   witnesses from San Diego will be required to travel approximately 500 miles to San Francisco to

8   testify at trial. This would likely require several witnesses to arrange to spend one or more nights

9   away from their homes and work. In the alternative, if the case were transferred to the Southern

10  District of California, the witnesses could be on standby and appear at trial on short notice.

11  Moreover, the credibility of these witnesses will be of significant importance to the factfinder,

12  increasing the value of having them testify live at at trial.

13      On the other side of the equation, Plaintiff argues that a transfer would result in an equal

14  amount of inconvenience, difficulty and expense for the witnesses residing in Northern California.

15  Plaintiffs themselves would be required to travel down to San Diego and would incur travel

16  expenses and inconvenience in doing so. While the Court considers this inconvenience in the

17  balance, it does not attach as much importance to it as inconvenience to the Southern California

18  witnesses because Plaintiffs are parties to this case. "[W]hile the convenience of party witnesses is a

19  factor to be considered, the convenience of non-party witnesses is the more important factor." *Saleh*

20  *v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005).

21      Plaintiffs also contend that several of Shalaby's treating physicians would have to travel

22  down to Southern California to testify about damages. Plaintiffs state that the doctors' testimony

23  will establish the degree and extent of Shalaby's injuries and will explain why his injuries prevented

24  him from returning to work for a significant period of time. The Court, however, finds that there is

25  less need for the factfinder to hear live testimony from these physicians, given that: (1) the injury

26  itself is not disputed; (2) the scope of any dispute over the long term effects of the injury is not yet

27  known; and (3) the testimony regarding the injuries and treatment provided by these physicians is

28  not the subject of vigorous dispute and can be provided in a deposition. Therefore, Plaintiff's

8

**United States District Court**
For the Northern District of California

1  reliance on damages testimony from these witnesses does not offset Defendants' clear showing of

2  witness inconvenience.

3      **2.    Plaintiff's Choice of Forum.**

4      Generally, a plaintiff's choice of forum is afforded substantial weight. *See Carolina Cas.*

5  *Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). While Plaintiff's choice of

6  forum is to be given great weight, it "is not the final word." *Pacific Car and Foundry Co. v. Pence*,

7  403 F.2d 949, 954 (9th Cir. 1968).

8      However, a plaintiff's choice of forum should be given less weight when it is not "the place

9  where the operative facts of the action occurred." *See Dwyer v. General Motors Corp.* 853 F. Supp.

10  690, 694 (S.D.N.Y. 1994); *Teknekron*, 1993 WL 215024, *7 (holding that plaintiff's choice of

11  forum, although plaintiff is a resident of that forum, is entitled to limited deference where center of

12  gravity of action elsewhere). This Court gives less significance to the Plaintiffs' choice of the

13  Northern District as a forum given that the accident occurred in San Diego, and the only connection

14  with this district is that the Plaintiffs reside here and received treatment here. *See Hernandez v.*

15  *Graebel Van Lines*, 761 F. Supp. 983, 990-91 (E.D.N.Y. 1991) ("[w]here the transactions or facts

16  giving rise to the action have no material relation or significant connection to plaintiff's chosen

17  forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced

18  significance").

19  **C.    Consideration of all Relevant Factors.**

20      After considering all of the factors discussed above, the Court is persuaded that the interests

21  of justice support transferring this matter to the Southern District of California to facilitate the

22  convenience of live testimony by the pivotal causation witnesses. A plaintiff's choice of forum

23  should not be lightly disturbed. However, Worthington has adequately overcome this initial

24  presumption by clearly demonstrating the importance of live testimony from the witnesses that will

25  directly contradict Plaintiffs' version of the accident. On balance, the Court finds that Worthington

26  has met its burden of persuading this Court that this action should be transferred to the Southern

27  District of California.

28  //

9

1  //

2  //

3                                **CONCLUSION**

4          For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer and

5  **TRANSFERS** this action to the Southern District of California.  The Court **VACATES** all existing

6  deadlines in the matter pending assignment of this matter to a judge of that District.  The Clerk of

7  this Court is **DIRECTED** to serve a copy of this Order on the Clerk for the Southern District of

8  California, and to close the file.

9

10  **IT IS SO ORDERED.**

11

12

13  Dated: October 23, 2007

14                                                    MARTIN J. JENKINS
                                                       UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADRMOP, CASREF, CLOSED, E-Filing, PRVADR, TRANSF

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Date 10-25-07          Deputy Clerk

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:06-cv-07026-MJJ**
**Internal Use Only**

Shalaby et al v. Newell Rubbermaid, Inc. et al
Assigned to: Hon. Martin J. Jenkins
Case in other court: Alameda County Superior Court,
                          RG06292670
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 11/09/2006
Date Terminated: 10/24/2007
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

### Plaintiff

**Andrew Shalaby**
*an individual*

represented by **Mark Douglas Epstein**
Alborg Veiluva & Epstein LLP
200 Pringle Avenue
Suite 410
Walnut Creek, CA 94596
925/939-9880
Fax: 925-939-9915
Email: mepstein@avelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael John Veiluva**
Alborg Veiluva & Epstein LLP
200 Pringle Avenue
Suite 410
Walnut Creek, CA 94596
925-939-9880
Fax: 925-939-9915
Email: mveiluva@avelaw.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Sonia Dunn-Ruiz**
*an individual*

represented by **Mark Douglas Epstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael John Veiluva**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Newell Rubbermaid, Inc.**    represented by **J. Phillip Moorhead**
*a Delaware corporation*           Keller Price & Moorhead
                   229 Avenue I, 2nd Floor
                   Redondo Beach, CA 90277-5600
                   (310) 540-1332
                   Fax: (310) 540-8480
                   Email: jpm@kpmlawyers.com
                   *LEAD ATTORNEY*
                   *ATTORNEY TO BE NOTICED*

                   **Joshua S. Goodman**
                   Jenkins Goodman Neuman & Hamilton
                   LLP
                   417 Montgomery Street, 10th Floor
                   San Francisco, CA 94104
                   415-705-0400
                   Fax: 415-705-0411
                   Email: jgoodman@jgn.com
                   *TERMINATED: 01/08/2007*
                   *ATTORNEY TO BE NOTICED*

                   **Pavan L. Rosati**
                   Jenkins, Goodman, Neuman &
                   Hamilton LLP
                   417 Montgomery Street, 10th Floor
                   San Francisco, CA 94104
                   415-705-0400
                   Fax: 415-705-0411
                   Email: prosati@jgn.com
                   *TERMINATED: 01/08/2007*
                   *ATTORNEY TO BE NOTICED*

**Defendant**

**The Home Depot, Inc.**    represented by **J. Phillip Moorhead**
                   (See above for address)
                   *LEAD ATTORNEY*
                   *ATTORNEY TO BE NOTICED*

                   **Joshua S. Goodman**
                   (See above for address)
                   *TERMINATED: 01/15/2007*
                   *ATTORNEY TO BE NOTICED*

                   **Pavan L. Rosati**
                   (See above for address)
                   *TERMINATED: 01/15/2007*
                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Rubbermaid, Inc.**                      represented by    **J. Phillip Moorhead**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua S. Goodman**
(See above for address)
*TERMINATED: 01/08/2007*
*ATTORNEY TO BE NOTICED*

**Pavan L. Rosati**
(See above for address)
*TERMINATED: 01/08/2007*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Irwin Industrial Tool Company, Inc.**    represented by    **J. Phillip Moorhead**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bernzomatic, an Unincorporated**          represented by    **J. Phillip Moorhead**
**Division of Irwin Industrial Tool**                         (See above for address)
**Company**                                                  *ATTORNEY TO BE NOTICED*

**3rd party defendant**

**Western Industries, Inc.**               represented by    **Lowell T. Carruth**
McCormick, Barstow, Sheppard, Wayte
& Carruth
P. O. Box 28912
5 River Park Place East
Fresno, CA 93729-8912
559-433-1300 x3326
Fax: 559-433-2300
Email:
lowell.carruth@mccormickbarstow.com

*ATTORNEY TO BE NOTICED*

**3rd party defendant**

**Worthington Industries**                 represented by    **Cathleen Shu-Chia Huang**
Attorney at Law
Bowles & Verna
2121 N. California Boulevard, Suite
875
Walnut Creek, CA 94596
925-935-3300
Fax: 925-935-0371
Email: chuang@bowlesverna.com
*ATTORNEY TO BE NOTICED*

Richard A. Ergo
Bowles & Verna LLP
2121 N. California Boulevard,
Suite 875
Walnut Creek, CA 94596
(925)935-3300
Fax: (925)935-0371
Email: raergo@bowlesverna.com
*ATTORNEY TO BE NOTICED*

