**In the United States District Court
for the Northern District of California
Magistrate Judge Elizabeth D. Laporte**

**CIVIL MINUTES**

Date: April 17, 2007

Case No: **C- 06-07026 EDL**

Case Name: **SHALABY ET AL v. NEWELL RUBBERMAID, INC. ET AL**

Attorneys:    Pltf: Mark Epstein    Deft: Phillip Moorehead, Beth Naylor

Deputy Clerk: Lili M. Harrell      FTR digital recording: 10:28am-11:00am

| **PROCEEDINGS:** | **RULING:** |
|---|---|
| 1. Telephonic Case Management Conference | Held |
| 2. | |

**ORDERED AFTER HEARING:**

**Order to be prepared by:** [] Plntf [] Deft [X] Court

**Case continued to:**  8/21/2007 at 10:00 a.m. for further case management conference.

**PRETRIAL SCHEDULE:**

Last day to add new parties: 6/18/07
Discovery cutoff: 10/24/07
Initial expert disclosure deadline: 11/7/07
Rebuttal expert disclosure deadline: 11/14/07
Expert discovery cutoff: 12/14/07
Dispositive Motion filing deadline:12/21/07
Dispositive Motions hearing date: 1/29/08 at 9:00am
Pretrial Conference: 4/8/08 at 2:00pm
Trial: 4/28/08 at 8:30 a.m., set for 7 days.
      [X] Jury [ ] Court

Notes: Matter previously referred for private mediation, to be completed by 7/25/2007.

cc:



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY and
SONIA DUNN-RUIZ,

    Plaintiffs,        No. C-06-07026 EDL

  v.            **CASE MANAGEMENT AND**
               **PRETRIAL ORDER FOR JURY TRIAL**
NEWELL RUBBERMAID, INC.,
 et al.,

    Defendants.
_____/

    Following the Case Management Conference held on April 17, 2007, IT IS HEREBY

ORDERED THAT:

    A further case management conference is set for August 21, 2007 at 10:00 a.m. before

Magistrate Judge Laporte in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue,

San Francisco, California. An updated joint case management conference statement shall be filed no

later than August 14, 2007.

    Pursuant to Fed. R. Civ. P. 16, IT IS FURTHER ORDERED THAT the following case

management and pretrial order is entered:

    1.  <u>TRIAL DATE</u>

      a.  Jury trial will begin on April 28, 2008 at 8:30 a.m. in Courtroom E, 15th Floor,

450 Golden Gate Avenue, San Francisco, CA 94102. Any party who wants to order a daily transcript

must notify the Court Reporter Supervisor at least two weeks before the trial.

      b.  The length of the trial will be not more than 7 days.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

2.    <u>DISCOVERY</u>

a.    All non-expert discovery shall be completed no later than October 24, 2007. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

b.    Initial expert disclosures shall be made no later than November 7, 2007. Rebuttal expert disclosures shall be made no later than November 14, 2007. All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

c.    All expert discovery shall be completed no later than December 14, 2007. There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

d.    Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

e.    Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

f.    **Privilege logs.** If a party witholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

**United States District Court**
For the Northern District of California

1.    The name, job title, or capacity of the author;

2.    The name, job title, or capacity of each recipient;

3.    The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

4.    The title and description of the document;

5.    The subject matter addressed in the document;

6.    The purpose(s) for which it was prepared or communicated; and

7.    The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the Court orders otherwise in a particular case.

g.    In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

3.    MOTIONS

The last day to file a motion, or stipulation and proposed order to join other parties or, to amend the pleadings shall be June 18, 2007.

The last day for hearing dispositive motions shall be January 29, 2008 at 9:00 a.m. Dispositive motions shall be served and filed no later than **thirty-five (35)** days prior to the scheduled hearing date. Any opposition shall be served and filed no later than **twenty-one (21)** days prior to the hearing date. Any reply to the opposition shall be served and filed no later than **fourteen (14)** days prior to the date of the hearing.

4.    ALTERNATIVE DISPUTE RESOLUTION

The parties previously stipulated to private mediation which shall be completed by July 25, 2007.

5.    PRETRIAL CONFERENCE

a.    A pretrial conference shall be held on April 8, 2008 at 2:00 p.m. in Courtroom

3

**United States District Court**
For the Northern District of California

1    E, 15th Floor. **Each party shall attend personally or by lead counsel who will try the case.** The

2    timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures

3    shall be governed by this order.

4    b.    **At least thirty (30) days** prior to the date of the pretrial conference, lead counsel

5    shall meet and confer regarding:

6    (1)    Preparation and content of the joint pretrial conference statement;

7    (2)    Preparation and exchange of pretrial materials to be served and lodged

8    pursuant to paragraph 5(c) below; and

9    (3)    Settlement of the action.

10    c.    **At least twenty (20) days** prior to the pretrial conference, counsel and/or parties

11    shall:

12    (1)    Serve and file a joint pretrial statement that includes the pretrial

13    disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well

14    as the following supplemental information:

15    (a)    *The Action.*

16    (i)    Substance of the Action.    A brief description of the

17    substance of claims and defenses which remain to be

18    decided.

19    (ii)    Relief Prayed.    A detailed statement of all the relief

20    claimed, particularly itemizing all elements of damages

21    claimed as well as witnesses, documents or other

22    evidentiary material to be presented concerning the

23    amount of those damages.

24    (b)    *The Factual Basis of the Action.*

25    (i)    Undisputed Facts. A plain and concise statement of all

26    relevant facts not reasonably disputable, as well as which

27    facts parties will stipulate for incorporation into the trial

28    record without the necessity of supporting testimony or

exhibits.

4

**United States District Court**
For the Northern District of California

(ii) <u>Disputed Factual Issues.</u> A plain and concise statement of all disputed factual issues which remain to be decided.

(iii) <u>Agreed Statement.</u> A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(iv) <u>Stipulations.</u> A statement of stipulations requested or proposed for pretrial or trial purposes.

(c) *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions, and any procedural or evidentiary issues.

(d) *Trial Preparation.*

(i) <u>Witnesses to Be Called.</u> With regard to witnesses disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

(ii) <u>Estimate of Trial Time.</u> An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(iii) <u>Use of Discovery Responses.</u> Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness with page and line references, from interrogatory answers, or from responses to requests for admission.

5

**United States District Court**
For the Northern District of California

(e)    *Trial Alternatives and Options.*

    (i)    <u>Settlement Discussion.</u>    A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (ii)    <u>Amendments, Dismissals.</u>    A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

    (iii)    Bifurcation, Separate Trial of Issues.    A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(f)    *Miscellaneous.*

    Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2)    Serve and file trial briefs, motions <u>in</u> <u>limine</u> (including any motion regarding the qualifications or testimony of any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions **jointly**.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3)    Serve and file an exhibit setting forth the qualifications and experience of each expert witness;

(4)    Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(5)    Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use numbers; defendant shall use letters) and <u>tabbed</u>.  Exhibits shall be three-hole punched and shall be submitted in binders.  Each exhibit shall be marked

1                                on the front page or on the back of the last page with the information

2                                contained in Exhibit A to this Order; and

3             (6)    Deliver two sets of all premarked exhibits to chambers (exhibits are not

4                         to be filed).

5      No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not

6  disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, by the

7  above deadline, without leave of the Court and for good cause.

8          d.     **At least ten (10) days** prior to the pretrial conference, after meeting and

9  conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file:

10  (1) any objections to exhibits or to the use of deposition excerpts or other discovery; (2) any objections

11  to non-expert witnesses; (3) any objection to proposed voir dire questions, jury instructions and verdict

12  forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion in limine.

13  No replies shall be filed.

14          e.     All motions in limine and objections shall be heard at the pretrial conference.

15      6.     JURY TRIAL

16          a.     Counsel shall submit an agreed upon set of voir dire questions to be posed by

17  the Court. Any voir dire questions on which counsel cannot agree may be submitted separately.

