1  J. Phillip Moorhead, Esq. (SBN 99445)
   KELLER, PRICE & MOORHEAD
2  229 Avenue I, Second Floor
   Redondo Beach, California 90277-5600
3  Telephone:  (310) 540-1332

4

   Attorneys for Defendant and Third Party Plaintiff, BERNZOMATIC, an
5  Unincorporated Division of Irwin Industrial Tool Company, and
   Defendant, THE HOME DEPOT, INC.

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
   ANDREW SHALABY, an individual, )    CASE NO. C 06 7026 EDL
12 and  SONIA  DUNN-RUIZ,  an )
   individual,                   )    Magistrate Judge Elizabeth D.
13                               )    LaPorte
                    Plaintiffs,  )
14                               )    THIRD  PARTY  COMPLAINT  ON
        v.                       )    BEHALF  OF  BERNZOMATIC,  AN
15                               )    UNINCORPORATED  DIVISION  OF
   IRWIN INDUSTRIAL TOOL COMPANY, )   IRWIN INDUSTRIAL TOOL COMPANY
16 THE HOME DEPOT, INC., and DOES )
   2 through 100, inclusive,     )
17                               )
                    Defendants.  )
18 _____)
                                 )
19 BERNZOMATIC,                  )
                                 )
20          Cross-Complainant,   )
                                 )
21      v.                       )
                                 )
22 WESTERN   INDUSTRIES,   INC., )
   WORTHINGTON  INDUSTRIES,  AND )
23 ROES 2 through 100, inclusive, )
                                 )
24          Cross-Defendants.    )
                                 )
25 _____)

26

27      For  their  Third  Party  Complaint  against  the  Third  Party

28 Defendants,  Defendant/Third  Party  Plaintiff,  Bernzomatic,  an

                              -1-
_____
                   THIRD PARTY COMPLAINT

Unincorporated Division of Irwin Industrial Tool Company (hereinafter Bernzomatic), states as follows:

PARTIES

1.    Defendant/Third Party Plaintiff, Bernzomatic, is a Delaware corporation, with its principal place of business in North Carolina.

2.    Third Party Defendant, Western Industries, Inc., is a closely-held corporation with its principal place of business in Wisconsin.

3.    Third Party Defendant, Worthington Industries, Inc., is an Ohio corporation with its principal place of business in Ohio.

4.    At various times, both Western and Worthington manufactured and sold BernzOmatic-branded MAPP gas cylinders.

5.    Worthington purchased Western's cylinder business in September 2004.

JURISDICTION AND VENUE

6.    Subject matter jurisdiction is proper in this Court because federal district courts in California recognize the rights of Third Party Complainant to Declarations of Rights, Breach of Contract Claims, Contractual Indemnity, Common Law Indemnity and Punitive Damages. This Court has Personal Jurisdiction over the Third Party Defendants under the California long-arm statute as the actions or failures to act by the Third Party Defendants caused damage to the Defendant/Third Party Plaintiff and gave rise to claims in California.

7.    Venue is proper in this Court because all of the Plaintiffs' litigation claims arose in this jurisdiction, and all of the Third Party Complaint claims are derivative of those

-2-

THIRD PARTY COMPLAINT

1  litigation claims.

FACTUAL ALLEGATIONS

3      8.   Defendant/Third Party Plaintiff, Bernzomatic, has been
4  named as a Defendant in the above-captioned lawsuit (the "Shalaby
5  litigation").   Plaintiffs filed suit on October 10, 2006 and
6  recently amended their Complaint on June 11, 2007.

7      9.   The Joint Case Management Statement and Order entered on
8  February 20, 2007 alleges that Plaintiff, Andrew Shalaby, suffered
9  burns to his face and extremities due to an accident involving a
10 Bernzomatic-branded MAPP gas cylinder that he used to light a
11 campfire.   It further alleges that liquid MAPP gas inside the
12 pressurized cylinder absorbed energy from the surrounding fire and
13 heated up such that it vaporized causing the cylinder to produce
14 "an explosive effect."

15     10.  The Joint Case Management Statement and Order entered on
16 February 20, 2007 states that fire department personnel who
17 responded during the incident instructed the onsite manager to
18 discard the product.   Depositions of fire department and onsite
19 personnel were taken on April 17, 2007 confirming that the product
20 had been discarded.

21     11.  Third Party Defendants, Western and Worthington,
22 manufactured MAPP gas cylinders, such as the one allegedly
23 involved in this action.

24     12.  Defendant/Third Party Plaintiff purchased MAPP gas
25 cylinders exclusively from Western and Worthington during the time
26 periods relevant to this action.

27     13.  To the extent that a Bernzomatic-branded MAPP gas
28 cylinder was involved in the accident which forms the basis of

-3-

THIRD PARTY COMPLAINT

1 Plaintiffs' Complaint against Bernzomatic and Home Depot, said

2 MAPP gas cylinder was manufactured by either Western or

3 Worthington.

4     14.  Defendant/Third Party Plaintiff cannot determine whether

5 Western or Worthington manufactured the MAPP gas cylinder involved

6 because the fire department personnel who responded during the

7 incident instructed the onsite manager to discard the product and

8 it cannot be recovered.

9     15.  Upon information and belief, the written contract

10 between Worthington and Western regarding the sale of the cylinder

11 business in September 2004 contains an express provision setting

12 forth a method to facilitate identification of a cylinder's

13 manufacturer if it cannot be determined by a serial number or

14 other reliable information.

15          FIRST CLAIM - DECLARATION OF RIGHTS

16     16.  Defendant/Third Party Plaintiff incorporates by

17 reference the allegations in Paragraphs 1 through 15 of this Third

18 Party Complaint as if fully rewritten herein.

19     17.  Exclusive Supply Agreements between Newell Operating

20 Company (a predecessor to Industrial Tool Company, dba

21 Bernzomatic) and Western in 2001, as well as between Irwin

22 Industrial Tool Company, dba Bernzomatic, and Worthington in 2006

23 for Western's and Worthington's MAPP gas cylinders included

24 indemnification provisions. In September 2004, Worthington

25 assumed the rights and obligations of Western under the 2001

26 Supply Agreement resulting from Worthington's purchase of

27 Western's cylinder business at that time.

28     18.  The indemnification provision at page 10 of the

-4-

---

THIRD PARTY COMPLAINT

1 Agreement between Newell (Bernzomatic) and Western states, in
2 pertinent part:

3      "Western assumes and agrees to indemnify, defend and
4      hold harmless Newell and its affiliates, directors,
5      officers, employees and agents for all claims against
6      Newell for personal injury or property damage to the
7      extent such injury or damage is alleged to be caused by
8      or is caused by the sale or distribution of Covered
9      Cylinders supplied under this Agreement that were not
10      suitable for sale, distribution or use due to the
11      design, manufacture, labeling or failure to label, or
12      storage prior to delivery to Newell of such Covered
13      Cylinders.  Western further agrees to indemnify, defend
14      and hold harmless Newell and its affiliates, directors,
15      officers, employees and agents for all claims against
16      Newell resulting from the failure to manufacture
17      products in accordance with applicable laws including
18      environmental and labor laws."

19    19.  The indemnification provision at page 8 of the Agreement
20 between Irwin Industrial Tool Company (Bernzomatic) and
21 Worthington states, in pertinent party:

22      "WCW [Worthington] assumes and agrees to indemnify,
23      defend and hold harmless BernzOmatic and its customers,
24      affiliates, directors, officers, employees and agents
25      for all claims against BernzOmatic for personal injury
26      or property damage to the extent such injury or damage
27      is alleged to be cause[d] by or is caused by in whole or
28      in part the sale or distribution of Covered Cylinders

THIRD PARTY COMPLAINT

1  supplied under this Agreement that were not suitable for
2  sale, distribution or use due to the design,
3  manufacture, labeling or failure to label (except as
4  provided in Section 4.4), or storage prior to delivery
5  to BernzOmatic of such Covered Cylinders. WCW further
6  agrees to indemnify, defend and hold harmless
7  BernzOmatic and its affiliates, directors, officers,
8  employees and agents for all claims against BernzOmatic
9  resulting from the failure to manufacture products in
10  accordance with applicable laws.

11  20. The allegations in the <u>Shalaby</u> litigation are for
12  personal injury caused by the sale or distribution of covered
13  cylinders - (a Bernzomatic-branded MAPP gas cylinder) -
14  manufactured and sold by Western and Worthington pursuant to the
15  Supply Agreements, which contained the above-cited indemnification
16  provisions.

17  21. Pursuant to the indemnification provisions, Bernzomatic
18  tendered its defense and indemnification to Western on June 19,
19  2006, and to Worthington on January 24, 2007.

20  22. To date, Western has neither defended nor indemnified
21  Bernzomatic, which is a breach of the indemnification provision in
22  the Supply Agreement.

23  23. To date, Worthington, has neither defended nor
24  indemnified Bernzomatic, which is a breach of the indemnification
25  provision in the Supply Agreement.

26  24. An actual dispute exists between Defendant/Third Party
27  Plaintiff and Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz.

28  25. Bernzomatic is entitled to a declaration of rights under

-6-

---

THIRD PARTY COMPLAINT

1  the contracts against Western and Worthington and the obligations

2  under the indemnification provisions of the Supply Agreement as

3  follows:

4        a.    Western is obligated under the indemnification

5  provisions of the Supply Agreement and by virtue of its breach of

6  its duty to defendant Bernzomatic in the <u>Shalaby</u> litigation, to

7  indemnify Bernzomatic with respect to the full amount of all

8  defense costs and any liability or settlement in the <u>Shalaby</u>

9  litigation without any cost sharing, apportionment between

10 particular claims or allegations, or limitation on amount.

11        b.    Worthington is obligated under the indemnification

12 provisions of the Supply Agreement and by virtue of its breach of

13 its duty to defendant Bernzomatic in the <u>Shalaby</u> litigation, to

14 indemnify Bernzomatic with respect to the full amount of all

15 defense costs and any liability or settlement in the <u>Shalaby</u>

16 litigation without any cost sharing, apportionment between

17 particular claims or allegations, or limitation on amount.

18 <u>SECOND CLAIM - BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION</u>

19        26.  Defendant/Third Party Plaintiff incorporates by

20 reference the allegations in Paragraphs 1 through 25 of this

21 Complaint as if fully rewritten herein.

22        27.  Western has breached its express and implied obligations

23 under the Supply Agreement because it has failed to defend and

24 indemnify Defendant/Third Party Plaintiff and hold it harmless

25 with respect to any of the amounts Defendant/Third Party Plaintiff

26 has incurred and will incur in the future because of the <u>Shalaby</u>

27 litigation.

28        28.  Such breach of contract by Western has directly and

-7-

THIRD PARTY COMPLAINT

1  proximately caused injury to Defendant/Third Party Plaintiff,
2  including, but not limited to, the payment of the entire cost of
3  the Shalaby litigation and the payment of fees and expenses in
4  defending the Shalaby litigation.

5     29.  Worthington has breached its express and implied
6  obligations under the Supply Agreement because it has failed to
7  defend and indemnify Defendant/Third Party Plaintiff and hold it
8  harmless with respect to any of the amounts Defendant/Third Party
9  Plaintiff has incurred and will incur in the future because of the
10 Shalaby litigation.

11    30.  Such breach of contract by Worthington has directly and
12 proximately caused injury to Defendant/Third Party Plaintiff,
13 including, but not limited to, the payment of the entire cost of
14 the Shalaby litigation and the payment of fees and expenses in
15 defending the Shalaby litigation.

