Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 1 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 5 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 4 of 12

13.    While camping, Plaintiffs regularly light wood campfires in the evenings. Up until April 21, 2006, Mr. Shalaby typically ignited the family's campfires by using his BernzOmatic MAPP Gas torch to ignite the firewood. Mr. Shalaby stored the torch in a wooden box, along with the auxiliary MAPP Gas canisters, which Plaintiffs kept inside of their recreational vehicle.

14.    The MAPP Gas torch kit contained a written representation that, among other things, one of the intended and/or acceptable uses of the torch was for "lighting grills." By making this representation, BernzOmatic intended for consumers to use its MAPP Gas torches to start cooking and/or recreational campfires, and knew or should have known that some consumers would use its torches in the manner that Mr. Shalaby used his torch at the time of the incident which is the subject of this lawsuit, as set forth in more detail herein below.

15.    Neither the torch nor the MAPP Gas cylinder contained a warning against using the torch to ignite a wood campfire.

16.    Defendants and each of them at all times herein mentioned knew and intended that the BernzOmatic Brand MAPP Gas torches that they designed, manufactured, marketed and sold would be purchased and used by consumers without the requisite knowledge of what constitutes material defects in the product, and thus without inspection for defects therein or in any of its component parts.

17.    The MAPP Gas torch and/or cylinder at issue in this case was, at the time Mr. Shalaby purchased it, defective and unsafe for its intended purposes in that the design, manufacture and/or workmanship of the torch or its component parts were such that, without any misuse of or abuse to the product on the part of the user, the contents of the cylinder allowed to discharge instantaneously and become ignited upon activation of the torch ignition switch.

18.    Between the date on which he purchased the MAPP Gas torch kit and April 21, 2006, Mr. Shalaby used the torch to ignite campfires on many occasions.

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 2 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 6 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 5 of 12

A.    **The Incident**

19.    During the week of April 17, 2006, Plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

20.    On or about the evening of April 21, 2006, Mr. Shalaby was seriously injured when he activated the trigger switch on his BernzOmatic MAPP Gas torch in order to light a wood campfire in a designated campfire pit, located within the campsite at the Campland complex where Plaintiffs were staying.  Mr. Shalaby activated the trigger switch on the torch when the MAPP Gas cylinder suddenly, instantaneously, and without warning, exploded and/or discharged its contents, which caught fire.  The heated MAPP Gas and fire enveloped Mr. Shalaby, and caused severe burns to his face, limbs, and extremities.

B.    **Ms. Dunn-Ruiz Witnessed the Incident**

21.    Ms. Dunn-Ruiz was less than ten feet away from Mr. Shalaby when the BernzOmatic cylinder exploded and/or instantaneously discharged its contents and enveloped Mr. Shalaby in heated MAPP Gas and fire.  While she had her back turned to her husband at the moment the explosion and/or gas discharge occurred, Ms. Dunn-Ruiz heard the noise from the explosion and/or gas discharged, and turned around within seconds to see her husband enveloped in flames.

C.    **Plaintiffs' Damages**

22.    Mr. Shalaby was confined to a hospital for approximately three weeks after the incident of April 21, 2006 involving the BernzOmatic torch and MAPP Gas cylinder, receiving medical treatment for his injuries, including but not limited to painful skin grafts and surgeries, as well as treatments for infections and other medical complications that were proximately caused by the incident.  Mr. Shalaby was bedridden for several weeks thereafter.  During his time in the hospital, Mr. Shalaby incurred in excess of $300,000 in medical expenses, and he continues to incur medical substantial expenses in connection with ongoing medical treatment for his injuries.

Case 3:07-cv-02107-W-BLM     Document 2     Filed 10/30/2007     Page 3 of 36
Case 3:06-cv-07026-MJJ     Document 42-5     Filed 07/16/2007     Page 7 of 13

Case 3:06-cv-07026-EDL     Document 35     Filed 06/11/2007     Page 6 of 12

1       23.     At all times mentioned herein, Mr. Shalaby was and remains a self-employed

2   attorney at law with an active litigation practice.  During the time he was confined to the

3   hospital, Mr. Shalaby was unable to work and, as a result, lost a substantial amount of income.

4   Since being discharged from the hospital, Mr. Shalaby's ability to resume his law practice has

5   been limited due to the physical and emotional injuries he sustained as a result of the April 21,

6   2006 incident involving the BernzOmatic torch and MAPP Gas cylinder.  Mr. Shalaby was

7   recently able to resume practicing law on a limited basis, but he continues to lose a substantial

8   amount of business and income due to his limited ability to practice law on a full time basis.  Mr.

9   Shalaby will continue to lose income as a result of the injuries he sustained from the

10  BernzOmatic MAPP Gas torch for an indefinite period of time.

11      24.     Mr. Shalaby has suffered mental anguish and emotional injuries as a result of the

12  April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder, including but not

13  limited to Post Traumatic Stress Disorder, for which he has sough treatment.  Mr. Shalaby has

14  incurred, and continues to incur, out-of-pocket expenses for the treatment of his emotional

15  injuries.

16      25.     Ms. Dunn-Ruiz has suffered mental anguish and emotional injuries as a result of

17  witnessing her husband burn as a result of the April 21, 2006 incident with the BernzOmatic

18  torch and MAPP Gas cylinder while standing in close proximity to her husband.

19
20          **FIRST CAUSE OF ACTION -- STRICT PRODUCTS LIABILITY**
            ***(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)***
21
22      26.     Plaintiffs incorporate by this reference the allegations, and each of them,

23  contained in paragraphs 1 through 25 above, as though fully set forth herein.

24      27.     At all times mentioned in this complaint, the BernzOmatic Brand MAPP Gas

25  torch and/or cylinder that caused Mr. Shalaby's injuries and/or its component parts, were

26  defective as to design, manufacture, and warnings, which caused the torch, cylinder and/or their

27

28

Case 3:07-cv-02107-W-BLM   Document 2   Filed 10/30/2007   Page 4 of 36
Case 3:06-cv-07026-MJJ   Document 42-5   Filed 07/16/2007   Page 8 of 13

Case 3:06-cv-07026-EDL   Document 35   Filed 06/11/2007   Page 7 of 12

component parts to be in a dangerous and defective condition and prone to failure, which made them unsafe for their intended use.

