RICHARD A. ERGO (# 110487)
CATHLEEN S. HUANG (#219554)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: raergo@bowlesverna.com
        chuang@bowlesverna.com

Attorneys for Third Party Defendant
Worthington Industries, Inc.



ORIGINAL
FILED

AUG 1 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ an individual,<br><br>        Plaintiffs,<br><br>        vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br><br>        Defendants.<br><br>BERNZOMATIC,<br><br>        Third Party Plaintiff,<br><br>        vs.<br><br>WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive,<br><br>        Third Party Defendants. | CASE NO.:  C06-07026 MJJ<br><br>Judge Martin J. Jenkins<br><br>**WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT**<br><br>BY FAX |

Third Party Defendant Worthington Industries, Inc. ("Worthington") responds to Third Party

Plaintiff Bernzomatic's Third Party Complaint as follows:

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    1

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## THE PARTIES

1.      Defendant/ Third Party Plaintiff, Bernzomatic, is a Delaware corporation, with its principal place of business in North Carolina.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies each and every allegation contained therein.

2.   Third Party Defendant, Western Industries, Inc., is a closely-held corporation with its principal place of business in Wisconsin.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies each and every allegation contained therein.

3.      Third Party Defendant, Worthington Industries, Inc., is an Ohio corporation with its principal place of business in Ohio.

**RESPONSE:** Worthington admits the allegations in Paragraph 3.

4.      At various times, both Western and Worthington manufactured and sold Bernzomatic-branded MAPP gas cylinders.

**RESPONSE:** Worthington admits that Worthington Cylinders Wisconsin, LLC and Western at various times manufactured and sold Bernzomatic-branded MAPP gas cylinders.  Worthington denies the remaining allegations in Paragraph 4.

5.      Worthington purchased Western's cylinder business in September 2004.

**RESPONSE:** Worthington admits that Worthington Cylinder Acquisition, LLC purchased certain assets from Western in September 2004.  Worthington denies the remaining allegations in Paragraph 5.

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                              2

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## JURIDICTION AND VENUE

6.     Subject matter jurisdiction is proper in this Court because federal district courts in California recognize the rights of Third Party Complainant to Declarations of Rights, Breach of Contract Claims, Contractual Indemnity, Common Law Indemnity and Punitive Damages. This Court has Personal Jurisdiction over the Third Party Defendants under the California long-arm statute as the actions or failures to act by the Third Party Defendants caused damage to the Defendant/Third Party Plaintiff and gave rise to claims in California.

**RESPONSE:** Worthington denies that its actions or failures to act caused damage to Bernzomatic. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies each and every remaining allegation contained therein.

7.     Venue is proper in this Court because all of the Plaintiffs' litigation claims arose in this jurisdiction, and all of the Third Party Complaint claims are derivative of those litigation claims.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

8.     Defendant/ Third Party Plaintiff, Bernzomatic, has been named as a Defendant in the above-captioned lawsuit (the "Shalaby litigation".) Plaintiffs filed suit on October 10, 2006 and recently amended their Complaint on June 11, 2007.

**RESPONSE:** Worthington admits that Plaintiffs filed suit in or about October 10, 2006 and amended their complaint on or about June 11, 2007 and that such complaints speak for themselves. Worthington is without knowledge or information sufficient to form a belief as to the truth of the

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    3

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

remaining allegations in Paragraph 8 and on that basis denies each and every remaining allegation contained therein.

9.     The Joint Case Management Statement and Order entered on February 20, 2007 alleges that Plaintiff, Andrew Shalaby, suffered burns to his face and extremities due to an accident involving a Bernzomatic-branded MAPP gas cylinder that he used to light a campfire.  It further alleges that liquid MAPP gas inside the pressurized cylinder absorbed energy from the surrounding fire and heated up such that it vaporized causing the cylinder to produce "an explosive effect."

**RESPONSE:**  Worthington admits that the February 20, 2007 Joint Case Management Statement and Order speaks for itself.  Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis denies each and every remaining allegation contained therein.

10.     The Joint Case Management Statement and Order entered on February 20, 2007 states that fire department personnel who responded during the incident instructed the onsite manager to discard the product.  Depositions of fire department and onsite personnel were taken on April 17, 2007 confirming that the product had been discarded.

**RESPONSE:**  Worthington admits that the February 20, 2007 Joint Case Management Statement and Order speaks for itself and that certain depositions of fire department and campground personnel have been taken.  Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and on that basis denies each and every remaining allegation contained therein.

11.     Third Party Defendants, Western and Worthington, manufactured MAPP gas cylinders, such as the one allegedly involved in this action.

**RESPONSE:**  Worthington admits that Western and Worthington Cylinders Wisconsin, LLC manufactured MAPP gas cylinders.  Worthington denies the remaining allegations in Paragraph 11 that

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ     4

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

are directed at Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies each and every remaining allegation contained therein.

12. Defendant/Third Party Plaintiff purchased MAPP gas cylinders exclusively from Western and Worthington during the time periods relevant to this action.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies each and every allegation contained therein.

13. To the extent that a Bernzomatic-branded MAPP gas cylinder was involved in the accident which forms the basis of Plaintiffs' Complaint against Bernzomatic and Home Depot, said MAPP gas cylinder was manufactured by either Western or Worthington.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies each and every allegation contained therein.

14. Defendant/ Third Party Plaintiff cannot determine whether Western or Worthington manufactured the MAPP gas cylinder involved because the fire department personnel who responded during the incident instructed the onsite manager to discard the product and it cannot be recovered.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies each and every allegation contained therein.

15. Upon information and belief, the written contract between Worthington and Western regarding the sale of the cylinder business in September 2004 contains an express provision setting forth a method to facilitate identification of a cylinder's manufacturer if it cannot be determined by a serial number or other reliable information.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    5

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

**RESPONSE:** Worthington admits that there is a written contract between Worthington Cylinder Acquisition, LLC and Western regarding the sale of certain assets and that the contract speaks for itself. Worthington denies the remaining allegations in Paragraph 15.

## FIRST CLAIM – DECLARATION OF RIGHTS

16.     Defendant/ Third Party Plaintiff incorporates by reference the allegations in Paragraphs 1 through 15 of this Third Party Complaint as if fully rewritten herein.

**RESPONSE:** Worthington refers to Paragraphs 1 through 15 of this Answer to Bernzomatic's Third Party Complaint and by this reference incorporates the same herein as though fully set forth.

17.     Exclusive Supply Agreements between Newell Operating Company (a predecessor to Industrial Tool Company, dba Bernzomatic) and Western in 2001, as well as between Irwin Industrial Tool Company, dba Bernzomatic, and Worthington in 2006 for Western's and Worthington's MAPP gas cylinders included indemnification provisions. In September 2004, Worthington assumed the rights and obligations of Western under the 2001 Supply Agreement resulting from Worthington's purchase of Western's cylinder business at that time.

**RESPONSE:** Worthington admits that supply agreements between Western and Newell Operating Company and between Irwin Industrial Tool Company and Worthington Cylinders Wisconsin, LLC were entered into and speak for themselves. Worthington denies the remaining allegations in Paragraph 17 that are directed at Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis denies each and every remaining allegation contained therein.

18.     The indemnification provision at page 10 of the Agreement between Newell (Bernzomatic) and Western states, in pertinent part:

"Western assumes and agrees to indemnify, defend and hold harmless Newell and its affiliates, directors, officers, employees and agents for all claims against Newell for personal injury or

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ     6
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

property damage to the extent such injury or damage is alleged to be caused by or is caused by

the sale or distribution of Covered Cylinders supplied under this Agreement that were not

suitable for sale, distribution or use due to the design, manufacture, labeling or failure to label,

or storage prior to delivery to Newell of such Covered Cylinders. Western further agrees to

indemnify, defend and hold harmless Newell and its affiliates, directors, officers, employees and

agents for all claims against Newell resulting from the failure to manufacture products in

accordance with applicable laws including environmental and labor laws."

**RESPONSE:** Worthington admits that the supply agreement between Western and Newell Operating Company speaks for itself. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies each and every remaining allegation contained therein.