**3rd party plaintiff**

**Bernzomatic, an Unincorporated**          represented by **J. Phillip Moorhead**
**Division of Irwin Industrial Tool**                        (See above for address)
**Company**                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/09/2006 | 1 | NOTICE OF REMOVAL, no process, from Alameda County Superior Court. Their case number is RG06292670. (Filing fee $350 receipt number 3392282). Filed by Newell Rubbermaid, Inc., The Home Depot, Inc., Rubbermaid, Inc. (kc, COURT STAFF) (Filed on 11/9/2006) Modified on 11/15/2006 (kc, COURT STAFF). (Entered: 11/15/2006) |
| 11/09/2006 | | ANSWER to Complaint (Notice of Removal) by The Home Depot, Inc. (kc, COURT STAFF) (Filed on 11/9/2006) (Entered: 11/15/2006) |
| 11/09/2006 | | CASE DESIGNATED for Electronic Filing. (kc, COURT STAFF) (Filed on 11/9/2006) (Entered: 11/15/2006) |
| 11/09/2006 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 2/9/2007. Case Management Conference set for 2/16/2007 at 01:30 PM. (kc, COURT STAFF) (Filed on 11/9/2006) Additional attachment(s) added on 11/15/2006 (kc, COURT STAFF). (Entered: 11/15/2006) |
| 11/09/2006 | 3 | DEMAND for Trial by Jury by The Home Depot, Inc., Rubbermaid, Inc., Newell Rubbermaid, Inc. (kc, COURT STAFF) (Filed on 11/9/2006) (Entered: 11/15/2006) |
| 11/09/2006 | 4 | CERTIFICATE OF SERVICE by The Home Depot, Inc., Rubbermaid, Inc., Newell Rubbermaid, Inc. *of Notice to Adverse Party of Removal to Federal Court* (kc, COURT STAFF) (Filed on 11/9/2006) (Entered: 11/15/2006) |
| 11/20/2006 | 5 | DEMAND for Trial by Jury by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 11/20/2006) (Entered: 11/20/2006) |
| 12/18/2006 | 6 | CLERK'S NOTICE re: Failure to E-File Docket Nos. 1, 3 and 4. (cjl, COURT STAFF) (Filed on 12/18/2006) (Entered: 12/18/2006) |
| 01/05/2007 | 7 | NOTICE of Substitution of Counsel by John Phillip Moorhead *J. Phillip Moorhead* (Moorhead, John) (Filed on 1/5/2007) (Entered: 01/05/2007) |

| 01/05/2007 | ◐8 | NOTICE of Substitution of Counsel by John Phillip Moorhead *J. Phillip Moorhead* (Moorhead, John) (Filed on 1/5/2007) (Entered: 01/05/2007) |
| 01/08/2007 | | (Court only) *** Attorney Joshua S. Goodman and Pavan L. Rosati terminated. (cp, COURT STAFF) (Filed on 1/8/2007) (Entered: 01/08/2007) |
| 01/15/2007 | ◐9 | NOTICE of Substitution of Counsel by John Phillip Moorhead *J. Phillip Moorhead* (Moorhead, John) (Filed on 1/15/2007) (Entered: 01/15/2007) |
| 01/25/2007 | ◐10 | STIPULATION and Proposed Order selecting Mediation by Andrew Shalaby, Sonia Dunn-Ruiz (Epstein, Mark) (Filed on 1/25/2007) (Entered: 01/25/2007) |
| 01/26/2007 | ◐11 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *with Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz* (Epstein, Mark) (Filed on 1/26/2007) (Entered: 01/26/2007) |
| 01/26/2007 | ◐12 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Moorhead, John) (Filed on 1/26/2007) (Entered: 01/26/2007) |
| 01/26/2007 | ◐13 | ORDER re 10 GRANTING STIPULATION selecting Private Mediation and REFERRING CASE to Private ADR. Signed by Judge CLAUDIA WILKEN on 1/26/07. (scc, COURT STAFF) (Filed on 1/26/2007) (Entered: 01/26/2007) |
| 02/08/2007 | ◐14 | JOINT CASE MANAGEMENT STATEMENT *AND PROPOSED ORDER* filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 2/8/2007) (Entered: 02/08/2007) |
| 02/14/2007 | ◐15 | STIPULATION *and (Proposed) PROTECTIVE ORDER* by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 2/14/2007) Modified on 2/15/2007 (cp, COURT STAFF). (Entered: 02/14/2007) |
| 02/20/2007 | ◐16 | MINUTE ORDER AND CASE MANAGEMENT ORDER: Case referred to Private ADR. Further Case Management Conference set for 11/2/2007 10:00 AM. Jury Trial set for 4/7/2008 08:30 AM. Motion Hearing set for 11/2/2007 10:00 AM. Pretrial Conference set for 3/28/2008 01:30 PM.. Signed by Judge Claudia Wilken on 2/20/07. (scc, COURT STAFF) (Filed on 2/20/2007) (Entered: 02/20/2007) |
| 02/23/2007 | ◐17 | CONSENT to Proceed Before a US Magistrate Judge by Rubbermaid, Inc., Newell Rubbermaid, Inc... (Moorhead, John) (Filed on 2/23/2007) (Entered: 02/23/2007) |
| 02/23/2007 | ◐18 | CONSENT to Proceed Before a US Magistrate Judge by Andrew Shalaby, Sonia Dunn-Ruiz.. (Epstein, Mark) (Filed on 2/23/2007) (Entered: 02/23/2007) |
| 02/27/2007 | ◐19 | ORDER re 15 granting STIPULATED PROTECTIVE ORDER. Signed by Judge Claudia Wilken on 2/27/07. (scc, COURT STAFF) (Filed on 2/27/2007) (Entered: 02/27/2007) |
| 03/07/2007 | ◐20 | ORDER REFERRING CASE to Magistrate Judge. Signed by Judge |

| | | Claudia Wilken on 3/7/07. (scc, COURT STAFF) (Filed on 3/7/2007) (Entered: 03/07/2007) |
|---|---|---|
| 03/07/2007 | | (Court only) ***Deadlines terminated. (scc, COURT STAFF) (Filed on 3/7/2007) (Entered: 03/07/2007) |
| 03/08/2007 | ●21 | ORDER REASSIGNING CASE. Case reassigned to Judge Elizabeth D. Laporte for all further proceedings. Judge Claudia Wilken no longer assigned to the case. Signed by Executive Committee on 03/08/07. (mab, COURT STAFF) (Filed on 3/8/2007) (Entered: 03/08/2007) |
| 03/21/2007 | ●22 | STIPULATION *TO EXTEND ADR DEADLINE* by Newell Rubbermaid, Inc.. (Moorhead, John) (Filed on 3/21/2007) (Entered: 03/21/2007) |
| 03/21/2007 | ●23 | Proposed Order *Extending ADR Deadline* by Newell Rubbermaid, Inc.. (Moorhead, John) (Filed on 3/21/2007) (Entered: 03/21/2007) |
| 03/22/2007 | ●24 | ORDER SETTING Case Management Conference [Reassigned case]. Case Management Conference set for 4/17/2007 10:00 AM. Signed by Judge Elizabeth D. Laporte on 3/22/07. (lmh, COURT STAFF) (Filed on 3/22/2007) (Entered: 03/22/2007) |
| 03/22/2007 | ●25 | ORDER EXTENDING ADR Deadline re Stipulation 22. Date for ADR to be completed is extended to 7/25/2007. Signed by Judge Elizabeth D. Laporte on 3/22/07. (lmh, COURT STAFF) (Filed on 3/22/2007) (Entered: 03/22/2007) |
| 03/28/2007 | ●26 | MOTION to Appear by Telephone *at Case Management Conference* filed by Andrew Shalaby, Sonia Dunn-Ruiz. Motion Hearing set for 4/17/2007 10:00 AM in Courtroom E, 15th Floor, San Francisco. (Epstein, Mark) (Filed on 3/28/2007) (Entered: 03/28/2007) |
| 03/28/2007 | ●27 | CERTIFICATE OF SERVICE by Andrew Shalaby, Sonia Dunn-Ruiz re 24 Order, Set Hearings *(Standing Order re: Case Management Conference)* (Epstein, Mark) (Filed on 3/28/2007) (Entered: 03/28/2007) |
| 04/03/2007 | ●28 | ORDER GRANTING the Parties' Request for Telephonic Appearance 26 at the Case Management Conference set for 4/17/2007 at 10:00 a.m. Signed by Judge Elizabeth D. Laporte. (lmh, COURT STAFF) (Filed on 4/3/2007) (Entered: 04/03/2007) |
| 04/03/2007 | | (Court only) ***Motions terminated: 29 30 (lmh, COURT STAFF) (Filed on 4/3/2007) (Entered: 04/05/2007) |
| 04/04/2007 | ●29 | MOTION to Appear by Telephone filed by Newell Rubbermaid, Inc.. Motion Hearing set for 4/17/2007 10:00 AM in Courtroom E, 15th Floor, San Francisco. (Moorhead, John) (Filed on 4/4/2007) (Entered: 04/04/2007) |
| 04/04/2007 | ●30 | MOTION to Appear by Telephone filed by The Home Depot, Inc.. Motion Hearing set for 4/17/2007 10:00 AM in Courtroom E, 15th Floor, San Francisco. (Moorhead, John) (Filed on 4/4/2007) (Entered: 04/04/2007) |