18  Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

19          b.     The following jury instructions from the Manual of Model Civil Jury Instructions

20  for the Ninth Circuit (2001 Edition) shall be given absent objection: 1.1 - 1.12, 2.1 - 2.2, 3.1 - 3.3, 3.5 -

21  3.7. Counsel shall submit **jointly** an agreed upon set of case specific instructions, using the Ninth

22  Circuit Manual where appropriate. Do not submit duplicates of those listed above. Any instructions

23  on which counsel cannot agree may be submitted separately. Each requested instruction shall be typed

24  in full on a separate page with citations to the authority upon which it is based and a reference to the

25  party submitting it. A **second blind copy** of each instruction and verdict form shall also be submitted,

26  omitting the citation to authority and the reference to the submitting party.

27      7.     All documents filed with the Clerk of the Court shall list the civil case number followed

28  by the initials "**EDL**." One copy shall be clearly marked as a **chambers** copy. Chambers copies shall

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    be three-hole punched at the left side, suitable for insertion into standard binders.  In addition, all

2    proposed jury instructions, motions in limine, forms of verdict and trial briefs shall be accompanied by

3    a diskette containing a copy of the document formatted in WordPerfect 6.1, 7, 8, 9 or 10 (Windows) or

4    8.0 (Windows).

5

6    Dated:  April 17, 2007

7                                                         _Elizabeth D. Laporte_
                                                         ELIZABETH D. LAPORTE
8                                                        United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ |
| Date<br>Admitted:_____ | Date<br>Admitted:_____ | Date<br>Admitted:_____ |
| By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ |
| Date<br>Admitted:_____ | Date<br>Admitted:_____ | Date<br>Admitted:_____ |
| By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ |
| Date<br>Admitted:_____ | Date<br>Admitted:_____ | Date<br>Admitted:_____ |
| By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ | PLTF / DEFT EXHIBIT<br>NO._____ |
| Date<br>Admitted:_____ | Date<br>Admitted:_____ | Date<br>Admitted:_____ |
| By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk | By:_____<br>　　Lili M. Harrell, Deputy Clerk |

1    MICHAEL J. VEILUVA (State Bar No. 100419)
MARK D. EPSTEIN (State Bar No. 168221)
2    ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
3    Walnut Creek, CA 94596
Telephone: (925) 939-9880
4    Facsimile: (925) 939-9915

5    Attorneys for Plaintiffs
Andrew Shalaby and Sonia Dunn-Ruiz
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10   ANDREW SHALABY and SONIA DUNN-          Case No. C 06-07026 EDL
     RUIZ,
11                                            **STIPULATION TO FILE FIRST
                        Plaintiffs,           AMENDED COMPLAINT, AND ORDER
12                                            THEREON**
13            vs.

14   IRWIN INDUSTRIAL TOOL COMPANY,
     INC., THE HOME DEPOT, INC., and DOES
15   2 through 100, inclusive

16                      Defendants.

17        The parties to the above-captioned action, through their respective counsel, hereby

18   STIPULATE AND AGREE as follows, subject to the approval of the Court:

19        1.    That plaintiffs may file the First Amended Complaint attached as Exhibit A to this

20   stipulation, without filing a motion for leave to file the same;

21        2.    That following the Court's entry of the order approving this stipulation, plaintiffs

22   will electronically file the proposed First Amended Complaint with the Court; and

23        3.    That defendants will electronically file an answer to the First Amended Complaint

24   within ten days of the filing of the First Amended Complaint.

25   //

26   //

27   //

28

Dated: June ___, 2007                    ALBORG, VEILUVA & EPSTEIN LLP

                                                    /s/
                                         By: _____
                                         MARK D. EPSTEIN
                                         Attorneys for Plaintiffs

Dated: June ___, 2007                    KELLER, PRICE & MOORHEAD

                                                    /s/
                                         By: _____
                                         J. PHILLIP MOORHEAD
                                         Attorneys for Defendants IRWIN INDUSTRIAL
                                         TOOLS, INC., and THE HOME DEPOT, INC.


                                         ORDER

        THE FOREGOING STIPULATION IS APPROVED AND IT IS SO ORDERED.


DATED: _____        _____
                                         UNITED STATES MAGISTRATE JUDGE



1  MICHAEL J. VEILUVA (State Bar No. 100419)
   MARK D. EPSTEIN (State Bar No. 168221)
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925) 939-9880
4  Facsimile: (925) 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz
6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 ANDREW SHALABY and SONIA DUNN-      Case No. C 06-07026 EDL
   RUIZ,
11                                     **FIRST AMENDED COMPLAINT**
                  Plaintiffs,          **(DEMAND FOR JURY TRIAL)**
12
13        vs.

14 IRWIN INDUSTRIAL TOOL COMPANY,
   INC., THE HOME DEPOT, INC., and DOES
15 2 through 100, inclusive

16                 Defendants.

17        Plaintiffs Andrew Shalaby (hereinafter "Mr. Shalaby") and Sonia Dunn-Ruiz (hereinafter

18 "Ms. Dunn-Ruiz" – collectively "Plaintiffs"), by and through their  attorneys, allege for their

19 First Amended Complaint against defendants Irwin Industrial Tool Company, Inc., a wholly

20 owned subsidiary of Newell Rubbermaid, Inc. (hereinafter "Irwin"), and The Home Depot, Inc.

21 (collectively ("Defendants") as follows:

22
                         **JURISDICTION AND VENUE**
23

24        1.      Plaintiffs are, and at all times were, residents of the City of El Cerrito, County of

25 Contra Costa, in the State of California.

26        2.      Defendant Irwin Industrial Tool Company, Inc. is and at all times relevant to this

27 action was, a corporation organized and existing under the laws of the State of Delaware, with its

28

                                1        900725.pld.USDC Pldgs.Amended Complaint (Final).doc
                              FIRST AMENDED COMPLAINT

principal place of business in Huntersville, North Carolina, and is a wholly owned subsidiary of Newell Rubbermaid, Inc. Plaintiffs are informed and believe, and thereon allege, that Irwin Industrial Tool Company manufactures and distributes hand tools, power tools and accessories, including MAPP Gas torches and MAPP Gas cylinders under the "BernzOmatic" brand name.

3.    Plaintiffs are informed and believe, and thereon allege, that BernzOmatic is an unincorporated division of Irwin Industrial Tool Company

4.    Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Plaintiffs are informed and believe, and thereon allege, that The Home Depot, Inc. is a retail seller of hardware, appliances, building materials, gardening materials, and other home improvement supplies, which operates stores throughout the United States, including California, with stores in the cities of Emeryville (Alameda County) and El Cerrito (Contra Costa County), California. The Home Depot, Inc. sells, among other things, BernzOmatic Brand MAPP Gas torches.

5.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 2 through 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said defendants if and when that information is ascertained.

6.    Plaintiffs are informed and believe that at all times mentioned herein, defendants and each of them were the agents, servants, joint venturers, authorized representatives, delegates and/or successors of the other defendants named herein, and were acting within the course and scope of said agency, service, joint venture, representation, delegation and/or succession.

7.    The court has original jurisdiction of this action under 28 U.S.C. § 1332, based upon the parties' complete diversity of citizenship, in that it is a civil action between citizens of

1    different states in which the amount in controversy exceeds the sum of $75,000, exclusive of

2    interest and costs.

3        8.    Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §

4    1441(a), as well as Civil Local Rules 3-2 (c) and (d), on the grounds that this action was

5    commenced in the Superior Court of the State of California, in and for the County of Alameda,

6    and was subsequently removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a).

7                            **FACTUAL ALLEGATIONS**

8

9        9.    Sometime in early to mid 2005, Mr. Shalaby purchased a BernzOmatic brand

10   MAPP Gas torch kit from a Home Depot store near his home in El Cerrito, California.  The torch

11   kit included the two components of a BernzOmatic MAPP Gas torch: a yellow colored MAPP

12   Gas canister, or cylinder, and a torch head assembly ("torch"), the tip of which emits a flame

13   when the torch is in use.  The flame is intended to be used for soldering, welding, and other

14   purposes that are described on the cylinder labels, on BernzOmatic internet website:

15   http://www.bernzomatic.com, and in other product related instructions and promotional

16   materials.