16       THIRD CLAIM - EQUITABLE INDEMNIFICATION

17    31.  Defendant/Third Party Plaintiff incorporates by
18 reference the allegations in Paragraphs 1 through 30 of this
19 Complaint as if fully rewritten herein.

20    32.  Third Party Defendants, Western and Worthington,
21 manufactured Bernzomatic-branded MAPP gas cylinders and introduced
22 those cylinders into the stream of commerce by selling them to
23 Defendant/Third Party Plaintiff.

24    33.  To the extent that the MAPP gas cylinder at issue is
25 held to be defective, which Defendant/Third Party Plaintiff
26 expressly denies, one of the Third Party Defendants, Western
27 and/or Worthington, introduced that defect by manufacturing and
28 selling MAPP gas cylinders to Defendant/Third Party Plaintiff for

-8-

THIRD PARTY COMPLAINT

1　further distribution and resale to the Plaintiffs.

2　　34.　To the extent that the MAPP gas cylinder at issue is

3　held to have caused injuries and damages to Andrew Shalaby and

4　Sonia Dunn-Ruiz, which Defendant/Third Party Plaintiff expressly

5　denies, Third Party Defendants, Western and Worthington, are

6　liable for those injuries as a result of the manufacture and sale

7　of those MAPP gas cylinders to Defendant/Third Party Plaintiff for

8　further distribution and resale.

9　　35.　Because the cylinder product was discarded well before

10　any lawsuit or involvement of the Defendant/Third Party Plaintiff,

11　there is no way to discover whether Western or Worthington

12　manufactured the cylinder at issue.

13　　36.　Because it is certain that the manufacturer of the

14　cylinder at issue was either Western or Worthington, both Western

15　and Worthington owe indemnity to the Defendant/Third Party

16　Plaintiff for any alleged harm caused by the cylinder.

17　　37.　Thus, as a result of their actions, Third Party

18　Defendants, Western and Worthington, owe a complete common law

19　duty of indemnification to Defendant/Third Party Plaintiff for all

20　damages, costs, expenses and fees associated with the <u>Shalaby</u>

21　litigation.

22　　　　　　<u>FOURTH CLAIM - THIRD PARTY BENEFICIARY</u>

23　　38.　Defendant/Third Party Plaintiff incorporates by

24　reference the allegations in Paragraphs 1 through 37 of this

25　Complaint as if fully rewritten herein.

26　　39.　Defendant/Third Party Plaintiff is an intended third

27　party beneficiary of the contract between Western and Worthington

28　for the sale of the cylinder business in September 2004, wherein

-9-

---

THIRD PARTY COMPLAINT

1  an express method was provided for determining which manufacturer

2  is responsible for a cylinder when it cannot be determined by

3  serial number or other reliable information.

4      40.  As set forth in the First Claim, both Third Party

5  Defendants, Western and Worthington, separately contracted with

6  Defendant/Third Party Plaintiff, Bernzomatic, to defend and

7  indemnify Bernzomatic against claims involving cylinders

8  manufactured by each of them.

9      41.  One purpose of the contractual provision to identify a

10  cylinder manufacturer in the absence of a serial number or other

11  reliable information is to insure that at least one of the

12  manufacturers will take responsibility for the manufacture of the

13  cylinder.

14      42.  The identification of the cylinder manufacturer may be

15  necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's

16  rights to a defense and indemnification as set forth in the First,

17  Second and Third Claims.

18                        FIFTH CLAIM - ESTOPPEL

19      43.  Defendant/Third Party Plaintiff incorporates by

20  reference the allegations in Paragraph 1 through 42 as if fully

21  rewritten herein.

22      44.  Given the allegations in the Shalaby litigation that a

23  Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries,

24  it is undisputed that either Western or Worthington manufactured

25  the MAPP gas cylinder.

26      45.  If Plaintiffs are able to maintain an action against

27  Defendant/Third Party Plaintiff Bernzomatic for injuries, Western

28  and Worthington are estopped from denying responsibility for the

-10-

THIRD PARTY COMPLAINT

1   manufacture, sale and distribution of the Bernzomatic-branded MAPP

2   gas cylinder as it would lead to an unjust result.

3        WHEREFORE, Defendant/Third Party Plaintiff demands judgment

4   in its favor and against both Western and Worthington on all

5   counts for the full amount of all defense costs and any liability

6   or settlement in the Shalaby litigation, together with attorneys'

7   fees, costs, expenses and any other relief the Court deems

8   equitable and just.

9   DATED:   June 19, 2007          KELLAR, PRICE & MOORHEAD

10                                  _____
                                    J. Phillip Moorhead
11                                  Attorneys for Defendant/Third
                                    Party Plaintiff, BERNZOMATIC, an
12                                  Unincorporated Division  of Irwin
                                    Industrial Tool Company, and
13                                  Defendant, THE HOME DEPOT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
<u>Andrew Shalaby v. Bernzomatic/Home Depot, Inc.</u>
CASE NO. C 06 7026 CW

### <u>PROOF OF SERVICE</u>

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 229 Avenue "I", Second Floor, Redondo Beach, California 90277.

On June 19, 2007, I served the foregoing document described as **THIRD PARTY COMPLAINT** on all interested parties in this action as set forth below:

Mark D. Epstein
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
(925) 939-9880    FAX (925) 939-9915
(Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

FACSIMILE - by use of facsimile machine telephone number (310)540-8480, I served a copy of the within document, to the  by facsimile numbers set forth above.  The facsimile machine I used complied with California Rules of Court, Rule 2004, and no error was reported by the machine.   Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Declaration.

MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Redondo Beach, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service that same day with postage thereon fully prepaid at Redondo Beach, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

FEDERAL - I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 19, 2007, at Redondo Beach, California.

Deidre A. Picascia

-12-

THIRD PARTY COMPLAINT

1  Lowell T. Carruth, # 034065
   Devon R. Darrow, # 230539
2  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
3  P.O. Box 28912
   5 River Park Place East
4  Fresno, CA  93720-1501
   Telephone:     (559) 433-1300
5  Facsimile:     (559) 433-2300

6  Attorneys for Defendant
   WESTERN INDUSTRIES

7

(SPACE BELOW FOR FILING STAMP ONLY)

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY and SONIA          Case No.  C 06-07026 EDL
    DUNN-RUIZ,
12                                    **NOTICE OF MOTION AND MOTION TO**
                   Plaintiff,         **STRIKE CROSS-COMPLAINANT'S**
13                                    **THIRD PARTY COMPLAINT AGAINST**
    v.                                **CROSS-DEFENDANT, WESTERN**
14                                    **INDUSTRIES, INC.**
    IRWIN INDUSTRIAL TOOL
15  COMPANY, INC., THE HOME DEPOT,    **Date: September 11, 2007**
    INC. and DOES 2 through 100, inclusive,  **Time: 9:00 a.m.**
16                                    **Dept: Courtroom E, 15th Floor**
                   Defendants.
17

18  BERNZOMATIC,

19                 Cross-Complainant,
    v.
20
    WESTERN INDUSTRIES, INC.,
21  WORTHINGTON INDUSTRIES, AND
    ROES 2 through 100, inclusive,
22
                   Cross-Defendants.
23

24          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25          PLEASE TAKE NOTICE that on September 11, 2007, or as soon thereafter as this matter

26  may be heard in Courtroom E of the above-entitled court, located at 450 Golden Gate Avenue,

27  San Francisco, CA, Cross-Defendant Western Industries, Inc. (hereafter referred to as

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1116497.v1

NOTICE OF MOTION AND MOTION TO STRIKE CROSS-COMPLAINANT'S THIRD PARTY COMPLAINT

1    "WESTERN") will bring this Motion to Strike the Third Party Complaint pursuant to the terms,

2    provisions and interpretations of Federal Rules of Civil Procedure, Rules 14 and 16.

3          Specifically, this Motion is based on the grounds that Cross-Complainant,

4    BERNZOMATIC failed to seek leave of court to file the Third Party Complaint against

5    WESTERN as required by law and by this Court's Case Management Orders.  Therefore, justice

6    requires that BERNZOMATIC's Third Party Complaint be dismissed against WESTERN, as

7    WESTERN will not have the appropriate amount of time to meet the deadline requirements set

8    forth in the court's Order and will not have sufficient time to prepare an adequate defense.  In the

9    alternative, WESTERN asks that this Court to sever the matter or require BERNZOMATIC to

10    separately try its case against WESTERN.

11          This Motion will be based on this Notice, the Memorandum of Points and Authorities

12    filed herewith, the Declaration of Lowell T. Carruth, the Request for Judicial Notice, affidavits,

13    and the pleadings, records, documents and papers filed herein, as well as any oral argument made

14    by WESTERN at the time of the hearing on this matter.

15

16    Dated: July 13, 2007                              McCORMICK, BARSTOW, SHEPPARD,
                                                         WAYTE & CARRUTH LLP
17

18

19                                           By:_____/s/Lowell T. Carruth_____
                                                         Lowell T. Carruth
20                                                       Devon R. Darrow
                                                         Attorneys for Defendant
21                                                       WESTERN INDUSTRIES

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1116497.v1                                    2

NOTICE OF MOTION AND MOTION TO STRIKE CROSS-COMPLAINANT'S THIRD PARTY COMPLAINT

1   Lowell T. Carruth, # 034065
    Devon R. Darrow, # 230539
2   McCormick, Barstow, Sheppard,
    Wayte & Carruth LLP
3   P.O. Box 28912
    5 River Park Place East
4   Fresno, CA 93720-1501
    Telephone:    (559) 433-1300
5   Facsimile:    (559) 433-2300

6   Attorneys for Defendant
    WESTERN INDUSTRIES
7

(SPACE BELOW FOR FILING STAMP ONLY)

8                UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT

10

11  ANDREW SHALABY and SONIA DUNN        Case No.  C 06-07026 EDL
    RUIZ,
12                                       **MEMORANDUM OF POINTS AND**
                Plaintiff,               **AUTHORITIES IN SUPPORT OF**
13                                       **MOTION TO STRIKE CROSS-**
    v.                                   **COMPLAINANT'S THIRD PARTY**
14                                       **COMPLAINT AGAINST CROSS-**
    IRWIN INDUSTRIAL TOOL                **DEFENDANT, WESTERN INDUSTRIES,**
15  COMPANY, INC., THE HOME DEPOT,       **INC.**
    INC. and DOES 2 through 100, inclusive,
16
                Defendants.
17                                       Date:      September 11, 2007
                                         Time:      9:00 a.m.
18  BERNZOMATIC,                         Dept.:     Courtroom E, 15th Floor

19               Cross-Complainant,
    v.
20
    WESTERN INDUSTRIES, INC.,
21  WORTHINGTON INDUSTRIES, AND
    ROES 2 through 100, inclusive,
22
                Cross-Defendants.
23

24

25          Cross-Defendant, WESTERN INDUSTRIES, INC., (hereafter, "WESTERN") submits

26  this Motion to Strike Cross-Complainant, BERNZOMATIC's (hereafter, "BERNZOMATIC")

27  Third Party Complaint filed against WESTERN on June 19, 2007.

28

McCormick, Barstow,      03664/00161-1116506.v1
Sheppard, Wayte &
Carruth LLP        _____
5 River Park Place East
Fresno, CA 93720-1501     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1

# I.

2

## INTRODUCTION

3    On April 21, 2006, Plaintiff, ANDREW SHALABY and his wife, SONYA DUNN-RUIZ,

4    and their family were camping in San Diego. In their First Amended Complaint, filed on June 11,

5    2007, Plaintiff Shalaby alleges that he suffered burns to his face and extremities due to an

6    accident involving his use of a BERNZOMATIC-branded MAPP gas cylinder that he used to

7    light a campfire. The product involved in this accident was a combination of a BERNZOMATIC

8    torch and MAPP gas cylinder. Prior to September 17, 2004, WESTERN manufactured and

9    supplied the MAPP gas cylinders to BERNZOMATIC. BERNZOMATIC manufactured the

10   torch head. On September 17, 2004, WESTERN's cylinder manufacturing business was sold to

11   Cross-Defendant, WORTHINGTON INDUSTRIES.

12   The fire department personnel who responded to the call regarding the accident, instructed

13   the on-site manager to discard the torch and cylinder. There is no dispute that the product has

14   been discarded and cannot be recovered. Thus the parties cannot identify whether WESTERN or

15   WORTHINGTON manufactured that particular product involved in the accident.

16   Plaintiffs filed their original Complaint on or about October 10, 2006 against Newell

17   Rubber Maid, Inc., and THE HOME DEPOT, INC. (A copy of said original Complaint is

18   attached as Exhibit "A" to WESTERN's Request for Judicial Notice.)