28.     Plaintiffs are informed and believe that the torch and/or cylinder contained one or more manufacturing defects when they left the possession of Irwin Industrial Tools, Home Depot and/or DOES 2 through 100 (collectively "Defendants") in that the torch and/or cylinder differed from the intended design and specifications, and/or from other typical units of the same product line.

29.     Plaintiffs are further informed and believe that the design of the BernzOmatic torch and/or MAPP Gas cylinder that caused Mr. Shalaby's injuries was defective because the torch and/or cylinder did not perform as safely as an ordinary consumer would have expected them to perform when used in the manner that Mr. Shalaby did at the time of the April 21, 2006 incident which is the subject of this case.

30.     Defendants, and each of them, designed, manufactured, distributed, marketed and/or sold the torch and cylinder, and the torch and/or cylinder contained one or more manufacturing and/or design defects when they left Defendants' possession.

31.     As a direct and proximate result of the defective and dangerous condition of torch, cylinder and/or their component parts as described above, Mr. Shalaby sustained the following serious injuries and damages from using the torch in an intended manner:

a.     Deep burns over 22% of his body surface, including his face, hands, arms and legs, requiring surgical repair, skin grafts and continuing medical treatment;

b.     physical pain and discomfort;

c.     immobility;

d.     disfigurement;

e.     lost wages; and

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 5 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 9 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 8 of 12

f.    emotional trauma and mental anguish, including but not limited to Post
Traumatic Stress Disorder.

### SECOND CAUSE OF ACTION -- STRICT LIABILITY FOR FAILURE TO WARN
### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

32.    Plaintiffs incorporate by this reference the allegations, and each of them,
contained in paragraphs 1 through 31 above, as though fully set forth herein.

33.    The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's
injuries lacked sufficient instructions or warnings of the potential risk and danger that the
cylinder might suddenly and instantaneously discharge its contents and catch fire when used in
an intended and foreseeable manner.

34.    This danger and risk were known or should have been known to Defendants at the
time the torch and MAPP Gas cylinder were designed, manufactured, distributed, marketed and
sold.

35.    These risks presented a substantial danger to purchasers and users of the torch that
ordinary consumers would not have recognized or expected, particularly without an adequate
warning.

36.    Mr. Shalaby was injured when he used the torch in a manner that was intended
and foreseeable to Defendants.

37.    The lack of sufficient instructions or warnings was a substantial factor in causing
Mr. Shalaby's injuries.

### THIRD CAUSE OF ACTION – NEGLIGENCE
### *(By Mr. Shalaby Against Irwin Industrial Tools)*

38.    Plaintiffs incorporate by this reference the allegations, and each of them,
contained in paragraphs 1 through 37 above, as though fully set forth herein.

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 6 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 10 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 9 of 12

39.     Irwin Industrial Tools, whose BernzOmatic division designed, manufactured, distributed, marketed and/or sold the BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

40.     Irwin Industrial Tools was negligent in designing and/or manufacturing the torch and MAPP Gas cylinder in that they failed to use the amount of care in designing and/or manufacturing the torch and cylinder that a reasonably careful designer and manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

41.     Mr. Shalaby was harmed as a proximate result of Irwin Industrial Tools' negligence when the BernzOmatic Brand MAPP Gas cylinder exploded and instantaneously discharged its contents upon Mr. Shalaby's activation of the torch trigger switch.

42.     The negligence of Industrial Tools' was a substantial factor in causing Mr. Shalaby's injuries.

**FOURTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN**
**(*By Mr. Shalaby Against Irwin Industrial Tools and Home Depot*)**

43.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 42 above, as though fully set forth herein.

44.     Defendants, and each of them, were negligent by not using reasonable care to adequately warn or instruct consumer's about the dangerous condition(s) in the BernzOmatic Brand MAPP Gas torch's and/or cylinder that caused Mr. Shalaby's injuries, or about circumstances that are likely to make the consumer's use of the torch dangerous.

45.     Defendants, and each of them, knew or reasonably should have known that the torch presented an unreasonable danger of exploding, or was likely to explode, when used in a reasonably foreseeable manner.

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 7 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 11 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 10 of 12

46.    Defendants knew or reasonably should have known that users of the torch would not realize this danger, yet failed to adequately warn of the danger or instruct users on the safe use of the torch to prevent the type of injuries that Mr. Shalaby has sustained.

47.    A reasonable designer, manufacturer, marketer, distributor and seller would have warned of this danger, or instructed users on the safe use of the torch, to prevent that type of injuries that Mr. Shalaby has sustained.

## FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

48.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 47 above, as though fully set forth herein.

49.    Mr. Shalaby was proximately harmed by the BernzOmatic Brand torch and MAPP Gas cylinder used in the April 21, 2006 incident because the torch and cylinder did not have the qualities, reliability and safety that a reasonable consumer would expect.

50.    At the time he purchased the torch, Defendants were in the business of selling BernzOmatic Brand torches and MAPP Gas cylinders.

51.    The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries were not of the same quality as those generally acceptable in the industry, and were not fit for the ordinary purposes for which such products are used.

52.    The failure of the torch to have the expected quality that it should have had was a substantial factor in causing Mr. Shalaby's injuries.

## SIXTH CAUSE OF ACTION –
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *(By Plaintiffs Against All Defendants)*

53.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 52 above, as though fully set forth herein.

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 8 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 12 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 11 of 12

54.    Defendants, and each of them, were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

55.    Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion and/or instantaneous discharge of the contents of the MAPP Gas cylinder in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was sustaining severe and life threatening injuries.

56.    Both Mr. Shalaby and Ms. Dunn-Ruiz suffered serious emotional distress as a result of experiencing and observing the April 21, 2006 incident, respectively, including severe mental suffering, grief, anguish, anxiety, depression, worry, shock, and in the case of Mr. Shalaby, Post Traumatic Stress Disorder.

57.    The negligence of Defendants in designing, manufacturing, distributing, marketing and selling the defective torch and/or MAPP Gas cylinder was a substantial factor in causing Plaintiffs' serious emotional distress.