19.     The indemnification provision at page 8 of the Agreement between Irwin Industrial Tool Company (Bernzomatic) and Worthington states, in pertinent part;

"WCW (Worthington) assumes and agrees to indemnify, defend and hold harmless Bernzomatic

and its customers, affiliates, directors, officers, employees and agents for all claims against

Bernzomatic for personal injury or property damage to the extent such injury or damage is

alleged to be cause(d) by or is caused by in whole or in part the sale or distribution of Covered

Cylinders supplied under this Agreement that were not suitable for sale, distribution or use due

to the design, manufacture, labeling or failure to label (except as provided in Section 4.4), or

storage prior to delivery to Bernzomatic of such Covered Cylinders. WCW further agrees to

indemnify, defend and hold harmless Bernzomatic and its affiliates, directors, officers,

employees and agents for all claims against Bernzomatic resulting from the failure to

manufacture products in accordance with applicable laws."

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    7

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

**RESPONSE:** Worthington admits that the supply agreement between Bernzomatic and Worthington Cylinders Wisconsin, LLC speaks for itself. Worthington denies the remaining allegations in Paragraph 19 that are directed at Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis denies each and every remaining allegation contained therein.

20.    The allegations in the Shalaby litigation are for personal injury caused by the sale or distribution of covered cylinders – (a Bernzomatic-branded MAPP gas cylinder) – manufactured and sold by Western and Worthington pursuant to the Supply Agreements, which contained the above-cited indemnification provisions.

**RESPONSE:** The allegations in the Shalaby litigation speak for themselves. Worthington denies the remaining allegations in Paragraph 20 that are directed at Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis denies each and every remaining allegation contained therein.

21.    Pursuant to the indemnification provisions, Bernzomatic tendered its defense and indemnification to Western on June 19, 2006, and to Worthington on January 24, 2007.

**RESPONSE:** Worthington admits that Bernzomatic tendered the defense of the Shalaby matter to Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and on that basis denies each and every remaining allegation contained therein.

22.    To date, Western has neither defended nor indemnified Bernzomatic, which is a breach of the indemnification provision in the Supply Agreement.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies each and every allegation contained therein.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    8

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

23.     To date, Worthington, has neither defended nor indemnified Bernzomatic, which is a breach of the indemnification provision in the Supply Agreement.

**RESPONSE:**  Worthington admits that it has not defended nor indemnified Bernzomatic. Worthington denies the remaining allegations in Paragraph 23.

24.     An actual dispute exists between Defendant/Third Party Plaintiff and Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz.

**RESPONSE:**  Worthington admits that a dispute exists between Plaintiffs and Irwin Industrial Tool Company.  Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies each and every remaining allegation contained therein.

25.     Bernzomatic is entitled to a declaration of rights under the contracts against Western and Worthington and the obligations under the indemnification provisions of the Supply Agreement as follows:

a.     Western is obligated under the indemnification provisions of the Supply Agreement and by virtue of its breach of its duty to defendant Bernzomatic in the <u>Shalaby</u> litigation, to indemnify Bernzomatic with respect to the full amount of all defense costs and any liability or settlement in the <u>Shalaby</u> litigation without any cost sharing, apportionment between particular claims or allegations, or limitation on amount.

**RESPONSE:**  Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25(a) and on that basis denies each and every allegation contained therein.

b.     Worthington is obligated under the indemnification provisions of the Supply Agreement and by virtue of its breach of its duty to defendant Bernzomatic in the <u>Shalaby</u> litigation, to indemnify Bernzomatic with respect to the full amount of all defense costs and any liability or

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                                9

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

settlement in the <u>Shalaby</u> litigation without any cost sharing, apportionment between particular claims or allegations, or limitation on amount.

**RESPONSE:** Worthington denies the allegations in Paragraph 25(b).

## SECOND CLAIM – BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION

26.    Defendant/Third Party Plaintiff incorporates by reference the allegations in Paragraphs 1 through 25 of this Complaint as if fully rewritten herein.

**RESPONSE:** Worthington refers to Paragraphs 1 through 25 of this Answer to Bernzomatic's Third Party Complaint and by this reference incorporates the same herein as though fully set forth.

27.    Western has breached its express and implied obligations under the Supply Agreement because it has failed to defend and indemnify Defendant/Third Party Plaintiff and hold it harmless with respect to any of the amounts Defendant/Third Party Plaintiff has incurred and will incur in the future because of the <u>Shalaby</u> litigation.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies each and every allegation contained therein.

28.    Such breach of contract by Western has directly and proximately caused injury to Defendant/Third Party Plaintiff, including, but not limited to, the payment of the entire cost of the <u>Shalaby</u> litigation and the payment of fees and expenses in defending the <u>Shalaby</u> litigation.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies each and every allegation contained therein.

29.    Worthington has breached its express and implied obligations under the Supply Agreement because it has failed to defend and indemnify Defendant/Third Party Plaintiff and hold it

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    10

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

1    harmless with respect to any of the amounts Defendant/Third Party Plaintiff has incurred and will incur

2    in the future because of the Shalaby litigation.

3        **RESPONSE:** Worthington denies the allegations in Paragraph 29.

4    30.    Such breach of contract by Worthington has directly and proximately caused injury to

5    Defendant/Third Party Plaintiff, including, but not limited to, the payment of the entire cost of the

6    Shalaby litigation and the payment of fees and expenses in defending the Shalaby litigation.

7        **RESPONSE:** Worthington denies the allegations in Paragraph 30.

8

9        **THIRD CLAIM – EQUITABLE INDEMNIFICATION**

10    31.    Defendant/Third Party Plaintiff incorporates by reference the allegations in Paragraphs 1

11    through 30 of this Complaint as if fully rewritten herein.

12        **RESPONSE:** Worthington refers to Paragraphs 1 through 30 of this Answer to Bernzomatic's

13    Third Party Complaint and by this reference incorporates the same herein as though fully set forth.

14    32.    Third Party Defendants, Western and Worthington, manufactured Bernzomatic-branded

15    MAPP gas cylinders and introduced those cylinders into the stream of commerce by selling them to

16    Defendant/Third Party Plaintiff.

17

18        **RESPONSE:** Worthington admits that Western and Worthington Cylinders Wisconsin, LLC

19    manufactured Bernzomatic-branded MAPP gas cylinders. Worthington admits that Worthington

20    Cylinders Wisconsin, LLC sold such cylinders to Irwin Industrial Tool Company. Worthington admits

21    that Western sold such cylinders to Newell Operating Company. Worthington denies the remaining

22    allegations in Paragraph 32 that are directed at Worthington. Worthington is without knowledge or

23    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and

24    on that basis denies each and every remaining allegation contained therein.

25    33.    To the extent that the MAPP gas cylinder at issue is held to be defective, which

26

27    Defendant/Third Party Plaintiff expressly denies, one of the Third Party Defendants, Western and/or

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                11
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

Worthington, introduced that defect by manufacturing and selling MAPP gas cylinders to

Defendant/Third Party Plaintiff for further distribution and resale to the Plaintiffs.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 33 and on that basis denies each and every allegation contained

therein.

34.     To the extent that the MAPP gas cylinder at issue is held to have caused injuries and

damages to Andrew Shalaby and Sonia Dunn-Ruiz, which Defendant/Third Party Plaintiff expressly

denies, Third Party Defendants, Western and Worthington, are liable for those injuries as a result of the

manufacture and sale of those MAPP gas cylinders to Defendant/Third Party Plaintiff for further

distribution and resale.

**RESPONSE:** Worthington denies the allegations in Paragraph 34 that are directed at

Worthington.  Worthington is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 34 and on that basis denies each and every remaining

allegation contained therein.

35.     Because the cylinder product was discarded well before any lawsuit or involvement of

the Defendant/Third Party Plaintiff, there is no way to discover whether Western or Worthington

manufactured the cylinder at issue.

**RESPONSE:** Worthington denies the allegations in Paragraph 35.

36.     Because it is certain that the manufacturer of the cylinder at issue was either Western or

Worthington, both Western and Worthington owe indemnity to the Defendant/Third Party Plaintiff for

any alleged harm caused by the cylinder.