| | | |
|---|---|---|
| 04/17/2007 | ⊕31 | Minute Entry: Case Management Conference held on 4/17/2007 before Elizabeth D. Laporte. Private mediation to be completed by 7/25/2007. Updated joint case management statement due 8/14/2007. Further Case Management Conference set for 8/21/2007 10:00 AM. Last day to file dispositive motions 12/21/2007, set for hearing 1/29/2008 at 9:00 AM. Pretrial Conference set for 4/8/2008 02:00 PM. Jury Trial set for 4/28/2008 08:30 AM in Courtroom E, 15th Floor, San Francisco. (FTR Digital Recorder: 10:28am - 11:00am) (lmh, COURT STAFF) (Date Filed: 4/17/2007) (Entered: 04/17/2007) |
| 04/17/2007 | ⊕32 | CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL: An Updated Joint Case Management Statement due by 8/14/2007. Further Case Management Conference set for 8/21/2007 10:00 AM. All non-expert discovery shall be completed by 10/24/2007. Initial expert disclosures shall be made by 11/7/2007. Rebuttal expert disclosures shall be made by 11/14/2007. All expert discovery shall be completed no later than 12/14/2007. Last day to file dispositive motions 12/21/2007, set for hearing 1/29/2008 09:00 AM. Pretrial Conference set for 4/8/2008 02:00 PM. Jury Trial set for 4/28/2008 08:30 AM in Courtroom E, 15th Floor, San Francisco. Signed by Judge Elizabeth D. Laporte on 4/17/07. (lmh, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/17/2007) |
| 06/07/2007 | ⊕33 | STIPULATION *TO FILE FIRST AMENDED COMPLAINT AND ORDER THEREON* by Andrew Shalaby, Sonia Dunn-Ruiz. (Attachments: # 1 Exhibit A)(Epstein, Mark) (Filed on 6/7/2007) (Entered: 06/07/2007) |
| 06/08/2007 | ⊕34 | STIPULATION AND ORDER re 33 Stipulation to file First Amended Complaint Signed by Magistrate Judge Elizabeth D. Laporte on June 8, 2007. (khlc, COURT STAFF) (Filed on 6/8/2007) (Entered: 06/08/2007) |
| 06/11/2007 | ⊕35 | AMENDED COMPLAINT against Irwin Industrial Tool Company, Inc., The Home Depot, Inc.. Filed byAndrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 6/11/2007) (Entered: 06/11/2007) |
| 06/19/2007 | ⊕36 | ANSWER to Complaint *first amended complaint* byBernzomatic, an Unincorporated Division of Irwin Industrial Tool Company. (Moorhead, John) (Filed on 6/19/2007) (Entered: 06/19/2007) |
| 06/19/2007 | ⊕37 | ANSWER to Complaint *First Amended Complaint* byThe Home Depot, Inc.. (Moorhead, John) (Filed on 6/19/2007) (Entered: 06/19/2007) |
| 06/19/2007 | ⊕38 | THIRD PARTY COMPLAINT against Western Industries, Inc., Worthington Industries. Filed byBernzomatic, an Unincorporated Division of Irwin Industrial Tool Company. (Moorhead, John) (Filed on 6/19/2007) (Entered: 06/19/2007) |
| 07/16/2007 | ⊕39 | MOTION to Strike *Cross-complainant's Third Party Complaint* filed by Western Industries, Inc.. Motion Hearing set for 9/11/2007 09:00 AM in Courtroom E, 15th Floor, San Francisco. (Carruth, Lowell) (Filed on 7/16/2007) (Entered: 07/16/2007) |
| 07/16/2007 | ⊕40 | MEMORANDUM in Support re 39 MOTION to Strike *Cross-* |

| | | |
|---|---|---|
| | | *complainant's Third Party Complaint* filed by Western Industries, Inc.. (Related document(s)39) (Carruth, Lowell) (Filed on 7/16/2007) (Entered: 07/16/2007) |
| 07/16/2007 | 41 | Declaration of Lowell T. Carruth in Support of 39 MOTION to Strike *Cross-complainant's Third Party Complaint* filed by Western Industries, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related document(s)39) (Carruth, Lowell) (Filed on 7/16/2007) (Entered: 07/16/2007) |
| 07/16/2007 | 42 | Request for Judicial Notice re 39 MOTION to Strike *Cross-complainant's Third Party Complaint* filed by Western Industries, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Related document(s)39) (Carruth, Lowell) (Filed on 7/16/2007) (Entered: 07/16/2007) |
| 07/18/2007 | 43 | STIPULATION *and Order* by Irwin Industrial Tool Company, Inc.. (Moorhead, J.) (Filed on 7/18/2007) (Entered: 07/18/2007) |
| 07/23/2007 | 44 | STIPULATION AND ORDER CONTINUING MEDIATION COMPLETION DATE AND SETTING FURTHER CASE MANAGEMENT CONFERENCE re 43 Stipulation filed by Irwin Industrial Tool Company, Inc.. Signed by Magistrate Judge Elizabeth D. Laporte on July 23, 2007. (edllc2, COURT STAFF) (Filed on 7/23/2007) (Entered: 07/23/2007) |
| 08/10/2007 | 45 | Declination to Proceed Before a U.S. Magistrate Judge by Western Industries, Inc. *and Request for Reassignment to a U.S. District Judge*. (Carruth, Lowell) (Filed on 8/10/2007) (Entered: 08/10/2007) |
| 08/10/2007 | 46 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (lmh, COURT STAFF) (Filed on 8/10/2007) (Entered: 08/10/2007) |
| 08/13/2007 | 47 | ORDER REASSIGNING CASE. Case reassigned to Judge Martin J. Jenkins for all further proceedings. Judge Elizabeth D. Laporte no longer assigned to the case.. Signed by Executive Committee on 8/13/07. (as, COURT STAFF) (Filed on 8/13/2007) (Entered: 08/13/2007) |
| 08/16/2007 | 48 | ANSWER TO THIRD PARTY COMPLAINT 38 by Worthington Industries. (slh, COURT STAFF) (Filed on 8/16/2007) Additional attachment(s) added on 9/13/2007 (rcs, COURT STAFF). (Entered: 08/23/2007) |
| 08/16/2007 | 49 | Corporate Disclosure Statement and Certificate of Interested Entities or Persons by Worthington Industries. (slh, COURT STAFF) (Filed on 8/16/2007) Additional attachment(s) added on 9/13/2007 (rcs, COURT STAFF). (Entered: 08/23/2007) |
| 08/16/2007 | 50 | MOTION to Transfer Case filed by Worthington Industries. Motion Hearing set for 9/25/2007 09:30 AM. (slh, COURT STAFF) (Filed on 8/16/2007) Additional attachment(s) added on 9/13/2007 (rcs, COURT STAFF). (Entered: 08/23/2007) |
| 08/16/2007 | 51 | Declaration of Cathleen S. Huang in Support of 50 MOTION to Transfer Case filed by Worthington Industries. (Related document(s)50) (slh, |