17

18       10.    The BernzOmatic torch is designed and intended to be screwed on to a threaded

19   metal neck of the MAPP Gas cylinder.  Once attached to the cylinder, the torch is designed and

20   intended to be ignited when the user activates a trigger switch that is a part of the torch assembly.

21       11.    Soon after Mr. Shalaby purchased the BernzOmatic torch kit from Home Depot,

22   he purchased several replacement BernzOmatic MAPP Gas cylinders from Home Depot and/or

23   Ace Hardware to use once the original cylinder that came with the torch kit was depleted of

24

25   MAPP Gas.

26       12.    Plaintiffs and their two children are avid campers.  They own a recreational

27   vehicle which they use on a regular basis to tour and park for overnight stays at designated

28   campgrounds that accommodate recreational vehicles.

13.     While camping, Plaintiffs regularly light wood campfires in the evenings.  Up until April 21, 2006, Mr. Shalaby typically ignited the family's campfires by using his BernzOmatic MAPP Gas torch to ignite the firewood.  Mr. Shalaby stored the torch in a wooden box, along with the auxiliary MAPP Gas canisters, which Plaintiffs kept inside of their recreational vehicle.

14.     The MAPP Gas torch kit contained a written representation that, among other things, one of the intended and/or acceptable uses of the torch was for "lighting grills."  By making this representation, BernzOmatic intended for consumers to use its MAPP Gas torches to start cooking and/or recreational campfires, and knew or should have known that some consumers would use its torches in the manner that Mr. Shalaby used his torch at the time of the incident which is the subject of this lawsuit, as set forth in more detail herein below.

15.     Neither the torch nor the MAPP Gas cylinder contained a warning against using the torch to ignite a wood campfire.

16.     Defendants and each of them at all times herein mentioned knew and intended that the BernzOmatic Brand MAPP Gas torches that they designed, manufactured, marketed and sold would be purchased and used by consumers without the requisite knowledge of what constitutes material defects in the product, and thus without inspection for defects therein or in any of its component parts.

17.     The MAPP Gas torch and/or cylinder at issue in this case was, at the time Mr. Shalaby purchased it, defective and unsafe for its intended purposes in that the design, manufacture and/or workmanship of the torch or its component parts were such that, without any misuse of or abuse to the product on the part of the user, the contents of the cylinder allowed to discharge instantaneously and become ignited upon activation of the torch ignition switch.

18.     Between the date on which he purchased the MAPP Gas torch kit and April 21, 2006, Mr. Shalaby used the torch to ignite campfires on many occasions.

**A.     The Incident**

19.     During the week of April 17, 2006, Plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

20.     On or about the evening of April 21, 2006, Mr. Shalaby was seriously injured when he activated the trigger switch on his BernzOmatic MAPP Gas torch in order to light a wood campfire in a designated campfire pit, located within the campsite at the Campland complex where Plaintiffs were staying. Mr. Shalaby activated the trigger switch on the torch when the MAPP Gas cylinder suddenly, instantaneously, and without warning, exploded and/or discharged its contents, which caught fire. The heated MAPP Gas and fire enveloped Mr. Shalaby, and caused severe burns to his face, limbs, and extremities.

**B.     Ms. Dunn-Ruiz Witnessed the Incident**

21.     Ms. Dunn-Ruiz was less than ten feet away from Mr. Shalaby when the BernzOmatic cylinder exploded and/or instantaneously discharged its contents and enveloped Mr. Shalaby in heated MAPP Gas and fire. While she had her back turned to her husband at the moment the explosion and/or gas discharge occurred, Ms. Dunn-Ruiz heard the noise from the explosion and/or gas discharged, and turned around within seconds to see her husband enveloped in flames.

**C.     Plaintiffs' Damages**

22.     Mr. Shalaby was confined to a hospital for approximately three weeks after the incident of April 21, 2006 involving the BernzOmatic torch and MAPP Gas cylinder, receiving medical treatment for his injuries, including but not limited to painful skin grafts and surgeries, as well as treatments for infections and other medical complications that were proximately caused by the incident. Mr. Shalaby was bedridden for several weeks thereafter. During his time in the hospital, Mr. Shalaby incurred in excess of $300,000 in medical expenses, and he continues to incur medical substantial expenses in connection with ongoing medical treatment for his injuries.

23.    At all times mentioned herein, Mr. Shalaby was and remains a self-employed attorney at law with an active litigation practice. During the time he was confined to the hospital, Mr. Shalaby was unable to work and, as a result, lost a substantial amount of income. Since being discharged from the hospital, Mr. Shalaby's ability to resume his law practice has been limited due to the physical and emotional injuries he sustained as a result of the April 21, 2006 incident involving the BernzOmatic torch and MAPP Gas cylinder. Mr. Shalaby was recently able to resume practicing law on a limited basis, but he continues to lose a substantial amount of business and income due to his limited ability to practice law on a full time basis. Mr. Shalaby will continue to lose income as a result of the injuries he sustained from the BernzOmatic MAPP Gas torch for an indefinite period of time.

24.    Mr. Shalaby has suffered mental anguish and emotional injuries as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder, including but not limited to Post Traumatic Stress Disorder, for which he has sough treatment. Mr. Shalaby has incurred, and continues to incur, out-of-pocket expenses for the treatment of his emotional injuries.

25.    Ms. Dunn-Ruiz has suffered mental anguish and emotional injuries as a result of witnessing her husband burn as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder while standing in close proximity to her husband.

## FIRST CAUSE OF ACTION -- STRICT PRODUCTS LIABILITY
### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

26.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.    At all times mentioned in this complaint, the BernzOmatic Brand MAPP Gas torch and/or cylinder that caused Mr. Shalaby's injuries and/or its component parts, were defective as to design, manufacture, and warnings, which caused the torch, cylinder and/or their

component parts to be in a dangerous and defective condition and prone to failure, which made them unsafe for their intended use.

28.    Plaintiffs are informed and believe that the torch and/or cylinder contained one or more manufacturing defects when they left the possession of Irwin Industrial Tools, Home Depot and/or DOES 2 through 100 (collectively "Defendants") in that the torch and/or cylinder differed from the intended design and specifications, and/or from other typical units of the same product line.

29.    Plaintiffs are further informed and believe that the design of the BernzOmatic torch and/or MAPP Gas cylinder that caused Mr. Shalaby's injuries was defective because the torch and/or cylinder did not perform as safely as an ordinary consumer would have expected them to perform when used in the manner that Mr. Shalaby did at the time of the April 21, 2006 incident which is the subject of this case.

30.    Defendants, and each of them, designed, manufactured, distributed, marketed and/or sold the torch and cylinder, and the torch and/or cylinder contained one or more manufacturing and/or design defects when they left Defendants' possession.

31.    As a direct and proximate result of the defective and dangerous condition of torch, cylinder and/or their component parts as described above, Mr. Shalaby sustained the following serious injuries and damages from using the torch in an intended manner:

    a.    Deep burns over 22% of his body surface, including his face, hands, arms and legs, requiring surgical repair, skin grafts and continuing medical treatment;

    b.    physical pain and discomfort;

    c.    immobility;

    d.    disfigurement;

    e.    lost wages; and

f.      emotional trauma and mental anguish, including but not limited to Post Traumatic Stress Disorder.

## SECOND CAUSE OF ACTION -- STRICT LIABILITY FOR FAILURE TO WARN
### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

32.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 31 above, as though fully set forth herein.

33.     The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries lacked sufficient instructions or warnings of the potential risk and danger that the cylinder might suddenly and instantaneously discharge its contents and catch fire when used in an intended and foreseeable manner.

34.     This danger and risk were known or should have been known to Defendants at the time the torch and MAPP Gas cylinder were designed, manufactured, distributed, marketed and sold.

35.     These risks presented a substantial danger to purchasers and users of the torch that ordinary consumers would not have recognized or expected, particularly without an adequate warning.