19   On June 19, 2006, before the Complaint was ever served upon Newell, Newell tendered

20   the defense to WESTERN stating that WESTERN should assume the defense and indemnity for

21   BERNZOMATIC, a division of Newell. (A true and correct copy of said June 19, 2006 letter is

22   attached as Exhibit "A" the Declaration of Lowell T. Carruth.)

23   In the Joint Case Management Statement filed with the Court on February 8, 2006, under

24   Section 6 entitled, "Additional Parties to be Joined," BERNZOMATIC stated that it did not

25   manufacture the MAPP gas cylinder and instead purchased the cylinders for private labeling from

26   "one of two manufacturers." However, by the time that BERNZOMATIC filed said Joint Case

27   Management Statement, it knew the identities of both WESTERN and WORTHINGTON as they

28   were the only manufacturers of the cylinders attached to BERNZOMATIC torches and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1    2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1    BERNZOMATIC had been corresponding with both parties prior to the filing of said Case

2    Management Statement.

3         Pursuant to the Minute Order and Case Management Order issued by this Court on

4    February 20, 2007, this Court set a deadline to add additional parties by April 20, 2007. (A copy

5    of said Case Management Order is attached as Exhibit "B" to WESTERN's Request for Judicial

6    Notice.)

7         Again, on February 23, 2007, Newell submitted another letter to both WESTERN and

8    WORTHINGTON following up on the tenders of defense and indemnification. In said letter,

9    attached as Exhibit "B" to the Declaration of Lowell T. Carruth, BERNZOMATIC stated that it

10   had learned additional information that definitively confirms the contractual obligations of

11   WESTERN and/or WORTHINGTON to defend and indemnify BERNZOMATIC in the case

12   filed by Plaintiff SHALABY. In said letter, BERNZOMATIC informed WESTERN that it must

13   add all third parties to the lawsuit by April 20, 2007 as set forth in the Case Management Order,

14   which it failed to do.

15        On April 17, 2006, the parties to the original lawsuit submitted another Case Management

16   and Pretrial Order signed by this Court on April 17, 2007. In this Order, under Section 3 entitled,

17   "Motions," the Court set the "last day to file a motion, or stipulation and proposed order to join

18   other parties or to amend the pleadings on June 18, 2007." Said Order made it clear that the

19   parties could not join another party to the lawsuit without either filing a motion or stipulating to

20   same. (A copy of said updated Case Management Order is attached as Exhibit "C" to

21   WESTERN's Request for Judicial Notice.)

22        On or about June 19, 2007, after the deadline to file a Motion had expired,

23   BERNZOMATIC, filed a Third Party Complaint against both WESTERN and

24   WORTHINGTON. (A copy of said Third Party Complaint is attached as Exhibit "E" to

25   WESTERN's Request for Judicial Notice.) However, BERNZOMATIC failed to file a Motion to

26   join WESTERN and WORTHINGTON as parties to the lawsuit although required by the Case

27   Management Order on April 17, 2007. Also, the parties did not stipulate to add WESTERN and

28   WORTHINGTON as parties to the lawsuit.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1                        3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1    By simply filing a Third Party Complaint against WESTERN, without first obtaining

2    leave of court, BERNZOMATIC has prejudiced WESTERN as BERNZOMATIC was well aware

3    of WESTERN's role as the former manufacturers of the cylinders months prior to Plaintiffs'

4    original filing of their Complaint against Newell in October of 2006.    BERNZOMATIC

5    obviously knew of WESTERN's possible involvement in this case, yet failed to disclose

6    WESTERN's name in both the original or updated Joint Case Management Statements filed in

7    February 2007 and April 17, 2007.  In fact, BERNZOMATIC specifically informed WESTERN

8    that it was required to add WESTERN as a party by April 20, 2007.  Instead BERNZOMATIC

9    waited until the day after the Court's deadline to file a Third Party Complaint against WESTERN

10    without seeking leave from this Court as required    Therefore, justice requires that

11    BERNZOMATIC's Third Party Complaint be stricken as WESTERN will not have the

12    appropriate amount of time to meet the deadline requirements set forth in the Court's Order and

13    will not have sufficient time to prepare an adequate defense.  In the alternative, WESTERN asks

14    that this Court sever the matter and require BERNZOMATIC to separately try its case against

15    WESTERN.

16                                    **II.**

17                        **LEGAL AUTHORITY AND ANALYSIS**

18    A.    **Applicable Law Regarding Motions To Strike And Third Party Complaints.**

19    Federal Rule of Civil Procedure 14 sets forth the parameters governing third party

20    complaints.  The rule provides that any party may move to strike the third party claim, or for its

21    severance or separate trial.  (FRCP 14)

22    Pursuant to FRCP Rule 14, a third party plaintiff need not obtain leave to make the service

23    of a third party complaint, only if the third party plaintiff files said third party complaint not later

24    than ten days after serving the original answer (FRCP 14)  Here, BERNZOMATIC served its

25    original Answer to the Complaint months before June 19, 2007, the day it filed its Third Party

26    Complaint against WESTERN.  If a third party plaintiff does not file a third party complaint

27    within ten days of serving its original answer, it _must_ obtain leave on motion upon notice to all

28    parties to the action. (*Whether Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1                                    4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1  F. Supp. 1364, 1387 (D. Cal. 1980) [Emphasis Added].)  Here, BERNZOMATIC never filed a

2  Motion For Leave and the parties never stipulated to join WESTERN as a party to the lawsuit as

3  required under Rule 14 and as demanded under the Court's Case Management Order dated April

4  17, 2007.  Therefore, BERNZOMATIC's Third Party Complaint against WESTERN should be

5  stricken.

6       Pursuant to FRCP Rule 16(b)(1), the district judge <u>shall</u> enter a scheduling order that

7  limits the time to join other parties and amend the pleadings.  Here, the Court in its Case

8  Management Order, dated February 20, 2007, originally set the deadline to add additional parties

9  or claims by April 20, 2007.  However, in its updated Case Management Order filed on April 17,

10  2007, the Court ordered that any motion for leave to add an additional party to the lawsuit shall be

11  filed no later than June 18, 2007.  BERNZOMATIC, although very well aware of WESTERN's

12  alleged role in this lawsuit as far back as early 2006, waited until June 18, 2007 to file a third

13  party complaint against WESTERN without first seeking leave from this Court.  Therefore,

14  pursuant to FRCP 16 and FRCP 14, WESTERN is entitled to have the Third Party Complaint

15  against it stricken or, in the alternative, for the Third Party Complaint's severance or separate

16  trial.

17  **III.**

18  **CONCLUSION**

19       WESTERN respectfully requests that the foregoing requested relief be granted and

20  BERNZOMATIC's Third-Party Complaint against WESTERN be stricken accordingly, or in the

21  alternative severed or separately tried.

22  Dated: July 13, 2007                          McCORMICK, BARSTOW, SHEPPARD,
                                                             WAYTE & CARRUTH LLP

23

24

25                                          By:_____/s/ Lowell T. Carruth_____
                                                             Lowell T. Carruth
26                                                           Devon R. Darrow
                                                             Attorneys for Defendant
27                                                           WESTERN INDUSTRIES

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1                    5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1  Lowell T. Carruth, # 034065                    (SPACE BELOW FOR FILING STAMP ONLY)
   Devon R. Darrow, # 230539
2  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
3  P.O. Box 28912
   5 River Park Place East
4  Fresno, CA  93720-1501
   Telephone:     (559) 433-1300
5  Facsimile:     (559) 433-2300

6  Attorneys for Defendant
   WESTERN INDUSTRIES

7

8                    UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT

10

11 ANDREW SHALABY and SONIA DUNN          Case No.  C 06-07026 EDL
   RUIZ,
12                                        **MEMORANDUM OF POINTS AND**
                 Plaintiff,               **AUTHORITIES IN SUPPORT OF**
13                                        **MOTION TO STRIKE CROSS-**
   v.                                     **COMPLAINANT'S THIRD PARTY**
14                                        **COMPLAINT AGAINST CROSS-**
   IRWIN INDUSTRIAL TOOL                  **DEFENDANT, WESTERN INDUSTRIES,**
15 COMPANY, INC., THE HOME DEPOT,         **INC.**
   INC. and DOES 2 through 100, inclusive,
16
                 Defendants.
17
                                          Date:       **September 11, 2007**
   _____      Time:       **9:00 a.m.**
18                                        Dept.:      **Courtroom E, 15th Floor**
   BERNZOMATIC,
19
                 Cross-Complainant,
20 v.

21 WESTERN INDUSTRIES, INC.,
   WORTHINGTON INDUSTRIES, AND
22 ROES 2 through 100, inclusive,

23               Cross-Defendants.
   _____
24

25      Cross-Defendant, WESTERN INDUSTRIES, INC., (hereafter, "WESTERN") submits

26 this Motion to Strike Cross-Complainant, BERNZOMATIC's (hereafter, "BERNZOMATIC")

27 Third Party Complaint filed against WESTERN on June 19, 2007.

28

McCormick, Barstow,     03664/00161-1116506.v1
Sheppard, Wayte &
Carruth LLP        ───────────────────────────────────────────────────────────
5 River Park Place East   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
Fresno, CA 93720-1501

## I.

## **INTRODUCTION**

On April 21, 2006, Plaintiff, ANDREW SHALABY and his wife, SONYA DUNN-RUIZ, and their family were camping in San Diego. In their First Amended Complaint, filed on June 11, 2007, Plaintiff Shalaby alleges that he suffered burns to his face and extremities due to an accident involving his use of a BERNZOMATIC-branded MAPP gas cylinder that he used to light a campfire. The product involved in this accident was a combination of a BERNZOMATIC torch and MAPP gas cylinder. Prior to September 17, 2004, WESTERN manufactured and supplied the MAPP gas cylinders to BERNZOMATIC. BERNZOMATIC manufactured the torch head. On September 17, 2004, WESTERN's cylinder manufacturing business was sold to Cross-Defendant, WORTHINGTON INDUSTRIES.

The fire department personnel who responded to the call regarding the accident, instructed the on-site manager to discard the torch and cylinder. There is no dispute that the product has been discarded and cannot be recovered. Thus the parties cannot identify whether WESTERN or WORTHINGTON manufactured that particular product involved in the accident.

Plaintiffs filed their original Complaint on or about October 10, 2006 against Newell Rubber Maid, Inc., and THE HOME DEPOT, INC. (A copy of said original Complaint is attached as Exhibit "A" to WESTERN's Request for Judicial Notice.)