Wherefore, Plaintiffs DEMAND A JURY TRIAL, and pray that a judgment be entered against Defendants, and each of them, as follows:

1.    For general damages, including but not limited to damages for emotional distress, pain and suffering, according to proof;

2.    For special damages, including but not limited to out of pocket medical expenses and incidental expenses related to Mr. Shalaby's injuries, and lost income, according to proof;

3.    For exemplary damages;

4.    For prejudgment interest according to law;

5.    For costs of suit incurred in this action; and

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 9 of 36
Case 3:06-cv-07026-MJJ    Document 42-5    Filed 07/16/2007    Page 13 of 13

Case 3:06-cv-07026-EDL    Document 35    Filed 06/11/2007    Page 12 of 12

6.    For any other and further relief that the court deems just and proper.


Dated:   June 11, 2007                              ALBORG, VEILUVA & EPSTEIN LLP

                                                                    /s/
                                                    By:_____
                                                           MARK D. EPSTEIN
                                                    Attorneys for Plaintiffs

**EXHIBIT E**

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 11 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 2 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 1 of 12

1   J. Phillip Moorhead, Esq. (SBN 99445)
    KELLER, PRICE & MOORHEAD
2   229 Avenue I, Second Floor
    Redondo Beach, California 90277-5600
3   Telephone:  (310) 540-1332

4
    Attorneys for Defendant and Third Party Plaintiff, BERNZOMATIC, an
5   Unincorporated Division of Irwin Industrial Tool Company, and
    Defendant, THE HOME DEPOT, INC.
6

7

8
                        UNITED STATES DISTRICT COURT
9
                     NORTHERN DISTRICT OF CALIFORNIA
10

11
    ANDREW SHALABY, an individual, )      CASE NO. C 06 7026 EDL
12  and  SONIA  DUNN-RUIZ,  an )
    individual,                   )      Magistrate Judge Elizabeth D.
13                                )      LaPorte
                   Plaintiffs,    )
14                                )      THIRD  PARTY  COMPLAINT   ON
         v.                       )      BEHALF   OF  BERNZOMATIC,   AN
15                                )      UNINCORPORATED   DIVISION   OF
    IRWIN INDUSTRIAL TOOL COMPANY, )      IRWIN INDUSTRIAL TOOL COMPANY
16  THE HOME DEPOT, INC., and DOES )
    2 through 100, inclusive,     )
17                                )
                   Defendants.    )
18  _____ )
                                  )
19  BERNZOMATIC,                  )
                                  )
20         Cross-Complainant,     )
                                  )
21       v.                       )
                                  )
22  WESTERN   INDUSTRIES,   INC., )
    WORTHINGTON  INDUSTRIES,  AND )
23  ROES 2 through 100, inclusive, )
                                  )
24         Cross-Defendants.      )
    _____ )
25                                )

26

27       For their Third Party Complaint against the Third Party

28  Defendants, Defendant/Third Party Plaintiff, Bernzomatic, an

                                -1-

                       THIRD PARTY COMPLAINT

1 Unincorporated Division of Irwin Industrial Tool Company
2 (hereinafter Bernzomatic), states as follows:

3                              PARTIES

4      1.   Defendant/Third Party Plaintiff, Bernzomatic, is a
5 Delaware corporation, with its principal place of business in
6 North Carolina.

7      2.   Third Party Defendant, Western Industries, Inc., is a
8 closely-held corporation with its principal place of business in
9 Wisconsin.

10     3.   Third Party Defendant, Worthington Industries, Inc., is
11 an Ohio corporation with its principal place of business in Ohio.

12     4.   At various times, both Western and Worthington
13 manufactured and sold BernzOmatic-branded MAPP gas cylinders.

14     5.   Worthington purchased Western's cylinder business in
15 September 2004.

16                   JURISDICTION AND VENUE

17     6.   Subject matter jurisdiction is proper in this Court
18 because federal district courts in California recognize the rights
19 of Third Party Complainant to Declarations of Rights, Breach of
20 Contract Claims, Contractual Indemnity, Common Law Indemnity and
21 Punitive Damages. This Court has Personal Jurisdiction over the
22 Third Party Defendants under the California long-arm statute as
23 the actions or failures to act by the Third Party Defendants
24 caused damage to the Defendant/Third Party Plaintiff and gave rise
25 to claims in California.

26     7.   Venue is proper in this Court because all of the
27 Plaintiffs' litigation claims arose in this jurisdiction, and all
28 of the Third Party Complaint claims are derivative of those

                              -2-

                     THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 13 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 4 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 3 of 12

1  litigation claims.

2                          FACTUAL ALLEGATIONS

3      8.   Defendant/Third Party Plaintiff, Bernzomatic, has been

4  named as a Defendant in the above-captioned lawsuit (the "Shalaby

5  litigation").   Plaintiffs filed suit on October 10, 2006 and

6  recently amended their Complaint on June 11, 2007.

7      9.   The Joint Case Management Statement and Order entered on

8  February 20, 2007 alleges that Plaintiff, Andrew Shalaby, suffered

9  burns to his face and extremities due to an accident involving a

10  Bernzomatic-branded MAPP gas cylinder that he used to light a

11  campfire.   It further alleges that liquid MAPP gas inside the

12  pressurized cylinder absorbed energy from the surrounding fire and

13  heated up such that it vaporized causing the cylinder to produce

14  "an explosive effect."

15      10.   The Joint Case Management Statement and Order entered on

16  February 20, 2007 states that fire department personnel who

17  responded during the incident instructed the onsite manager to

18  discard the product.   Depositions of fire department and onsite

19  personnel were taken on April 17, 2007 confirming that the product

20  had been discarded.

21      11.   Third Party Defendants, Western and Worthington,

22  manufactured MAPP gas cylinders, such as the one allegedly

23  involved in this action.

24      12.   Defendant/Third Party Plaintiff purchased MAPP gas

25  cylinders exclusively from Western and Worthington during the time

26  periods relevant to this action.

27      13.   To the extent that a Bernzomatic-branded MAPP gas

28  cylinder was involved in the accident which forms the basis of

                                -3-

                        THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM   Document 2   Filed 10/30/2007   Page 14 of 36
Case 3:06-cv-07026-MJJ   Document 42-6   Filed 07/16/2007   Page 5 of 13

Case 3:06-cv-07026-EDL   Document 38   Filed 06/19/2007   Page 4 of 12

1    Plaintiffs' Complaint against Bernzomatic and Home Depot, said

2    MAPP gas cylinder was manufactured by either Western or

3    Worthington.

4         14.  Defendant/Third Party Plaintiff cannot determine whether

5    Western or Worthington manufactured the MAPP gas cylinder involved

6    because the fire department personnel who responded during the

7    incident instructed the onsite manager to discard the product and

8    it cannot be recovered. .