**RESPONSE:**   Worthington denies the allegations in Paragraph 36 that are directed at

Worthington.  Worthington is without knowledge or information sufficient to form a belief as to the

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    12

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

truth of the remaining allegations in Paragraph 36 and on that basis denies each and every remaining allegation contained therein.

37.     Thus, as a result of their actions, Third Party Defendants, Western and Worthington, owe a complete common law duty of indemnification to Defendant/Third Party Plaintiff for all damages, costs, expenses and fees associated with the <u>Shalaby</u> litigation.

**RESPONSE:**   Worthington denies the allegations in Paragraph 37 that are directed at Worthington.   Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and on that basis denies each and every remaining allegation contained therein.

### FOURTH CLAIM- THIRD PARTY BENEFICIARY

38.     Defendant/Third Party Plaintiff incorporates by reference the allegations in Paragraphs 1 through 37 of this Complaint as if fully rewritten herein.

**RESPONSE:**  Worthington refers to Paragraphs 1 through 37 of this Answer to Third Party Plaintiff's Third Party Complaint and by this reference incorporates the same herein as though fully set forth.

39.     Defendant/Third Party Plaintiff is an intended third party beneficiary of the contract between Western and Worthington for the sale of the cylinder business in September 2004, wherein an express method was provided for determining which manufacturer is responsible for a cylinder when it cannot be determined by serial number or other reliable information.

**RESPONSE:**  Worthington admits that the contract between Western and Worthington Cylinder Acquisition, LLC speaks for itself.  Worthington denies the remaining allegations in Paragraph 39.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    13
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

40.      As set forth in the First Claim, both Third Party Defendants, Western and Worthington, separately contracted with Defendant/Third Party Plaintiff, Bernzomatic, to defend and indemnify Bernzomatic against claims involving cylinders manufactured by each of them.

**RESPONSE:** Worthington admits that the agreement between Irwin Industrial Tool Company and Worthington Cylinders Wisconsin, LLC and the agreement between Western and Newell Operating Company speak for themselves. Worthington denies the remaining allegations in Paragraph 40 that are directed at Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and on that basis denies each and every remaining allegation contained therein.

41.      One purpose of the contractual provision to identify a cylinder manufacturer in the absence of a serial number or other reliable information is to insure that at least one of the manufacturers will take responsibility for the manufacture of the cylinder.

**RESPONSE:** Worthington admits that the agreement between Irwin Industrial Tool Company and Worthington Cylinders Wisconsin, LLC and the agreement between Western and Newell Operating Company speak for themselves. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and on that basis denies each and every remaining allegation contained therein.

42.      The identification of the cylinder manufacturer may be necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's rights to a defense and indemnification as set forth in the First, Second and Third Claims.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies each and every allegation contained therein.

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

**FIFTH CLAIM – ESTOPPEL**

43.    Defendant/Third Party Plaintiff incorporates by reference the allegations in Paragraph 1 through 42 as if fully rewritten herein.

**RESPONSE:**  Worthington refers to Paragraphs 1 through 42 of this Answer to Bernzomatic's Third Party Complaint and by this reference incorporates the same herein as though fully set forth.

44.    Given the allegations in the <u>Shalaby</u> litigation that a Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries, it is undisputed that either Western or Worthington manufactured the MAPP gas cylinder.

**RESPONSE:**  Worthington denies the allegations in Paragraph 44.

45.    If Plaintiffs are able to maintain an action against Defendant/Third Party Plaintiff Bernzomatic for injuries, Western and Worthington are estopped from denying responsibility for the manufacture, sale and distribution of the Bernzomatic-branded MAPP gas cylinder as it would lead to an unjust result.

**RESPONSE:**  Worthington denies the allegations in Paragraph 45 that are directed at Worthington.  Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis denies each and every remaining allegation contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Insufficient Facts to Constitute a Cause of Action)**

1.    As a first, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that some or all of the claims for relief fail to state facts sufficient to constitute a cause of action against Worthington.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

## SECOND AFFIRMATIVE DEFENSE
### (Negligence of Third Party Plaintiff)

2.      As a second, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that Bernzomatic was careless and negligent with respect to matters alleged in the Third Party Complaint and such carelessness and negligence proximately caused and contributed to the extent of one hundred percent (100%) to the happening of the incident, loss and damages complained of, if any there were, and this contributory negligence bars or at least proportionately reduces any potential recovery.

## THIRD AFFIRMATIVE DEFENSE
### (Negligence of Others)

3.      As a third, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that the damages Plaintiffs and Third Party Plaintiff complained of, if any there were, were proximately contributed to or caused by the carelessness, negligence, fault or defects created by the remaining parties in this action, or by other persons, corporations or business entities, unknown to Worthington at this time and were not caused in any way by Worthington or by persons for whom Worthington is legally liable.

## FOURTH AFFIRMATIVE DEFENSE
### (Imputed Negligence)

4.      As a fourth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that the damages complained of, if any there were, were either wholly or in part, negligently or otherwise, caused by persons, firms, corporations, or entities other than Worthington, and such negligence or other conduct is either imputed to Bernzomatic, by reason of the relationship of such parties to Bernzomatic, and/or such negligence or other conduct comparatively reduces the percentage of negligence, if any, by Worthington.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                              16

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

### FIFTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

5.    As a fifth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, some or all of Bernzomatic's causes of action are barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure, Sections 337, 339, and 343.

### SIXTH AFFIRMATIVE DEFENSE
#### (Breach of Contract)

6.    As a sixth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, Bernzomatic cannot assert any of the contractual claims contained in the Third Party Complaint because Bernzomatic, as well as its agents, materially breached said contract or contracts.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Intervening Cause)

7.    As a seventh, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, the injuries and damages of which Bernzomatic complains were proximately caused or contributed to by the acts of other persons and/or entities. These acts were an intervening, supervening and superseding cause of the damages, if any, of which Bernzomatic alleges it suffered, thereby barring Bernzomatic from any recovery against Worthington.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Waiver)

8.    As an eighth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, by conduct, representations and omissions, Bernzomatic has waived, relinquished and/or abandoned any claim for relief against Worthington respecting the matters which are the subject of the Third Party Complaint.

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

### NINTH AFFIRMATIVE DEFENSE
(Estoppel)

9.    As a ninth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, by conduct, representations and omissions, Bernzomatic is equitably estopped to assert any claim for relief against Worthington respecting the matters which are the subject of the Third Party Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

10.    As a tenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, no relief may be obtained by Bernzomatic under the Third Party Complaint by reason of the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
(Superseding & Intervening Cause)

11.    As an eleventh, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that responsibility for any harm, injury or damages sustained by Bernzomatic was caused by acts or events which constitute a superseding and intervening cause.

### TWELFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

12.    As a twelfth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that Bernzomatic and/or its representatives failed and neglected to use reasonable care to protect themselves and to minimize the losses and damages complained of, if any there were.  Worthington further alleges that Plaintiffs' alleged injuries, loss, or damages, if any, were aggravated by plaintiffs' failure to use reasonable diligence to mitigate same.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

13.    As a thirteenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Bernzomatic's causes of action are barred in whole or in part because

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                              18

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

1  any actions taken by Worthington were fair and reasonable and were performed in good faith based on

2  all relevant facts known to Worthington at the time.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

5      14.    As a fourteenth, separate and distinct affirmative defense to the Third Party Complaint

6  and each cause of action thereof, to the extent Bernzomatic has the right to recover any amount from

7  Worthington (which right Worthington denies), such recovery must be reduced by the amount of

8  damage attributable to Bernzomatic's own negligence and fault.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Offset and Reduction)

11      15.    As a fifteenth, separate and distinct affirmative defense to the Third Party Complaint and

12  each cause of action thereof, Bernzomatic should be barred from recovery in whole or part, in

13  proportion to the fault attributed to itself.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Constructive Fraud)

16      16.    As a sixteenth, separate and distinct affirmative defense to the Third Party Complaint

17  and each cause of action thereof, at all times relevant, Bernzomatic or his agents failed, concealed

18  and/or refused to disclose certain material documents and facts to Worthington, thus misleading

19  Worthington to its extreme prejudice.  Bernzomatic's or its agent's constructive fraud/unclean hands

20  serves as a bar to the entire action and as to Bernzomatic's claims as against Worthington.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Willful and Gross Contributory Negligence)