| | | |
|---|---|---|
| | | COURT STAFF) (Filed on 8/16/2007) Additional attachment(s) added on 9/13/2007 (rcs, COURT STAFF). (Entered: 08/23/2007) |
| 08/16/2007 | ⊜52 | Request for Judicial Notice re 50 MOTION to Transfer Case filed by Worthington Industries. (Related document(s)50) (slh, COURT STAFF) (Filed on 8/16/2007) Additional attachment(s) added on 9/13/2007 (rcs, COURT STAFF). (Entered: 08/23/2007) |
| 08/23/2007 | ⊜53 | CLERK'S NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer re 48, 49, 50, 51, 52. (slh, COURT STAFF) (Filed on 8/23/2007) (Entered: 08/23/2007) |
| 08/24/2007 | ⊜54 | CLERK'S NOTICE Setting a Case Management Conference for 10/2/2007 02:00 P.M. before the Honorable Martin J. Jenkins. (ls, COURT STAFF) (Filed on 8/24/2007) (Entered: 08/24/2007) |
| 09/04/2007 | ⊜55 | Memorandum in Opposition re 50 MOTION to Transfer Case filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/04/2007 | ⊜56 | DECLARATION of Andrew Shalaby in Opposition to 50 MOTION to Transfer Case filed by Andrew Shalaby. (Attachments: # 1 Exhibit A) (Related document(s)50) (Epstein, Mark) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/04/2007 | ⊜57 | DECLARATION of Sonia Dunn-Ruiz in Opposition to 50 MOTION to Transfer Case filed by Sonia Dunn-Ruiz. (Related document(s)50) (Epstein, Mark) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/04/2007 | ⊜58 | DECLARATION of Mark D. Epstein in Opposition to 50 MOTION to Transfer Case filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Related document(s)50) (Epstein, Mark) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/04/2007 | ⊜59 | DECLARATION of John K. Stipancich in Opposition to 50 MOTION to Transfer Case *(Affidavit)* filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Related document(s)50) (Epstein, Mark) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/04/2007 | ⊜60 | Proposed Order re 50 MOTION to Transfer Case *(Denying Motion)* by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 9/4/2007) (Entered: 09/04/2007) |
| 09/05/2007 | ⊜61 | STIPULATION *and Order Withdrawing Motion to Strike and Extending Due Date for Filing Response to Third-Party Complaint* by Western Industries, Inc.. (Carruth, Lowell) (Filed on 9/5/2007) (Entered: 09/05/2007) |
| 09/11/2007 | ⊜62 | Reply to Opposition *THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S REPLY BRIEF IN SUPPORT OF 50 MOTION TO TRANSFER VENUE* filed by Worthington Industries. (Huang, Cathleen) (Filed on 9/11/2007) Modified on 9/12/2007 (slh, COURT STAFF). (Entered: 09/11/2007) |

| 09/11/2007 | ❸63 | Declaration of CATHLEEN S. HUANG *IN SUPPORT OF THIRD PARTY WORTHINGTON INDUSTRIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE* filed by Worthington Industries. (Attachments: # 1 Exhibit EXHIBIT A# 2 Exhibit EXHIBIT B)(Huang, Cathleen) (Filed on 9/11/2007) (Entered: 09/11/2007) |
|---|---|---|
| 09/11/2007 | ❸64 | Declaration of STEVEN T. GENTRY *IN SUPPORT OF THIRD PARTY WORTHINGTON INDUSTRIES, INC.'S REPLY BRIEF TO THE MOTION TO TRANSFER VENUE* filed by Worthington Industries. (Huang, Cathleen) (Filed on 9/11/2007) (Entered: 09/11/2007) |
| 09/11/2007 | ❸65 | Declaration of JOSEPH TANCREDY *IN SUPPORT OF THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE* filed by Worthington Industries. (Huang, Cathleen) (Filed on 9/11/2007) (Entered: 09/11/2007) |
| 09/11/2007 | ❸66 | ORDER re 61 Stipulation filed by Western Industries, Inc. Signed by Judge Martin J. Jenkins on 9/6/07. (aaa, Court Staff) (Filed on 9/11/2007) (Entered: 09/11/2007) |
| 09/11/2007 | ❸ | (Court only) ***Motions terminated: 39 MOTION to Strike *Cross-complainant's Third Party Complaint* filed by Western Industries, Inc.. (aaa, Court Staff) (Filed on 9/11/2007) (Entered: 09/12/2007) |
| 09/14/2007 | ❸67 | CLERK'S NOTICE Motion Hearing reset for 10/16/2007 09:30 AM. (aaa, Court Staff) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/20/2007 | ❸68 | Proposed Order *REQUEST TO APPEAR TELEPHONICALLY AT CASE MANAGEMENT CONFERENCE* by Worthington Industries. (Huang, Cathleen) (Filed on 9/20/2007) (Entered: 09/20/2007) |
| 09/20/2007 | ❸69 | Proposed Order *on Request to Appear Telephonically at Case Management Conference* by Western Industries, Inc.. (Carruth, Lowell) (Filed on 9/20/2007) (Entered: 09/20/2007) |
| 09/21/2007 | ❸70 | JOINT CASE MANAGEMENT STATEMENT *AND PROPOSED ORDER* filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 9/21/2007) (Entered: 09/21/2007) |
| 09/26/2007 | ❸71 | CLERK'S NOTICE continuing the Case Management Conference to 11/13/2007 at 01:45 PM. (rbe, COURT STAFF) (Filed on 9/26/2007) (Entered: 09/26/2007) |
| 09/28/2007 | ❸72 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ADR CERTIFICATION BY WORTHINGTON INDUSTRIES, INC. AND ITS COUNSEL* (Huang, Cathleen) (Filed on 9/28/2007) (Entered: 09/28/2007) |
| 10/04/2007 | ❸73 | MOTION for Leave to File *Objections to Evidence Proffered with the Reply Papers in Support of Worthington Industries, Inc.'s Motion to Transfer Venue, Pursuant to Civil Local Rule 7-11* filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 10/4/2007) (Entered: 10/04/2007) |

| 10/04/2007 | 74 | Declaration of Mark D. Epstein in Support of 73 MOTION for Leave to File *Objections to Evidence Proffered with the Reply Papers in Support of Worthington Industries, Inc.'s Motion to Transfer Venue, Pursuant to Civil Local Rule 7-11* filed by Andrew Shalaby, Sonia Dunn-Ruiz. (Attachments: # 1 Exhibit A)(Related document(s)73) (Epstein, Mark) (Filed on 10/4/2007) (Entered: 10/04/2007) |
|---|---|---|
| 10/04/2007 | 75 | Proposed Order re 73 MOTION for Leave to File *Objections to Evidence Proffered with the Reply Papers in Support of Worthington Industries, Inc.'s Motion to Transfer Venue, Pursuant to Civil Local Rule 7-11* by Andrew Shalaby, Sonia Dunn-Ruiz. (Epstein, Mark) (Filed on 10/4/2007) (Entered: 10/04/2007) |
| 10/05/2007 | 76 | NOTICE by Western Industries, Inc. re 50 MOTION to Transfer Case, 51 Declaration in Support, 52 Request for Judicial Notice *in Support of Worthington Industries, Inc.'s Motion to Transfer Venue* (Carruth, Lowell) (Filed on 10/5/2007) (Entered: 10/05/2007) |
| 10/16/2007 | 77 | Minute Entry: Motion Hearing held on 10/16/2007 before Judge Martin J. Jenkins. The Motion to Transfer Venue is granted. (Court Reporter: Lydia Zinn) (rbe, COURT STAFF) (Date Filed: 10/16/2007) (Entered: 10/16/2007) |
| 10/24/2007 | 78 | ORDER by Judge Martin J. Jenkins granting 50 Motion to Transfer Case; granting 73 Motion for Leave to File (mjjlc2, COURT STAFF) (Filed on 10/24/2007) (Entered: 10/24/2007) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY,

         Plaintiff (s),

    v.

NEWELL RUBBERMAID INC,
        Defendant(s).

No. **C 06-07026 CW**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

     IT IS HEREBY ORDERED that this action is assigned to the Honorable Claudia Wilken. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule set forth below unless the Court otherwise orders.

     IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 11/9/2006 | Notice of removal filed | |
| 21 days before CMC * 1/26/2007 | Last day to: <br> • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at www.adr.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (forms available at www.adr.cand.uscourts.gov ) | Civil L.R .16-8 (c) & ADR L.R .3-5(b)& (c) |
| 7 days before CMC * 2/9/2007 | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file Case Management Statement (form available at www.cand.uscourts.gov), and file Rule 26(f) Report | FRCivP 26(a) (1) & Civil L.R. 16-9 |
| 2/16/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, Oakland at 1:30 PM | Civil L.R.16-10 |

---

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

<u>NOTICE</u>

Criminal Law and Motion calendar is conducted on Mondays at 2:00 p.m. (in custody) and 2:30 p.m. (not in custody). Civil Law and Motion calendar is conducted on Fridays at 10:00 a.m. Case Management Conferences and Pretrial Conferences are conducted on Fridays at 1:30 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment: All issues shall be contained within one motion and shall conform with Civil L.R. 7-2. Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)). All briefing on motions for summary judgment must be included in the memoranda of points and authorities in support of, opposition to, or reply to the motion, and must comply with the page limits of Civil Local Rule 7-4. The memoranda should include a statement of facts supported by citations to the declarations filed with respect to the motion. Cross or counter-motions shall be contained within the opposition to any motion for summary judgment and shall conform with Civil L.R. 7-3. The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a surreply to the cross or counter-motion.