36.     Mr. Shalaby was injured when he used the torch in a manner that was intended and foreseeable to Defendants.

37.     The lack of sufficient instructions or warnings was a substantial factor in causing Mr. Shalaby's injuries.

## THIRD CAUSE OF ACTION – NEGLIGENCE
### *(By Mr. Shalaby Against Irwin Industrial Tools)*

38.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 37 above, as though fully set forth herein.

39.  Irwin Industrial Tools, whose BernzOmatic division designed, manufactured, distributed, marketed and/or sold the BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

40.  Irwin Industrial Tools was negligent in designing and/or manufacturing the torch and MAPP Gas cylinder in that they failed to use the amount of care in designing and/or manufacturing the torch and cylinder that a reasonably careful designer and manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

41.  Mr. Shalaby was harmed as a proximate result of Irwin Industrial Tools' negligence when the BernzOmatic Brand MAPP Gas cylinder exploded and instantaneously discharged its contents upon Mr. Shalaby's activation of the torch trigger switch.

42.  The negligence of Industrial Tools' was a substantial factor in causing Mr. Shalaby's injuries.

### FOURTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN
#### (By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)

43.  Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 42 above, as though fully set forth herein.

44.  Defendants, and each of them, were negligent by not using reasonable care to adequately warn or instruct consumer's about the dangerous condition(s) in the BernzOmatic Brand MAPP Gas torch's and/or cylinder that caused Mr. Shalaby's injuries, or about circumstances that are likely to make the consumer's use of the torch dangerous.

45.  Defendants, and each of them, knew or reasonably should have known that the torch presented an unreasonable danger of exploding, or was likely to explode, when used in a reasonably foreseeable manner.

46. Defendants knew or reasonably should have known that users of the torch would not realize this danger, yet failed to adequately warn of the danger or instruct users on the safe use of the torch to prevent the type of injuries that Mr. Shalaby has sustained.

47. A reasonable designer, manufacturer, marketer, distributor and seller would have warned of this danger, or instructed users on the safe use of the torch, to prevent that type of injuries that Mr. Shalaby has sustained.

### FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)

48. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 47 above, as though fully set forth herein.

49. Mr. Shalaby was proximately harmed by the BernzOmatic Brand torch and MAPP Gas cylinder used in the April 21, 2006 incident because the torch and cylinder did not have the qualities, reliability and safety that a reasonable consumer would expect.

50. At the time he purchased the torch, Defendants were in the business of selling BernzOmatic Brand torches and MAPP Gas cylinders.

51. The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries were not of the same quality as those generally acceptable in the industry, and were not fit for the ordinary purposes for which such products are used.

52. The failure of the torch to have the expected quality that it should have had was a substantial factor in causing Mr. Shalaby's injuries.

### SIXTH CAUSE OF ACTION –
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiffs Against All Defendants)

53. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 52 above, as though fully set forth herein.

54.     Defendants, and each of them, were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

55.     Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion and/or instantaneous discharge of the contents of the MAPP Gas cylinder in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was sustaining severe and life threatening injuries.

56.     Both Mr. Shalaby and Ms. Dunn-Ruiz suffered serious emotional distress as a result of experiencing and observing the April 21, 2006 incident, respectively, including severe mental suffering, grief, anguish, anxiety, depression, worry, shock, and in the case of Mr. Shalaby, Post Traumatic Stress Disorder.

57.     The negligence of Defendants in designing, manufacturing, distributing, marketing and selling the defective torch and/or MAPP Gas cylinder was a substantial factor in causing Plaintiffs' serious emotional distress.

Wherefore, Plaintiffs DEMAND A JURY TRIAL, and pray that a judgment be entered against Defendants, and each of them, as follows:

1.      For general damages, including but not limited to damages for emotional distress, pain and suffering, according to proof;

2.      For special damages, including but not limited to out of pocket medical expenses and incidental expenses related to Mr. Shalaby's injuries, and lost income, according to proof;

3.      For exemplary damages;

4.      For prejudgment interest according to law;

5.      For costs of suit incurred in this action; and

1

2          6.    For any other and further relief that the court deems just and proper.

3

4    Dated:    June__, 2007                    ALBORG, VEILUVA & EPSTEIN LLP

5
                                              By:_____
6                                                  MARK D. EPSTEIN
                                              Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL J. VEILUVA (State Bar No. 100419)
MARK D. EPSTEIN (State Bar No. 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Telephone: (925) 939-9880
Facsimile: (925) 939-9915

Attorneys for Plaintiffs
Andrew Shalaby and Sonia Dunn-Ruiz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY and SONIA DUNN-RUIZ, <br><br> Plaintiffs, <br><br> vs. <br><br> IRWIN INDUSTRIAL TOOL COMPANY, INC., THE HOME DEPOT, INC., and DOES 2 through 100, inclusive <br><br> Defendants. | Case No. C 06-07026 EDL <br><br> **STIPULATION TO FILE FIRST AMENDED COMPLAINT, AND ORDER THEREON** |

The parties to the above-captioned action, through their respective counsel, hereby STIPULATE AND AGREE as follows, subject to the approval of the Court:

1.    That plaintiffs may file the First Amended Complaint attached as Exhibit A to this stipulation, without filing a motion for leave to file the same;

2.    That following the Court's entry of the order approving this stipulation, plaintiffs will electronically file the proposed First Amended Complaint with the Court; and

3.    That defendants will electronically file an answer to the First Amended Complaint within ten days of the filing of the First Amended Complaint.

//

//

//

1    Dated: June ___, 2007                ALBORG, VEILUVA & EPSTEIN LLP

2                                                    /s/
                                        By: _____
3                                        MARK D. EPSTEIN
                                        Attorneys for Plaintiffs
4

5    Dated: June ___, 2007                KELLER, PRICE & MOORHEAD

6                                                    /s/
                                        By: _____
7                                        J. PHILLIP MOORHEAD
8                                        Attorneys for Defendants IRWIN INDUSTRIAL
                                        TOOLS, INC., and THE HOME DEPOT, INC.
9

10                                        ORDER

11        THE FOREGOING STIPULATION IS APPROVED AND IT IS SO ORDERED.

12

13

14    DATED:  June 8, 2007              _____
15                                      UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

1  MICHAEL J. VEILUVA (State Bar No. 100419)
   MARK D. EPSTEIN (State Bar No. 168221)
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925) 939-9880
4  Facsimile: (925) 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 | ANDREW SHALABY and SONIA DUNN-    | Case No. C 06-07026 EDL
11 | RUIZ,                             |
                                       | **FIRST AMENDED COMPLAINT**
12 |            Plaintiffs,            | **(DEMAND FOR JURY TRIAL)**

13 |        vs.

14 | IRWIN INDUSTRIAL TOOL COMPANY,
   | INC., THE HOME DEPOT, INC., and DOES
15 | 2 through 100, inclusive

16 |            Defendants.

17         Plaintiffs Andrew Shalaby (hereinafter "Mr. Shalaby") and Sonia Dunn-Ruiz (hereinafter

18 "Ms. Dunn-Ruiz" – collectively "Plaintiffs"), by and through their  attorneys, allege for their

19 First Amended Complaint against defendants Irwin Industrial Tool Company, Inc., a wholly

20 owned subsidiary of Newell Rubbermaid, Inc. (hereinafter "Irwin"), and The Home Depot, Inc.

21 (collectively ("Defendants") as follows:

22                        **JURISDICTION AND VENUE**

23

24         1.      Plaintiffs are, and at all times were, residents of the City of El Cerrito, County of

25 Contra Costa, in the State of California.

26         2.      Defendant Irwin Industrial Tool Company, Inc. is and at all times relevant to this

27 action was, a corporation organized and existing under the laws of the State of Delaware, with its

28

principal place of business in Huntersville, North Carolina, and is a wholly owned subsidiary of Newell Rubbermaid, Inc. Plaintiffs are informed and believe, and thereon allege, that Irwin Industrial Tool Company manufactures and distributes hand tools, power tools and accessories, including MAPP Gas torches and MAPP Gas cylinders under the "BernzOmatic" brand name.