On June 19, 2006, before the Complaint was ever served upon Newell, Newell tendered the defense to WESTERN stating that WESTERN should assume the defense and indemnity for BERNZOMATIC, a division of Newell. (A true and correct copy of said June 19, 2006 letter is attached as Exhibit "A" the Declaration of Lowell T. Carruth.)

In the Joint Case Management Statement filed with the Court on February 8, 2006, under Section 6 entitled, "Additional Parties to be Joined," BERNZOMATIC stated that it did not manufacture the MAPP gas cylinder and instead purchased the cylinders for private labeling from "one of two manufacturers." However, by the time that BERNZOMATIC filed said Joint Case Management Statement, it knew the identities of both WESTERN and WORTHINGTON as they were the only manufacturers of the cylinders attached to BERNZOMATIC torches and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1                                                2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1    BERNZOMATIC had been corresponding with both parties prior to the filing of said Case

2    Management Statement.

3         Pursuant to the Minute Order and Case Management Order issued by this Court on

4    February 20, 2007, this Court set a deadline to add additional parties by April 20, 2007. (A copy

5    of said Case Management Order is attached as Exhibit "B" to WESTERN's Request for Judicial

6    Notice.)

7         Again, on February 23, 2007, Newell submitted another letter to both WESTERN and

8    WORTHINGTON following up on the tenders of defense and indemnification. In said letter,

9    attached as Exhibit "B" to the Declaration of Lowell T. Carruth, BERNZOMATIC stated that it

10   had learned additional information that definitively confirms the contractual obligations of

11   WESTERN and/or WORTHINGTON to defend and indemnify BERNZOMATIC in the case

12   filed by Plaintiff SHALABY. In said letter, BERNZOMATIC informed WESTERN that it must

13   add all third parties to the lawsuit by April 20, 2007 as set forth in the Case Management Order,

14   which it failed to do.

15        On April 17, 2006, the parties to the original lawsuit submitted another Case Management

16   and Pretrial Order signed by this Court on April 17, 2007. In this Order, under Section 3 entitled,

17   "Motions," the Court set the "last day to file a motion, or stipulation and proposed order to join

18   other parties or to amend the pleadings on June 18, 2007." Said Order made it clear that the

19   parties could not join another party to the lawsuit without either filing a motion or stipulating to

20   same. (A copy of said updated Case Management Order is attached as Exhibit "C" to

21   WESTERN's Request for Judicial Notice.)

22        On or about June 19, 2007, after the deadline to file a Motion had expired,

23   BERNZOMATIC, filed a Third Party Complaint against both WESTERN and

24   WORTHINGTON. (A copy of said Third Party Complaint is attached as Exhibit "E" to

25   WESTERN's Request for Judicial Notice.) However, BERNZOMATIC failed to file a Motion to

26   join WESTERN and WORTHINGTON as parties to the lawsuit although required by the Case

27   Management Order on April 17, 2007. Also, the parties did not stipulate to add WESTERN and

28   WORTHINGTON as parties to the lawsuit.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1                              3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1    By simply filing a Third Party Complaint against WESTERN, without first obtaining

2    leave of court, BERNZOMATIC has prejudiced WESTERN as BERNZOMATIC was well aware

3    of WESTERN's role as the former manufacturers of the cylinders months prior to Plaintiffs'

4    original filing of their Complaint against Newell in October of 2006.    BERNZOMATIC

5    obviously knew of WESTERN's possible involvement in this case, yet failed to disclose

6    WESTERN's name in both the original or updated Joint Case Management Statements filed in

7    February 2007 and April 17, 2007.  In fact, BERNZOMATIC specifically informed WESTERN

8    that it was required to add WESTERN as a party by April 20, 2007.  Instead BERNZOMATIC

9    waited until the day after the Court's deadline to file a Third Party Complaint against WESTERN

10    without seeking leave from this Court as required    Therefore, justice requires that

11    BERNZOMATIC's Third Party Complaint be stricken as WESTERN will not have the

12    appropriate amount of time to meet the deadline requirements set forth in the Court's Order and

13    will not have sufficient time to prepare an adequate defense.  In the alternative, WESTERN asks

14    that this Court sever the matter and require BERNZOMATIC to separately try its case against

15    WESTERN.

16    **II.**

17    **LEGAL AUTHORITY AND ANALYSIS**

18    **A.**    **Applicable Law Regarding Motions To Strike And Third Party Complaints.**

19    Federal Rule of Civil Procedure 14 sets forth the parameters governing third party

20    complaints.  The rule provides that any party may move to strike the third party claim, or for its

21    severance or separate trial.  (FRCP 14)

22    Pursuant to FRCP Rule 14, a third party plaintiff need not obtain leave to make the service

23    of a third party complaint, only if the third party plaintiff files said third party complaint not later

24    than ten days after serving the original answer (FRCP 14)  Here, BERNZOMATIC served its

25    original Answer to the Complaint months before June 19, 2007, the day it filed its Third Party

26    Complaint against WESTERN.  If a third party plaintiff does not file a third party complaint

27    within ten days of serving its original answer, it <u>must</u> obtain leave on motion upon notice to all

28    parties to the action. (*Whether Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1    4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1   F. Supp. 1364, 1387 (D. Cal. 1980) [Emphasis Added].)  Here, BERNZOMATIC never filed a

2   Motion For Leave and the parties never stipulated to join WESTERN as a party to the lawsuit as

3   required under Rule 14 and as demanded under the Court's Case Management Order dated April

4   17, 2007.  Therefore, BERNZOMATIC's Third Party Complaint against WESTERN should be

5   stricken.

6           Pursuant to FRCP Rule 16(b)(1), the district judge shall enter a scheduling order that

7   limits the time to join other parties and amend the pleadings.  Here, the Court in its Case

8   Management Order, dated February 20, 2007, originally set the deadline to add additional parties

9   or claims by April 20, 2007.  However, in its updated Case Management Order filed on April 17,

10  2007, the Court ordered that any motion for leave to add an additional party to the lawsuit shall be

11  filed no later than June 18, 2007.  BERNZOMATIC, although very well aware of WESTERN's

12  alleged role in this lawsuit as far back as early 2006, waited until June 18, 2007 to file a third

13  party complaint against WESTERN without first seeking leave from this Court.  Therefore,

14  pursuant to FRCP 16 and FRCP 14, WESTERN is entitled to have the Third Party Complaint

15  against it stricken or, in the alternative, for the Third Party Complaint's severance or separate

16  trial.

17                                            **III.**

18                                      **CONCLUSION**

19          WESTERN respectfully requests that the foregoing requested relief be granted and

20  BERNZOMATIC's Third-Party Complaint against WESTERN be stricken accordingly, or in the

21  alternative severed or separately tried.

22  Dated: July 13, 2007                          McCORMICK, BARSTOW, SHEPPARD,
                                                    WAYTE & CARRUTH LLP
23

24

25                                  By:_____/s/ Lowell T. Carruth_____
                                               Lowell T. Carruth
26                                             Devon R. Darrow
                                           Attorneys for Defendant
27                                          WESTERN INDUSTRIES

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

03664/00161-1116506.v1                          5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1  Lowell T. Carruth, # 034065
   Devon R. Darrow, # 230539
2  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
3  P.O. Box 28912
   5 River Park Place East
4  Fresno, CA 93720-1501
   Telephone:    (559) 433-1300
5  Facsimile:    (559) 433-2300

6  Attorneys for Defendant
   WESTERN INDUSTRIES, INC.
7

(SPACE BELOW FOR FILING STAMP ONLY)

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY and SONIA          Case No.  C 06-07026 EDL
    DUNN-RUIZ,
12                                     **DECLARATION OF LOWELL T.
                    Plaintiff,         CARRUTH IN SUPPORT MOTION TO
13                                     STRIKE CROSS-COMPLAINANT'S
    v.                                 THIRD PARTY COMPLAINT AGAINST
14                                     CROSS-DEFENDANT, WESTERN
    IRWIN INDUSTRIAL TOOL              INDUSTRIES, INC.**
15  COMPANY, INC., THE HOME DEPOT,
    INC. and DOES 2 through 100, inclusive,  **Date:  September 11, 2007**
16                                     **Time:  9:00 a.m.**
                    Defendants.        **Dept: Courtroom E, 15th Floor**
17

18  BERNZOMATIC,

19                  Cross-Complainant,
    v.
20
    WESTERN INDUSTRIES, INC.,
21  WORTHINGTON INDUSTRIES, AND
    ROES 2 through 100, inclusive,
22
                    Cross-Defendants.
23

24

25         I, Lowell T. Carruth, declare and state as follows:

26         1.    I am a partner in the law firm of McCormick, Barstow, Sheppard, Wayte

27  and Carruth LLP, attorneys of record for Cross-Defendant Western Industries, Inc. (hereafter

28  referred to as "Western".)  I have personal knowledge of the matters stated herein and if called as

   DECLARATION OF LOWELL T. CARRUTH IN SUPPORT MOTION TO STRIKE

1    a witness could and would testify competently to them.  As to those matters stated upon

2    information and belief, I am informed and believe they are true.

3    　　　　2.    Attached as Exhibit "A" is a true and correct copy of the June 19, 2006

4    letter sent to Western from Defendant Newell Rubbermaid (hereafter referred to as "Newell")

5    tendering its defense to Western.

6    　　　　3.    Attached as Exhibit "B" is a true and correct copy of the February 23, 2007

7    letter from Newell to Western and Cross-Defendant Worthington Industries, Inc. following up on

8    the tender of defense and informing Western that the deadline to add additional parties to the

9    lawsuit is April 20, 2007.

10    　　　　I declare under penalty of perjury under the laws of the State of California and the

11    United States of America that the foregoing is true and correct and that this declaration is

12    executed on this 13th day of July, 2007, at Fresno, California.

13

14    　　　　　　　　　　　　　　　　／s/Lowell T. Carruth
　　　　　　　　　　　　　　　　　　Lowell T. Carruth

15

16    03664/00161-1116510.v1

17

18

19

20

21

22

23

24

25

26

27

28

2

**DECLARATION OF LOWELL T. CARRUTH IN SUPPORT MOTION TO STRIKE**

**EXHIBIT A**

# Newell Rubbermaid

June 19, 2006

Western Industries, Inc.
Attention: Dallas G. Schwalenberg, Vice President

Foley & Lardner
Attention: Mark F. Foley

Fax Number: 920-849-4947

Fax Number: 414/297-4900

RE:    Claimant: Andrew Shalaby
       Date of Loss: 4/21/06

Gentlemen:

According to the terms of the Products Liability Defense Cooperation Agreement dated June 14, 2001, this is to place you on notice and request indemnification and defense of a products liability claim involving a Chilton Mapp gas cylinder. It is our position that Western Industries should assume the defense and indemnity for Bernzomatic division of Newell Operating Company. A complete copy of this file will be sent to you via mail.

Newell Operating Company intends to pursue reimbursement of costs and fees from today's date until Chilton agrees to defend and indemnify Newell Operating Company.

Please confirm your receipt of this letter and your acceptance of our tender and indemnification by signing and returning a copy to my attention at fax number 815-233-8075 on or before July 3, 2004. Thank you for your expected cooperation.