9         15.  Upon information and belief, the written contract

10   between Worthington and Western regarding the sale of the cylinder

11   business in September 2004 contains an express provision setting

12   forth a method to facilitate identification of a cylinder's

13   manufacturer if it cannot be determined by a serial number or

14   other reliable information.

15            FIRST CLAIM - DECLARATION OF RIGHTS

16        16.  Defendant/Third Party Plaintiff incorporates by

17   reference the allegations in Paragraphs 1 through 15 of this Third

18   Party Complaint as if fully rewritten herein.

19        17.  Exclusive Supply Agreements between Newell Operating

20   Company (a predecessor to Industrial Tool Company, dba

21   Bernzomatic) and Western in 2001, as well as between Irwin

22   Industrial Tool Company, dba Bernzomatic, and Worthington in 2006

23   for Western's and Worthington's MAPP gas cylinders included

24   indemnification provisions.  In September 2004, Worthington

25   assumed the rights and obligations of Western under the 2001

26   Supply Agreement resulting from Worthington's purchase of

27   Western's cylinder business at that time.

28        18.  The indemnification provision at page 10 of the

-4-

THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM   Document 2   Filed 10/30/2007   Page 15 of 36
Case 3:06-cv-07026-MJJ   Document 42-6   Filed 07/16/2007   Page 6 of 13

Case 3:06-cv-07026-EDL   Document 38   Filed 06/19/2007   Page 5 of 12

1  Agreement between Newell (Bernzomatic) and Western states, in
2  pertinent part:

3      "Western assumes and agrees to indemnify, defend and
4      hold harmless Newell and its affiliates, directors,
5      officers, employees and agents for all claims against
6      Newell for personal injury or property damage to the
7      extent such injury or damage is alleged to be caused by
8      or is caused by the sale or distribution of Covered
9      Cylinders supplied under this Agreement that were not
10     suitable for sale, distribution or use due to the
11     design, manufacture, labeling or failure to label, or
12     storage prior to delivery to Newell of such Covered
13     Cylinders.  Western further agrees to indemnify, defend
14     and hold harmless Newell and its affiliates, directors,
15     officers, employees and agents for all claims against
16     Newell resulting from the failure to manufacture
17     products in accordance with applicable laws including
18     environmental and labor laws."

19     19.  The indemnification provision at page 8 of the Agreement
20  between Irwin Industrial Tool Company (Bernzomatic) and
21  Worthington states, in pertinent party:

22     "WCW [Worthington] assumes and agrees to indemnify,
23     defend and hold harmless BernzOmatic and its customers,
24     affiliates, directors, officers, employees and agents
25     for all claims against BernzOmatic for personal injury
26     or property damage to the extent such injury or damage
27     is alleged to be cause[d] by or is caused by in whole or
28     in part the sale or distribution of Covered Cylinders

-5-

THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 16 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 7 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 6 of 12

1    supplied under this Agreement that were not suitable for

2    sale, distribution or use due to the design,

3    manufacture, labeling or failure to label (except as

4    provided in Section 4.4), or storage prior to delivery

5    to BernzOmatic of such Covered Cylinders. WCW further

6    agrees to indemnify, defend and hold harmless

7    BernzOmatic and its affiliates, directors, officers,

8    employees and agents for all claims against BernzOmatic

9    resulting from the failure to manufacture products in

10    accordance with applicable laws.

11    20. The allegations in the Shalaby litigation are for

12    personal injury caused by the sale or distribution of covered

13    cylinders - (a Bernzomatic-branded MAPP gas cylinder) -

14    manufactured and sold by Western and Worthington pursuant to the

15    Supply Agreements, which contained the above-cited indemnification

16    provisions.

17    21. Pursuant to the indemnification provisions, Bernzomatic

18    tendered its defense and indemnification to Western on June 19,

19    2006, and to Worthington on January 24, 2007.

20    22. To date, Western has neither defended nor indemnified

21    Bernzomatic, which is a breach of the indemnification provision in

22    the Supply Agreement.

23    23. To date, Worthington, has neither defended nor

24    indemnified Bernzomatic, which is a breach of the indemnification

25    provision in the Supply Agreement.

26    24. An actual dispute exists between Defendant/Third Party

27    Plaintiff and Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz.

28    25. Bernzomatic is entitled to a declaration of rights under

-6-

THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 17 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 8 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 7 of 12

1   the contracts against Western and Worthington and the obligations

2   under the indemnification provisions of the Supply Agreement as

3   follows:

4           a.   Western is obligated under the indemnification

5   provisions of the Supply Agreement and by virtue of its breach of

6   its duty to defendant Bernzomatic in the Shalaby litigation, to

7   indemnify Bernzomatic with respect to the full amount of all

8   defense costs and any liability or settlement in the Shalaby

9   litigation without any cost sharing, apportionment between

10  particular claims or allegations, or limitation on amount.

11          b.   Worthington is obligated under the indemnification

12  provisions of the Supply Agreement and by virtue of its breach of

13  its duty to defendant Bernzomatic in the Shalaby litigation, to

14  indemnify Bernzomatic with respect to the full amount of all

15  defense costs and any liability or settlement in the Shalaby

16  litigation without any cost sharing, apportionment between

17  particular claims or allegations, or limitation on amount.

18  SECOND CLAIM - BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION

19          26.  Defendant/Third Party Plaintiff incorporates by

20  reference the allegations in Paragraphs 1 through 25 of this

21  Complaint as if fully rewritten herein.

22          27.  Western has breached its express and implied obligations

23  under the Supply Agreement because it has failed to defend and

24  indemnify Defendant/Third Party Plaintiff and hold it harmless

25  with respect to any of the amounts Defendant/Third Party Plaintiff

26  has incurred and will incur in the future because of the Shalaby

27  litigation.

28          28.  Such breach of contract by Western has directly and

-7-

THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 18 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 9 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 8 of 12

1 proximately caused injury to Defendant/Third Party Plaintiff,

2 including, but not limited to, the payment of the entire cost of

3 the Shalaby litigation and the payment of fees and expenses in

4 defending the Shalaby litigation.