24      17.    As a seventeenth, separate and distinct affirmative defense to the Third Party Complaint

25  and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights

26  as asserted herein by Bernzomatic, Bernzomatic and its agents were willfully and grossly negligent in

27  the matters alleged, thereby causing and contributing to any injury, damage or loss to Bernzomatic.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    19

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Partial Indemnity)

18.    As an eighteenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, Bernzomatic was negligent or legally responsible or otherwise at fault for the damages alleged in the Third Party Complaint. Worthington therefore requests that, in the event of a finding of any liability in favor of Bernzomatic or settlement or judgment against Worthington, an apportionment of fault be made among all parties by the court or jury. Worthington further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Ratification, Consent)

19.    As a nineteenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, such rights are unenforceable as Bernzomatic consented to or ratified the acts of Worthington after full disclosure of all pertinent facts.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

20.    As a twentieth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, such rights are unenforceable as Bernzomatic's claims are barred as a result of a failure of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Assumption of Risk)

21.    As a twenty-first, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    20

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

1   as asserted herein by Bernzomatic, such rights are unenforceable as Bernzomatic assumed the risk

2   involved in the transaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Laches)

3
4

5       22.      As a twenty-second, separate and affirmative defense to the Third Party Complaint and

6   each cause of action thereof, Worthington alleges that Bernzomatic's unreasonable delay in seeking to

7   implead Worthington is a basis for denying its impleader.

8
### TWENTY-THIRD AFFIRMATIVE DEFENSE
9   #### (Unforseeable Use)

10      23.      As a twenty-third, separate and affirmative defense to the Third Party Complaint and

11  each cause of action thereof, Worthington alleges that any alleged defect in any product allegedly

12  supplied by Worthington was caused by the unauthorized, unreasonable, and unforeseeable use of the

13
    product by plaintiffs or other individuals, and accordingly, Worthington has no liability with respect to
14
15  the same.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
16  #### (Failure to Comply with Instructions)

17
18      24.      As a twenty-fourth, separate and affirmative defense to the Third Party Complaint and

19  each cause of action thereof, Worthington alleges that Plaintiffs failed to comply with the written and

20  oral instructions relating to use of the product and this failure caused the alleged damages, if any,

21  suffered by plaintiffs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
22  #### (Assumption of Risk by Plaintiffs)
23

24      25.      As a twenty-fifth, separate and affirmative defense to the Third Party Complaint and

25  each cause of action thereof, Worthington alleges that Plaintiffs are barred from recovery in that they

26  were fully informed of the risk and possible consequences of the use of the product.  Plaintiffs had full

27  knowledge of, and accepted and assumed any and all risks and possible adverse effects related to the

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

1  use of the product described in plaintiffs' Complaint and the circumstances surrounding the use of the

2  product.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Altered Product)

3

4

5      26.    As a twenty-sixth, separate and affirmative defense to the Third Party Complaint and

6  each cause of action thereof, Worthington alleges the product which is the subject of this action may

7  have been, without Worthington's knowledge or approval, redesigned, modified and/or altered in such a

8  way as to create the alleged defect which resulted in the injuries and damages claimed by Plaintiffs.

9

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (State of the Art)

10

11      27.    As a twenty-seventh, separate and affirmative defense to the Third Party Complaint and

12  each cause of action thereof, Worthington alleges that that the products at issue met the standards of the

13  state of the art and state of scientific knowledge at the time of its manufacture and distribution to the

14

15  extent of available scientific and technological knowledge then available.  Further, at all relevant times,

16  Worthington acted in conformity with the existing state of knowledge, common and accepted

17  procedures, and state of the art in the manufacture of the products.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Negligence of Plaintiffs)

18

19

20      28.    As a twenty-eighth, separate and distinct affirmative defense to the Third Party

21  Complaint and each cause of action thereof, Worthington alleges that Plaintiffs were careless and

22  negligent with respect to matters alleged in the Complaint and such carelessness and negligence

23  proximately caused and contributed to the extent of one hundred percent (100%) to the happening of the

24  incident, loss and damages complained of, if any there were, and this contributory negligence bars or at

25  least proportionately reduces any potential recovery.

26

27  //

28  //

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                          22

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Other Defenses)

29.     As a twenty-ninth, separate and affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington reserves all rights to supplement this Answer with additional denials and/or affirmative defenses, as further facts are discovered in this litigation.

WHEREFORE, WORTHINGTON INDUSTRIES, INC., having fully responded to Bernzomatic's Third Party Complaint against it, prays that it be henceforth discharged and that all costs be cast upon the Bernzomatic.

Dated: August 16, 2007

BOWLES & VERNA LLP

By: _____
    Richard A. Ergo
    Cathleen S. Huang
    Attorneys for Third Party Defendant
    WORTHINGTON INDUSTRIES, INC.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    23
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

1

**PROOF OF SERVICE**
(Shalaby v. Irwin – USDC, Northern District of California, Case No:  C 06 7026 MJJ)

2

I, the undersigned, declare as follows:

3

I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within

4     entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

5

On August 16, 2007, I served the following document(s):

6

7     **WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNOMATIC'S THIRD PARTY COMPLAINT**

8     on the following parties in this action addressed as follows:

9     *Attorneys for Plaintiffs*                            *Attorneys for Defendant and Third Party Plaintiff*
      Mark D. Epstein                                       *Bernzomatic and Defendant The Home Depot*
      Alborg, Veiluva & Epstein LLP                         J. Phillip Moorhead
10    200 Pringle Avenue, Suite 410                         Keller, Price & Moorhead
      Walnut Creek, CA  94596                               229 Avenue I, 2nd Floor
11    Tel:     (925) 939-9880                               Redondo Beach, CA  90277-5600
      Fax:     (925) 939-9915                               Tel:     (310) 540-1332

12

13    XXXX    *(BY MAIL) I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at*
              *Walnut Creek, California.  I am readily familiar with the business practice for collection and processing of mail in this*
14            *office.  That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in*
              *Walnut Creek on that same day.  I understand that service shall be presumed invalid upon motion of a party served if*
              *the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for*
15            *mailing contained on this affidavit.*

      ___     *(BY PERSONAL SERVICE) I delivered each such envelope by hand to each addressee above.*
16    ___     *(BY OVERNIGHT DELIVERY) I caused each envelope, with delivery fees provided for, to be deposited in a box*
              *regularly maintained by UPS/FEDERAL EXPRESS.  I am readily familiar with Bowles & Verna's practice for collection*
17            *and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's*
              *business practice the document(s) described above will be deposited in a box or other facility regularly maintained by*
18            *UPS/FEDERAL EXPRESS or delivered to an authorized courier or driver authorized by UPS/FEDERAL EXPRESS to*
              *receive documents on the same date that it is placed at Bowles & Verna for collection.*

19    ___     *(BY FACSIMILE)  By use of facsimile machine number (925) 935-0371 or (925) 256-1755, I served a copy of the*
              *within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was*
20            *reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile*
              *machine.*

21

            I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
22    correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
      Executed on August 16, 2007, at Walnut Creek, California.

23

24                                                          *Donna Withrow*
                                                            DONNA WITHROW
25

26

27

28

ORIGINAL
FILED

AUG 16 PM 3:35

1   RICHARD A. ERGO (# 110487)
    CATHLEEN S. HUANG (#219554)
2   BOWLES & VERNA LLP
    2121 N. California Boulevard, Suite 875
3   Walnut Creek, California 94596
    Telephone: (925) 935-3300
4   Facsimile: (925) 935-0371
    Email: raergo@bowlesverna.com
5           chuang@bowlesverna.com

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6   Attorneys for Third Party Defendant
    Worthington Industries, Inc.

7

8

9                   UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12   ANDREW SHALABY, an individual, and SONIA       CASE NO.: C06-07026 MJJ
    DUNN-RUIZ an individual,

13               Plaintiffs,                     Judge Martin J. Jenkins

14       vs.                             WORTHINGTON INDUSTRIES, INC.'S
                                                CORPORATE DISCLOSURE
15   IRWIN INDUSTRIAL TOOL COMPANY, THE     STATEMENT AND CERTIFICATION OF
    HOME DEPOT, INC., and DOES 2 through 100,     INTERESTED ENTITIES OR PERSONS
16   inclusive,

17               Defendants.                   BY FAX

18

19   BERNZOMATIC,

20               Third Party Plaintiff,

21       vs.