All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

(rev. 5/11/05)

APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|                    |   |                                                        |
|--------------------|---|--------------------------------------------------------|
|                    | \| | CASE NO.                                              |
| Plaintiff(s),      | \| |                                                       |
|                    | \| | JOINT CASE MANAGEMENT STATEMENT                       |
| v.                 | \| | AND PROPOSED ORDER                                    |
|                    | \| |                                                       |
| Defendant(s).      | \| |                                                       |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

## ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

❑ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)*_____.

❑ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):*_____.

❑ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

❑ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.

9. Please indicate any other information regarding ADR process or deadline.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:

Dated: _____

_____
[Typed name and signature of counsel.]

Dated: _____

_____
[Typed name and signature of counsel.]

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

Dated: _____

_____
**UNITED STATES DISTRICT/MAGISTRATE JUDGE**

1  MARK D. EPSTEIN (State Bar No. 168221)
   ALBORG, VEILUVA & EPSTEIN LLP
2  200 Pringle Avenue, Suite 410
   Walnut Creek, CA 94596
3  Telephone: (925) 939-9880
   Facsimile: (925) 939-9915

4
   Attorneys for Plaintiffs
5  ANDREW SHALABY and SONIA DUNN-RUIZ

6

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY, an individual and      Case No.: C 06 7026
    SONIA DUNN-RUIZ, an individual,
12                                         **PLAINTIFFS' DEMAND FOR JURY
                  Plaintiffs,              TRIAL**
13

14  vs.

15  NEWELL RUBBERMAID, INC., a Delaware
    corporation, THE HOME DEPOT, INC., a
16  Delaware corporation, and DOES 1-100,

17                Defendants.

18

19

20          PLEASE TAKE NOTICE that ANDREW SHALABY and SONIA DUNN-RUIZ

21  (hereinafter "Plaintiffs"), hereby demand trial by jury in this action.

22  Dated: November 13, 2006            ALBORG, VEILUVA & EPSTEIN LLP

23

24                                      /s/

25                                      MARK D. EPSTEIN
                                        Attorneys for Plaintiffs
26                                      ANDREW SHALABY and SONIA DUNN-RUIZ

27

28

ALBORG, VEILUVA & EPSTEIN LLP
ATTORNEYS AT LAW
200 PRINGLE AVENUE, SUITE 410
WALNUT CREEK, CALIFORNIA 94596
TEL: (925) 939-9880 • FAX: (925) 939-9915

1

2

3

4    IN THE UNITED STATES DISTRICT COURT

5    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDREW SHALABY                                    NO. CV 06-07026 CW

8                   Plaintiff,                         **CLERK'S NOTICE RE: FAILURE
                                                       TO FILE ELECTRONICALLY
     v.                                                DOCKET NOS. 1, 3 AND 4.**
9

10   NEWELL RUBBERMAID INC

11                 Defendant.
     _____/

12

13   On November 9, 2006, counsel for Defendant filed a Notice of Removal, docket #1, Demand for Trial,

14   docket #3, and a Certificate of Service, docket #4, manually, on paper. This case has been designated

15   for electronic filing, pursuant to Local Rule 5-4 and General Order 45.

16

17   The above mentioned  paper document has been filed and docketed. However, General Order 45

18   provides at Section III  that cases assigned to judges who participate in the e-filing program "shall be

19   presumptively designated" as e-filing cases. Therefore, counsel for Defendant should submit the Notice

20   of Removal, docket #1, Demand for Trial, docket #3, and a Certificate of Service, docket #4, in PDF

21   format within 10 days, as an attachment in an *e-mail* message directed to the judges chamber's "PDF"

22   email box listed at http://ecf.cand.uscourts.gov. (Click on the **Judges** button and follow the procedure

23   listed there). Do *not* e-file a document which has been previously filed on paper, as is the case with the

24   above mentioned filing. All subsequent papers should be e-filed.

25

26   Dated: December 18, 2006                          Cynthia Lenahan
                                                       Deputy Clerk
27

28

**United States District Court**
For the Northern District of California

J. Phillip Moorhead, Esq. (SBN 99445)
KELLER, PRICE & MOORHEAD
229 Avenue I, Second Floor
Redondo Beach, California 90277-5600
Telephone:  (310) 540-1332  FAX (310) 540-8480
jpm@kpmlawyers.com
Attorneys for Defendants, NEWELL RUBBERMAID INC., RUBBERMAID INC.
and HOME DEPOT U.S.A., INC.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>NEWELL RUBBERMAID, INC., a Delaware Corporation, THE HOME DEPOT, INC., a Delaware Corporation,<br>                    Defendants. | CASE NO. C 06 7026 CW<br><br>SUBSTITUTION OF ATTORNEY |


THE COURT AND ALL PARTIES HEREIN ARE NOTIFIED THAT:

Newell Rubbermaid Inc. makes the following substitution:

1.    Former legal representative:  Law Offices Jenkins, Goodman, Neuman & Hamilton.

2.    New Legal Representative:  Keller, Price & Moorhead by J. Phillip Moorhead, California State Bar No. 99445, 229 Avenue I, Second Floor, Redondo Beach, CA, (310) 540-1332.

/ / /

-1-

3.    The parties making this substitution are Defendants.

4.    I consent to this substitution.

Dated:  **December 29, 2006**

**Douglas L. Martin**
(type or print name)

⎩_____ _____
(signature of party)

5.    I consent to this substitution.

Dated:  December 18, 2006

DAVAN L. ROSATI
(type of print name)

DAVAN L. ROSATI
(signature of former attorney)

6.    I consent to this substitution.

Dated:  3 January, 2007

J. PHILLIP MOORHEAD
(type of print name)

(signature of new attorney)

-2-

SUBSTITUTION OF ATTORNEY

J. Phillip Moorhead, Esq. (SBN 99445)
KELLER, PRICE & MOORHEAD
229 Avenue I, Second Floor
Redondo Beach, California 90277-5600
Telephone:  (310) 540-1332  FAX (310) 540-8480
jpm@kpmlawyers.com
Attorneys for Defendants, NEWELL RUBBERMAID INC., RUBBERMAID INC.
and HOME DEPOT U.S.A., INC.


                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA


ANDREW SHALABY, an individual, )    CASE NO. C 06 7026 CW
and   SONIA   DUNN-RUIZ,   an )
individual,                    )    SUBSTITUTION OF ATTORNEY
                               )
              Plaintiffs,      )
                               )
      v.                       )
                               )
NEWELL   RUBBERMAID,   INC., a )
Delaware Corporation, THE HOME )
DEPOT,   INC.,   a   Delaware )
Corporation,                   )
              Defendants.      )
_____)


THE COURT AND ALL PARTIES HEREIN ARE NOTIFIED THAT:

      Rubbermaid Inc. makes the following substitution:

      1.    Former legal representative:  Law Offices Jenkins,

Goodman, Neuman & Hamilton.

      2.    New Legal Representative:  Keller, Price & Moorhead by

J. Phillip Moorhead, California State Bar No. 99445, 229 Avenue I,

Second Floor, Redondo Beach, CA, (310) 540-1332.

/ / /


                              -1-

                    SUBSTITUTION OF ATTORNEY

3.     The parties making this substitution are Defendants.

_____

4.     I consent to this substitution.

    Dated: **December 29, 2006**

    x   __**Douglas L. Martin**__       x _____
       (type or print name)          (signature of party)

_____

5.     I consent to this substitution.

    Dated: December 18, 2006

    __Pavan L. Rosati__        Pavan L. Rosati
       (type of print name)         (signature of former attorney)

_____

6.     I consent to this substitution.

    Dated: 3 January, 2007

    J. Phillip Moorhead       
       (type of print name)         (signature of new attorney)

-2-

SUBSTITUTION OF ATTORNEY

J. Phillip Moorhead, Esq. (SBN 99445)
KELLER, PRICE & MOORHEAD
229 Avenue I, Second Floor
Redondo Beach, California 90277-5600
Telephone:  (310) 540-1332  FAX (310) 540-8480
jpm@kpmlawyers.com
Attorneys for Defendants, NEWELL RUBBERMAID INC., RUBBERMAID INC.
and HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NEWELL RUBBERMAID, INC., a Delaware Corporation, THE HOME DEPOT, INC., a Delaware Corporation,<br>Defendants. | CASE NO. C 06 7026 CW<br><br>SUBSTITUTION OF ATTORNEY |

THE COURT AND ALL PARTIES HEREIN ARE NOTIFIED THAT:

Home Depot U.S.A., Inc. makes the following substitution:

1.   Former legal representative:  Law Offices Jenkins, Goodman, Neuman & Hamilton.

2.   New Legal Representative:  Keller, Price & Moorhead by J. Phillip Moorhead, California State Bar No. 99445, 229 Avenue I, Second Floor, Redondo Beach, CA, (310) 540-1332.