3.    Plaintiffs are informed and believe, and thereon allege, that BernzOmatic is an unincorporated division of Irwin Industrial Tool Company

4.    Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Plaintiffs are informed and believe, and thereon allege, that The Home Depot, Inc. is a retail seller of hardware, appliances, building materials, gardening materials, and other home improvement supplies, which operates stores throughout the United States, including California, with stores in the cities of Emeryville (Alameda County) and El Cerrito (Contra Costa County), California. The Home Depot, Inc. sells, among other things, BernzOmatic Brand MAPP Gas torches.

5.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 2 through 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said defendants if and when that information is ascertained.

6.    Plaintiffs are informed and believe that at all times mentioned herein, defendants and each of them were the agents, servants, joint venturers, authorized representatives, delegates and/or successors of the other defendants named herein, and were acting within the course and scope of said agency, service, joint venture, representation, delegation and/or succession.

7.    The court has original jurisdiction of this action under 28 U.S.C. § 1332, based upon the parties' complete diversity of citizenship, in that it is a civil action between citizens of

different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.    Venue is proper in the Northern District of California, pursuant to 28 U.S.C. § 1441(a), as well as Civil Local Rules 3-2 (c) and (d), on the grounds that this action was commenced in the Superior Court of the State of California, in and for the County of Alameda, and was subsequently removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a).

## FACTUAL ALLEGATIONS

9.    Sometime in early to mid 2005, Mr. Shalaby purchased a BernzOmatic brand MAPP Gas torch kit from a Home Depot store near his home in El Cerrito, California.  The torch kit included the two components of a BernzOmatic MAPP Gas torch: a yellow colored MAPP Gas canister, or cylinder, and a torch head assembly ("torch"), the tip of which emits a flame when the torch is in use.  The flame is intended to be used for soldering, welding, and other purposes that are described on the cylinder labels, on BernzOmatic internet website: http://www.bernzomatic.com, and in other product related instructions and promotional materials.

10.    The BernzOmatic torch is designed and intended to be screwed on to a threaded metal neck of the MAPP Gas cylinder.  Once attached to the cylinder, the torch is designed and intended to be ignited when the user activates a trigger switch that is a part of the torch assembly.

11.    Soon after Mr. Shalaby purchased the BernzOmatic torch kit from Home Depot, he purchased several replacement BernzOmatic MAPP Gas cylinders from Home Depot and/or Ace Hardware to use once the original cylinder that came with the torch kit was depleted of MAPP Gas.

12.    Plaintiffs and their two children are avid campers.  They own a recreational vehicle which they use on a regular basis to tour and park for overnight stays at designated campgrounds that accommodate recreational vehicles.

13.     While camping, Plaintiffs regularly light wood campfires in the evenings. Up until April 21, 2006, Mr. Shalaby typically ignited the family's campfires by using his BernzOmatic MAPP Gas torch to ignite the firewood. Mr. Shalaby stored the torch in a wooden box, along with the auxiliary MAPP Gas canisters, which Plaintiffs kept inside of their recreational vehicle.

14.     The MAPP Gas torch kit contained a written representation that, among other things, one of the intended and/or acceptable uses of the torch was for "lighting grills." By making this representation, BernzOmatic intended for consumers to use its MAPP Gas torches to start cooking and/or recreational campfires, and knew or should have known that some consumers would use its torches in the manner that Mr. Shalaby used his torch at the time of the incident which is the subject of this lawsuit, as set forth in more detail herein below.

15.     Neither the torch nor the MAPP Gas cylinder contained a warning against using the torch to ignite a wood campfire.

16.     Defendants and each of them at all times herein mentioned knew and intended that the BernzOmatic Brand MAPP Gas torches that they designed, manufactured, marketed and sold would be purchased and used by consumers without the requisite knowledge of what constitutes material defects in the product, and thus without inspection for defects therein or in any of its component parts.

17.     The MAPP Gas torch and/or cylinder at issue in this case was, at the time Mr. Shalaby purchased it, defective and unsafe for its intended purposes in that the design, manufacture and/or workmanship of the torch or its component parts were such that, without any misuse of or abuse to the product on the part of the user, the contents of the cylinder allowed to discharge instantaneously and become ignited upon activation of the torch ignition switch.

18.     Between the date on which he purchased the MAPP Gas torch kit and April 21, 2006, Mr. Shalaby used the torch to ignite campfires on many occasions.

**A.    The Incident**

19.    During the week of April 17, 2006, Plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

20.    On or about the evening of April 21, 2006, Mr. Shalaby was seriously injured when he activated the trigger switch on his BernzOmatic MAPP Gas torch in order to light a wood campfire in a designated campfire pit, located within the campsite at the Campland complex where Plaintiffs were staying.  Mr. Shalaby activated the trigger switch on the torch when the MAPP Gas cylinder suddenly, instantaneously, and without warning, exploded and/or discharged its contents, which caught fire.  The heated MAPP Gas and fire enveloped Mr. Shalaby, and caused severe burns to his face, limbs, and extremities.

**B.    Ms. Dunn-Ruiz Witnessed the Incident**

21.    Ms. Dunn-Ruiz was less than ten feet away from Mr. Shalaby when the BernzOmatic cylinder exploded and/or instantaneously discharged its contents and enveloped Mr. Shalaby in heated MAPP Gas and fire.  While she had her back turned to her husband at the moment the explosion and/or gas discharge occurred, Ms. Dunn-Ruiz heard the noise from the explosion and/or gas discharged, and turned around within seconds to see her husband enveloped in flames.

**C.    Plaintiffs' Damages**

22.    Mr. Shalaby was confined to a hospital for approximately three weeks after the incident of April 21, 2006 involving the BernzOmatic torch and MAPP Gas cylinder, receiving medical treatment for his injuries, including but not limited to painful skin grafts and surgeries, as well as treatments for infections and other medical complications that were proximately caused by the incident.  Mr. Shalaby was bedridden for several weeks thereafter.  During his time in the hospital, Mr. Shalaby incurred in excess of $300,000 in medical expenses, and he continues to incur medical substantial expenses in connection with ongoing medical treatment for his injuries.

23.    At all times mentioned herein, Mr. Shalaby was and remains a self-employed attorney at law with an active litigation practice. During the time he was confined to the hospital, Mr. Shalaby was unable to work and, as a result, lost a substantial amount of income. Since being discharged from the hospital, Mr. Shalaby's ability to resume his law practice has been limited due to the physical and emotional injuries he sustained as a result of the April 21, 2006 incident involving the BernzOmatic torch and MAPP Gas cylinder. Mr. Shalaby was recently able to resume practicing law on a limited basis, but he continues to lose a substantial amount of business and income due to his limited ability to practice law on a full time basis. Mr. Shalaby will continue to lose income as a result of the injuries he sustained from the BernzOmatic MAPP Gas torch for an indefinite period of time.

24.    Mr. Shalaby has suffered mental anguish and emotional injuries as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder, including but not limited to Post Traumatic Stress Disorder, for which he has sough treatment. Mr. Shalaby has incurred, and continues to incur, out-of-pocket expenses for the treatment of his emotional injuries.

25.    Ms. Dunn-Ruiz has suffered mental anguish and emotional injuries as a result of witnessing her husband burn as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder while standing in close proximity to her husband.

### FIRST CAUSE OF ACTION -- STRICT PRODUCTS LIABILITY
#### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

26.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.    At all times mentioned in this complaint, the BernzOmatic Brand MAPP Gas torch and/or cylinder that caused Mr. Shalaby's injuries and/or its component parts, were defective as to design, manufacture, and warnings, which caused the torch, cylinder and/or their

1  component parts to be in a dangerous and defective condition and prone to failure, which made

2  them unsafe for their intended use.

3      28.    Plaintiffs are informed and believe that the torch and/or cylinder contained one or

4  more manufacturing defects when they left the possession of Irwin Industrial Tools, Home Depot

5  and/or DOES 2 through 100 (collectively "Defendants") in that the torch and/or cylinder differed

6  from the intended design and specifications, and/or from other typical units of the same product

7  line.