Sincerely,

*Maxine Schroll*

Maxine G. Schroll
Senior Risk Administrator

Agreed: _____

Date: _____

*Newell Rubbermaid* • 29 East Stephenson Street • Freeport, Illinois 61032 • 815-235-4171 • www.newellco.com

**EXHIBIT B**

# *Newell Rubbermaid*
## Brands That Matter

February 23, 2007

Via e-mail
Mr. Dallas G. Schwallenberg
Vice President
Western Industries, Inc.
1215 North 62nd Street
Milwaukee, WI 53213

Via e-mail
Mark F. Foley, Esq.
Foley & Lardner, LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202

Via email
Timothy Doney, Esq.
Worthington Industries, Inc.
200 Old Wilson Bridge Road
Columbus, Ohio 43085

> Re:   *Shalaby v. Newell Rubbermaid, et al.*
>       United States District Court, Northern District of California
>       Case No. C 06 7026 CW

Gentlemen:

Following up on the enclosed tenders of defense and indemnification to you regarding the above-referenced case,[1] Bernzomatic has recently learned additional information that definitively confirms the contractual obligations of Western[2] and/or Worthington[3] to defend and indemnify Bernzomatic in this case. Through the file materials sent to you, you are aware that this is a substantial case wherein the plaintiff is claiming approximately $5 million in damages.

While the actual product involved in this accident has been discarded, it has become clear that the focus of the plaintiff's claim is on the cylinder. Western was the

---

[1] This referenced correspondence includes: a letter to Dallas G. Schwallenberg of Western Industries and Mark Foley of Foley & Lardner dated June 19, 2006; and a letter to Timothy Doney of Worthington Industries dated January 24, 2007.
[2] See Supply Agreement between Newell Operating Company and Western Industries Inc. dated September 2001 and Products Liability Defense Cooperation Agreement dated June 14, 2001.
[3] See Supply Agreement between Irwin Industrial Tool Company (d/b/a Bernzomatic) and Worthington Cylinders Wisconsin LLC dated January 1, 2006 and the predecessor contract referenced therein.

29 East Stephenson St.  I Freeport IL  61032 I Phone + (815)233-8054 I www.newellrubbermaid.com



**Brands That Matter**

exclusive supplier of MAPP gas cylinders to Bernzomatic prior to September 2004 and Worthington was the exclusive supplier after that date. The accident occurred on April 21, 2006. Ultimately, plaintiff's claim may fail if he cannot produce the cylinder or prove a defect. Yet, until the claim is dismissed by the court, Bernzomatic is contractually entitled to a defense from the cylinder manufacturers.

Please review the following new information:

1.    <u>Product Identification</u>. While the product involved in the accident has been discarded, plaintiff has produced photographs of the family campout during which the accident occurred. In two photographs, the product involved in the accident is clearly shown as a Bernzomatic-brand MAPP gas cylinder and what looks like a Bernzomatic torch. See enclosed photographs.

2.    <u>Product Purchase Information</u>. Plaintiff alleges he purchased a Bernzomatic brand MAPP gas kit consisting of a MAPP gas cylinder and torch "in mid-2005." Sometime after he purchased the original Bernzomatic kit, Mr. Shalaby purchased two replacement Bernzomatic MAPP gas cylinders to use when the original cylinder was depleted of fuel. Joint Case Management Statement and Proposed Order, section 1.a. (attached). The replacement cylinders have the following serial numbers: DG11881 or DG11981 and 88769DG.

3.    <u>Plaintiff's Allegation of Defect</u>. Plaintiff claims his accident resulted from a phenomenon known as a "BLEVE" (boiling liquid expanding vapor explosion). "A BLEVE occurs when a tank containing pressurized liquid fails suddenly and produces an explosive effect." Joint Case Management Statement and Proposed Order, section 1.c. (attached). Accordingly, Plaintiff has clearly alleged a problem with the cylinder as the cause of his injury.

4.    <u>Upcoming Deadlines</u>. Attached is a Minute Order and Case Management Order issued by the court on February 20, 2007. In that Order, a private mediation of this dispute must occur prior to April 19, 2007, which is less than two months away. Please also note that the deadline to add additional parties is April 20, 2007. Continued refusal of Western and Worthington to meet their obligation to defend and indemnify Bernzomatic in this matter will result in prejudice.

Your prompt attention to this matter would be greatly appreciated.

Sincerely,

Maxine G. Schroll
Senior Risk Administrator


Brands That Matter

Enclosures
cc:     John K. Stipancich, Esq.
        Beth Schneider Naylor, Esq.
        Ms. Becky Alberter

1   Lowell T. Carruth, # 034065
    Devon R. Darrow, # 230539                    (SPACE BELOW FOR FILING STAMP ONLY)
2   McCormick, Barstow, Sheppard,
    Wayte & Carruth LLP
3   P.O. Box 28912
    5 River Park Place East
4   Fresno, CA 93720-1501
    Telephone:    (559) 433-1300
5   Facsimile:    (559) 433-2300

6   Attorneys for Defendant
    WESTERN INDUSTRIES
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY and SONIA              Case No.  C 06-07026 EDL
    DUNN-RUIZ,
12                                         **REQUEST FOR JUDICIAL NOTICE IN
                    Plaintiff,             SUPPORT OF MOTION TO STRIKE
13                                         CROSS-COMPLAINANT'S THIRD
    v.                                     PARTY COMPLAINT AGAINST CROSS-
14                                         DEFENDANT, WESTERN INDUSTRIES,
    IRWIN INDUSTRIAL TOOL                  INC.**
15  COMPANY, INC., THE HOME DEPOT,
    INC. and DOES 2 through 100, inclusive,
16                                         **Date: September 11, 2007
                    Defendants.            Time: 9:00 a.m.
17                                         Dept.: Courtroom E, 15th Floor**

18  BERNZOMATIC,

19                    Cross-Complainant,
    v.
20
    WESTERN INDUSTRIES, INC.,
21  WORTHINGTON INDUSTRIES, AND
    ROES 2 through 100, inclusive,
22
                    Cross-Defendants.
23

24          Cross-Defendant Western Industries, Inc. (hereafter referred to as "Western") respectfully

25  requests this Court to take judicial notice pursuant to Federal Rules of Evidence Rule 201 of the

26  following documents.

27          First, it is requested that this Court take judicial notice of the original Complaint filed by

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1116502.v1

                        REQUEST FOR JUDICIAL NOTICE

1    Plaintiffs on or about October 10, 2006 in this matter, a true and correct copy of which is attached

2    hereto as Exhibit "A."

3        Second, it is requested that this Court take judicial notice of the February 20, 2007 Minute

4    Order and Case Management Order issued by this Court; a true and correct copy of which is

5    attached hereto as Exhibit "B."

6        Third, it is requested that this Court take judicial notice of the April 17, 2007 Case

7    Management and Pretrial Order for Jury Trial; a true and correct copy of which is attached hereto

8    as Exhibit "C."

9        Fourth, it is requested that this Court take judicial notice of Plaintiffs' First Amended

10    Complaint filed on or about June 11, 2007; a true and correct copy of which is attached hereto as

11    Exhibit "D."

12        Fifth, it is requested that this Court take judicial notice of the Third Party Complaint filed

13    against Western by Cross-Complainant, BernzOmatic on or about June 19, 2007, a true and

14    correct copy of which is attached hereto as Exhibit "E"

15        Federal Rules of Evidence Rule 201(b) allows for judicial notice to be taken of a fact that

16    is "not subject to reason or dispute in that it is (1) generally known within the territorial

17    jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

18    sources whose accuracy cannot reasonably be questioned." This permits a court to take judicial

19    notice of documents contained within its own files. (*Kelley v. Johnston* (9th Cir. 1940) 111 F.2d

20    613, 614-615.)

21        Western respectfully request for this Court to take judicial notice of the above-referenced

22    exhibits in consideration of Western's Motion to Dismiss BernzOmatic's Third Party Complaint

23    against Western.

24    ///

25    ///

26    ///

27    ///

28    ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Place East
Fresno, CA 93720-1501

1116502.v1                2



Dated: July 13, 2007

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By:_____/s/ Lowell T. Carruth_____
Lowell T. Carruth
Devon R. Darrow
Attorneys for Defendant
WESTERN INDUSTRIES

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1116502.v1

3

REQUEST FOR JUDICIAL NOTICE

**EXHIBIT A**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Mark D. Epstein (SBN 168221)
Michael J. Veiluva (SBN 100419)
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
  TELEPHONE NO.: (925) 939-9880    FAX NO.: (925) 939-9915
ATTORNEY FOR (Name): Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland 94612
  BRANCH NAME: Northern Division

CASE NAME: Andrew Shalaby et al. v. Newell Rubbermaid, Inc. et al.

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

OCT 10 2006

By   LAURA LUONG

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG06292670 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE:<br><br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
  a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): 2

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 9, 2006

Mark D. Epstein (SBN 168221)
  (TYPE OR PRINT NAME)           ▶ *(signature)*        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Newell Rubbermaid, Inc., a Delaware corporation, The
Home Depot, Inc., a Delaware corporation, and Does 1-
100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 0 2006

By

LAURA LUONG

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Andrew Shalaby, an individual, and Sonia Dunn-Ruiz,
an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*  **R G 0 6 2 9 2 6 7 0**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark D. Epstein                                    (925) 939-9880   (925) 939-9915
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA  94596

DATE:  OCT 1 0 2006      PAT S SWEETEN     Clerk, by ___LAURA LUONG___, Deputy
*(Fecha)*              *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Newell Rubbermaid, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* CCP Sec. 415.40 - service by certified mail on
4. ☐ by personal delivery on *(date):* a secretary or other person authorized to
                                        accept service of process

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Solutions
LexisNexis

982.1(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
MICHAEL J. VEILUVA (SBN 100419)
MARK. D. EPSTEIN (SBN 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Ave., Suite 410
Walnut Creek CA 94596
 TELEPHONE NO: (925)939-9880    FAX NO. *(Optional):* (925) 939-9915
E-MAIL ADDRESS *(Optional):* mepstein@avelaw.com
 ATTORNEY FOR *(Name):* Plaintiffs ANDREW SHALABY and SONIA DUNN-RUIZ

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland 94612
  BRANCH NAME: Northern Division

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 0 2006

By

LAURA LUONG

PLAINTIFF: ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual

DEFENDANT: NEWELL RUBBERMAID, INC., a Delaware corporation, THE HOME DEPOT, INC., a Delaware corporation,

[x] DOES 1 TO 100

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
  [ ] AMENDED *(Number):*

Type *(check all that apply):*
[ ] MOTOR VEHICLE          [x] OTHER *(specify):* Products Liability
  [ ] Property Damage        [ ] Wrongful Death
  [x] Personal Injury        [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded   [ ] does not exceed $10,000
                    [ ] exceeds $10,000, but does not exceed $25,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:

RG06292670

1. Plaintiff *(name or names):* ANDREW SHALABY and SONIA DUNN-RUIZ

   alleges causes of action against defendant *(name or names):* NEWELL RUBBERMAID and THE HOME DEPOT INC.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. January 1, 2006]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Legal
Solutions
& Plus

Code of Civil Procedure, § 425.12

**982.1(1)**

| SHORT TITLE: SHALABY v. NEWELL RUBBERMAID | CASE NUMBER: |
|---|---|

4. ☐ **Plaintiff** *(name):*
      is doing business under the fictitious name *(specify):*

      and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ except defendant *(name):* NEWELL    c. ☐ except defendant *(name):*
     RUBBERMAID

    (1) ☐ a business organization, form unknown    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*    (5) ☐ other *(specify):*

  b. ☒ except defendant *(name):* THE HOME DEPOT,  d. ☐ except defendant *(name):*
  INC.

    (1) ☐ a business organization, form unknown    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants *(specify Doe numbers):* 1-50       were the agents or employees of other
    named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants *(specify Doe numbers):* 51-100      are persons whose capacities are unknown to
    plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☒ other *(specify):* Defendants are foreign corporations doing business in the
    county, and which have not designated a prinicpal place of business with the
    California Secretary of State (CCP 395).