5     29. Worthington has breached its express and implied

6 obligations under the Supply Agreement because it has failed to

7 defend and indemnify Defendant/Third Party Plaintiff and hold it

8 harmless with respect to any of the amounts Defendant/Third Party

9 Plaintiff has incurred and will incur in the future because of the

10 Shalaby litigation.

11     30. Such breach of contract by Worthington has directly and

12 proximately caused injury to Defendant/Third Party Plaintiff,

13 including, but not limited to, the payment of the entire cost of

14 the Shalaby litigation and the payment of fees and expenses in

15 defending the Shalaby litigation.

16         THIRD CLAIM - EQUITABLE INDEMNIFICATION

17     31. Defendant/Third Party Plaintiff incorporates by

18 reference the allegations in Paragraphs 1 through 30 of this

19 Complaint as if fully rewritten herein.

20     32. Third Party Defendants, Western and Worthington,

21 manufactured Bernzomatic-branded MAPP gas cylinders and introduced

22 those cylinders into the stream of commerce by selling them to

23 Defendant/Third Party Plaintiff.

24     33. To the extent that the MAPP gas cylinder at issue is

25 held to be defective, which Defendant/Third Party Plaintiff

26 expressly denies, one of the Third Party Defendants, Western

27 and/or Worthington, introduced that defect by manufacturing and

28 selling MAPP gas cylinders to Defendant/Third Party Plaintiff for

-8-

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 19 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 10 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 9 of 12

1  further distribution and resale to the Plaintiffs.

2      34.  To the extent that the MAPP gas cylinder at issue is
3  held to have caused injuries and damages to Andrew Shalaby and
4  Sonia Dunn-Ruiz, which Defendant/Third Party Plaintiff expressly
5  denies, Third Party Defendants, Western and Worthington, are
6  liable for those injuries as a result of the manufacture and sale
7  of those MAPP gas cylinders to Defendant/Third Party Plaintiff for
8  further distribution and resale.

9      35.  Because the cylinder product was discarded well before
10 any lawsuit or involvement of the Defendant/Third Party Plaintiff,
11 there is no way to discover whether Western or Worthington
12 manufactured the cylinder at issue.

13     36.  Because it is certain that the manufacturer of the
14 cylinder at issue was either Western or Worthington, both Western
15 and Worthington owe indemnity to the Defendant/Third Party
16 Plaintiff for any alleged harm caused by the cylinder.

17     37.  Thus, as a result of their actions, Third Party
18 Defendants, Western and Worthington, owe a complete common law
19 duty of indemnification to Defendant/Third Party Plaintiff for all
20 damages, costs, expenses and fees associated with the Shalaby
21 litigation.

22         FOURTH CLAIM - THIRD PARTY BENEFICIARY

23     38.  Defendant/Third Party Plaintiff incorporates by
24 reference the allegations in Paragraphs 1 through 37 of this
25 Complaint as if fully rewritten herein.

26     39.  Defendant/Third Party Plaintiff is an intended third
27 party beneficiary of the contract between Western and Worthington
28 for the sale of the cylinder business in September 2004, wherein

                          -9-

            THIRD PARTY COMPLAINT

Case 3:07-cv-02107-W-BLM    Document 2    Filed 10/30/2007    Page 20 of 36
Case 3:06-cv-07026-MJJ    Document 42-6    Filed 07/16/2007    Page 11 of 13

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 10 of 12

1    an express method was provided for determining which manufacturer

2    is responsible for a cylinder when it cannot be determined by

3    serial number or other reliable information.

4       40. As set forth in the First Claim, both Third Party

5    Defendants, Western and Worthington, separately contracted with

6    Defendant/Third Party Plaintiff, Bernzomatic, to defend and

7    indemnify Bernzomatic against claims involving cylinders

8    manufactured by each of them.

9       41. One purpose of the contractual provision to identify a

10   cylinder manufacturer in the absence of a serial number or other

11   reliable information is to insure that at least one of the

12   manufacturers will take responsibility for the manufacture of the

13   cylinder.

14      42. The identification of the cylinder manufacturer may be

15   necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's

16   rights to a defense and indemnification as set forth in the First,

17   Second and Third Claims.

18                    FIFTH CLAIM – ESTOPPEL

19      43. Defendant/Third Party Plaintiff incorporates by

20   reference the allegations in Paragraph 1 through 42 as if fully

21   rewritten herein.

22      44. Given the allegations in the Shalaby litigation that a

23   Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries,

24   it is undisputed that either Western or Worthington manufactured

25   the MAPP gas cylinder.

26      45. If Plaintiffs are able to maintain an action against

27   Defendant/Third Party Plaintiff Bernzomatic for injuries, Western

28   and Worthington are estopped from denying responsibility for the

                              -10-

                      THIRD PARTY COMPLAINT

1  manufacture, sale and distribution of the Bernzomatic-branded MAPP

2  gas cylinder as it would lead to an unjust result.

3      WHEREFORE, Defendant/Third Party Plaintiff demands judgment

4  in its favor and against both Western and Worthington on all

5  counts for the full amount of all defense costs and any liability

6  or settlement in the <u>Shalaby</u> litigation, together with attorneys'

7  fees, costs, expenses and any other relief the Court deems

8  equitable and just.

9  DATED:   June 19, 2007              KELLAR, PRICE & MOORHEAD

10                                      _____
11                                      J. Phillip Moorhead
                                        Attorneys for Defendant/Third
12                                      Party Plaintiff, BERNZOMATIC, an
                                        Unincorporated Division of Irwin
                                        Industrial Tool Company, and
13                                      Defendant, THE HOME DEPOT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

**THIRD PARTY COMPLAINT**

Case 3:06-cv-07026-EDL    Document 38    Filed 06/19/2007    Page 12 of 12

1 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
2 | Andrew Shalaby v. Bernzomatic/Home Depot, Inc.
CASE NO. C 06 7026 CW
3 |

**PROOF OF SERVICE**

4 |
        I am employed in the county of Los Angeles, State of
5 | California.  I am over the age of 18 and not a party to the within
action;  my business address is 229 Avenue "I", Second Floor,
6 | Redondo Beach, California  90277.

7 |       On June 19, 2007, I served the foregoing document described as
**THIRD PARTY COMPLAINT** on all interested parties in this action as
8 | set forth below:

9 |

        Mark D. Epstein
10 |       Alborg, Veiluva & Epstein LLP
        200 Pringle Avenue, Suite 410
11 |       Walnut Creek, CA 94596
        (925) 939-9880    FAX (925) 939-9915
12 |       (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

13 |

        FACSIMILE - by use of facsimile machine telephone number
14 | (310)540-8480, I served a copy of the within document, to the   by
facsimile numbers set forth above.  The facsimile machine I used
15 | complied with California Rules of Court, Rule 2004, and no error
was reported by the machine.   Pursuant to California Rules of
16 | Court, Rule 2006(d), I caused the machine to print a transmission
record of the transmission, a copy of which is attached to this
17 | Declaration.