22   WESTERN INDUSTRIES, INC.,
    WORTHINGTON INDUSTRIES, AND ROES 2
23   through 100, inclusive,

24           Third Party Defendants.

25           Pursuant to Federal Rules of Civil Procedure Rule 7.1(a), Third Party Defendant Worthington

26   Industries, Inc. ("Worthington") certifies that it does not have a parent corporation and that there is no

27   publicly-held corporation that owns 10% or more of Worthington's stocks.

28

CASE NO.: C06-07026 MJJ                   1
WORTHINGTON INDUSTRIES INC.'S CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION OF
INTERESTED ENTITIES OR PERSONS

1       Pursuant to the Northern District Court of California Civil Local Rules Rule 3-16, Worthington

2 certifies that the following listed persons, associations of persons, firms, partnerships, corporations

3 (including parent corporations) or other entities (i) have a financial interest in the subject matter in

4 controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or

5 in a party that could be substantially affected by the outcome of this proceeding:

6       Worthington's liability carriers are Travelers, ACE, XL, Zurich, Ohio Casualty, and Chubb.

7

8

9

10 Dated: August ___, 2007

11

12                            BOWLES & VERNA LLP

13                            By:

14                               Richard A. Ergo
                              Cathleen S. Huang

15                               Attorneys for Third Party Defendant
                              WORTHINGTON INDUSTRIES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: C06-07026 MJJ           2

WORTHINGTON INDUSTRIES INC.'S CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION OF
INTERESTED ENTITIES OR PERSONS

1

**PROOF OF SERVICE**

**(Shalaby v. Irwin – USDC, Northern District of California, Case No:  C 06 7026 MJJ)**

2

I, the undersigned, declare as follows:

3

    I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within

4

entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

5

    On August 16, 2007, I served the following document(s):

6

**WORTHINGTON INDUSTRIES, INC.'S CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION OF
INTERESTED ENTITIES OR PERSONS**

7

8

on the following parties in this action addressed as follows:

9

| *Attorneys for Plaintiffs* | *Attorneys for Defendant and Third Party Plaintiff* |
|---|---|
| Mark D. Epstein | *Bernzomatic and Defendant The Home Depot* |
| Alborg, Veiluva & Epstein LLP | J. Phillip Moorhead |
| 200 Pringle Avenue, Suite 410 | Keller, Price & Moorhead |
| Walnut Creek, CA  94596 | 229 Avenue I, 2nd Floor |
| Tel:    (925) 939-9880 | Redondo Beach, CA  90277-5600 |
| Fax:    (925) 939-9915 | Tel:    (310) 540-1332 |

10

11

12

13

*XXXX*    **(BY MAIL)** *I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at
Walnut Creek, California. I am readily familiar with the business practice for collection and processing of mail in this
office. That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in
Walnut Creek on that same day. I understand that service shall be presumed invalid upon motion of a party served if
the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for
mailing contained on this affidavit.*

14

15

16

\_\_    **(BY PERSONAL SERVICE)** *I delivered each such envelope by hand to each addressee above.*

\_\_    **(BY OVERNIGHT DELIVERY)** *I caused each envelope, with delivery fees provided for, to be deposited in a box
regularly maintained by UPS/FEDERAL EXPRESS. I am readily familiar with Bowles & Verna's practice for collection
and processing of correspondence for overnight delivery and know that in the ordinary course of business of Bowles & Verna's
business practice the document(s) described above will be deposited in a box or other facility regularly maintained by
UPS/FEDERAL EXPRESS or delivered to an authorized courier or driver authorized by UPS/FEDERAL EXPRESS to
receive documents on the same date that it is placed at Bowles & Verna for collection.*

17

18

19

20

\_\_    **(BY FACSIMILE)** *By use of facsimile machine number (925) 935-0371 or (925) 256-1755, I served a copy of the
within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was
reported as complete and without error. The transmission report was properly issued by the transmitting facsimile
machine.*

21

22

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on August 16, 2007, at Walnut Creek, California.

23

24



25

DONNA WITHROW

26

27

28

1  RICHARD A. ERGO (# 110487)
   CATHLEEN S. HUANG (# 219554)
2  BOWLES & VERNA LLP
   2121 N. California Boulevard, Suite 875
3  Walnut Creek, California 94596
   Telephone: (925) 935-3300
4  Facsimile: (925) 935-0371
   Email: raergo@bowlesverna.com
5         chuang@bowlesverna.com

ORIGINAL FILED

AUG 16 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6  Attorneys for Third Party Defendant
   Worthington Industries, Inc.

7

8

9  UNITED STATES DISTRICT COURT

   NORTHERN DISTRICT OF CALIFORNIA
10

11 ANDREW SHALABY, an individual, and SONIA     Case No.: C06-07026 MJJ
   DUNN-RUIZ an individual,
12                                              Judge Martin J. Jenkins
              Plaintiffs,
13                                              THIRD PARTY DEFENDANT
        vs.                                     WORTHINGTON INDUSTRIES, INC.'S
14                                              MOTION TO TRANSFER VENUE
   IRWIN INDUSTRIAL TOOL COMPANY, THE
15 HOME DEPOT, INC., and DOES 2 through 100,    Date:      September 25, 2007
   inclusive,                                   Time:      9:30 a.m.
16                                              Ctrm:      11, 19th Floor
              Defendants.
17

18 BERNZOMATIC,

19            Third Party Plaintiff,            BY FAX

20      vs.

21 WESTERN INDUSTRIES, INC.,
   WORTHINGTON INDUSTRIES, AND ROES 2
22 through 100, inclusive,

23            Third Party Defendants.

24                         NOTICE OF MOTION
25     PLEASE TAKE NOTICE that on September 25, 2007, at 9:30 a.m. in Courtroom 11 of the

26 above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Third Party

27 Defendant Worthington Industries, Inc. ("Worthington") will move the Court for an order that the

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                        1
THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

above-captioned case be transferred to the United States District Court for the Southern District of California in San Diego.

STATEMENT OF RELIEF

Pursuant to 28 U.S.C. Section 1404(a), Worthington brings this motion to transfer this action to the Southern District in San Diego based on the interests of justice and convenience of the witnesses, as all key third party witnesses work and reside in Southern California. If the venue is transferred to the Southern District, the parties will be more likely to be able to offer the witnesses' testimony live and the witnesses will be the least inconvenienced.

This Motion is based on the documents and exhibits filed herewith, including this Notice of Motion, Memorandum of Points and Authorities, Request for Judicial Notice, the Declaration of Cathleen S. Huang, and such other evidence and argument as may be presented on the hearing of this Motion.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    2

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1  RICHARD A. ERGO (# 110487)
   CATHLEEN S. HUANG (# 219554)
2  BOWLES & VERNA LLP
   2121 N. California Boulevard, Suite 875
3  Walnut Creek, California 94596
   Telephone: (925) 935-3300
4  Facsimile: (925) 935-0371
   Email: raergo@bowlesverna.com
5          chuang@bowlesverna.com

6  Attorneys for Third Party Defendant
   Worthington Industries, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 ANDREW SHALABY, an individual, and SONIA    | Case No.: C06-07026 MJJ
   DUNN-RUIZ an individual,
12                                              | Judge Martin J. Jenkins
                  Plaintiffs,
13                                              | THIRD PARTY DEFENDANT
          vs.                                   | WORTHINGTON INDUSTRIES, INC.'S
14                                              | MEMORANDUM OF POINTS AND
   IRWIN INDUSTRIAL TOOL COMPANY, THE           | AUTHORITIES IN SUPPORT OF
15 HOME DEPOT, INC., and DOES 2 through 100,    | MOTION TO TRANSFER VENUE
   inclusive,
16                                              | Date:    September 25, 2007
                  Defendants.                   | Time:    9:30 a.m.
17                                              | Ctrm:    11, 19th Floor

18

19 BERNZOMATIC,

20                Third Party Plaintiff,

21        vs.