/ / /

-1-

3.   The parties making this substitution are Defendants.

4.   I consent to this substitution.

Dated: _December 15, 2006_

_Thomas E. Best_
(type or print name)

_____
(signature of party)

5.   I consent to this substitution.

Dated: _December 15, 2006_

_PAVAN L. ROSATI_
(type of print name)

_PAVAN L. ROSATI_
(signature of former attorney)

6.   I consent to this substitution.

Dated: _January 15, 2007_

_J. PHILLIP MOORHEAD_
(type of print name)

_____
(signature of new attorney)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY, et al.

                                      CASE NO. 06-07026 CW

Plaintiff(s),

            v.                        STIPULATION AND [PROPOSED]
NEWELL RUBBERMAID, INC., et al.       ORDER SELECTING ADR PROCESS

Defendant(s).

_____/

    Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

    **Court Processes:**
        Non-binding Arbitration (ADR L.R. 4)
        Early Neutral Evaluation (ENE)  (ADR L.R. 5)
        Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR, must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

    **Private Process:**
    ✔    Private ADR *(please identify process and provider)*   MEDIATION _____

The parties will select a mutually agreeable mediator and complete the mediation within the time frame set by the Court.

The parties agree to hold the ADR session by:
    ✔    the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

        other requested deadline _____

Dated: Jan 25, 2007                    _____
                                       Attorney for Plaintiff

Dated: Jan. 15, 2007                   _____
                                       Attorney for Defendant

> When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
Non-binding Arbitration
Early Neutral Evaluation (ENE)
Mediation
Private ADR

Deadline for ADR session
90 days from the date of this order.
other

IT IS SO ORDERED.

Dated:_____

_____

UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY, et al.

         Plaintiff(s),

      v.

NEWELL RUBBERMAID, INC., et al.

         Defendant(s).

Case No. C 06-07026 CW

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled *"Dispute Resolution Procedures in the Northern District of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov (*Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45*);

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated: Jan.25, 2007

Dated: Jan 26, 2007

Plaintiff: _Sonia Duan-Ring_
[Party] Plaintiff

_Mark D Epstein_
[Counsel]

---

**When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."**

---

Rev. 12/05

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY, et al.

        Plaintiff(s),

        .v.

NEWELL RUBBERMAID, INC., et al.,

        Defendant(s).

Case No. C 06-07026 CW

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov  (*Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated: Jan. 25 2007

Dated: Jan 26 2007

Plaintiff:
[Party]

[Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

Rev. 12/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY

                Plaintiff(s),

        v.

NEWELL RUBBERMAID, INC., ET AL.

                Defendant(s).

                                /

Case No.   C 06-07026-CW

ADR CERTIFICATION BY PARTIES
AND COUNSEL

       Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

       **(1)** Read the handbook entitled *"Dispute Resolution Procedures in the Northern District of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

       **(2)** Discussed the available dispute resolution options provided by the Court and private entities; and

       **(3)** Considered whether this case might benefit from any of the available dispute resolution options.

Dated: 1/24/207

                                   [Party]

Dated: 1/25/07

                                   [Counsel]

---

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

---

Rev. 12/05

01/25/2007 FAX 510 548 8430    KELLER, P & M    Ø 002/003
Case 3:07-cv-02107-W-BLM    Document 1    Filed 10/30/2007    Page 39 of 57
01/25/2007 Case 3:06-cv-07026-MJ    Document 13    Filed 01/26/2007    Page 1 of 2    PAGE 82/03
525-939-9313    AVE LLP

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY, et al.

Plaintiff(s),

v.

NEWELL RUBBERMAID, INC., et al.

Defendant(s).

_____/

CASE NO. 06-07026 CW

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
   Non-binding Arbitration (ADR L.R. 4)
   Early Neutral Evaluation (ENE)   (ADR L.R. 5)
   Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR, must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
   ✔   Private ADR *(please identify process and provider)*   MEDIATION _____

The parties will select a mutually agreeable mediator and complete the mediation within the time frame set by the Court.

The parties agree to hold the ADR session by:
   ✔   the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

   other requested deadline _____

Dated: Jan 25, 2007 _____        _____
                                    Attorney for Plaintiff

Dated: Jan 25, 2007 _____        _____
                                    Attorney for Defendant

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

[PROPOSED] ORDER

      Pursuant to the Stipulation above, the captioned matter is hereby referred to:
          Non-binding Arbitration
          Early Neutral Evaluation (ENE)
          Mediation
        x Private ADR

      Deadline for ADR session
        x 90 days from the date of this order.
        other

IT IS SO ORDERED.

        1/26/07
Dated:_____

_____
               DISTRICT
UNITED STATES ~~MAGISTRATE~~ JUDGE



1  MICHAEL J. VEILUVA (State Bar No. 100419)
   MARK D. EPSTEIN (State Bar No. 168221)
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925) 939-9880
4  Facsimile: (925) 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz
6
   J. PHILLIP MOORHEAD (State Bar No. 99445)
7  LESLIE M. PRICE, JR. (State Bar No. 102872)
   KELLER, PRICE & MOORHEAD
8  229 Avenue I, Second Floor
   Redondo Beach, CA 90277
9  Telephone: (310) 540-1332
   Facsimile: (310) 540-8480
10

11 Attorneys for Defendants Newell Rubbermaid, Inc.,
   Rubbermaid, Incorporated, and The Home Depot, Inc.
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15 ANDREW SHALABY and SONIA DUNN-      Case No. C 06-07026 CW
   RUIZ,                               **JOINT CASE MANAGEMENT**
16                                     **STATEMENT AND PROPOSED ORDER**
                   Plaintiffs,                     /
17                                     Date:  February 16, 2007
          vs.                          Time:  1:30 p.m.
18                                     Dept.: Courtroom 2
   NEWELL RUBBERMAID, INC.,
19 RUBBERMAID, INCORPORATED, and
   THE HOME DEPOT, INC.,
20
                   Defendants.
21

22        The parties to the above-entitled action jointly submit this Case Management Statement

23 and Proposed Order, and respectfully request that the Court adopt it as its Case Management

24 Order in this case.

25                        **DESCRIPTION OF THE CASE**

26        This case stems from an incident that occurred on April 21, 2006, in which plaintiff

27 Andrew Shalaby was injured while using a BernzOmatic brand MAPP Gas cylinder and torch.

28

                                        1          900725.pld.USDC Pldgs.Joint CMC(final).doc

1       **1.**      **Brief Description of the Events Underlying the Action**

2         **a.**      **Description of the Product at Issue in the Case**

3        Plaintiff Andrew Shalaby purchased a BernzOmatic brand MAPP Gas kit consisting of a

4 MAPP gas cylinder and torch from a local hardware store, near his home in El Cerrito, California

5 in mid-2005. Sometime after he purchased the original BernzOmatic kit, Mr. Shalaby purchased

6 two replacement BernzOmatic MAPP Gas cylinders to use when the original cylinder was

7 depleted of fuel. MAPP gas is a mixture of liquefied petroleum and methylacetylene-

8 propadiene. MAPP gas is typically used for welding or soldering applications due to its high

9 combustion temperature of 5301( F (2927 ( C ).

10        The BernzOmatic product which is the subject of this case included two components: a

11 yellow colored canister or "cylinder" which contained the MAPP gas that was the fuel, and a

12 "torch" that emits a flame from the tip when the torch is in use. The torch attached to the

13 cylinder by screwing on to a threaded metal neck at the top of the cylinder. When the torch is

14 attached to the cylinder, the user ignites the torch by pulling a trigger switch that is a part of the

15 torch assembly.

16         **b.**      **The Incident Underlying This Case**

17        Mr. Shalaby and his family, his wife Sonia Dunn-Ruiz and their two children, are avid

18 campers. The family owns a recreational vehicle which they use on a regular basis to tour the

19 western United States and park for overnight stays at designated campgrounds that accommodate

20 recreational vehicles. Prior to and including the evening of April 21, 2006, Mr. Shalaby

21 regularly used his BernzOmatic MAPP Gas torch to ignite wood campfires.

22 During the week of April 17, 2006, plaintiffs were vacationing at the "Campland on the Bay"

23 recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

24 On the evening of April 21, 2006, Mr. Shalaby was severely injured when he activated the

25 trigger switch on his BernzOmatic torch. Upon activating the trigger, Mr. Shalaby was engulfed

26 by heated MAPP Gas and flames that were emitted from the product, which caused severe burns

27 to his face, limbs, and extremities.

28

1    After investigation at the campsite, the parties are informed and believe that the onsite

2  manager claims that he was instructed by fire department personnel who responded to the scene

3  to discard the product involved in the incident for safety reasons.  Accordingly, the parties are

4  informed and believe that product was discarded shortly after the incident.