8      29.    Plaintiffs are further informed and believe that the design of the BernzOmatic

9

10  torch and/or MAPP Gas cylinder that caused Mr. Shalaby's injuries was defective because the

11  torch and/or cylinder did not perform as safely as an ordinary consumer would have expected

12  them to perform when used in the manner that Mr. Shalaby did at the time of the April 21, 2006

13  incident which is the subject of this case.

14      30.    Defendants, and each of them, designed, manufactured, distributed, marketed

15  and/or sold the torch and cylinder, and the torch and/or cylinder contained one or more

16

17  manufacturing and/or design defects when they left Defendants' possession.

18      31.    As a direct and proximate result of the defective and dangerous condition of torch,

19  cylinder and/or their component parts as described above, Mr. Shalaby sustained the following

20  serious injuries and damages from using the torch in an intended manner:

21          a.    Deep burns over 22% of his body surface, including his face, hands, arms

22  and legs, requiring surgical repair, skin grafts and continuing medical treatment;

23          b.    physical pain and discomfort;

24

25          c.    immobility;

26          d.    disfigurement;

27          e.    lost wages; and

28

      f.     emotional trauma and mental anguish, including but not limited to Post Traumatic Stress Disorder.

### SECOND CAUSE OF ACTION -- STRICT LIABILITY FOR FAILURE TO WARN
#### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

32.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 31 above, as though fully set forth herein.

33.    The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries lacked sufficient instructions or warnings of the potential risk and danger that the cylinder might suddenly and instantaneously discharge its contents and catch fire when used in an intended and foreseeable manner.

34.    This danger and risk were known or should have been known to Defendants at the time the torch and MAPP Gas cylinder were designed, manufactured, distributed, marketed and sold.

35.    These risks presented a substantial danger to purchasers and users of the torch that ordinary consumers would not have recognized or expected, particularly without an adequate warning.

36.    Mr. Shalaby was injured when he used the torch in a manner that was intended and foreseeable to Defendants.

37.    The lack of sufficient instructions or warnings was a substantial factor in causing Mr. Shalaby's injuries.

### THIRD CAUSE OF ACTION – NEGLIGENCE
#### *(By Mr. Shalaby Against Irwin Industrial Tools)*

38.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 37 above, as though fully set forth herein.

39.     Irwin Industrial Tools, whose BernzOmatic division designed, manufactured, distributed, marketed and/or sold the BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

40.     Irwin Industrial Tools was negligent in designing and/or manufacturing the torch and MAPP Gas cylinder in that they failed to use the amount of care in designing and/or manufacturing the torch and cylinder that a reasonably careful designer and manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

41.     Mr. Shalaby was harmed as a proximate result of Irwin Industrial Tools' negligence when the BernzOmatic Brand MAPP Gas cylinder exploded and instantaneously discharged its contents upon Mr. Shalaby's activation of the torch trigger switch.

42.     The negligence of Industrial Tools' was a substantial factor in causing Mr. Shalaby's injuries.

## FOURTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN
### (By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)

43.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 42 above, as though fully set forth herein.

44.     Defendants, and each of them, were negligent by not using reasonable care to adequately warn or instruct consumer's about the dangerous condition(s) in the BernzOmatic Brand MAPP Gas torch's and/or cylinder that caused Mr. Shalaby's injuries, or about circumstances that are likely to make the consumer's use of the torch dangerous.

45.     Defendants, and each of them, knew or reasonably should have known that the torch presented an unreasonable danger of exploding, or was likely to explode, when used in a reasonably foreseeable manner.

46.     Defendants knew or reasonably should have known that users of the torch would not realize this danger, yet failed to adequately warn of the danger or instruct users on the safe use of the torch to prevent the type of injuries that Mr. Shalaby has sustained.

47.     A reasonable designer, manufacturer, marketer, distributor and seller would have warned of this danger, or instructed users on the safe use of the torch, to prevent that type of injuries that Mr. Shalaby has sustained.

### FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
#### (*By Mr. Shalaby Against Irwin Industrial Tools and Home Depot*)

48.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 47 above, as though fully set forth herein.

49.     Mr. Shalaby was proximately harmed by the BernzOmatic Brand torch and MAPP Gas cylinder used in the April 21, 2006 incident because the torch and cylinder did not have the qualities, reliability and safety that a reasonable consumer would expect.

50.     At the time he purchased the torch, Defendants were in the business of selling BernzOmatic Brand torches and MAPP Gas cylinders.

51.     The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries were not of the same quality as those generally acceptable in the industry, and were not fit for the ordinary purposes for which such products are used.

52.     The failure of the torch to have the expected quality that it should have had was a substantial factor in causing Mr. Shalaby's injuries.

### SIXTH CAUSE OF ACTION –
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (*By Plaintiffs Against All Defendants*)

53.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 52 above, as though fully set forth herein.

54.    Defendants, and each of them, were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

55.    Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion and/or instantaneous discharge of the contents of the MAPP Gas cylinder in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was sustaining severe and life threatening injuries.

56.    Both Mr. Shalaby and Ms. Dunn-Ruiz suffered serious emotional distress as a result of experiencing and observing the April 21, 2006 incident, respectively, including severe mental suffering, grief, anguish, anxiety, depression, worry, shock, and in the case of Mr. Shalaby, Post Traumatic Stress Disorder.

57.    The negligence of Defendants in designing, manufacturing, distributing, marketing and selling the defective torch and/or MAPP Gas cylinder was a substantial factor in causing Plaintiffs' serious emotional distress.

Wherefore, Plaintiffs DEMAND A JURY TRIAL, and pray that a judgment be entered against Defendants, and each of them, as follows:

1.    For general damages, including but not limited to damages for emotional distress, pain and suffering, according to proof;

2.    For special damages, including but not limited to out of pocket medical expenses and incidental expenses related to Mr. Shalaby's injuries, and lost income, according to proof;

3.    For exemplary damages;

4.    For prejudgment interest according to law;

5.    For costs of suit incurred in this action; and

1

2          6.       For any other and further relief that the court deems just and proper.

3

4    Dated:   June 11, 2007                                ALBORG, VEILUVA & EPSTEIN LLP

5                                                                    /s/
                                                       By:_____
6                                                            MARK D. EPSTEIN
                                                       Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  J. Phillip Moorhead, Esq. (SBN 99445)
   KELLER, PRICE & MOORHEAD
2  229 Avenue I, Second Floor
   Redondo Beach, California 90277-5600
3  Telephone:  (310) 540-1332

4

5  Attorneys for Defendants, BERNZOMATIC, an Unincorporated Division
   of Irwin Industrial Tool Company and THE HOME DEPOT, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY, an individual, )   CASE NO. C 06 7026 EDL
    and   SONIA   DUNN-RUIZ,   an )
12  individual,                    )   Magistrate Judge Elizabeth D.
                                   )   LaPorte
13                   Plaintiffs,   )
                                   )   ANSWER  TO  FIRST  AMENDED
14      v.                         )   COMPLAINT BY BERNZOMATIC AND
                                   )   THE HOME DEPOT, INC.
15  IRWIN INDUSTRIAL TOOL COMPANY )
    and THE HOME DEPOT, INC. and )
16  DOES 2 through 100, inclusive, )
                     Defendants.   )
17  _____  )

18

19       COME NOW, Defendants, Bernzomatic, an Unincorporated Division

20  of Irwin Industrial Tool Company, and The Home Depot, Inc., and

21  answer the First Amended Complaint of Andrew Shalaby and Sonia

22  Dunn-Ruiz on file herein by admitting, denying and alleging as

23  follows:

24                    **JURISDICTION AND VENUE**

25       1.    Answering paragraph 1, Defendants are without sufficient

26  knowledge or information to form a belief as to the truth of the

27  allegations contained in said paragraph, and on that basis, deny

28  each and every allegation contained therein.

-1-

ANSWER TO FIRST AMENDED COMPLAINT

1     2.  In response to paragraph 2, Defendants admit all

2 allegations contained therein.

3     3.  In response to paragraph 3, Defendants admit all

4 allegations contained therein.