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify):*

| SHORT TITLE: SHALABY v. NEWELL RUBBERMAID | **982.1(1)** |
|---|---|
| | CASE NUMBER: |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

  a. [ ]   Motor Vehicle
  b. [ ]   General Negligence
  c. [ ]   Intentional Tort
  d. [X]   Products Liability
  e. [ ]   Premises Liability
  f. [X]   Other *(specify):* Negligent Infliction of Emotional Distress

11. Plaintiff has suffered
  a. [X]   wage loss
  b. [ ]   loss of use of property
  c. [X]   hospital and medical expenses
  d. [X]   general damage
  e. [ ]   property damage
  f. [X]   loss of earning capacity
  g. [X]   other damage *(specify):* To be established according to proof.

12. [ ]   The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
  a. [ ]   listed in Attachment 12.
  b. [ ]   as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. (1) [X]   compensatory damages
    (2) [ ]   punitive damages
  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
  (1) [X]   according to proof
  (2) [X]   in the amount of: $ not less than $5 million

15. [X]   The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
  5.

Date: October 10, 2006

Mark D. Epstein
   (TYPE OR PRINT NAME)

▶ *[signature]*
   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

SHORT TITLE: SHALABY v. NEWELL RUBBERMAID

CASE NUMBER:

FIRST ————————————— CAUSE OF ACTION - Products Liability    Page Four
(number)

ATTACHMENT TO [X] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: ANDREW W. SHALABY and SONIA DUNN-RUIZ

Prod.L-1.  On or about *(date)*: April 21, 2006    plaintiff was injured by the following product:
A BernzOmatic brand MAPP Gas torch manufactured and distributed for
sale by defendant Newell Rubbermaid, and purchased from defendant
Home Depot.  Plaintiff SHALABY was a purchaser and user of the
product; plaintiff DUNN-RUIZ, his wife, was a bystander who
witnessed the incident.

Prod.L-2.  Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant.  The product at the time of injury
was being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent.  Adequate warnings of the danger were not given.

Prod.L-3.  Plaintiff was a
[X] purchaser of the product.                          [X] user of the product.
[X] bystander to the use of the product.              ☐ other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod.L-4.  [X] Count One-Strict liability of the following defendants who
a.  [X] manufactured or assembled the product *(names)*:  defendant NEWELL RUBBERMAID

[X] Does 51      to 60
b.  ☐ designed and manufactured component parts supplied to the manufacturer *(names)*:

☐ Does_____ to_____
c.  [X] sold the product to the public *(names)*: defendant THE HOME DEPOT, INC.

[X] Does 61      to 70
Prod.L-5.  [X] Count Two-Negligence of the following defendants who owed a duty to plaintiff *(names)*:
defendant NEWELL RUBBERMAID

[X] Does 1      to 100
Prod.L-6.  [X] Count Three-Breach of warranty by the following defendants *(names)*:  defendants NEWELL
RUBBERMAID and THE HOME DEPOT INC.
[X] Does 51      to 100
a.  [X] who breached an implied warranty
b.  [X] who breached an express warranty which was
[X] written    ☐ oral
Prod.L-7.  [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod.L-7  [X] as follows: defendant NEWELL RUBBERMAID and
defendant THE HOME DEPOT INC. failed to adequately warn or instruct
plaintiffs about the product's dangerous characteristics and risks of
injury.

CAUSE OF ACTION - Products Liability    Legal
Solutions
& Plus    CCP 425.12

| SHORT TITLE:<br>SHALABY v. NEWELL-RUBBERMAID | CASE NUMBER: |
|---|---|

SECOND _____    **CAUSE OF ACTION - General Negligence**    Page _Five_
_____(number)_____

ATTACHMENT TO  ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  ANDREW SHALABY and SONIA DUNN-RUIZ

    alleges that defendant *(name)*:  defendant NEWELL RUBBERMAID and HOME DEPOT, INC.

        ☒ Does _51_____ to _60_____

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  April 21, 2006
at *(place)*:  San Diego County

    *(description of reasons for liability)*:
Negligent Infliction of Emotional Distress

a.  Defendants Newell Rubbermaid and Home Depot were negligent in designing,
manufacturing, distributing and selling the defective BernzOmatic MAPP Gas torch
that caused Mr. Shalaby's injuries.

b.  Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident
involving the explosion of the torch in Mr. Shalaby's hands, when it occurred,
and was aware at the time that her husband was being injured.

c.  Both Shalaby and Dunn-Ruiz suffered serious emotional distress as a result
of observing and experiencing the incident, including mental suffering, grief,
anguish, anxiety, depression, worry, and shock.

d.  The negligence of Newell Rubbermaid and Home Depot in designing,
manufacturing, distributing and selling the defective torch was a substantial
factor in causing Plaintiffs' serious emotional distress.

**EXHIBIT B**

Case 3:07-cv-02107-W-BLM   Document 1-4   Filed 10/30/2007   Page 45 of 69
Case 3:06-cv-07026-MJJ   Document 42-3   Filed 07/16/2007   Page 2 of 12

Case 4:06-cv-07026-CW   Document 16   Filed 02/20/2007   Page 1 of 11

United States District Court<br>For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY,

   v.

NEWELL RUBBERMAID INC,
_____/

No. C 06-07026 CW

MINUTE ORDER AND
CASE MANAGEMENT
ORDER

Clerk: Sheilah Cahill       Reporter: Raynee Mercado
Plaintiff Attorney: Mark Epstein; Michael Veiluva
Defendant Attorney: J. Phillip Moorhead

    A case management conference was held on: 2/16/07.  The Case
Management Statement and Proposed Order filed by the parties is hereby
adopted by the Court as the Case Management Order for the case, except
as may be noted below.  The Court's standard Order for Pretrial
Preparation also applies.

The case is hereby referred to the following ADR process:
Non-binding Arbitration: ( )     Early Neutral Evaluation: ( )
Court-connected mediation: ( )     Private mediation: ( X )
Magistrate Judge settlement conference: ( )
ADR session to be held by:                        (04/19/07)
(or as soon thereafter as is convenient to the mediator's schedule)

Deadline to add additional parties or claims:        (04/20/07)
Date of next case management conference:         (11/02/07)

Completion of Fact Discovery:                 (10/01/07)
Disclosure of identities and reports of expert witnesses: (08/17/07)
Completion of Expert Discovery:               (10/01/07)

All case-dispositive motions to be heard at 10:00 AM
    on or before:                           (11/02/07)
Final Pretrial Conference at 1:30 P.M. on:       (03/28/08)
A 5 day Jury Trial will begin at 8:30 A.M. on:   (04/07/08)

Additional Matters:  Copy of Court's Order for Pretrial Preparation
given to attys in court.  Magistrate Judge consent/declination form
given to counsel to discuss with their clients and file by 2/23/07.
If bringing in correct parties, defendant will stipulate to allow
plaintiff to amend complaint. A further Case Management Conference
will be held on 11/02/07 at 10:00 a.m. whether or not dispositive
motions are filed (or on whatever date dispositive motions are set).

    IT IS SO ORDERED.

Dated: 2/20/07

_____
CLAUDIA WILKEN
United States District Judge

Copies to:  Chambers; ADR

Case 4:06-cv-07026-CW     Document 14     Filed 02/08/2007     Page 1 of 8

1  MICHAEL J. VEILUVA (State Bar No. 100419)
   MARK D. EPSTEIN (State Bar No. 168221)
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925) 939-9880
4  Facsimile: (925) 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz
6

7  J. PHILLIP MOORHEAD (State Bar No. 99445)
   LESLIE M. PRICE, JR. (State Bar No. 102872)
8  KELLER, PRICE & MOORHEAD
   229 Avenue I, Second Floor
9  Redondo Beach, CA 90277
   Telephone: (310) 540-1332
10 Facsimile: (310) 540-8480

11 Attorneys for Defendants Newell Rubbermaid, Inc.,
   Rubbermaid, Incorporated, and The Home Depot, Inc.

12

13            UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15  ANDREW SHALABY and SONIA DUNN-  |  Case No. C 06-07026 CW
   RUIZ,  |  **JOINT CASE MANAGEMENT**
16            |  **STATEMENT AND PROPOSED ORDER**
          Plaintiffs,  |
17            |  Date:  February 16, 2007
       vs.  |  Time:  1:30 p.m.
18            |  Dept.:  Courtroom 2
   NEWELL RUBBERMAID, INC.,  |
19  RUBBERMAID, INCORPORATED, and  |
   THE HOME DEPOT, INC.,  |
20            |
       Defendants.  |
21

22      The parties to the above-entitled action jointly submit this Case Management Statement

23  and Proposed Order, and respectfully request that the Court adopt it as its Case Management

24  Order in this case.

25               **DESCRIPTION OF THE CASE**

26      This case stems from an incident that occurred on April 21, 2006, in which plaintiff

27  Andrew Shalaby was injured while using a BernzOmatic brand MAPP Gas cylinder and torch.

28

1. **Brief Description of the Events Underlying the Action**

   a. **Description of the Product at Issue in the Case**

   Plaintiff Andrew Shalaby purchased a BernzOmatic brand MAPP Gas kit consisting of a MAPP gas cylinder and torch from a local hardware store, near his home in El Cerrito, California in mid-2005. Sometime after he purchased the original BernzOmatic kit, Mr. Shalaby purchased two replacement BernzOmatic MAPP Gas cylinders to use when the original cylinder was depleted of fuel. MAPP gas is a mixture of liquefied petroleum and methylacetylene-propadiene. MAPP gas is typically used for welding or soldering applications due to its high combustion temperature of 5301° F (2927 °C).

   The BernzOmatic product which is the subject of this case included two components: a yellow colored canister or "cylinder" which contained the MAPP gas that was the fuel, and a "torch" that emits a flame from the tip when the torch is in use. The torch attached to the cylinder by screwing on to a threaded metal neck at the top of the cylinder. When the torch is attached to the cylinder, the user ignites the torch by pulling a trigger switch that is a part of the torch assembly.

   b. **The Incident Underlying This Case**

   Mr. Shalaby and his family, his wife Sonia Dunn-Ruiz and their two children, are avid campers. The family owns a recreational vehicle which they use on a regular basis to tour the western United States and park for overnight stays at designated campgrounds that accommodate recreational vehicles. Prior to and including the evening of April 21, 2006, Mr. Shalaby regularly used his BernzOmatic MAPP Gas torch to ignite wood campfires. During the week of April 17, 2006, plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California. On the evening of April 21, 2006, Mr. Shalaby was severely injured when he activated the trigger switch on his BernzOmatic torch. Upon activating the trigger, Mr. Shalaby was engulfed by heated MAPP Gas and flames that were emitted from the product, which caused severe burns to his face, limbs, and extremities.

860725.pld.USDC Pldgs.Joint CMC(final).doc

Case 4:06-cv-07026-CW    Document 14    Filed 02/08/2007    Page 3 of 8

After investigation at the campsite, the parties are informed and believe that the onsite manager claims that he was instructed by fire department personnel who responded to the scene to discard the product involved in the incident for safety reasons. Accordingly, the parties are informed and believe that product was discarded shortly after the incident.

c.    **Plaintiffs Contend That The Incident Was a BLEVE**

Plaintiffs contend that Mr. Shalaby's injuries were caused by a phenomenon known in the scientific community as a "BLEVE". The word BLEVE is an acronym that stands for "Boiling Liquid Expanding Vapor Explosion." A BLEVE occurs when a tank containing pressurized liquid fails suddenly and produces an explosive effect. During the occurrence of a BLEVE, the liquid inside the tank absorbs energy from the surrounding fire and rapidly heats up, resulting in an increased rate of vaporization that increases the ullage [??] pressure. When this pressure exceeds a certain limit (characteristic of the material properties of the tank wall, wall thickness and temperature), the tank fails and the liquid that is released from the tank boils rapidly and expands. If the liquid inside the tank is flammable, it ignites and forms a fireball.