18 |       MAIL - I caused such envelope with postage thereon fully
prepaid to be placed in the United States mail at Redondo Beach,
19 | California.  I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  Under that
20 | practice it would be deposited with the U.S. Postal Service that
same day with postage thereon fully prepaid at Redondo Beach,
21 | California, in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal
22 | cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.

23 |
        FEDERAL - I declare under penalty of perjury that the
24 | foregoing is true and correct, and that I am employed in the office
of a member of the Bar of this Court at whose direction the service
25 | was made.

26 |       Executed on June 19, 2007, at Redondo Beach, California.

27 |                        _Deidre A. Picascia_
                         Deidre A. Picascia

28 |

                         -12-

                    THIRD PARTY COMPLAINT

```
 1 │ J. Phillip Moorhead, Esq. (SBN 99445)
   │ KELLER, PRICE & MOORHEAD
 2 │ 229 Avenue I, Second Floor
   │ Redondo Beach, California 90277-5600
 3 │ Telephone:  (310) 540-1332
 4 │
   │
 5 │ Attorneys for Defendants, IRWIN INDUSTRIAL TOOL COMPANY, INC. and
   │ HOME DEPOT, INC.
 6 │
 7 │
 8 │                    UNITED STATES DISTRICT COURT
 9 │                  NORTHERN DISTRICT OF CALIFORNIA
10 │
11 │ ANDREW SHALABY, an individual, )   CASE NO. C 06 7026 EDL
   │ and   SONIA   DUNN-RUIZ,   an )
12 │ individual,                    )   Magistrate Judge Elizabeth D.
   │                                )   LaPorte
13 │                   Plaintiffs,  )
   │                                )   STIPULATION AND ORDER
14 │      v.                        )
   │                                )
15 │ IRWIN INDUSTRIAL TOOL COMPANY, )
   │ INC.,  THE  HOME  DEPOT,  INC., )
16 │ and  DOES  2  through  100, )
   │ inclusive,                     )
17 │                                )
   │                   Defendants.  )
18 │ _____ )
19 │
20 │
21 │
22 │
23 │      IT IS HEREBY STIPULATED and agreed, by and between counsel
24 │ for Plaintiffs (Andrew Shalaby and Sonia Dunn-Ruiz), counsel for
25 │ Defendants and Third Party Plaintiff (The Home Depot, Inc. and
26 │ Bernzomatic), and counsel for Third Party Defendant (Western
27 │ Industries, Inc.), as follows:
28 │ / / /
```

1     1.    WHEREAS, Western Industries, Inc. made an initial

2  appearance in this case on July 16, 2007 by filing a motion to

3  strike Bernzomatic's third party complaint; and

4

5     2.    WHEREAS, Worthington Cylinder Corporation has been named

6  and served with the third party complaint, but does not anticipate

7  making a formal appearance in the action until on or about

8  July 31, 2007; and

9

10     3.   WHEREAS, the Court has previously ordered the parties to

11  complete mediation on or before July 25, 2007; and

12

13     4.    WHEREAS, counsel for all present and anticipated parties

14  to this litigation concur that a meaningful mediation cannot be

15  completed until both third party defendants have appeared in the

16  action and completed sufficient investigation and discovery to

17  effectively discuss the disposition of this case through

18  mediation;

19

20     IT IS HEREBY STIPULATED AND AGREED, by and between the

21  existing parties to this litigation, that the mediation completion

22  date should be postponed and continued to a date suitable to the

23  Court's calendar on or about October 26, 2007, that all parties

24  respectfully request the Court to enter an order in conformance

25  with this Stipulation, and that all parties respectfully request

26  that the Court schedule a case management conference at the

27  Court's convenience within the next 45 days where the parties can

28  advise the Court of the status of the case and discuss the

-2-

1  rescheduling of discovery cut-offs, motion cut-offs, trial dates,

2  etc.

3  DATED:   July  17 , 2007          ALBORG, VEILUVA & EPSTEIN LLP

4                                    _Mark D. Epstein_
                                     Mark D. Epstein
5                                    Attorneys for Plaintiffs
                                     ANDREW SHALABY and SONIA DUNN-RUIZ
6

7  DATED: July    , 2007             MCCORMICK, BARSTOW SHEPPARD, ET AL.

8                                    _____
                                     Lowell Carruth
9                                    Attorneys for Third Party Defendant
                                     WESTERN INDUSTRIES, INC.
10

11 DATED:  July    , 2007            KELLER, PRICE & MOORHEAD

12                                   _____
                                     J. Phillip Moorhead
13                                   Attorneys for Defendants and Third
                                     Party Plaintiff
14                                   HOME DEPOT, INC. and BERNZOMATIC

15

16                        ORDER

17     GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the

18 mediation completion date in this case is postponed and continued

19 to October 26, 2007, and that the Court will notify all parties of

20 a case management conference within the next 45 days.

21

22 DATED:
                                     _____
23                                   Elizabeth D. LaPorte
                                     Magistrate Judge
24

25

26

27

28

                              -3-

                    STIPULATION AND ORDER

1 | rescheduling of discovery cut-offs, motion cut-offs, trial dates,

2 | etc.

3 | DATED:   July     , 2007          ALBORG, VEILUVA & EPSTEIN LLP

4 |                                   _____

5 |                                   Mark D. Epstein
   |                                   Attorneys for Plaintiffs
6 |                                   ANDREW SHALABY and SONIA DUNN-RUIZ

7 | DATED: July /8, 2007             MCCORMICK, BARSTOW SHEPPARD, ET AL.

8 |                                   _____
   |                                   Lowell Carruth
9 |                                   Attorneys for Third Party Defendant
   |                                   WESTERN INDUSTRIES, INC.

10 |

11 | DATED:   July     , 2007          KELLER, PRICE & MOORHEAD

12 |                                   _____

13 |                                   J. Phillip Moorhead
    |                                   Attorneys for Defendants and Third
    |                                   Party Plaintiff
14 |                                   HOME DEPOT, INC. and BERNZOMATIC

15 |

16 |                                   ORDER

17 |      GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the

18 | mediation completion date in this case is postponed and continued

19 | to October 26, 2007, and that the Court will notify all parties of

20 | a case management conference within the next 45 days.