22 WESTERN INDUSTRIES, INC.,
   WORTHINGTON INDUSTRIES, AND ROES 2
23 through 100, inclusive,

24                Third Party Defendants.

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................1

II.     STATEMENT OF FACTS ....................................................................................2

III.    LEGAL ARGUMENT ...........................................................................................5

        A.      Pursuant to 28 U.S.C. Section 1404(a), Venue Should Be Transferred to the
                Southern District of California Because It Is The Most Convenient Forum
                For All Key Witnesses ..............................................................................................5

                1.      The Southern District has Personal and Subject Matter Jurisdiction
                        over the Parties and is a Proper Venue ....................................................6

                2.      The Most Important Factor – "Convenience of the Witnesses" –
                        Weighs In Favor of a Transfer ..................................................................6

                3.      Whether Witnesses Can Testify Live Is Considered In A Motion to
                        Transfer .......................................................................................................8

                4.      The Testimonies of the Key Third Party Witnesses Are Critical
                        As They Help Establish the Cause of The Accident ................................9

                5.      Plaintiffs' Choice of Forum Has Little Connection to This Case ...........9

IV.     CONCLUSION .....................................................................................................10

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                                  i

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1

## **TABLE OF AUTHORITIES**

2

### **CASES**

3

4    *A. J. Industries, Inc. v. U. S.,* (9th Cir. 1974) 503 F.2d 384, 386-87 ..........................................7

5    *Amini Innovation Corp. v. JS Imps., Inc.,*
     (C.D. Cal. 2007) 2007 U.S. Dist. LEXIS 43758, *43-46; ..........................................................7

6    *Decter v. Gill* (ED. Cal. 2006) 2006 U.S. Dist. LEXIS 90415, *7 ..............................................7

7    *Hoffman v. Blaski,* (1960) 363 U.S. 335, 344; 28 U.S.C. § 1404, subd., (a) ..............................6

8

9    *Jones v. GNC Franchising, Inc.,* (9th Cir. 2000) 211 F.3d 495, 498........................................7

10   *Pacific Car and Foundry Co. v. Pence* (9th Cir. 1968) 403 F.2d 949, 954 ...........................7, 10

11   *Polaroid Corp. v. Casselman*, (S.D.N.Y. 1962) 213 F. Supp. 379, 382......................7, 8, 9, 10

12   *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*
     (N.D. Cal. 2000) 2000 U.S. Dist. LEXIS 10139, 8. ...............................................................6, 7

13

14   *Van Dusen v. Barrack,* (1964) 376 U.S. 612, 616 ....................................................................5

15   *Vivoli v. Vivoli's* (C.D. Cal. 1984) 606 F.Supp. 106, 108...........................................................7

16

### **STATUTES**

17

18   28 U.S.C. Section 1391(a)(2) ......................................................................................................6

19   28 U.S.C. Section 1404(a) ...............................................................................................1, 5, 7

20   Federal Rules of Civil Procedure Rule 45(b)(2) .......................................................................7

21

22

23

24

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    ii

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

# I. INTRODUCTION

Third Party Defendant Worthington Industries, Inc. ("Worthington"), contemporaneously with filing its Answer, brings this motion to transfer this action to the Southern District in San Diego based on the interests of justice and convenience of the witnesses. While Worthington was just brought into this products liability action, the case has been pending for some time. Worthington's counsel has had the opportunity to review the deposition transcripts of five third party witnesses, who have been deposed. These San Diego area witnesses are critical to the defense of Plaintiffs' claims of product defect.

On April 21, 2005, Plaintiff Andrew Shalaby suffered serious burn injuries from a fire while camping in San Diego, California. Shalaby and his wife allege that fire was caused by a defect in their MAPP gas torch and/or cylinder, which Shalaby claims he was using to attempt to light a campfire. However, various third party witnesses who reside and work in the San Diego area have offered contradictory testimony as to how the accident occurred. Specifically, their testimonies would establish that Shalaby's conduct (including banging the torch against a hard surface and kicking the torch into the camp fire), rather than the alleged defect, caused the incident.

Consistent with Shalaby banging the cylinder against a hard surface is the fact that there was a hole on the top of the cylinder observed after the accident by two of these San Diego witnesses. However, the cylinder and torch were discarded shortly after the accident. Consequently, the only evidence of the physical condition of the cylinder after the accident will be the testimony of two campground rangers who observed the crack in the cylinder and described its size, location and nature. Their testimony will serve as the factual foundation for the expert witnesses to opine on the cause of the accident.

Having the trial in Northern California will likely prevent the defendants from putting on live testimony of some or all of the critical witnesses. In lieu of live testimony, defendants will likely have to offer critical testimony into evidence by reading deposition transcripts. To the extent that defendants are able to convince or compel any of the third party witnesses to travel 500 miles to testify, such will be a substantial burden on and inconvenience to the witnesses.

Accordingly, pursuant to 28 U.S.C. Section 1404(a), the interests of justice and the convenience

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                                    1

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

of the witnesses demand that this action be transferred to the Southern District in San Diego where defendants will be able to offer the witnesses' testimony live and where the witnesses will be the least inconvenienced.

## II.    STATEMENT OF FACTS

In early to mid 2005, Shalaby allegedly purchased a Bernzomatic MAPP Gas torch kit from a Home Depot store located in El Cerrito, California. The kit allegedly included a torch and a yellow MAPP Gas cylinder filled with MAPP Gas. (Plaintiffs' First Amended Complaint ("FAC") attached as Exhibit A to Request for Judicial Notice ("RJN") at ¶ 9.) Shortly thereafter, Shalaby purchased several replacement cylinders. (FAC ¶ 11.) MAPP Gas is typically used for welding and soldering due to its high combustion temperature of 5301 degrees Fahrenheit (2927 degrees Celsius). (Joint Case Management Statement ("JCMS") RJN Exh. B at p. 2, § 1a.) In place of its conventional use, Shalaby regularly used his torch to light campfires. (JCMS, p. 2, § 1b.)

During the week of April 17, 2006, Shalaby, Plaintiff Dunn-Ruiz, and their two children were vacationing at a recreational vehicle park known as "Campland on the Bay" located in San Diego, California. (JCMS, p. 2, § 1b.) Shalaby took his torch and MAPP Gas cylinders with him on this trip. Shalaby claims that on April 21, 2006 when he attempted to light a campfire using his torch, the cylinder exploded and/or discharged its contents, causing Shalaby to suffer burn injuries. (FAC ¶¶ 20-22.)

Key third party witnesses including camp rangers, Randy Stephens and Warren Ratliff, and paramedics, Robert Price and Joe Russo, all work and reside in the Southern California area. (The deposition transcripts of Randy Stephens, Warren Ratliff, Robert Price, and Joe Russo are attached as Exhibits A to D to the Declaration of Cathleen S. Huang ("Huang Decl."). See Huang Decl. Exh. C, Price dep. 5:10-6:21; Huang Decl. Exh. A, Stephens dep. 9:1-22; Huang Decl. Exh. B, Ratliff dep. 8:5-9:4; Huang Decl. Exh. D, Russo dep. 10:19 – 11:9.) They offer the following testimony, which is highly probative on the issue of causation.

Ranger Randy Stephens was on duty at Campland on the day of the incident. (Huang Decl. Exh. A, Stephens dep. 11:7-10.) Fellow campers witnessed the incident and one camper reported it and

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                               2

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1   Ranger Stephens was radioed to go to the site of the incident. (Huang Decl. Exh. A, Stephens dep.,

2   10:4-14; 11:7-19.) Stephens went to the accident scene and heard Shalaby repeating out loud: "I'm an

3   idiot. I can't believe I'm so stupid." "This is all my fault." (Huang Decl. Exh. A, Stephens dep.,

4   35:11-24.)

5

6       Stephens has experience with MAPP gas and torches. (Huang Decl. Exh. A, Stephens dep.,

7   48:9-23.) Based on his observations, the torch being used was not a proper torch for a MAPP gas

8   cylinder. (Huang Decl. Exh. A, Stephens dep., 49:8-50:18.)