5    **c.    Plaintiffs Contend That The Incident Was a BLEVE**

6    Plaintiffs contend that Mr. Shalaby's injuries were caused by a phenomenon known in the

7  scientific community as a "BLEVE".  The word BLEVE is an acronym that stands for "Boiling

8  Liquid Expanding Vapor Explosion."  A BLEVE occurs when a tank containing pressurized

9  liquid fails suddenly and  produces an explosive effect.  During the occurrence of a BLEVE, the

10  liquid inside the tank absorbs energy from the surrounding fire and rapidly heats up, resulting in

11  an increased rate of vaporization that increases the ullage [??] pressure.  When this pressure

12  exceeds a certain limit (characteristic of the material properties of the tank wall, wall thickness

13  and temperature), the tank fails and the liquid that is released from the tank boils rapidly and

14  expands.  If the liquid inside the tank is flammable, it ignites and forms a fireball.

15    Defendants contend that there is a safety relief valve to prevent an explosion if pressure

16  builds inside the cylinder.

17    **d.    There is No Product for Defendants to Inspect for Alleged Defects.**

18    Defendants have not yet had an opportunity to investigate or conduct discovery regarding

19  the relevant facts and the nature of the incident.  The parties are informed and believe that the

20  product is no longer available to inspect and examine.  However, plaintiffs have produced

21  photographs of the product, as it existed shortly before the incident occurred.

22    **e.    Mr. Shalaby's Wife Witnessed the Incident**

23    Mr. Shalaby's wife, plaintiff Sonia Dunn-Ruiz, was less than ten feet away from

24  Mr. Shalaby when the product exploded.  She initially had her back turned to her husband, but

25  upon hearing a loud noise, she turned around within seconds to witness her husband on fire.

26    **2.    The Principal Factual Issues Which the Parties Dispute**

27    As of the filing of this joint statement, counsel for the parties have discussed the facts of

28  the case, but no discovery has yet been conducted.  While discovery may result in one or more

1  disputed factual issues, as of the filing of this statement, the parties have no information with

2  which to dispute the facts of the case.

3      **3.      The Principal Legal Issues Which the Parties Dispute**

4          The parties reasonably anticipate that they may have one or more disputes regarding the

5  following legal issues:

6              a.      Whether or not the product at issue in this case contained a manufacturing

7  defect when it left defendants' possession.

8              b.      Whether or not Plaintiffs can make a prima facie showing of defect

9  without the actual product available for examination and inspection by all parties and experts.

10             c.      Whether or not the product at issue in this case, or any of its components,

11  contained one or more design defects.

12             d.      Whether or not Mr. Shalaby's injuries at issue in this case were

13  proximately caused, in whole or in part, by a defective or unsafe condition in the product.

14             e.      Whether or not Mr. Shalaby's injuries were proximately caused, in whole

15  or in part, by a misuse of the product.

16             f.      Whether or not Mr. Shalaby was using the product in a safe and/or

17  intended and foreseeable manner.

18             g.      Whether or not the product at issue in this case had adequate instructions

19  or warnings that addressed the potential risks and factors in using the product which plaintiffs

20  contend proximately caused Mr. Shalaby's injuries.

21             h.      Whether or not BernzOmatic's has any liability for plaintiffs' injuries and,

22  if so, whether BernzOmatic is jointly and severally liable in the event that one or more of the

23  product's components were manufactured by a supplier.

24             i.      Whether or not BernzOmatic or one of its vendors, suppliers and/or

25  subcontractors was negligent in manufacturing and/or designing the product or its component

26  parts.

27

28

1        j.      Whether or not the product performed as safely as an ordinary consumer

2 would have expected it to perform when used in the manner that Mr. Shalaby used it at the time

3 of the incident.

4        k.      Whether or not Mr. Shalaby's claimed injuries and damages in this case,

5 or some of them, were proximately caused by the incident.

6        l.      Whether or not the product was of the quality that a reasonable buyer

7 would expect, or was fit for the ordinary purposes for which similar or like-kind products are

8 typically used.

9        m.      Whether or not BernzOmatic can make a prima facie showing that the

10 product conformed with generally accepted design, manufacturing, and safety standards and

11 regulations in existence at the time of the incident, and if so, what the relevance and weight of

12 that evidence is as to the issue of whether the product contained a design and/or manufacturing

13 defect.

14        n.      Whether Mr. Shalaby was negligent in his use of the product thereby

15 barring or reducing his recovery, if any.

16      **4.**    **The Other Factual Issues (e.g. Service of Process, Personal Jurisdiction,**

17 **Subject Matter Jurisdiction, or Venue) Which Remain Unresolved**

18 There remains an issue as to which business entities are the proper defendants in this

19 case. Plaintiffs believe they have sued the proper entities. Defendants contend that Home Depot

20 U.S.A. should be named as a defendant in lieu of Home Depot, Inc., and that Irwin Industrial

21 Tools, Inc. should be named as defendant in lieu of Newell Rubbermaid, Inc. and Rubbermaid

22 Inc. During their Rule 26 meet and confer telephone conference, counsel for plaintiffs and

23 defendants agreed to resolve this issue by stipulation and a court order thereon. If the parties can

24 agree on stipulation terms that are satisfactory to plaintiffs, said stipulation may result in a

25 dismissal of Home Depot from the case without prejudice on the grounds that BernzOmatic is

26 providing a defense and indemnity to Home Depot. Upon a proper evidentiary showing, or the

27 execution of an acceptable stipulation by defendants, the appropriate "BernzOmatic" entity will

28

1  be substituted for Newell Rubbermaid, Inc. and Rubbermaid Inc., who will be dismissed without

2  prejudice

3       The parties wish to address this issue with the Court at the initial case management

4  conference, and expect to have a stipulation and proposed order on file with the Court within two

5  weeks thereafter.

6       **5.**    **The Parties Which Have Not Been Served and the Reasons**

7       All named defendants have been served.

8       **6.**    **The Additional Parties To Be Joined**

9       While BernzOmatic may have manufactured the torch at issue, BernzOmatic contends

10  that it did not manufacture the MAPP gas cylinder. BernzOmatic contends that during the

11  relevant timeframe, BernzOmatic purchased MAPP gas cylinders for private labeling from one

12  of two manufacturers. The serial number on the cylinder and/or purchase date of the cylinder

13  would identify the cylinder manufacturer. One or both of the cylinder manufacturers are likely

14  to be added as defendants.

15              **ALTERNATIVE DISPUTE RESOLUTION**

16       **7.**    **The Following Parties Consent to Assignment of this Case to a United States**
17           **Magistrate Judge**

18  None.

19       **8.**    **ADR**

20       The parties have already agreed to submit the case to mediation before a private mediator

21  who has yet to be selected. The parties have been ordered to complete mediation by April 19,

22  2007.

23                  **DISCLOSURES**

24       The parties certify that they have made the disclosures that are required of them by F.R.

25  Civ. P. 26(a)(1) and Civil L.R. 16-9 concurrently with the filing of this statement.

26  DISCOVERY

27       The parties agree to the following discovery plan, exclusive of expert discovery:

28       a.    Interrogatories. Each party may propound up to 35 interrogatories.

1      b.     Requests for Documents and Things. Each party may propound up to 35 requests

2  for production of documents and things.

3      c.     Depositions. Each party may take up to 15 depositions of percipient witnesses

4  and non-retained expert witnesses.

5      d.     Third Party Subpoenas. In addition to any deposition subpoenas, each party may

6  serve up to 15 third party subpoenas for purposes of inspection and producing documents and

7  things including, but not limited to, entry onto land to inspect the accident site.

8      The parties will need to complete some basic discovery prior to mediation, but do not

9  anticipate that they will be able to complete all necessary discovery before mediation. The

10  parties anticipate that they will be able to complete their non-expert discovery by September 30,

11  2007, barring unforeseen difficulties.

12                  **TRIAL SCHEDULE**

13      The parties request a trial date in January 2008. The parties estimate that the trial will

14  last between five to seven court days.

15      **SIGNATURE AND CERTIFICATION BY LEAD TRIAL COUNSEL**

16      Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the

17  brochure entitled "Dispute Resolution Procedures in the Northern District of California,"

18  discussed the available dispute resolution options provided by the court and private entities and

19  has considered whether this case might benefit from any of the available dispute resolution

20  options.