5     4.  In response to paragraph 4, Defendants admit that

6 Defendant The Home Depot, Inc. is, and at all times relevant was,

7 a corporation organized and existing under the laws of the State

8 of Delaware, with its principal place of business in Atlanta,

9 Georgia.  Defendants admit that The Home Depot, Inc., is a retail

10 seller of hardware, appliances, building materials, gardening

11 materials, and other home improvement supplies, and that it

12 operates stores throughout the United States, including

13 California, with stores in the cities of Emeryville (Alameda

14 County) and El Cerrito (Contra Costa County), California.

15 Defendants further admit that The Home Depot, Inc., sells, among

16 other things Bernzomatic brand MAPP Gas torches.  Home Depot

17 U.S.A., Inc., is an indirect and principal operating subsidiary of

18 Defendant The Home Depot, Inc.  Defendants deny each and every

19 remaining allegation of paragraph 4, except for those allegations

20 which are expressly admitted above.

21     5.  In response to paragraph 5, Defendants are without

22 sufficient knowledge or information to form a belief as to the

23 truth of the allegations contained in said paragraph, and on that

24 basis, deny each and every allegations contained therein.

25     6.  In response to paragraph 6, Defendants are without

26 sufficient knowledge or information to form a belief as to the

27 truth of the allegations contained in said paragraph, and on that

28 basis, deny each and every allegations contained therein.

1    7.   In response to paragraph 7, Defendants admit all
2    allegations contained therein.

3    8.   In response to paragraph 8, Defendants admit all
4    allegations contained therein.

5

6                    **FACTUAL ALLEGATIONS**

7    9.   In response to paragraph 9, Defendants admit the flame
8    from a Bernzomatic MAPP Gas torch is intended to be used for
9    soldering, welding, and other purposes that are described on the
10   cylinder labels, on Bernzomatic internet website:
11   http://www.Bernzomatic.com and in other product-related
12   instructions and promotional materials. Defendants deny all
13   remaining allegations of paragraph 9 on the basis that Defendants
14   are without sufficient knowledge or information to form a belief
15   as to the truth of the remaining allegations contained in said
16   paragraph, and on that basis deny each and every remaining
17   allegation contained therein.

18   10.  In response to paragraph 10, Defendants admit all
19   allegations contained therein.

20   11.  In response to paragraph 11, Defendants are without
21   sufficient knowledge or information to form a belief as to the
22   truth of the allegations contained in said paragraph, and on that
23   basis, deny each and every allegations contained therein.

24   12.  In response to paragraph 12, Defendants are without
25   sufficient knowledge or information to form a belief as to the
26   truth of the allegations contained in said paragraph, and on that
27   basis, deny each and every allegations contained therein.

28   13.  In response to paragraph 13, Defendants are without

-3-

1   sufficient knowledge or information to form a belief as to the
2   truth of the allegations contained in said paragraph, and on that
3   basis, deny each and every allegations contained therein.

4       14.   In response to paragraph 14, Defendants admit that MAPP
5   Gas torch kits contained a written representation that, among
6   other things, one of the intended and/or acceptable uses of the
7   torches was for "lighting grills." Defendants deny each and every
8   remaining allegation contained in paragraph 14, except for the
9   allegation expressly admitted above.

10       15.   In response to paragraph 15, Defendants admit that
11   neither torches nor MAPP Gas cylinders sold by Defendants
12   contained a warning against using their torches to ignite a wood
13   campfire. Defendants deny each and every remaining allegation
14   contained in paragraph 15, except for the allegation expressly
15   admitted above.

16       16.   In response to paragraph 16, Defendants deny each and
17   every allegation contained therein.

18       17.   In response to paragraph 17, Defendants deny each and
19   every allegation contained therein.

20       18.   In response to paragraph 18, Defendants are without
21   sufficient knowledge or information to form a belief as to the
22   truth of the allegation contained in said paragraph, and on that
23   basis, deny each and every allegation contained therein.

24       19.   In response to paragraph 19, Defendants admit all
25   allegations contained therein.

26       20.   In response to paragraph 20, Defendants admit that, on
27   or about the evening of April 21, 2006, Mr. Shalaby was seriously
28   injured.   Defendants deny each and every remaining allegation

-4-

ANSWER TO FIRST AMENDED COMPLAINT

1  contained in paragraph 20, except for the allegation expressly

2  admitted above.

3     21.  In response to paragraph 21, Defendants are without

4  sufficient knowledge or information to form a belief as to the

5  truth of the allegations contained in said paragraph, and on that

6  basis, deny each and every allegation contained therein.

7     22.  In response to paragraph 22, Defendants are without

8  sufficient knowledge or information to form a belief as to the

9  truth of the allegations contained in said paragraph, and on that

10  basis, deny each and every allegation contained therein.

11     23.  In response to paragraph 23, Defendants are without

12  sufficient knowledge or information to form a belief as to the

13  truth of the allegations contained in said paragraph, and on that

14  basis, deny each and every allegation contained therein.

15     24.  In response to paragraph 24, Defendants are without

16  sufficient knowledge or information to form a belief as to the

17  truth of the allegations contained in said paragraph, and on that

18  basis, deny each and every allegation contained therein.

19     25.  In response to paragraph 25, Defendants are without

20  sufficient knowledge or information to form a belief as to the

21  truth of the allegations contained in said paragraph, and on that

22  basis, deny each and every allegation contained therein.

23

24     **FIRST CAUSE OF ACTION - STRICT PRODUCTS LIABILITY**

25  **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

26     26.  Defendants incorporate by this reference the responses

27  contained in paragraphs 1 through 25 above, as though fully set

28  forth herein.

-5-

ANSWER TO FIRST AMENDED COMPLAINT

1    27.  In response to paragraph 27, Defendants deny each and

2  every allegation contained therein.

3    28.  In response to paragraph 28, Defendants deny each and

4  every allegation contained therein.

5    29.  In response to paragraph 29, Defendants deny each and

6  every allegation contained therein.

7    30.  In response to paragraph 30, Defendants admit that

8  Defendant, Irwin Industrial Tool Company designed, manufactured,

9  distributed, and marketed MAPP Gas torches under the "Bernzomatic"

10 brand name.  Defendants admit that Irwin Industrial Tool Company

11 distributed and marketed MAPP Gas cylinders under the

12 "Bernzomatic" brand name.  Defendants admit that The Home Depot,

13 Inc., sold Bernzomatic brand MAPP Gas torches and cylinders.

14 Defendants deny that the Bernzomatic brand torches and/or

15 cylinders contained manufacturing and/or design defects when they

16 left Defendants' possession.  Defendants deny any other

17 allegations which may be included or implied in paragraph 30

18 except for those allegations expressly admitted above.

19   31.  In response to paragraph 31, Defendants deny each of the

20 allegations contained therein with the exception of the

21 allegations of subparts a. through f., inclusive, which Defendants

22 deny on the basis that Defendants are without sufficient knowledge

23 or information to form a belief as to the truth of the allegations

24 contained in said subparts.

25

26 **SECOND CAUSE OF ACTION - STRICT LIABILITY FOR FAILURE TO WARN**

27 **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

28   32.  Defendants incorporate by this reference the responses

-6-

ANSWER TO FIRST AMENDED COMPLAINT

1  contained in paragraphs 1 through 31 above, as though fully set

2  forth herein.

3      33.  In response to paragraph 33, Defendants deny each and

4  every allegation contained therein.

5      34.  In response to paragraph 34, Defendants deny each and

6  every allegation contained therein.

7      35.  In response to paragraph 35, Defendants deny each and

8  every allegation contained therein.

9      36.  In response to paragraph 36, Defendants deny each and

10 every allegation contained therein.

11     37.  In response to paragraph 37, Defendants deny each and

12 every allegation contained therein.

13

14              **THIRD CAUSE OF ACTION - NEGLIGENCE**

15         **(By Mr. Shalaby Against Irwin Industrial Tools)**

16     38.  Defendants incorporate by this reference the responses

17 contained in paragraphs 1 through 37 above, as though fully set

18 forth herein.