Defendants contend that there is a safety relief valve to prevent an explosion if pressure builds inside the cylinder.

d.    **There is No Product for Defendants to Inspect for Alleged Defects.**

Defendants have not yet had an opportunity to investigate or conduct discovery regarding the relevant facts and the nature of the incident. The parties are informed and believe that the product is no longer available to inspect and examine. However, plaintiffs have produced photographs of the product, as it existed shortly before the incident occurred.

e.    **Mr. Shalaby's Wife Witnessed the Incident**

Mr. Shalaby's wife, plaintiff Sonia Dunn-Ruiz, was less than ten feet away from Mr. Shalaby when the product exploded. She initially had her back turned to her husband, but upon hearing a loud noise, she turned around within seconds to witness her husband on fire.

2.    **The Principal Factual Issues Which the Parties Dispute**

As of the filing of this joint statement, counsel for the parties have discussed the facts of the case, but no discovery has yet been conducted. While discovery may result in one or more

1  disputed factual issues, as of the filing of this statement, the parties have no information with
2  which to dispute the facts of the case.

3      3.    **The Principal Legal Issues Which the Parties Dispute**

4          The parties reasonably anticipate that they may have one or more disputes regarding the
5  following legal issues:

6          a.    Whether or not the product at issue in this case contained a manufacturing
7  defect when it left defendants' possession.

8          b.    Whether or not Plaintiffs can make a prima facie showing of defect
9  without the actual product available for examination and inspection by all parties and experts.

10          c.    Whether or not the product at issue in this case, or any of its components,
11  contained one or more design defects.

12          d.    Whether or not Mr. Shalaby's injuries at issue in this case were
13  proximately caused, in whole or in part, by a defective or unsafe condition in the product.

14          e.    Whether or not Mr. Shalaby's injuries were proximately caused, in whole
15  or in part, by a misuse of the product.

16          f.    Whether or not Mr. Shalaby was using the product in a safe and/or
17  intended and foreseeable manner.

18          g.    Whether or not the product at issue in this case had adequate instructions
19  or warnings that addressed the potential risks and factors in using the product which plaintiffs
20  contend proximately caused Mr. Shalaby's injuries.

21          h.    Whether or not BernzOmatic's has any liability for plaintiffs' injuries and,
22  if so, whether BernzOmatic is jointly and severally liable in the event that one or more of the
23  product's components were manufactured by a supplier.

24          i.    Whether or not BernzOmatic or one of its vendors, suppliers and/or
25  subcontractors was negligent in manufacturing and/or designing the product or its component
26  parts.

27

28

Case 3:07-cv-02107-W-BLM    Document 1-4    Filed 10/30/2007    Page 50 of 69
Case 3:06-cv-07026-MJJ    Document 42-3    Filed 07/16/2007    Page 7 of 12

Case 4:06-cv-07026-CW    Document 14    Filed 02/08/2007    Page 5 of 8

1        j.    Whether or not the product performed as safely as an ordinary consumer

2  would have expected it to perform when used in the manner that Mr. Shalaby used it at the time

3  of the incident.

4        k.    Whether or not Mr. Shalaby's claimed injuries and damages in this case,

5  or some of them, were proximately caused by the incident.

6        l.    Whether or not the product was of the quality that a reasonable buyer

7  would expect, or was fit for the ordinary purposes for which similar or like-kind products are

8  typically used.

9        m.    Whether or not BernzOmatic can make a prima facie showing that the

10  product conformed with generally accepted design, manufacturing, and safety standards and

11  regulations in existence at the time of the incident, and if so, what the relevance and weight of

12  that evidence is as to the issue of whether the product contained a design and/or manufacturing

13  defect.

14        n.    Whether Mr. Shalaby was negligent in his use of the product thereby

15  barring or reducing his recovery, if any.

16        **4.**    **The Other Factual Issues (e.g. Service of Process, Personal Jurisdiction,
Subject Matter Jurisdiction, or Venue) Which Remain Unresolved**

17

18        There remains an issue as to which business entities are the proper defendants in this

19  case. Plaintiffs believe they have sued the proper entities. Defendants contend that Home Depot

20  U.S.A. should be named as a defendant in lieu of Home Depot, Inc., and that Irwin Industrial

21  Tools, Inc. should be named as defendant in lieu of Newell Rubbermaid, Inc. and Rubbermaid

22  Inc. During their Rule 26 meet and confer telephone conference, counsel for plaintiffs and

23  defendants agreed to resolve this issue by stipulation and a court order thereon. If the parties can

24  agree on stipulation terms that are satisfactory to plaintiffs, said stipulation may result in a

25  dismissal of Home Depot from the case without prejudice on the grounds that BernzOmatic is

26  providing a defense and indemnity to Home Depot. Upon a proper evidentiary showing, or the

27  execution of an acceptable stipulation by defendants, the appropriate "BernzOmatic" entity will

28

Case 4:06-cv-07026-CW     Document 14     Filed 02/08/2007     Page 6 of 8

1   be substituted for Newell Rubbermaid, Inc. and Rubbermaid Inc., who will be dismissed without

2   prejudice

3        The parties wish to address this issue with the Court at the initial case management

4   conference, and expect to have a stipulation and proposed order on file with the Court within two

5   weeks thereafter.

6        **5.     The Parties Which Have Not Been Served and the Reasons**

7        All named defendants have been served.

8        **6.     The Additional Parties To Be Joined**

9        While BernzOmatic may have manufactured the torch at issue, BernzOmatic contends

10  that it did not manufacture the MAPP gas cylinder. BernzOmatic contends that during the

11  relevant timeframe, BernzOmatic purchased MAPP gas cylinders for private labeling from one

12  of two manufacturers. The serial number on the cylinder and/or purchase date of the cylinder

13  would identify the cylinder manufacturer. One or both of the cylinder manufacturers are likely

14  to be added as defendants.

15                      **ALTERNATIVE DISPUTE RESOLUTION**

16       **7.     The Following Parties Consent to Assignment of this Case to a United States
              Magistrate Judge**
17

18       None.

19       **8.     ADR**

20       The parties have already agreed to submit the case to mediation before a private mediator

21  who has yet to be selected. The parties have been ordered to complete mediation by April 19,

22  2007.

23                              **DISCLOSURES**

24       The parties certify that they have made the disclosures that are required of them by F.R.

25  Civ. P. 26(a)(1) and Civil L.R. 16-9 concurrently with the filing of this statement.

26  DISCOVERY

27       The parties agree to the following discovery plan, exclusive of expert discovery:

28       a.     Interrogatories. Each party may propound up to 35 interrogatories.

Case 4:06-cv-07026-CW    Document 14    Filed 02/08/2007    Page 7 of 8

b.    Requests for Documents and Things.  Each party may propound up to 35 requests for production of documents and things.

c.    Depositions.  Each party may take up to 15 depositions of percipient witnesses and non-retained expert witnesses.

d.    Third Party Subpoenas.  In addition to any deposition subpoenas, each party may serve up to 15 third party subpoenas for purposes of inspection and producing documents and things including, but not limited to, entry onto land to inspect the accident site.

The parties will need to complete some basic discovery prior to mediation, but do not anticipate that they will be able to complete all necessary discovery before mediation.  The parties anticipate that they will be able to complete their non-expert discovery by September 30, 2007, barring unforeseen difficulties.

**TRIAL SCHEDULE**

The parties request a trial date in January 2008.  The parties estimate that the trial will last between five to seven court days.

**SIGNATURE AND CERTIFICATION BY LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure  entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: February 8, 2007                    KELLER, PRICE & MOORHEAD

                                                        /S/
                                           By: _____
                                                LESLIE M. PRICE, JR.
                                                Attorneys for Defendants

Date: February 8, 2007                     ALBORG, VEILUVA & EPSTEIN LLP

                                                        /S/
                                           By: _____
                                                MARK D. EPSTEIN
                                                Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____

_____
UNITED STATES DISTRICT COURT
JUDGE





**EXHIBIT C**

*CALENDARED*

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY and
SONIA DUNN-RUIZ,

            Plaintiffs,

    v.

NEWELL RUBBERMAID, INC.,
et al.,

            Defendants.
_____/

No. C-06-07026 EDL

CASE MANAGEMENT AND
PRETRIAL ORDER FOR JURY TRIAL

       Following the Case Management Conference held on April 17, 2007, IT IS HEREBY ORDERED THAT:

       A further case management conference is set for August 21, 2007 at 10:00 a.m. before Magistrate Judge Laporte in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. An updated joint case management conference statement shall be filed no later than August 14, 2007.

       Pursuant to Fed. R. Civ. P. 16, IT IS FURTHER ORDERED THAT the following case management and pretrial order is entered:

    1.    <u>TRIAL DATE</u>

          a.    Jury trial will begin on April 28, 2008 at 8:30 a.m. in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  Any party who wants to order a daily transcript must notify the Court Reporter Supervisor at least two weeks before the trial.

          b.    The length of the trial will be not more than 7 days.

Case 3:07-cv-02107-W-BLM    Document 1-4    Filed 10/30/2007    Page 58 of 69
Case 3:06-cv-07026-MJJ    Document 42-4    Filed 07/16/2007    Page 3 of 10

Case 3:06-cv-07026-EDL    Document 32    Filed 04/17/2007    Page 2 of 9

**United States District Court**
For the Northern District of California

2.    <u>DISCOVERY</u>

a.    All non-expert discovery shall be completed no later than October 24, 2007. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

b.    Initial expert disclosures shall be made no later than November 7, 2007. Rebuttal expert disclosures shall be made no later than November 14, 2007. All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

c.    All expert discovery shall be completed no later than December 14, 2007. There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

d.    Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

e.    Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

f.    **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

**United States District Court**
For the Northern District of California

1.      The name, job title, or capacity of the author;

2.      The name, job title, or capacity of each recipient;

3.      The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

4.      The title and description of the document;

5.      The subject matter addressed in the document;

6.      The purpose(s) for which it was prepared or communicated; and

7.      The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the Court orders otherwise in a particular case.

g.      In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

3.      <u>MOTIONS</u>

The last day to file a motion, or stipulation and proposed order to join other parties or, to amend the pleadings shall be June 18, 2007.

The last day for hearing dispositive motions shall be January 29, 2008 at 9:00 a.m. Dispositive motions shall be served and filed no later than **thirty-five (35)** days prior to the scheduled hearing date. Any opposition shall be served and filed no later than **twenty-one (21)** days prior to the hearing date. Any reply to the opposition shall be served and filed no later than **fourteen (14)** days prior to the date of the hearing.

4.      <u>ALTERNATIVE DISPUTE RESOLUTION</u>

The parties previously stipulated to private mediation which shall be completed by July 25, 2007.