21 |

22 | DATED:

23 |                                   Elizabeth D. LaPorte
    |                                   Magistrate Judge

24 |

25 |

26 |

27 |

28 |

-3-

STIPULATION AND ORDER

1  rescheduling of discovery cut-offs, motion cut-offs, trial dates,
2  etc.

3  DATED: July    , 2007          ALBORG, VEILUVA & EPSTEIN LLP

4                                 _____
5                                 Mark D. Epstein
                                  Attorneys for Plaintiffs
6                                 ANDREW SHALABY and SONIA DUNN-RUIZ

7  DATED: July    , 2007          MCCORMICK, BARSTOW SHEPPARD, ET AL.

8                                 _____
9                                 Lowell Carruth
                                  Attorneys for Third Party Defendant
10                                WESTERN INDUSTRIES, INC.

11 DATED: July 17 , 2007          KELLER, PRICE & MOORHEAD

12                                _____
13                                J. Phillip Moorhead
                                  Attorneys for Defendants and Third
14                                Party Plaintiff
                                  HOME DEPOT, INC. and BERNZOMATIC

15

16                                     ORDER

17      GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the

18 mediation completion date in this case is postponed and continued

19 to October 26, 2007, and that the Court will notify all parties of

20 a case management conference within the next 45 days.

21

22 DATED:                         _____
                                  Elizabeth D. LaPorte
23                                Magistrate Judge

24

25

26

27

28

                                      -3-
_____
                          STIPULATION AND ORDER

1  J. Phillip Moorhead, Esq. (SBN 99445)
   KELLER, PRICE & MOORHEAD
2  229 Avenue I, Second Floor
   Redondo Beach, California 90277-5600
3  Telephone:  (310) 540-1332

4
   Attorneys for Defendants, IRWIN INDUSTRIAL TOOL COMPANY, INC. and
5  HOME DEPOT, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 ANDREW SHALABY, an individual, )   CASE NO. C 06 7026 EDL
   and   SONIA   DUNN-RUIZ,   an )
12 individual,                    )   Magistrate Judge Elizabeth D.
                                  )   LaPorte
13                  Plaintiffs,   )
                          ,       )   STIPULATION AND ORDER
14     v.                         )
                                  )
15 IRWIN INDUSTRIAL TOOL COMPANY, )
   INC., THE HOME DEPOT, INC., )
16 and  DOES  2  through  100, )
   inclusive,                     )
17                                )
                    Defendants.   )
18 _____)

19

20

21

22

23      IT IS HEREBY STIPULATED and agreed, by and between counsel

24 for Plaintiffs (Andrew Shalaby and Sonia Dunn-Ruiz), counsel for

25 Defendants and Third Party Plaintiff (The Home Depot, Inc. and

26 Bernzomatic), and counsel for Third Party Defendant (Western

27 Industries, Inc.), as follows:

28 / / /

                              -1-

1      1.    WHEREAS, Western Industries, Inc. made an initial
2   appearance in this case on July 16, 2007 by filing a motion to
3   strike Bernzomatic's third party complaint; and
4
5      2.    WHEREAS, Worthington Cylinder Corporation has been named
6   and served with the third party complaint, but does not anticipate
7   making a formal appearance in the action until on or about
8   July 31, 2007; and
9
10     3.    WHEREAS, the Court has previously ordered the parties to
11  complete mediation on or before July 25, 2007; and
12
13     4.    WHEREAS, counsel for all present and anticipated parties
14  to this litigation concur that a meaningful mediation cannot be
15  completed until both third party defendants have appeared in the
16  action and completed sufficient investigation and discovery to
17  effectively discuss the disposition of this case through
18  mediation;
19
20     IT IS HEREBY STIPULATED AND AGREED, by and between the
21  existing parties to this litigation, that the mediation completion
22  date should be postponed and continued to a date suitable to the
23  Court's calendar on or about October 26, 2007, that all parties
24  respectfully request the Court to enter an order in conformance
25  with this Stipulation, and that all parties respectfully request
26  that the Court schedule a case management conference at the
27  Court's convenience within the next 45 days where the parties can
28  advise the Court of the status of the case and discuss the

-2-

STIPULATION AND ORDER

1   rescheduling of discovery cut-offs, motion cut-offs, trial dates,

2   etc.

3   DATED:  July *17*, 2007          ALBORG, VEILUVA & EPSTEIN LLP

4                                    _Mark D. Epstein_
                                     _____
5                                    Mark D. Epstein
                                     Attorneys for Plaintiffs
6                                    ANDREW SHALABY and SONIA DUNN-RUIZ

7   DATED:  July     , 2007          MCCORMICK, BARSTOW SHEPPARD, ET AL.

8                                    _____
                                     Lowell Carruth
9                                    Attorneys for Third Party Defendant
                                     WESTERN INDUSTRIES, INC.
10

11  DATED:  July     , 2007          KELLER, PRICE & MOORHEAD

12                                   _____
                                     J. Phillip Moorhead
13                                   Attorneys for Defendants and Third
                                     Party Plaintiff
14                                   HOME DEPOT, INC. and BERNZOMATIC

15

16                          ORDER

17       GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the

18  mediation completion date in this case is postponed and continued

19  to October 26, 2007, and that the Court will notify all parties of

20  a case management conference within the next 45 days.

21

22  DATED:
                                     _____
23                                   Elizabeth D. LaPorte
                                     Magistrate Judge

24

25

26

27

28

                              -3-

                   STIPULATION AND ORDER

1  rescheduling of discovery cut-offs, motion cut-offs, trial dates,

2  etc.

3  DATED:   July    , 2007          ALBORG, VEILUVA & EPSTEIN LLP

4                                   _____

5                                   Mark D. Epstein
                                     Attorneys for Plaintiffs
6                                    ANDREW SHALABY and SONIA DUNN-RUIZ

7  DATED: July /8, 2007             McCORMICK, BARSTOW SHEPPARD, ET AL.

8                                   _____
                                     Lowell Carruth
9                                    Attorneys for Third Party Defendant
                                     WESTERN INDUSTRIES, INC.
10

11 DATED:   July    , 2007          KELLER, PRICE & MOORHEAD

12                                  _____

                                     J. Phillip Moorhead
13                                   Attorneys for Defendants and Third
                                     Party Plaintiff
14                                   HOME DEPOT, INC. and BERNZOMATIC

15

16                                  ORDER

17     GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the

18 mediation completion date in this case is postponed and continued

19 to October 26, 2007, and that the Court will notify all parties of

20 a case management conference within the next 45 days.