9       Warren Ratliff is also a ranger at Campland. (Huang Decl. Exh. B, Ratliff dep., 9:8-22.) Ratliff

10  went to the accident scene along with the fire department and paramedics. (Huang Decl. Exh. B, Ratliff

11  dep., 17:23-18:7.) At the scene, Ratliff spoke to neighboring campers. (Huang Decl. Exh. B, Ratliff

12  dep., 18:21-19:2.) Among other things, campers told him that Shalaby had attempted to light a

13  campfire with his torch and when he was unsuccessful, he became "frustrated" and started banging the

14  torch on the campfire ring. (Huang Decl. Exh. B, Ratliff dep., 19:7-20:23.)

15      Ratliff made an hour-long examination of the torch and cylinder after the incident. (Huang

16  Decl. Exh. B, Ratliff dep., 66:20-23.) Based on his examination, Ratliff felt that the torch apparatus

17  may have been improperly attached to the cylinder or not placed fully in the "on" position. (Huang

18  Decl. Exh. B, Ratliff dep., 31:5-13.) Ratliff has extensive experience with MAPP gas torches, having

19  used them to weld pipes together while he worked as a certified welder for the Navy, a plumber, and as

20  a maintenance person. (Huang Decl. Exh. B, Ratliff dep., 56:5-7, 58:22-25, 59:6-12, and 62:21-65:10.)

21      During his examination, Ratliff made many observations of the torch and cylinder remnants as

22  follows. Ratliff observed a crack in the cylinder that appeared to have been caused by banging the

23  cylinder against a hard surface. (Huang Decl. Exh. B, Ratliff dep., 67:21-70:19.) Ratliff noted that the

24  threaded neck of the cylinder just above the edge of the crack tilted away from the crack at a slight

25  angle, which suggested to Ratliff that the torch may have been banged against something, thereby

26  adjusting the threaded area of the cylinder. (Huang Decl. Exh. B, Ratliff dep., 70:10-19; 72:17-73:4)

27  Ratliff said the crack was at the top of the cylinder at the point where the cylinder body tapered to the

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ          3

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

threaded neck and where the torch apparatus was attached. (Huang Decl. Exh. B, Ratliff dep., 67:21-25; 68:20-24.) The edges of the crack appeared to have been forced outward from the interior of the cylinder as if from an explosion. (Huang Decl. Exh. B, Ratliff dep., 68:1-10.) When Ratliff picked up the torch and cylinder, the torch apparatus was still attached, but it was loose and did not appear to be screwed on entirely. (Huang Decl. Exh. B, Ratliff dep., 73:5-10.)

Ranger Stephens made similar observations of the cylinder. (Huang Decl. Exh. A, Stephens dep. 42:14-43:1.) In particular, he observed a split approximately two-and-a-half inches long and a quarter inch wide at the neck of the cylinder. (Huang Decl. Exh. A, Stephens dep. 42:14-43:1.) He also saw that the cylinder had burst open just beyond the threads at the neck. (Huang Decl. Exh. A, Stephens dep. 42:1-7.)

Paramedic Robert Price responded to this accident as an intern for Station 21 of the San Diego Fire Department. (Huang Decl. Exh. C, Price dep., 6:15-7:14.) Price treated Shalaby at the scene. (Huang Decl. Exh. C, Price dep., 9:5-10:10.) Price saw beer bottles at the campsite and smelled alcohol on Shalaby's breath. (Huang Decl. Exh. C, Price dep., 22:13-23:6.)

Price was one of the persons that inputted information into what eventually became the fire department report. (Huang Decl. Exh. C, Price dep., 12:12-13:21) One of Price's entries into the report reflects:

"Patient was kicking around a propane torch. It went into a fire and blew up and burned him. Family called 911." (Huang Decl. Exh. C, Price dep., 19:19-20:1.)

Price wasn't sure whether this statement was made to him by Shalaby or someone else. (Huang Decl. Exh. C, Price dep., 20:13-17.) However, Price's supervisor, Joe Russo, was present when Price was interviewing Shalaby. (Huang Decl. Exh. D, Russo dep., 14:3-25; 22:6-17.) Russo heard Shalaby state that he had kicked a "propane" cylinder into the fire and that it exploded. (Huang Decl. Exh. D, Russo dep., 22:18-23:7.)

An unidentified engineer with fire department told Stephens and Ratliff that the fire department did not need to take possession of the torch or cylinder. (Huang Decl. Exh. A, Stephens dep., 61:22-62:4; Huang Decl. Exh. B, Ratliff dep., 35:5-36:7.) Stephens recalls that the engineer said that they did not need the evidence because:

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    4

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

"...the gentleman in question, the patient, as they stated, had already told them, and that it was an accident." (Huang Decl. Exh. A, Stephens dep., 61:22-62:4.)

Including Price and Russo, seven persons from San Diego Fire Department Station 21 responded to this incident. (Huang Decl. Exh. D, Russo dep., 29:17-30:20; 45:6-8; Exhibit 8.)

Ratliff took the cylinder and torch back to the ranger station where it remained for two or three days. (Huang Decl. Exh. B, Ratliff dep., 36:15-21.) Thereafter, Ratliff believes that another staff member at the campground threw the torch and cylinder away. (Huang Decl. Exh. B, Ratliff dep., 37:15-17.)

Plaintiffs originally filed this action in Alameda Superior Court naming Newell Rubbermaid, Inc. ("Newell") and The Home Depot, Inc. ("Home Depot") as defendants. The case was removed to the Northern District. Thereafter, plaintiffs filed an amended complaint in which Home Depot remains a defendant, but Irwin Industrial Tool Company, Inc. ("Irwin") was named in place of Newell. Bernzomatic, a division of Irwin, has sued Worthington and Western for indemnity in a third party complaint.

### III. LEGAL ARGUMENT

A.    **Pursuant to 28 U.S.C. Section 1404(a), Venue Should Be Transferred to the Southern District of California Because It Is The Most Convenient Forum For All Key Witnesses**

Motions to transfer venue are governed by 28 U.S.C. Section 1404(a), which provides:

> [f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where [the action] might have been brought.

The purpose of Section 1404(a) is: "to prevent the waste of 'time, energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, (1964) 376 U.S. 612, 616. Since all of the key third party witnesses in this case live and work in the San Diego area, this case should be transferred to the Southern District for their convenience.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    5
THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1    **1.    The Southern District has Personal and Subject Matter Jurisdiction over the Parties and is a Proper Venue**

As a threshold matter, the moving party of a motion to transfer venue must show that the forum to which they seek to transfer is a forum in which the action originally might have been brought. See *Hoffman v. Blaski,* (1960) 363 U.S. 335, 344; 28 U.S.C. § 1404, subd., (a). The California District Courts have interpreted this to mean that "[t]he transferee court must have had complete personal jurisdiction over defendants, subject matter jurisdiction over the defendants, and proper venue had the claim originally been brought in that court." *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.* (N.D. Cal. 2000) 2000 U.S. Dist. LEXIS 10139, 8. (Referencing *Hoffman,* 363 U.S. at 343-344.)

Here, all three of these requirements are satisfied. None of the defendants or third party defendants contest personal jurisdiction. The court has proper subject matter jurisdiction because there is diversity of citizenship[1] and because the claim exceeds $75,000.[2] Venue in the Southern District is proper under 28 U.S.C. Section 1391(a)(2)[3] in that the accident giving rise to this action occurred within the Southern District.

**2.    The Most Important Factor – "Convenience of the Witnesses" – Weighs In Favor of a Transfer**

Once a court has determined that an action could have originally been brought in a different

---

[1] There is complete diversity among the Plaintiffs, the Defendants, and Third Party Defendants. Plaintiffs are citizens of California. Defendant Irwin Industrial Tool Company, Inc. is a Delaware corporation, with its principal place of business in North Carolina. Defendant The Home Depot, Inc. is a Delaware corporation, with its principal place of business in Georgia. Worthington is incorporated in and has its principal place of business in Ohio. Third Party Defendant Western Industries, Inc., is incorporated in and has its principal place of business in Wisconsin.

[2] Shalaby's past medial specials alone exceed $300,000.