21

22  Dated: February 8, 2007          KELLER, PRICE & MOORHEAD

23                        /S/
                   By: _____

24                    LESLIE M. PRICE, JR.
                    Attorneys for Defendants

25  Date: February 8, 2007           ALBORG, VEILUVA & EPSTEIN LLP

26                        /S/
                   By: _____

27                    MARK D. EPSTEIN
                    Attorneys for Plaintiffs

28

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated:

UNITED STATES DISTRICT COURT JUDGE

900725.pld.USDC Pldgs.Joint CMC(final).doc

JOINT CASE MANAGEMENT STATEMENTfinal joint cmc statement

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual, | ) ) ) | CASE NO. C 06 7026 CW |
| Plaintiffs, | ) ) | |
| v. | ) ) | PROTECTIVE ORDER |
| NEWELL RUBBERMAID, INC., et al., | ) ) | |
| Defendants. | ) | |

This matter came before the Court upon the stipulation of the parties for the entry of a protective order concerning the proprietary and confidential information of the Defendant Bernzomatic, an unincorporated division of Irwin Industrial Tools, Inc. ("Bernzomatic"), the public release of which, during discovery, could harm Bernzomatic's position in the marketplace. Upon agreement of the parties, by indication of the signature of their counsel below, the Court enters the following Protective OrderJ

In order to preserve and maintain the confidentiality of certain documents to be produced by Bernzomatic in the above-captioned action or otherwise made available by Bernzomatic it is hereby ORDERED thatJ

1.    Documents to be produced by Bernzomatic during discovery in this litigation contain trade secrets and other confidential research, development and commercial information of Bernzomatic. These documents are hereafter referred to as "Protected Documents." Except as otherwise indicated below, all documents that Bernzomatic has designated as "Confidential" or "Subject to Protective Order" that are produced by Bernzomatic to, or otherwise obtained by

plaintiffs or their respective attorneys, consultants, agents or experts in this action shall be Protected Documents and given confidential treatment as described above.

    2.    Protected Documents shall <u>not</u> include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any government entity without request for confidential treatment.

    3.    Bernzomatic shall only designate materials as "Protected Documents" which contain actual "trade secrets" as defined by California Civil Code § 3426.1(d), and which are of a proprietary business or technical nature that might reasonably pose a commercial disadvantage or reasonably be of value to a competitor or potential customer of Bernzomatic. Absent a specific order by the Court, once designated as a "Protected Document", such document shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as otherwise provided herein.

    4.    If Plaintiffs contend that any document has been erroneously designated for treatment as a Protected Document, they shall nevertheless treat the document as a Protected Document unless and until plaintiffs either (a) obtain Bernzomatic's written permission to do otherwise, or (b) obtain an Order of this Court finding that the document is not a Protected Document.

    5.    Except with the prior written consent of Bernzomatic or upon further Order of this Court, Plaintiffs or their representatives shall show Protected Documents, and shall disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons")J

        a)    Plaintiffs themselves;

        b)    Plaintiffs' counsel of record in this action;

c)    Employees of Plaintiffs' counsel whose assistance is needed by counsel for the purposes of this litigation, including but not limited to trial of this action;

d)    Independent experts and consultants retained by Plaintiffs counsel for assistance in this case, including for purposes of preparing for trial, pleadings and motions to be filed with the Court, settlement conferences, mediations, and court ordered proceedings;

e)    the Court;

f)    court reporters employed in connection with this action;

g)    graphics or design services retained by counsel for plaintiffs for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

h)    non-technical jury or trial consulting services retained by counsel for plaintiffs;

i)    executives, officers, directors, employees and representatives of Bernzomatic or any affiliated business entity, and/or any person designated to testify at deposition on Bernzomatic's behalf pursuant to Federal Rule of Civil Procedure 30(b)(6); and

j)    any other person upon order of the Court or upon prior written consent of Bernzomatic.

6.    Before being given access to any Protected Document, each Qualified Person to whom Plaintiffs or their representatives intend to deliver, exhibit or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order and shall agree in writing in the form attached hereto as Exhibit A, to

be bound by its terms. Counsel for Plaintiffs shall maintain a list of all Qualified Persons to whom any Protected Document or material contained therein is provided, and that list shall be available for inspection by the Court.

7.      Plaintiffs' counsel shall keep records of all copies of each Protected Document distributed, in whole or in part, to Qualified Persons. Any copy so distributed shall be returned to counsel for Plaintiffs after the completion of the Qualified Person's consultation or representation in this case.

8.      To the extent that any Protected Document or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information. Any time any Protected Document is used in any deposition, the reporter will be informed of this Order by Counsel for Plaintiffs and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

9.      All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the words "Subject to Protective Order" and a statement substantially in the following formJ

This envelope is sealed and contains information filed in this case "Subject to a Protective Order by [name of party] and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to this

4

action. This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

10.    Promptly after the conclusion of this action, all Protected Documents, all copies thereof and all excerpts therefrom shall be returned to counsel for Bernzomatic.

11.    Plaintiffs, their counsel, and experts or any other person retained by Plaintiffs to assist in the preparation of this action shall not under any circumstances sell, offer for sale, advertise, or publicize either the contents of the Protected Documents or the fact that Plaintiffs have obtained Bernzomatic confidential documents.

12.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.    This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

_____
JUDGE

AGREED TO BYJ

/s/

_____
Mark D. Epstein
Attorney for Plaintiff

5

/s/

J. Phillip Moorhead
Attorney for Defendant

## EXHIBIT A

I, _____, do hereby acknowledge that I have read a copy of

the attached Protective Order, and I agree to be bound by the terms of the order.

Dated this _____ day of _____, 2007.


Signed byJ

_____

_____

(PRINT NAME)

<div style="writing-mode: vertical">**United States District Court**
**For the Northern District of California**</div>

1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    ANDREW SHALABY,                           No. C 06-07026 CW

4       v.                                     MINUTE ORDER AND
                                               CASE MANAGEMENT
5    NEWELL RUBBERMAID INC,                    ORDER
     _____/
6

7    Clerk: Sheilah Cahill          Reporter: Raynee Mercado
     Plaintiff Attorney: Mark Epstein; Michael Veiluva
8    Defendant Attorney: J. Phillip Moorhead

9         A case management conference was held on: 2/16/07.  The Case
     Management Statement and Proposed Order filed by the parties is hereby
10   adopted by the Court as the Case Management Order for the case, except
     as may be noted below.   The Court's standard Order for Pretrial
11   Preparation also applies.

12   The case is hereby referred to the following ADR process:
     Non-binding Arbitration: [  ]      Early Neutral Evaluation:  [  ]
13   Court-connected mediation: [  ]      Private mediation:  [ X ]
     Magistrate Judge settlement conference:  [  ]
14   ADR session to be held by:                                  (04/19/07)
     (or as soon thereafter as is convenient to the mediator's schedule)
15
     Deadline to add additional parties or claims:              (04/20/07)
16   Date of next case management conference:                   (11/02/07)

17   Completion of Fact Discovery:                              (10/01/07)
     Disclosure of identities and reports of expert witnesses:  (08/17/07)
18   Completion of Expert Discovery:                            (10/01/07)

19   All case-dispositive motions to be heard at 10:00 AM
         on or before:                                          (11/02/07)
20   Final Pretrial Conference at 1:30 P.M. on:                 (03/28/08)
     A 5 day Jury Trial will begin at 8:30 A.M. on:             (04/07/08)
21
     Additional Matters:  Copy of Court's Order for Pretrial Preparation
22   given to attys in court.  Magistrate Judge consent/declination form
     given to counsel to discuss with their clients and file by 2/23/07.
23   If bringing in correct parties, defendant will stipulate to allow
     plaintiff to amend complaint.  **A further Case Management Conference**
24   **will be held on 11/02/07 at 10:00 a.m. whether or not dispositive**
     **motions are filed (or on whatever date dispositive motions are set).**
25
          IT IS SO ORDERED.
26
                                          *Claudia Wilken*
27   Dated: 2/20/07
                                          _____
28                                        CLAUDIA WILKEN
                                          United States District Judge


     Copies to:  Chambers; ADR

**United States District Court**
**For the Northern District of California**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>NOTICE</u>

    Criminal Law and Motion calendar is conducted on Mondays at 2:00 p.m. (in custody) and 2:30 p.m. (not in custody). Civil Law and Motion calendar is conducted on Fridays at 10:00 a.m. Case Management Conferences and Pretrial Conferences are conducted on Fridays at 1:30 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

    Motions for Summary Judgment: All issues shall be contained within one motion and shall conform with Civil L.R. 7-2. Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)). All briefing on motions for summary judgment must be included in the memoranda of points and authorities in support of, opposition to, or reply to the motion, and must comply with the page limits of Civil Local Rule 7-4. The memoranda should include a statement of facts supported by citations to the declarations filed with respect to the motion. Cross or counter-motions shall be contained within the opposition to any motion for summary judgment and shall conform with Civil L.R. 7-3. The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a surreply to the cross or counter-motion.

    All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

(rev. 5/11/05)