19     39.  In response to paragraph 39, Defendant admits that

20 Bernzomatic is a division of Defendant, Irwin Industrial Tool

21 Company, which designed, manufactured, distributed, marketed,

22 and/or sold Bernzomatic brand torches, and distributed and

23 marketed MAPP Gas cylinders.  Defendants deny each and every

24 remaining allegation contained in paragraph 39 except for the

25 allegations expressly admitted above.

26     40.  In response to paragraph 40, Defendant denies each and

27 every allegation contained therein.

28     41.  In response to paragraph 41, Defendant denies each and

-7-

ANSWER TO FIRST AMENDED COMPLAINT

1  every allegation contained therein.

2      42.  In response to paragraph 42, Defendant denies each and

3  every allegation contained therein.

4

5      **FOURTH CAUSE OF ACTION - NEGLIGENT FAILURE TO WARN**

6      **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

7      43.  Defendants incorporate by this reference the responses

8  contained in paragraphs 1 through 42 above, as though fully set

9  forth herein.

10     44.  In response to paragraph 44, Defendants deny each and

11 every allegation contained therein.

12     45.  In response to paragraph 45, Defendants deny each and

13 every allegation contained therein.

14     46.  In response to paragraph 46, Defendants deny each and

15 every allegation contained therein.

16     47.  In response to paragraph 47, Defendants deny each and

17 every allegation contained therein.

18

19     **FIFTH CAUSE OF ACTION - BREACH OF**

20     **IMPLIED WARRANTY OF MERCHANTABILITY**

21     **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

22     48.  Defendants incorporate by this reference the responses

23 contained in paragraphs 1 through 47 above, as though fully set

24 forth herein.

25     49.  In response to paragraph 49, Defendants deny each and

26 every allegation contained therein.

27     50.  In response to paragraph 50, Defendants admit each and

28 every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

1     51.  In response to paragraph 51, Defendants deny each and

2 every allegation contained therein.

3     52.  In response to paragraph 52, Defendants deny each and

4 every allegation contained therein.

5           **SIXTH CAUSE OF ACTION - NEGLIGENT INFLICTION**

6                   **OF EMOTIONAL DISTRESS**

7            **(By Plaintiffs Against All Defendants)**

8     53.  Defendants incorporate by this reference the responses

9 contained in paragraphs 1 through 52 above, as though fully set

10 forth herein.

11     54.  In response to paragraph 54, Defendants deny each and

12 every allegation contained therein.

13     55.  In response to paragraph 55, Defendants are without

14 sufficient knowledge or information to form a belief as to the

15 truth of the allegations contained in said paragraph, and on that

16 basis, deny each and every allegation contained therein.

17     56.  In response to paragraph 56, Defendants deny each and

18 every allegation contained therein.

19     57.  In response to paragraph 57, Defendants deny each and

20 every allegation contained therein.

21

22              **FIRST AFFIRMATIVE DEFENSE**

23     58.  Plaintiffs' First Amended Complaint herein, and each and

24 every cause of action therein, fails to state facts sufficient to

25 constitute a cause of action against these answering Defendants

26 upon which relief can be predicated.

27             **SECOND AFFIRMATIVE DEFENSE**

28     59.  Plaintiffs' injuries and damages, if any, were caused in

ANSWER TO FIRST AMENDED COMPLAINT

1  whole or in part by their own lack of due care, and their recovery

2  herein, if any, should be correspondingly barred or reduced.

3  **THIRD AFFIRMATIVE DEFENSE**

4  60. Plaintiffs' injuries and damages, if any, were caused in

5  whole or in part by the acts and/or omissions of some third party

6  or third parties over whom these answering Defendants had no

7  control and for whose acts and/or omissions these answering

8  Defendants are neither responsible nor liable.

9  **FOURTH AFFIRMATIVE DEFENSE**

10  61. These answering Defendants' liability, if any, for non-

11  economic damages suffered by Plaintiffs shall be several only, and

12  not joint, and Defendants shall only be liable, if at all, for the

13  non-economic damages allocated to them in direct proportion to

14  their percentage of fault, if any, as more fully defined in

15  <u>California Civil Code</u>, Section 1431.2(a), et seq.

16  **FIFTH AFFIRMATIVE DEFENSE**

17  62. At all times relevant hereto, Plaintiffs failed and/or

18  refused to properly mitigate their damages, and their recovery

19  herein, if any, should be correspondingly barred or reduced.

20  **SIXTH AFFIRMATIVE DEFENSE**

21  63. At the time of the incident alleged in the First Amended

22  Complaint on file herein, the product therein described was/had

23  been altered, modified, and/or was in a condition different than

24  that in which it had left the possession of these answering

25  Defendants.

26  **SEVENTH AFFIRMATIVE DEFENSE**

27  64. At the time of the incident alleged in the First Amended

28  Complaint on file herein, the product therein described was/had

-10-

ANSWER TO FIRST AMENDED COMPLAINT

1   been damaged, abused, unforeseeably misused, and/or was not

2   properly maintained after it left the possession of these

3   answering Defendants.

4       WHEREFORE, Defendants, Bernzomatic, an Unincorporated

5   Division of Irwin Industrial Tool Company and The Home Depot,

6   Inc., pray judgment on the First Amended Complaint of Andrew

7   Shalaby and Sonia Dunn-Ruiz herein as follows:

8       1.   That Plaintiffs take nothing from these answering

9   Defendants by way of their First Amended Complaint herein;

10      2.   That these answering Defendants be awarded their costs of

11  suit incurred herein;

12      3.   That these answering Defendants be awarded such other and

13  further relief as the Court may deem just and proper.

14  DATED:  June 19, 2007            KELLER, PRICE & MOORHEAD

15

16                                   J. Phillip Moorhead
                                     Attorneys      for      Defendants,
17                                   BERNZOMATIC,    an    Unincorporated
                                     Division of Irwin Industrial Tool
                                     Company and THE HOME DEPOT, INC.

18

19

20

21

22

23

24

25

26

27

28

-11-

ANSWER TO FIRST AMENDED COMPLAINT

1  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
2  <u>Andrew Shalaby v. Bernzomatic/Home Depot, Inc.</u>
   CASE NO. C 06 7026 CW
3
                     <u>**PROOF OF SERVICE**</u>
4
        I am employed in the county of Los Angeles, State of
5  California.  I am over the age of 18 and not a party to the within
   action; my business address is 229 Avenue "I", Second Floor,
6  Redondo Beach, California  90277.

7       On June 19, 2007, I served the foregoing document described as
   **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties in this
8  action as set forth below:

9
        Mark D. Epstein
10      Alborg, Veiluva & Epstein LLP
        200 Pringle Avenue, Suite 410
11      Walnut Creek, CA 94596
        (925) 939-9880    FAX (925) 939-9915
12      (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

13
        FACSIMILE - by use of facsimile machine telephone number
14  (310)540-8480, I served a copy of the within document, to the  by
    facsimile numbers set forth above.  The facsimile machine I used
15  complied with California Rules of Court, Rule 2004, and no error
    was reported by the machine.  Pursuant to California Rules of
16  Court, Rule 2006(d), I caused the machine to print a transmission
    record of the transmission, a copy of which is attached to this
17  Declaration.

18      MAIL - I caused such envelope with postage thereon fully
    prepaid to be placed in the United States mail at Redondo Beach,
19  California.  I am "readily familiar" with the firm's practice of
    collection and processing correspondence for mailing.  Under that
20  practice it would be deposited with the U.S. Postal Service that
    same day with postage thereon fully prepaid at Redondo Beach,
21  California, in the ordinary course of business.  I am aware that on
    motion of the party served, service is presumed invalid if postal
22  cancellation date or postage meter date is more than one day after
    date of deposit for mailing in affidavit.

23
        FEDERAL - I declare under penalty of perjury that the
24  foregoing is true and correct, and that I am employed in the office
    of a member of the Bar of this Court at whose direction the service
25  was made.

26      Executed on June 19, 2007, at Redondo Beach, California.

27                      _Deidre A. Picascia_
                        Deidre A. Picascia
28

                                  -12-

                  ANSWER TO FIRST AMENDED COMPLAINT