5.      <u>PRETRIAL CONFERENCE</u>

a.      A pretrial conference shall be held on April 8, 2008 at 2:00 p.m. in Courtroom

Case 3:07-cv-02107-W-BLM     Document 1-4     Filed 10/30/2007     Page 60 of 69
Case 3:06-cv-07026-MJJ     Document 42-4     Filed 07/16/2007     Page 5 of 10

Case 3:06-cv-07026-EDL     Document 32     Filed 04/17/2007     Page 4 of 9

1   E, 15th Floor. **Each party shall attend personally or by lead counsel who will try the case.** The

2   timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures

3   shall be governed by this order.

      b.      **At least thirty (30) days** prior to the date of the pretrial conference, lead counsel

5   shall meet and confer regarding:

      (1)      Preparation and content of the joint pretrial conference statement;

      (2)      Preparation and exchange of pretrial materials to be served and lodged

8             pursuant to paragraph 5(c) below; and

      (3)      Settlement of the action.

10      c.      **At least twenty (20) days** prior to the pretrial conference, counsel and/or parties

11  shall:

      (1)      Serve and file a joint pretrial statement that includes the pretrial

13            disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well

14            as the following supplemental information:

15        (a)    *The Action.*

16            (i)    <u>Substance of the Action.</u>  A brief description of the

17                substance of claims and defenses which remain to be

18                decided.

19            (ii)   <u>Relief Prayed.</u>  A detailed statement of all the relief

20                claimed, particularly itemizing all elements of damages

21                claimed as well as witnesses, documents or other

22                evidentiary material to be presented concerning the

23                amount of those damages.

24        (b)    *The Factual Basis of the Action.*

25            (i)    <u>Undisputed Facts.</u>  A plain and concise statement of all

26                relevant facts not reasonably disputable, as well as which

27                facts parties will stipulate for incorporation into the trial

28                record without the necessity of supporting testimony or

              exhibits.

**United States District Court**
For the Northern District of California

Case 3:07-cv-02107-W-BLM   Document 1-4   Filed 10/30/2007   Page 61 of 69
Case 3:06-cv-07026-MJJ   Document 42-4   Filed 07/16/2007   Page 6 of 10

Case 3:06-cv-07026-EDL   Document 32   Filed 04/17/2007   Page 5 of 9

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    (ii)    <u>Disputed Factual Issues.</u> A plain and concise statement of all disputed factual issues which remain to be decided.

    (iii)    <u>Agreed Statement.</u> A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (iv)    <u>Stipulations.</u> A statement of stipulations requested or proposed for pretrial or trial purposes.

(c)    *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions, and any procedural or evidentiary issues.

(d)    *Trial Preparation.*

    (i)    <u>Witnesses to Be Called.</u> With regard to witnesses disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

    (ii)    <u>Estimate of Trial Time.</u> An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (iii)    <u>Use of Discovery Responses.</u> Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness with page and line references, from interrogatory answers, or from responses to requests for admission.

Case 3:07-cv-02107-W-BLM    Document 1-4    Filed 10/30/2007    Page 62 of 69
Case 3:06-cv-07026-MJJ    Document 42-4    Filed 07/16/2007    Page 7 of 10

Case 3:06-cv-07026-EDL    Document 32    Filed 04/17/2007    Page 6 of 9

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(e)    *Trial Alternatives and Options.*

    (i)    <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (ii)    <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

    (iii)    Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(f)    *Miscellaneous.*

    Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2)    Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony of any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions **jointly**.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3)    Serve and file an exhibit setting forth the qualifications and experience of each expert witness;

(4)    Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(5)    Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use numbers; defendant shall use letters) and <u>tabbed</u>.  Exhibits shall be three-hole punched and shall be submitted in binders.  Each exhibit shall be marked

Case 3:07-cv-02107-W-BLM    Document 1-4    Filed 10/30/2007    Page 63 of 69
Case 3:06-cv-07026-MJJ    Document 42-4    Filed 07/16/2007    Page 8 of 10

Case 3:06-cv-07026-EDL    Document 32    Filed 04/17/2007    Page 7 of 9

on the front page or on the back of the last page with the information

contained in Exhibit A to this Order; and

    (6)    Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not

to be filed).

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not

disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, by the

above deadline, without leave of the Court and for good cause.

    d.    **At least ten (10) days** prior to the pretrial conference, after meeting and

conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file:

(1) any objections to exhibits or to the use of deposition excerpts or other discovery; (2) any objections

to non-expert witnesses; (3) any objection to proposed voir dire questions, jury instructions and verdict

forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion <u>in limine</u>.

No replies shall be filed.

    e.    All motions <u>in limine</u> and objections shall be heard at the pretrial conference.

6.    <u>JURY TRIAL</u>

    a.    Counsel shall submit an <u>agreed upon set</u> of voir dire questions to be posed by

the Court. Any voir dire questions on which counsel cannot agree may be submitted separately.

Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

    b.    The following jury instructions from the <u>Manual of Model Civil Jury Instructions</u>

<u>for the Ninth Circuit</u> (2001 Edition) shall be given absent objection: 1.1 - 1.12, 2.1 - 2.2, 3.1 - 3.3, 3.5 -

3.7. Counsel shall submit **jointly** an agreed upon set of case specific instructions, using the Ninth

Circuit Manual where appropriate. Do not submit duplicates of those listed above. Any instructions

on which counsel cannot agree may be submitted separately. Each requested instruction shall be typed

in full on a separate page with citations to the authority upon which it is based <u>and</u> a reference to the

party submitting it. A **second blind copy** of each instruction and verdict form shall also be submitted,

omitting the citation to authority and the reference to the submitting party.

7.    All documents filed with the Clerk of the Court shall list the civil case number followed

by the initials "**EDL.**" One copy shall be clearly marked as a **chambers** copy. Chambers copies shall

United States District Court
For the Northern District of California

7

1    be three-hole punched at the left side, suitable for insertion into standard binders.  In addition, all

2    proposed jury instructions, motions in limine, forms of verdict and trial briefs shall be accompanied by

3    a diskette containing a copy of the document formatted in WordPerfect 6.1, 7, 8, 9 or 10 (Windows) or

4    8.0 (Windows).

5

6    Dated:  April 17, 2007

7    _____
     ELIZABETH D. LAPORTE
8    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
      Lili M. Harrell, Deputy Clerk

**EXHIBIT D**

1   MICHAEL J. VEILUVA (State Bar No. 100419)
    MARK D. EPSTEIN (State Bar No. 168221)
2   ALBORG, VEILUVA & EPSTEIN LLP
    200 Pringle Avenue, Suite 410
3   Walnut Creek, CA 94596
    Telephone: (925) 939-9880
4   Facsimile: (925) 939-9915

5   Attorneys for Plaintiffs
    Andrew Shalaby and Sonia Dunn-Ruiz

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  ANDREW SHALABY and SONIA DUNN-        Case No. C 06-07026 EDL
    RUIZ,
11                                        **FIRST AMENDED COMPLAINT**
                Plaintiffs,               **(DEMAND FOR JURY TRIAL)**
12
            vs.
13
14  IRWIN INDUSTRIAL TOOL COMPANY,
    INC., THE HOME DEPOT, INC., and DOES
15  2 through 100, inclusive

16              Defendants.

17          Plaintiffs Andrew Shalaby (hereinafter "Mr. Shalaby") and Sonia Dunn-Ruiz (hereinafter

18  "Ms. Dunn-Ruiz" – collectively "Plaintiffs"), by and through their attorneys, allege for their

19  First Amended Complaint against defendants Irwin Industrial Tool Company, Inc., a wholly

20  owned subsidiary of Newell Rubbermaid, Inc. (hereinafter "Irwin"), and The Home Depot, Inc.

21  (collectively ("Defendants") as follows:

22                          **JURISDICTION AND VENUE**

23

24          1.      Plaintiffs are, and at all times were, residents of the City of El Cerrito, County of

25  Contra Costa, in the State of California.

26          2.      Defendant Irwin Industrial Tool Company, Inc. is and at all times relevant to this

27  action was, a corporation organized and existing under the laws of the State of Delaware, with its

28

Case 3:07-cv-02107-W-BLM    Document 1-4    Filed 10/30/2007    Page 68 of 69
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 3 of 13
Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 2 of 12

1   principal place of business in Huntersville, North Carolina, and is a wholly owned subsidiary of

2   Newell Rubbermaid, Inc.  Plaintiffs are informed and believe, and thereon allege, that Irwin

3   Industrial Tool Company manufactures and distributes hand tools, power tools and accessories,

4   including MAPP Gas torches and MAPP Gas cylinders under the "BernzOmatic" brand name.

5         3.      Plaintiffs are informed and believe, and thereon allege, that BernzOmatic is an

6   unincorporated division of Irwin Industrial Tool Company

7         4.      Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation

8   organized and existing under the laws of the State of Delaware, with its principal place of

9

10  business in Atlanta, Georgia.  Plaintiffs are informed and believe, and thereon allege, that The

11  Home Depot, Inc. is a retail seller of hardware, appliances, building materials, gardening

12  materials, and other home improvement supplies, which operates stores throughout the United

13  States, including California, with stores in the cities of Emeryville (Alameda County) and El

14  Cerrito (Contra Costa County), California.  The Home Depot, Inc. sells, among other things,

15  BernzOmatic Brand MAPP Gas torches.

16

17        5.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein

18  as DOES 2 through 100, inclusive, and therefore sues those defendants by such fictitious names.

19  Plaintiffs will amend this complaint to allege the true names and capacities of said defendants if

20  and when that information is ascertained.

21        6.      Plaintiffs are informed and believe that at all times mentioned herein, defendants

22  and each of them were the agents, servants, joint venturers, authorized representatives, delegates

23  and/or successors of the other defendants named herein, and were acting within the course and

24  scope of said agency, service, joint venture, representation, delegation and/or succession.

25

26        7.      The court has original jurisdiction of this action under 28 U.S.C. § 1332, based

27  upon the parties' complete diversity of citizenship, in that it is a civil action between citizens of

28

Case 3:07-cv-02107-W-BLM    Document 1-4    Filed 10/30/2007    Page 69 of 69
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 4 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 3 of 12

1  different states in which the amount in controversy exceeds the sum of $75,000, exclusive of

2  interest and costs.

3      8.    Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §

4  1441(a), as well as Civil Local Rules 3-2 (c) and (d), on the grounds that this action was

5  commenced in the Superior Court of the State of California, in and for the County of Alameda,

6  and was subsequently removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a).

7

8  **FACTUAL ALLEGATIONS**

9      9.    Sometime in early to mid 2005, Mr. Shalaby purchased a BernzOmatic brand

10  MAPP Gas torch kit from a Home Depot store near his home in El Cerrito, California. The torch

11  kit included the two components of a BernzOmatic MAPP Gas torch: a yellow colored MAPP

12  Gas canister, or cylinder, and a torch head assembly ("torch"), the tip of which emits a flame

13  when the torch is in use. The flame is intended to be used for soldering, welding, and other

14  purposes that are described on the cylinder labels, on BernzOmatic internet website:

15  http://www.bernzomatic.com, and in other product related instructions and promotional

16  materials.

17

18      10.    The BernzOmatic torch is designed and intended to be screwed on to a threaded

19  metal neck of the MAPP Gas cylinder. Once attached to the cylinder, the torch is designed and

20  intended to be ignited when the user activates a trigger switch that is a part of the torch assembly.

21      11.    Soon after Mr. Shalaby purchased the BernzOmatic torch kit from Home Depot,

22  he purchased several replacement BernzOmatic MAPP Gas cylinders from Home Depot and/or

23  Ace Hardware to use once the original cylinder that came with the torch kit was depleted of

24  MAPP Gas.

25

26      12.    Plaintiffs and their two children are avid campers. They own a recreational

27  vehicle which they use on a regular basis to tour and park for overnight stays at designated

28  campgrounds that accommodate recreational vehicles.

3<br>**FIRST AMENDED COMPLAINT**

900725.pld.USDC Pldgs.Amended Complaint (Final).doc