21

22 DATED:

                                     _____
23                                   Elizabeth D. LaPorte
                                     Magistrate Judge
24

25

26

27

28

                                    -3-

                          STIPULATION AND ORDER

1  rescheduling of discovery cut-offs, motion cut-offs, trial dates,

2  etc.

3  DATED:  July      , 2007          ALBORG, VEILUVA & EPSTEIN LLP

4                                    _____

5                                    Mark D. Epstein
                                     Attorneys for Plaintiffs

6                                    ANDREW SHALABY and SONIA DUNN-RUIZ

7  DATED:  July      , 2007          MCCORMICK, BARSTOW SHEPPARD, ET AL.

8                                    _____

9                                    Lowell Carruth
                                     Attorneys for Third Party Defendant

10                                   WESTERN INDUSTRIES, INC.

11 DATED:  July 17 , 2007            KELLER, PRICE & MOORHEAD

12                                   _____
                                     J. Phillip Moorhead

13                                   Attorneys for Defendants and Third
                                     Party Plaintiff

14                                   HOME DEPOT, INC. and BERNZOMATIC

15

16                                   ORDER

17      GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the

18 mediation completion date in this case is postponed and continued

19 to October 26, 2007, and that the Court will ~~notify all parties of~~
   hold a case management conference
   on September 11, 2007 at 3:00 p.m.  An updated joint case management conference statement shall

20 ~~a case management conference within the next 45 days.~~
   be filed no later than September 4, 2007.

21

22 DATED:   July 23, 2007

23                                   Elizabeth D. LaPorte
                                     Magistrate Judge

24                                   IT IS SO ORDERED
                                     Elizabeth D. Laporte
25                                   Judge Elizabeth D. Laporte

26

27

28

                                   -3-

                       STIPULATION AND ORDER

1   Lowell T. Carruth, # 034065
    McCormick, Barstow, Sheppard,
2   Wayte & Carruth LLP
    P.O. Box 28912
3   5 River Park Place East
    Fresno, CA 93720-1501
4   Telephone:    (559) 433-1300
    Facsimile:    (559) 433-2300
5
6   Attorneys for Third-Party Defendant
    WESTERN INDUSTRIES, INC.
7

(SPACE BELOW FOR FILING STAMP ONLY)

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   ANDREW SHALABY, an individual, and          Case No.  C 06-07026 EDL
     SONIA DUNN-RUIZ, an individual,
12                                               **DECLINATION TO PROCEED BEFORE A**
                    Plaintiffs,                  **MAGISTRATE JUDGE AND REQUEST**
13                                               **FOR REASSIGNMENT TO A UNITED**
          v.                                     **STATES DISTRICT JUDGE**
14
     IRWIN INDUSTRIAL TOOL
15   COMPANY, THE HOME DEPOT, INC.,
     and DOES 2 through 100, inclusive,
16                                               Judge:    Elizabeth D. LaPorte
                    Defendants.
17
     BERNZOMATIC,
18
                    Cross-Complainant,
19
          v.
20
     WESTERN INDUSTRIES, INC.,
21   WORTHINGTON INDUSTRIES, AND
     ROES 2 through 100, inclusive,
22
                    Cross-Defendants.
23

24

25        The undersigned party hereby declines to consent to the assignment of this case to a

26   United States Magistrate Judge for trial and disposition and hereby requests the reassignment of

27   this case to a United States District Judge.

28   ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE, ETC.  C 06-07026 EDL

1    Dated: August 9, 2007                    McCORMICK, BARSTOW, SHEPPARD,
                                              WAYTE & CARRUTH LLP
2

3
                                        By:_____/s/ Lowell T. Carruth_____
4                                             Lowell T. Carruth
                                         Attorneys for Third-Party Defendant
5                                            WESTERN INDUSTRIES, INC.

6
     03664/00161-1126652.v1
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
 SHEPPARD, WAYTE &
   CARRUTH LLP
 5 RIVER PARK PLACE EAST
 FRESNO, CA 93720-1501

                                        2
     DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE, ETC. C 06-07026 EDL

**United States District Court**
For the Northern District of California

1

2

3

4                                UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6
     ANDREW SHALABY, et al.,
7
                    Plaintiffs,                        No. C-06-07026 EDL
8
            v.                                         NOTICE OF IMPENDING
9                                                     REASSIGNMENT TO A UNITED
                                                     STATES DISTRICT COURT JUDGE
10
     NEWELL RUBBERMAID, INC., et al.,
11
                    Defendants.
12   _____/

13          The Clerk of this Court will now randomly reassign this case to a United States District Judge

14   because either:

15   **XX**    (1)     One or more of the parties has requested reassignment to a United States District Judge

16   or has not consented to the jurisdiction of a United States Magistrate Judge, or

17          (2)     One or more of the parties has sought a type of judicial action (e.g., a temporary

18   restraining order) that a United States Magistrate Judge may not take without the consent of all parties,

19   the necessary consents have not been secured, and time is of the essence.

20          The motion hearing and the further case management conference set for September 11, 2007 on

21   Magistrate Judge Laporte's calendar will NOT be held.

22

23   Dated:  August 10, 2007

24                                                    Richard W. Wieking, Clerk
                                                     United States District Court
25
                                                     By: Lili M. Harrell
26                                                   Deputy Clerk

27

28

**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

**August 13, 2007**

**CASE NUMBER:  CV 06-07026 EDL**
**CASE TITLE:  SHALABY ET AL-v-NEWELL RUBBERMAID, INC. ET AL**

<u>REASSIGNMENT ORDER</u>

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **San Francisco** division.

**Honorable MARTIN J. JENKINS** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **MJJ** immediately

after the case number.


ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 8/13/07

FOR THE EXECUTIVE COMMITTEE:

_____
Clerk


NEW CASE FILE CLERK:

Copies to: Courtroom Deputies                    Special Projects
Log Book Noted                                   Entered in Computer 8/13/07AS


CASE SYSTEMS ADMINISTRATOR:
Copies to:  All Counsel                          Transferor CSA