[3] 28 USCA Section 1391(a)(2) provides: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    6
THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

district, it must then determine whether the transfer would further the "convenience of parties and witnesses" and "the interest of justice." *Royal Queentex, supra* at 7. The district court has discretion to adjudicate motions for transfer according to "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, (9th Cir. 2000) 211 F.3d 495, 498. The courts weigh eight factors to determine whether a transfer is appropriate in a particular case:

> (1)plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Royal Queentex, supra.* at 7-8. Among the eight factors, "convenience of the witnesses" is the most important. *Amini Innovation Corp. v. JS Imps., Inc.*, (C.D. Cal. 2007) 2007 U.S. Dist. LEXIS 43758, *43-46; *Accord Royal Queentex, supra* at 18; *Decter v. Gill* (ED. Cal. 2006) 2006 U.S. Dist. LEXIS 90415, *7; See also *A. J. Industries, Inc. v. U. S.*, (9th Cir. 1974) 503 F.2d 384, 386-87 (discussing the importance and history of the convenience of witnesses in a Section 1404(a) transfer).

Federal Rules of Civil Procedure Rule 45(b)(2) permits service of a trial subpoena anywhere in California based on the fact that California state court statutes allow for such. Regardless, the practical reality is that the defendants will be unable to arrange for most, let alone all, of the critical witnesses to travel from the San Diego area to Northern California to testify at trial. The witnesses may have compelling reasons not to travel and spend one or more nights away from their homes and work. The witnesses' cooperation may be thoroughly tainted by the inconvenience of being compelled to travel to Northern California. Or the witnesses may simply not come. In *Polaroid Corp. v. Casselman*, (S.D.N.Y. 1962) 213 F. Supp. 379, 382 (cited in *Pacific Car and Foundry Co. v. Pence* (9th Cir. 1968) 403 F.2d 949, 954 and in *Vivoli v. Vivoli's* (C.D. Cal. 1984) 606 F.Supp. 106, 108), the Court recognized that "even if the witnesses are willing to travel to [plaintiff's choice of forum] the parties would be subjected to expense, the witnesses to inconvenience, and the trial, in all likelihood, to

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    7

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1  interruption and delay. All of this can be avoided by trial in [the more convenient forum.]" Thus, the

2  interests of justice cry out for this case being transferred to the Southern District.

3       If the trial were in San Diego, the witnesses could simply be on standby and appear at trial on

4
   short notice. Further, if their testimony were not completed by the end of the court day, they would be
5
6  able to return to their homes that night. In contrast, if the case remains in the Northern District, the

7  witnesses will not have that luxury. Rather, they will have to travel 500 miles to San Francisco. They

8  will have to spend the night away from home the day before their *scheduled* testimony and spend

9  additional nights to the extent they are not called when scheduled or their testimony is not completed by

10
   the end of the court day.
11
12       Perhaps keeping the case in the Northern District would be justified if it inconvenienced just one

   witness. However, Worthington has cited critical testimony of four separate witnesses. Moreover,
13
14 there were five additional persons from the San Diego Fire Department at the scene who may also have

15 critical testimony. (To date, only one of those persons has been deposed.) Further, the neighboring

16 campers who witnessed Shalaby's actions leading up to the accident may be called as witnesses.

17 Finally, Shalaby's initial treatment was at a hospital in the San Diego area. Thus, there may be well in

18
   excess of a dozen third party witnesses needed to testify at trial who live and work in the San Diego
19
   area.
20
        **3. Whether Witnesses Can Testify Live Is Considered In A Motion to Transfer**
21
22       In evaluating the effect of a transfer on the convenience of witnesses, courts consider the

23 availability of certain witnesses and their live testimony at trial. *Polaroid, supra,* at 382. There is no

24 question that Shalaby suffered serious burns and a jury will likely be sympathetic to his injuries.

25 Worthington anticipates that Shalaby will deny banging his cylinder on a hard surface, kicking his

26
   cylinder into the fire or admitting fault for the accident. To counter Shalaby's testimony, it will be
27
28 critical to have the third party witnesses appear live at trial, as opposed to having to rely on reading

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    8

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1   their deposition transcripts. Needless to say, reading the testimonies will greatly reduce their impact.

2   As the *Polaroid* Court aptly observed, presenting testimony by deposition does not have the same force

3   and effect as live testimony and must be considered in a motion to transfer:

4
        Depositions, deadening and one-sided, are a poor substitute for live testimony
5       especially where, as here, vital issues of fact may hinge on credibility. In
        determining credibility, there is nothing like the impact of live dramatis personae
6       on the trier of the facts. Thus, the transfer which defendant seeks will not only
        serve the convenience of the witnesses but, more importantly, the ends of justice.
7

8   *Polaroid, supra* at 382-383.

9          **4.  The Testimonies of the Key Third Party Witnesses Are Critical As They Help
               Establish the Cause of The Accident.**
10

11         The testimonies of the third party witnesses are pivotal in this case – as they will help the trier of

12  fact to determine how this accident occurred and whether any defective product caused, or contributed

13  to the cause of, the accident. Based on the deposition testimonies cited above, it was Shalaby's

14  conduct, rather than an alleged defect, that caused the accident. Specifically, the testimonies indicate

15  that:
16
17         1.  Shalaby became frustrated with his torch and banged the cylinder against a hard object.

18         2.  Shalaby kicked the torch and cylinder into a fire.

19         3.  Shalaby made admissions that he was "stupid" and at fault for the accident.

20         4.  Shalaby did not fully connect the torch to the cylinder.

21         5.  Shalaby used the wrong type of torch with the cylinder.

22         The testimonies of these lay witnesses are even more essential and valuable because the physical

23  evidence has been discarded. Generally in product liability cases where physical evidence is available,

24  liability often turns on the opinions of experts given after careful examination and testing of the product

25  in question. Here, through no fault of their own, defendants' experts will have no such opportunity. To

26  be able to opine on causation, it will be extremely important to the experts to know the nature of the

27  damage to the cylinder, i.e. the location of the crack, the size of the crack, a description of the crack,
28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                      9

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1   etc. Hence, without the cylinder and the torch, the experts will have to rely on the two rangers'

2   description of the physical damage, as the foundational facts to determine whether the potential theories

3   of the accident offered are consistent with the physical damage.

4

5        **5.**     **Plaintiffs' Choice of Forum Has Little Connection to This Case**

6        Worthington acknowledges that Plaintiffs' choice of forum is accorded weight in the court's

7   determination of the propriety of a transfer. However, if the Plaintiff's choice of forum has no real

8   connection with the litigation and the movant has made a strong showing of inconvenience, a transfer

9   should be granted. *See Pacific Car, supra* at *954; Polaroid, supra,* at 383. Indeed, "[p]laintiff's choice

10  of forum, then, is not the final word." *Pacific Car, supra* at 954.

11       Besides being plaintiffs' domicile, this forum has tenuous nexus to the fundamental issue of this

12
13  case: the cause of the accident. In contrast, being the forum where the incident occurred and where the

14  key witnesses reside, the Southern District has a very significant connection. Worthington has clearly

15  identified who the inconvenienced witnesses will be, and what their testimony will be and how that

16  testimony will be relevant to this case. These witnesses will play critical roles in this case and a venue

17  change will have a significant impact on their convenience. Therefore, the scale significantly tips  in

18  favor of a transfer.

19
20                      **IV.  CONCLUSION**

21       The interests of convenience and justice favor transferring this case to the Southern District.  If

22  the trial occurs in Northern California, witnesses critical to the defense of this matter will either not

23  appear or will suffer major inconvenience. The testimony of these witnesses does not involve minor

24  issues, but rather goes to the heart of how this accident occurred. Moreover, because the evidence has

25  been discarded, the only evidence of the physical condition of the cylinder – which will be critical to

26  expert analysis – will be the testimony of the two San Diego area witnesses. Because these witnesses

27  will contradict plaintiffs' version of the accident, it is imperative that the jury be able to observe the

28  live testimony rather than hear monotonous readings of deposition transcripts. Accordingly,

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ          10

THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE

1  Worthington respectfully requests that this Court grant its motion to transfer venue to the Southern

2  District.

3

4  Dated:  August ___16___, 2007                    BOWLES & VERNA LLP

5

6

7                                                  By: _____
                                                        RICHARD A. ERGO
8                                                       Attorneys for Third Party Defendant
                                                        Worthington Industries, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                          11
THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE