40.     As set forth in the First Claim, both Third Party Defendants, Western and Worthington, separately contracted with Defendant/Third Party Plaintiff, Bernzomatic, to defend and indemnify Bernzomatic against claims involving cylinders manufactured by each of them.

**RESPONSE:** Worthington admits that the agreement between Irwin Industrial Tool Company and Worthington Cylinders Wisconsin, LLC and the agreement between Western and Newell Operating Company speak for themselves. Worthington denies the remaining allegations in Paragraph 40 that are directed at Worthington. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and on that basis denies each and every remaining allegation contained therein.

41.     One purpose of the contractual provision to identify a cylinder manufacturer in the absence of a serial number or other reliable information is to insure that at least one of the manufacturers will take responsibility for the manufacture of the cylinder.

**RESPONSE:** Worthington admits that the agreement between Irwin Industrial Tool Company and Worthington Cylinders Wisconsin, LLC and the agreement between Western and Newell Operating Company speak for themselves. Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and on that basis denies each and every remaining allegation contained therein.

42.     The identification of the cylinder manufacturer may be necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's rights to a defense and indemnification as set forth in the First, Second and Third Claims.

**RESPONSE:** Worthington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies each and every allegation contained therein.

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ          14
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## FIFTH CLAIM – ESTOPPEL

43.    Defendant/Third Party Plaintiff incorporates by reference the allegations in Paragraph 1 through 42 as if fully rewritten herein.

**RESPONSE:**  Worthington refers to Paragraphs 1 through 42 of this Answer to Bernzomatic's Third Party Complaint and by this reference incorporates the same herein as though fully set forth.

44.    Given the allegations in the Shalaby litigation that a Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries, it is undisputed that either Western or Worthington manufactured the MAPP gas cylinder.

**RESPONSE:**  Worthington denies the allegations in Paragraph 44.

45.    If Plaintiffs are able to maintain an action against Defendant/Third Party Plaintiff Bernzomatic for injuries, Western and Worthington are estopped from denying responsibility for the manufacture, sale and distribution of the Bernzomatic-branded MAPP gas cylinder as it would lead to an unjust result.

**RESPONSE:**  Worthington denies the allegations in Paragraph 45 that are directed at Worthington.  Worthington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis denies each and every remaining allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Insufficient Facts to Constitute a Cause of Action)

1.    As a first, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that some or all of the claims for relief fail to state facts sufficient to constitute a cause of action against Worthington.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    15

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**
**(Negligence of Third Party Plaintiff)**

2.    As a second, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that Bernzomatic was careless and negligent with respect to matters alleged in the Third Party Complaint and such carelessness and negligence proximately caused and contributed to the extent of one hundred percent (100%) to the happening of the incident, loss and damages complained of, if any there were, and this contributory negligence bars or at least proportionately reduces any potential recovery.

**THIRD AFFIRMATIVE DEFENSE**
**(Negligence of Others)**

3.    As a third, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that the damages Plaintiffs and Third Party Plaintiff complained of, if any there were, were proximately contributed to or caused by the carelessness, negligence, fault or defects created by the remaining parties in this action, or by other persons, corporations or business entities, unknown to Worthington at this time and were not caused in any way by Worthington or by persons for whom Worthington is legally liable.

**FOURTH AFFIRMATIVE DEFENSE**
**(Imputed Negligence)**

4.    As a fourth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that the damages complained of, if any there were, were either wholly or in part, negligently or otherwise, caused by persons, firms, corporations, or entities other than Worthington, and such negligence or other conduct is either imputed to Bernzomatic, by reason of the relationship of such parties to Bernzomatic, and/or such negligence or other conduct comparatively reduces the percentage of negligence, if any, by Worthington.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    16
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

5.    As a fifth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, some or all of Bernzomatic's causes of action are barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure, Sections 337, 339, and 343.

## SIXTH AFFIRMATIVE DEFENSE
### (Breach of Contract)

6.    As a sixth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, Bernzomatic cannot assert any of the contractual claims contained in the Third Party Complaint because Bernzomatic, as well as its agents, materially breached said contract or contracts.

## SEVENTH AFFIRMATIVE DEFENSE
### (Intervening Cause)

7.    As a seventh, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, the injuries and damages of which Bernzomatic complains were proximately caused or contributed to by the acts of other persons and/or entities.  These acts were an intervening, supervening and superseding cause of the damages, if any, of which Bernzomatic alleges it suffered, thereby barring Bernzomatic from any recovery against Worthington.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

8.    As an eighth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, by conduct, representations and omissions, Bernzomatic has waived, relinquished and/or abandoned any claim for relief against Worthington respecting the matters which are the subject of the Third Party Complaint.

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    17
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

9.    As a ninth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, by conduct, representations and omissions, Bernzomatic is equitably estopped to assert any claim for relief against Worthington respecting the matters which are the subject of the Third Party Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

10.    As a tenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, no relief may be obtained by Bernzomatic under the Third Party Complaint by reason of the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Superseding & Intervening Cause)**

11.    As an eleventh, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that responsibility for any harm, injury or damages sustained by Bernzomatic was caused by acts or events which constitute a superseding and intervening cause.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

12.    As a twelfth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that Bernzomatic and/or its representatives failed and neglected to use reasonable care to protect themselves and to minimize the losses and damages complained of, if any there were.  Worthington further alleges that Plaintiffs' alleged injuries, loss, or damages, if any, were aggravated by plaintiffs' failure to use reasonable diligence to mitigate same.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

13.    As a thirteenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Bernzomatic's causes of action are barred in whole or in part because

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    18
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

1  any actions taken by Worthington were fair and reasonable and were performed in good faith based on

2  all relevant facts known to Worthington at the time.

3
### FOURTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)
4

5      14.    As a fourteenth, separate and distinct affirmative defense to the Third Party Complaint

6  and each cause of action thereof, to the extent Bernzomatic has the right to recover any amount from

7  Worthington (which right Worthington denies), such recovery must be reduced by the amount of

8  damage attributable to Bernzomatic's own negligence and fault.

9
### FIFTEENTH AFFIRMATIVE DEFENSE
### (Offset and Reduction)
10

11      15.    As a fifteenth, separate and distinct affirmative defense to the Third Party Complaint and

12  each cause of action thereof, Bernzomatic should be barred from recovery in whole or part, in

13  proportion to the fault attributed to itself.

14

15
### SIXTEENTH AFFIRMATIVE DEFENSE
### (Constructive Fraud)
16

17      16.    As a sixteenth, separate and distinct affirmative defense to the Third Party Complaint

18  and each cause of action thereof, at all times relevant, Bernzomatic or his agents failed, concealed

19  and/or refused to disclose certain material documents and facts to Worthington, thus misleading

20  Worthington to its extreme prejudice.  Bernzomatic's or its agent's constructive fraud/unclean hands

21  serves as a bar to the entire action and as to Bernzomatic's claims as against Worthington.

22
### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Willful and Gross Contributory Negligence)
23

24      17.    As a seventeenth, separate and distinct affirmative defense to the Third Party Complaint

25  and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights

26  as asserted herein by Bernzomatic, Bernzomatic and its agents were willfully and grossly negligent in

27  the matters alleged, thereby causing and contributing to any injury, damage or loss to Bernzomatic.

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ         19
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Partial Indemnity)**

18.     As an eighteenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, Bernzomatic was negligent or legally responsible or otherwise at fault for the damages alleged in the Third Party Complaint.  Worthington therefore requests that, in the event of a finding of any liability in favor of Bernzomatic or settlement or judgment against Worthington, an apportionment of fault be made among all parties by the court or jury.  Worthington further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Ratification, Consent)**

19.     As a nineteenth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, such rights are unenforceable as Bernzomatic consented to or ratified the acts of Worthington after full disclosure of all pertinent facts.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

20.     As a twentieth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Bernzomatic, such rights are unenforceable as Bernzomatic's claims are barred as a result of a failure of consideration.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

21.     As a twenty-first, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

1  as asserted herein by Bernzomatic, such rights are unenforceable as Bernzomatic assumed the risk

2  involved in the transaction.

3
## TWENTY-SECOND AFFIRMATIVE DEFENSE
4
### (Laches)

5      22.    As a twenty-second, separate and affirmative defense to the Third Party Complaint and

6  each cause of action thereof, Worthington alleges that Bernzomatic's unreasonable delay in seeking to

7  implead Worthington is a basis for denying its impleader.

8
## TWENTY-THIRD AFFIRMATIVE DEFENSE
9
### (Unforseeable Use)

10     23.    As a twenty-third, separate and affirmative defense to the Third Party Complaint and

11 each cause of action thereof, Worthington alleges that any alleged defect in any product allegedly

12 supplied by Worthington was caused by the unauthorized, unreasonable, and unforeseeable use of the

13 product by plaintiffs or other individuals, and accordingly, Worthington has no liability with respect to

14 the same.

15
16
## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Instructions)
17
18     24.    As a twenty-fourth, separate and affirmative defense to the Third Party Complaint and

19 each cause of action thereof, Worthington alleges that Plaintiffs failed to comply with the written and

20 oral instructions relating to use of the product and this failure caused the alleged damages, if any,

21 suffered by plaintiffs.

22
## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk by Plaintiffs)
23
24     25.    As a twenty-fifth, separate and affirmative defense to the Third Party Complaint and

25 each cause of action thereof, Worthington alleges that Plaintiffs are barred from recovery in that they

26 were fully informed of the risk and possible consequences of the use of the product.  Plaintiffs had full

27 knowledge of, and accepted and assumed any and all risks and possible adverse effects related to the

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ          21

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

1 | use of the product described in plaintiffs' Complaint and the circumstances surrounding the use of the

2 | product.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Altered Product)

26.    As a twenty-sixth, separate and affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges the product which is the subject of this action may have been, without Worthington's knowledge or approval, redesigned, modified and/or altered in such a way as to create the alleged defect which resulted in the injuries and damages claimed by Plaintiffs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (State of the Art)

27.    As a twenty-seventh, separate and affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that that the products at issue met the standards of the state of the art and state of scientific knowledge at the time of its manufacture and distribution to the extent of available scientific and technological knowledge then available.  Further, at all relevant times, Worthington acted in conformity with the existing state of knowledge, common and accepted procedures, and state of the art in the manufacture of the products.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Negligence of Plaintiffs)

28.    As a twenty-eighth, separate and distinct affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington alleges that Plaintiffs were careless and negligent with respect to matters alleged in the Complaint and such carelessness and negligence proximately caused and contributed to the extent of one hundred percent (100%) to the happening of the incident, loss and damages complained of, if any there were, and this contributory negligence bars or at least proportionately reduces any potential recovery.

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                          22

WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Other Defenses)

29.    As a twenty-ninth, separate and affirmative defense to the Third Party Complaint and each cause of action thereof, Worthington reserves all rights to supplement this Answer with additional denials and/or affirmative defenses, as further facts are discovered in this litigation.


WHEREFORE, WORTHINGTON INDUSTRIES, INC., having fully responded to Bernzomatic's Third Party Complaint against it, prays that it be henceforth discharged and that all costs be cast upon the Bernzomatic.


Dated: August __16__, 2007                BOWLES & VERNA LLP


                                          By: _____
                                              Richard A. Ergo
                                              Cathleen S. Huang
                                              Attorneys for Third Party Defendant
                                              WORTHINGTON INDUSTRIES, INC.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                    23
WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNZOMATIC'S THIRD PARTY COMPLAINT

**PROOF OF SERVICE**
(Shalaby v. Irwin – USDC, Northern District of California, Case No: C 06 7026 MJJ)

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

On August 16, 2007, I served the following document(s):

**WORTHINGTON INDUSTRIES, INC.'S ANSWER TO BERNOMATIC'S THIRD PARTY COMPLAINT**

on the following parties in this action addressed as follows:

| *Attorneys for Plaintiffs* | *Attorneys for Defendant and Third Party Plaintiff* |
|---|---|
| Mark D. Epstein | *Bernzomatic and Defendant The Home Depot* |
| Alborg, Veiluva & Epstein LLP | J. Phillip Moorhead |
| 200 Pringle Avenue, Suite 410 | Keller, Price & Moorhead |
| Walnut Creek, CA 94596 | 229 Avenue I, 2nd Floor |
| Tel:   (925) 939-9880 | Redondo Beach, CA 90277-5600 |
| Fax:   (925) 939-9915 | Tel:    (310) 540-1332 |

<u>**XXXX**</u>    *(BY MAIL) I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at Walnut Creek, California. I am readily familiar with the business practice for collection and processing of mail in this office. That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in Walnut Creek on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.*

___    *(BY PERSONAL SERVICE) I delivered each such envelope by hand to each addressee above.*

___    *(BY OVERNIGHT DELIVERY) I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by UPS/FEDERAL EXPRESS. I am readily familiar with Bowles & Verna's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS/FEDERAL EXPRESS or delivered to an authorized courier or driver authorized by UPS/FEDERAL EXPRESS to receive documents on the same date that it is placed at Bowles & Verna for collection.*

___    *(BY FACSIMILE) By use of facsimile machine number (925) 935-0371 or (925) 256-1755, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on August 16, 2007, at Walnut Creek, California.

*Donna Withrow*
DONNA WITHROW

```
1   Joshua S. Goodman – SB # 116576
2   Pavan L. Rosati – SB # 146171
    Jenkins Goodman Neuman & Hamilton LLP
3   417 Montgomery Street, 10th Floor
    San Francisco, CA 94104
    Telephone: (415) 705-0400
4   Facsimile:  (415) 705-0411

5   Attorneys for Defendants HOME DEPOT U.S.A., INC., NEWELL RUBBERMAID, INC.
    and RUBBERMAID, INC.
```

FILED

NOV 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CW

|                                          |   |                                 |
|------------------------------------------|---|---------------------------------|
| ANDREW SHALABY, an individual, and       | ) | Case No. C 06 7026              |
| SONIA DUNN-RUIZ, an individual,          | ) |                                 |
|                                          | ) | CERTIFICATE OF SERVICE OF       |
|            Plaintiffs,                    | ) | NOTICE TO ADVERSE PARTY OF      |
|       vs.                                 | ) | REMOVAL TO FEDERAL COURT        |
|                                          | ) |                                 |
| NEWELL RUBBERMAID, INC., a               | ) |                                 |
| Delaware corporation, THE HOME           | ) |                                 |
| DEPOT, INC., a Delaware corporation and  | ) |                                 |
| DOES 1 - 100,                            | ) |                                 |
|                                          | ) |                                 |
|            Defendants.                    | ) |                                 |
```

        I, Nikki Sands, certify and declare as follows:

        I am over the age of 18 years and not a party to this action.  My business address is

417 Montgomery Street, 10th Floor, San Francisco, CA 94104, which is located in the

City, County and State where the mailing described below took place.

        On November 9, 2006, I deposited in the United States Mail at San Francisco,

California, a copy of the Notice to Adverse Party of Removal to Federal Court dated

November 9, 2006, a copy of which is attached to this Certificate.

        I declare under penalty of perjury under the laws of the State of California that the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

1    foregoing is true and correct.

2         Executed this ___9n___ day of November, 2006, at San Francisco, California.

3                                        _N. Sands_

4                                        Nikki Sands

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400
25

26

Joshua S. Goodman, SB # 116576
Pavan L. Rosati, CB # 146171
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Defendants HOME DEPOT U.S.A., INC., NEWELL RUBBERMAID, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual, | Case No.: RG06292670 |
| Plaintiffs, | NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT |
| vs. | |
| NEWELL RUBBERMAID, INC., et al., | |
| Defendants. | |

TO PLAINTIFFS, ANDREW SHALABY AND SONIA DUNN-RUIZ, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Northern District of California, on November 9, 2006. A copy of said Notice of Removal is attached to this Notice, and is served and filed herewith.

DATE: November 9, 2006

JENKINS GOODMAN NEUMAN & HAMILTON

PAVAN L. ROSATI FOR/
Joshua S. Goodman, Attorneys for
Defendants HOME DEPOT U.S.A, INC., et al.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO FEDERAL COURT -1
10341894.tif - 11/9/2006 1:19:43 PM

# PROOF OF SERVICE

**CASE NAME:** *Shalaby v. Home Depot, et al.*
**CASE NUMBER:**
**DATE OF SERVICE:** November 9, 2006
**DESCRIPTION OF DOCUMENTS SERVED:**

**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

**SERVED ON THE FOLLOWING:**

Mark D. Epstein, Esq.
Alborn, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
925.939.9915 fax

J. Phillip Moorhead, Esq.
Keller, Price & Moorhead
229 Avenue I, Second Floor
Redondo Beach, CA 90277-5600
310.540.8480 fax

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_N. Sands_
Nikki Sands

f:\docs\jsg\shalaby v. home depot\removal\docs\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

**FILED**

NOV - 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Joshua S. Goodman, SB # 116576
2  Pavan L. Rosati, SB # 146171
   Jenkins Goodman Neuman & Hamilton LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, CA 94104
   Telephone: (415) 705-0400
4  Facsimile:  (415) 705-0411

5  Attorneys for Defendants HOME DEPOT U.S.A., INC., NEWELL RUBBERMAID, INC.,
   and RUBBERMAID, INC.

6

                            E-Filing

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                  C   06   7026

11  ANDREW SHALABY, an individual, and )  Case No.:
    SONIA DUNN-RUIZ, an individual,     )
12                                      )  DEMAND FOR JURY TRIAL
                                        )
13            Plaintiffs,               )
          vs.                           )
14                                      )
    NEWELL RUBBERMAID, INC., a          )
15  Delaware corporation, THE HOME      )
    DEPOT, INC., a Delaware corporation and )
16  DOES 1 - 100,                       )
                                        )
17            Defendants.               )
                                        )
18

19      Defendants Home Depot U.S.A., Inc., Newell Rubbermaid, Inc. and Rubbermaid

20  Inc. hereby demand trial by jury in this action.

21  DATED: November 9, 2006   JENKINS GOODMAN NEUMAN & HAMILTON
22                            LLP

23                            Pavan L. Rosati For

24                            Joshua S. Goodman, Attorneys for
                              Defendants, HOME DEPOT U.S.A., INC.,
                              NEWELL RUBBERMAID, INC. and
25                            RUBBERMAID INC.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

                    DEMAND FOR JURY TRIAL
                              1
                    10341894.tif - 11/9/2006 1:19:43 PM

CW 34
BY FAX

# PROOF OF SERVICE

**CASE NAME:** *Shalaby v. Home Depot, et al.*
**CASE NUMBER:**
**DATE OF SERVICE:** November 9, 2006
**DESCRIPTION OF DOCUMENTS SERVED:**

> **NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT; NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY); DEMAND FOR JURY TRIAL**

**SERVED ON THE FOLLOWING:**

Mark D. Epstein, Esq.
Alborn, Veiluva & EpsteinLLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
925.939.9915 fax

J. Phillip Moorhead, Esq.
Keller, Price & Moorhead
229 Avenue I, Second Floor
Redondo Beach, CA 90277-5600
310.540.8480 fax

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

*N. Sands*
Nikki Sands

f:\docs\jsg\shalaby v. home depot\removal docs\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANDREW SHALABY,

        Plaintiff (s),

    v.

NEWELL RUBBERMAID INC,
        Defendant(s).

No. **C 06-07026 CW**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

**E-Filing**



FILED
06 NOV -9 PM 3: 01
RICHARD W. WIEKING
CLERK, U.S. DIST...
NORTHERN DIST...
...CALIFOR...

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Claudia Wilken.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order,  and all other documents specified in <u>Civil Local Rule 4-2.</u> Counsel
must comply with the case schedule set forth below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by <u>ADR Local Rule 3.</u>  Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at <u>www.adr.cand.uscourts.gov</u>.  A limited number
of printed copies are available from the Clerk's Office for parties in cases not subject to the court's
Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 11/9/2006 | Notice of removal filed | |
| 21 days before CMC * 1/26/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at <u>www.adr.cand.uscourts.gov</u>) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (forms available at <u>www.adr.cand.uscourts.gov</u> ) | Civil L.R .16-8 (c) & ADR L.R .3-5(b)& (c) |
| 7 days before CMC * <u>2/9/2007</u> | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file Case Management Statement (form available at <u>www.cand.uscourts.gov</u>), and file Rule 26(f) Report | FRCivP 26(a) (1) & Civil L.R. 16-9 |
| 2/16/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 2, Oakland at 1:30 PM | Civil L.R.16-10 |

  **\***  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. _____

## ORDER SETTING CASE MANAGEMENT CONFERENCE

The above matter having been assigned to Judge Wilken,

IT IS HEREBY ORDERED, pursuant to Rule 16, Federal Rules of Civil Procedure, and Civil Local Rule 16, that a case management conference will be held before Judge Wilken on Friday, _____, at 1:30 p.m., in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California.

Lead trial counsel shall meet and confer not less than thirty (30) days in advance of the conference and shall file a joint case management statement in the form contained in the Civil Local rules (copy attached) not less than ten (10) days in advance of the conference.

If the conference is inconveniently scheduled, it may be rescheduled by stipulation and order to another date or time convenient to the Court's calendar.

At the conclusion of the conference, an order will be entered setting dates either for a further case management conference, or for close of discovery, pretrial conference, and trial.  Other orders regulating and controlling future proceedings may be entered.

**United States District Court**
For the Northern District of California

Rev. 9/14/99

1    Plaintiff(s) shall serve copies of this Order at once

2  on all parties to this action, and on any parties

3  subsequently joined, in accordance with Fed. R. Civ. P. 4

4  and 5.  Following service, Plaintiff(s) shall file a

5  certificate of service with the Clerk of this Court.

6    FAILURE TO COMPLY WITH THIS ORDER may be deemed

7  sufficient grounds for dismissal of this cause, default or

8

9  other appropriate sanctions.  See Fed. R. Civ. P. 16(f).

10    See attached for standard procedures.

11    IT IS SO ORDERED.

12

13

14  CLAUDIA WILKEN
     UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

2

NOTICE

Criminal Law and Motion calendar is conducted on Mondays at 2:00 p.m.  Civil Law and Motion calendar is conducted on Fridays at 10:00 a.m.  Case Management Conferences and Pretrial Conferences are conducted on Fridays at 1:30 p.m.  Order of call is determined by the Court.  Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment:  All issues shall be contained within one motion and shall conform with Civil L.R. 7-2. Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court.  (See Civil Local Rule 56-2(a)).  All briefing on motions for summary judgment must be included in the memoranda of points and authorities in support of, opposition to, or reply to the motion, and must comply with the page limits of Civil Local Rule 7-4.  The memoranda should include a statement of facts supported by citations to the declarations filed with respect to the motion.  Cross or counter-motions shall be contained within the opposition to any motion for summary judgment and shall conform with Civil L.R. 7-3.  The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a surreply to the cross or counter-motion.

All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

In all "E-Filing" cases when filing papers in connection with any motion for determination by the judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. **These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.**

(rev. 8/15/02)

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | Plaintiff(s), | CASE NO. |
| v. | | JOINT CASE MANAGEMENT STATEMENT |
| | | AND PROPOSED ORDER |
| | Defendant(s). | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

### ALTERNATIVE DISPUTE RESOLUTION

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

8. The parties have already been assigned *[or the parties have agreed]* to the following court ADR process *[e.g. Nonbinding Arbitration, Early Neutral Evaluation, Mediation, Early Settlement with a Magistrate Judge] [State the expected or scheduled date for the ADR session]*:

9. The ADR process to which the parties jointly request *[or a party separately requests]* referral:

### DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

United States District Court
For the Northern District of California

**DISCOVERY**

11.  The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

**TRIAL SCHEDULE**

12.  The parties request a trial date as follows:

13.  The parties expect that the trial will last for the following number of days:

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: _____     _____
                           [Typed name and signature of each party and lead trial counsel]

Dated: _____     _____
                           [Typed name and signature of each party and lead trial counsel]

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders: *[The Court may wish to make additional orders, such as:*
   *a.  Referral of the parties to court or private ADR process;*
   *b.  Schedule a further Case Management Conference;*
   *c.  Schedule the time and content of supplemental disclosures;*
   *d.  Specially set motions;*
   *e.  Impose limitations on disclosure or discovery;*
   *f.  Set time for disclosure of identity, background and opinions of experts;*
   *g.  Set deadlines for completing fact and expert discovery;*
   *h.  Set time for parties to meet and confer regarding pretrial submissions;*
   *i.  Set deadline for hearing motions directed to the merits of the case;*
   *j.  Set deadline for submission of pretrial material;*
   *k.  Set date and time for pretrial conference;*
   *l.  Set a date and time for trial.]*

Dated: _____     _____
                           **UNITED STATES DISTRICT JUDGE**

Case 3:07-cv-02107-W-BLM   Document 2-6   Filed 10/30/2007   Page 24 of 60

1

2

3

4

5

6

7

8

9

10

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  | CASE NO. |
|---|---|
| Plaintiff(s), | SUPPLEMENTAL CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| v. | |
| Defendant(s). | |

Pursuant to Civil L.R. 16-14(d), the parties to the above-entitled action certify that they met and conferred at least 10 days prior to the subsequent case management conference scheduled in this case and jointly submit this Supplemental Case Management Statement and Proposed Order and request the Court to adopt it as a Supplemental Case Management Order in this case.

**DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS**

1. The following progress or changes have occurred since the last case management statement filed by the parties:

2. The parties jointly request [or a party separately requests] the Court to make the following Supplemental Case Management Order:

Dated: _____        _____
                             [Typed name and signature of counsel]

Dated: _____        _____
                             [Typed name and signature of counsel]

**SUPPLEMENTAL CASE MANAGEMENT ORDER**

The Supplemental Case Management Statement and Proposed Order is hereby adopted by the Court as a Supplemental Case Management Order for the case and the parties are ordered to comply with this Order. *[In addition, the Court orders as follows:]*

Dated: _____        _____
                             UNITED STATES DISTRICT JUDGE

1  Joshua S. Goodman, SB # 116576
2  Pavan L. Rosati, SB # 146171
   Jenkins Goodman Neuman & Hamilton LLP
3  417 Montgomery Street, 10th Floor
   San Francisco, CA 94104
   Telephone: (415) 705-0400
4  Facsimile:  (415) 705-0411

5  Attorneys for Defendants HOME DEPOT U.S.A., INC., NEWELL RUBBERMAID, INC.
   and RUBBERMAID, INC.

6

7                                E-Filing                        CW

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      IC 06 7026

11  ANDREW SHALABY, an individual, and )   Case No.:
    SONIA DUNN-RUIZ, an individual,      )
12                                       )   NOTICE OF REMOVAL OF ACTION
                                         )   UNDER 28 U.S.C. § 1441(b)
13            Plaintiffs,                )   (DIVERSITY)
       vs.                               )
14                                       )
    NEWELL RUBBERMAID, INC., a           )
15  Delaware corporation, THE HOME       )
    DEPOT, INC., a Delaware corporation and )
16  DOES 1 - 100,                        )
                                         )
17            Defendants.                )
                                         )
18  _____)

19       TO THE CLERK IN THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that Defendants Home Depot U.S.A., Inc., Newell

21  Rubbermaid, Inc., and Rubbermaid Inc. hereby remove to this Court the state court action

22  described below.

23       1.      On October 10, 2006, an action was commenced in Superior Court of the

24  State of California, for the County of Alameda, entitled Andrew Shalaby and Sonia Dunn-

25  Ruiz, Plaintiffs v. Newell Rubbermaid, Inc. a Delaware Corporation, The Home Depot,

26  Inc., a Delaware Corporation, Defendants, as Case No. RG06292670.  A copy of the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

1   Complaint is attached hereto as Exhibit A.

2        2.    The first date upon which any of the Defendants received a copy of said

3   complaint was on October 13, 2006, when service of the summons and complaint was

4   effected on defendant Home Depot U.S.A., Inc. by personal service on Corporation

5   Service Company. A letter and a copy of the summons and complaint were served by

6   certified mail on the registered agent for service of process for Newell Rubbermaid, Inc. on

7   October 16, 2006. The first date upon which Defendant Rubbermaid Inc. received a copy

8   of the Doe 1 Amendment to complaint was October 20, 2006 when it was served upon a

9   Rubbermaid Inc. representative authorized to accept service of process. Attached hereto as

10  Exhibits B and C, respectively, are copies of the Summons and of the Proof of Service on

11  Newell Rubbermaid, Inc. Attached hereto as Exhibits D and E, respectively, are copies of

12  the Summons and of the Proof of Service on Home Depot U.S.A., Inc.. Attached hereto as

13  Exhibits F and G, respectively, are the Doe 1 Amendment to Complaint and the Proof of

14  Service on Rubbermaid Inc. Defendant Home Depot U.S.A, Inc. answered the complaint

15  on November 8, 2006. Defendants Newell Rubbermaid, Inc. and Rubbermaid, Inc.

16  answered the complaint on November 9, 2006. Attached as Exhibit H are true and correct

17  copies of Defendants' answers to complaint. Exhibits A through H constitute true and

18  correct copies of the pleadings in the State Court's file served upon or by Defendants.

19       3.    This action is a civil action of which this Court has original jurisdiction

20  under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants

21  pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between

22  citizens of different states and the matter in controversy exceeds the sum of $75,000.00,

23  exclusive of interest and costs because:

24       (a)    At page 3, paragraph 14 of the Complaint, Plaintiffs pray for

25  damages, "not less than $5 million,"

26       (b)    Plaintiff Andrew Shalaby contends that as a result of the subject

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

1  accident, he sustained serious burns to his face and extremities. Medical costs to date total

2  approximately $350,000.00. Future medical costs are estimated to be $200,000.00.

3  Plaintiff Andrew Shalaby is also claiming lost income in the amount of $150,000.00 and a

4  future loss of earnings of approximately $300,000.00. Plaintiff Sonia Dunn-Ruiz is

5  claiming general damages in the amount of $500,000.00 for negligent infliction of

6  emotional distress.

7      4.    The complaint alleges Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz

8  were, and still are, citizens of the State of California. The complaint alleges that defendants

9  Newell Rubbermaid, Inc. and Home Depot U.S.A., Inc. are Delaware corporations.

10  Defendant, Home Depot U.S.A., Inc., is a Delaware corporation with its principal place of

11  business in the State of Georgia. Defendant, Newell Rubbermaid, Inc., is a Delaware

12  corporation with its principal place of business in the State of Illinois. Defendant,

13  Rubbermaid Inc., was added to the complaint as Doe 1. Rubbermaid Inc. is an Ohio

14  corporation with its principal place of business in the State of Georgia.

15  DATED: November 9, 2006        JENKINS  GOODMAN  NEUMAN  &  HAMILTON

16                                LLP

17                                *Owen L. Riddi for/*

18                                Joshua S. Goodman, Attorneys for
                              Defendants, HOME DEPOT U.S.A., INC.,

19                                NEWELL RUBBERMAID, INC. and
                              RUBBERMAID INC.

20

21

22

23

24

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400
25

26

**EXHIBIT A**

OCT 1 6 2006

982.1(1)

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
MICHAEL J. VEILUVA (SBN 100419)
MARK. D. EPSTEIN (SBN 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Ave., Suite 410
Walnut Creek CA 94596
TELEPHONE NO: (925)939-9880    FAX NO. *(Optional):* (925) 939-9915
E-MAIL ADDRESS *(Optional):* mepstein@avelaw.com
ATTORNEY FOR *(Name):* Plaintiffs ANDREW SHALABY and SONIA DUNN-RUIZ

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland 94612
  BRANCH NAME: Northern Division

PLAINTIFF: ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual

DEFENDANT: NEWELL RUBBERMAID, INC., a Delaware corporation, THE HOME DEPOT, INC., a Delaware corporation,

[x] DOES 1 TO 100

**ENDORSED**
**FILED**
ALAMEDA COUNTY

OCT 1 0 2006

By

LAURA LUONG

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] **MOTOR VEHICLE**            [x] OTHER *(specify):* Products Liability
  [ ] Property Damage         [ ] Wrongful Death
  [x] Personal Injury          [ ] Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded    [ ] does not exceed $10,000
                      [ ] exceeds $10,000, but does not exceed $25,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:
R G 0 6 2 9 2 6 7 0

1. Plaintiff *(name or names):* ANDREW SHALABY and SONIA DUNN-RUIZ

   alleges causes of action against defendant *(name or names):* NEWELL RUBBERMAID and THE HOME DEPOT INC.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult:
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. January 1, 2006]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal
Solutions
Plus


Code of Civil Procedure, § 425.12

*A*

10341894.tif - 11/9/2006 1:19:43 PM

982.1(1)

| SHORT TITLE: SHALABY v. NEWELL RUBBERMAID | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): NEWELL
   RUBBERMAID

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   c. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   b. ☒ except defendant (name): THE HOME DEPOT,
   INC.

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   d. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50          were the agents or employees of other
   named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants (specify Doe numbers): 51-100          are persons whose capacities are unknown to
   plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify): Defendants are foreign corporations doing business in the
   county, and which have not designated a prinicpal place of business with the
   California Secretary of State (CCP 395).

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

10341894.tif - 11/9/2006 1:19:43 PM

11/09/06 13:14 FAX 415705    JENKINS GOODMAN & NEUM    ☻017

**982.1(1)**

SHORT TITLE: SHALABY v. NEWELL RUBBERMAID

CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):

- a. ☐ Motor Vehicle
- b. ☐ General Negligence
- c. ☐ Intentional Tort
- d. ☒ Products Liability
- e. ☐ Premises Liability
- f. ☒ Other (specify): Negligent Infliction of Emotional Distress

11. Plaintiff has suffered

- a. ☒ wage loss
- b. ☐ loss of use of property
- c. ☒ hospital and medical expenses
- d. ☒ general damage
- e. ☐ property damage
- f. ☒ loss of earning capacity
- g. ☒ other damage (specify): To be established according to proof.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

- a. ☐ listed in Attachment 12.
- b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

- a. (1) ☒ compensatory damages
-    (2) ☐ punitive damages

The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):

-    (1) ☒ according to proof
-    (2) ☒ in the amount of: $ not less than $5 million

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
    5.

Date: October 10, 2006

Mark D. Epstein
(TYPE OR PRINT NAME)

▶ _[signature]_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. January 1, 2006]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

10341894.tif - 11/9/2006 1:19:43 PM

| SHORT TITLE:  SHALABY v. NEWELL RUBBERMAID | CASE NUMBER: |
|---|---|

**FIRST** _____   **CAUSE OF ACTION - Products Liability**                       Page **Four**
(number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: ANDREW W. SHALABY and SONIA DUNN-RUIZ

Prod.L-1.  On or about *(date)*: April 21, 2006        plaintiff was injured by the following product:
A BernzOmatic brand MAPP Gas torch manufactured and distributed for sale by defendant Newell Rubbermaid, and purchased from defendant Home Depot.  Plaintiff SHALABY was a purchaser and user of the product; plaintiff DUNN-RUIZ, his wife, was a bystander who witnessed the incident.

Prod.L-2.  Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
☒ used in the manner intended by the defendants.
☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent.  Adequate warnings of the danger were not given.

Prod.L-3.  Plaintiff was a
☒ purchaser of the product.                     ☒ user of the product.
☒ bystander to the use of the product.          ☐ other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod.L-4.  ☒ **Count One**-Strict liability of the following defendants who
a. ☒ manufactured or assembled the product *(names)*:  defendant NEWELL RUBBERMAID

☒ Does 51_____ to 60_____
b. ☐ designed and manufactured component parts supplied to the manufacturer *(names)*:

☐ Does_____ to_____
c. ☒ sold the product to the public *(names)*: defendant THE HOME DEPOT, INC.

☒ Does 61_____ to 70_____
Prod.L-5.  ☒ **Count Two**-Negligence of the following defendants who owed a duty to plaintiff *(names)*:
defendant NEWELL RUBBERMAID

☒ Does 1_____ to 100_____
Prod.L-6.  ☒ **Count Three**-Breach of warranty by the following defendants *(names)*:  defendants NEWELL RUBBERMAID and THE HOME DEPOT INC.
☒ Does 51_____ to 100____
a. ☒ who breached an implied warranty
b. ☒ who breached an express warranty which was
☒ written   ☐ oral
Prod.L-7.  ☒ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod.L-7  ☒ as follows: defendant NEWELL RUBBERMAID and defendant THE HOME DEPOT INC. failed to adequately warn or instruct plaintiffs about the product's dangerous characteristics and risks of injury.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(6)
Optional Form

**CAUSE OF ACTION - Products Liability**          Legal Solutions Plus          CCP 425.12

10341894.tif - 11/9/2006 1:19:43 PM

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SHALABY v. NEWELL-RUBBERMAID | |

SECOND                CAUSE OF ACTION - General Negligence          Page _Five_
_____
(number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  ANDREW SHALABY and SONIA DUNN-RUIZ

alleges that defendant *(name)*:  defendant NEWELL RUBBERMAID and HOME DEPOT, INC.

☒ Does  51 _____ to 60 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:  April 21, 2006
at *(place)*:  San Diego County

*(description of reasons for liability)*:
Negligent Infliction of Emotional Distress

a.  Defendants Newell Rubbermaid and Home Depot were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic MAPP Gas torch that caused Mr. Shalaby's injuries.

b.  Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion of the torch in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was being injured.

c.  Both Shalaby and Dunn-Ruiz suffered serious emotional distress as a result of observing and experiencing the incident, including mental suffering, grief, anguish, anxiety, depression, worry, and shock.

d.  The negligence of Newell Rubbermaid and Home Depot in designing, manufacturing, distributing and selling the defective torch was a substantial factor in causing Plaintiffs' serious emotional distress.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

CAUSE OF ACTION - General Negligence          Legal Solutions Plus          CCP 425.12

10341894.tif - 11/9/2006 1:19:43 PM

OCT 1 6 2006

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S... . number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark D. Epstein (SBN 168221)<br>Michael J. Veiluva (SBN 100419)<br>Alborg, Veiluva & Epstein LLP<br>200 Pringle Avenue, Suite 410<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: (925) 939-9880  FAX NO.: (925) 939-9915<br>ATTORNEY FOR *(Name)*: Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>OCT 1 0 2006<br><br>By  LAURA LUONG |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Northern Division

CASE NAME: Andrew Shalaby et al. v. Newell Rubbermaid, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: R G 0 6 2 9 2 6 7 0 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 1800–1812)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify)*: 2

5. This case [ ] is [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*

Date: October 9, 2006

Mark D. Epstein (SBN 168221)
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

10341894.tif - 11/9/2006 1:19:43 PM

OCT 1 6 2006

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Newell Rubbermaid, Inc.,a Delaware corporation, The
Home Depot, Inc., a Delaware corporation, and Does 1-
100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Andrew Shalaby, an individual, and Sonia Dunn-Ruiz,
an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

OCT 1 0 2006

By    LAURA LUONG

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG06292670

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark D. Epstein
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
(925) 939-9880  (925) 939-9915

DATE:    OCT 1 0 2006    PAT S. SWEETEN    Clerk, by    LAURA LUONG    , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



EXHIBIT C

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process**
**Transmittal**
10/16/2006
Log Number 511662337

**TO:**   Dale Matschullat
Newell Rubbermaid Inc.
10 B. Glenlake Parkway, Suite 600
Atlanta, GA, 30328

**RE:**   **Process Served in Georgia**

**FOR:**   NEWELL RUBBERMAID INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Andrew Shalaby and Sonia Dunn-Ruiz, Pltfs. vs. Newell Rubbermaid, Inc. the Home Depot, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Attorney Letter, Civil Case Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Superior Court of Alameda County, CA<br>Case # RG06292670 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Personal Injury / Wrongful Death / Property Damage / Negligence / Product: BernzOmatic brand MAPP Gas torch |
| **ON WHOM PROCESS WAS SERVED:** | Corporation Process Company, Marietta, GA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/16/2006 postmarked on 10/13/2006 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Mark D. Epstein<br>Alborg, Veiluva & Epstein LLP<br>200 Pringle Avenue<br>Suite 410<br>Walnut Creek, CA, 94596-7380<br>925-939-9880 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day. 790585572139 |
| **SIGNED:** | Corporation Process Company |
| **ADDRESS:** | 180 Cherokee St. NE<br>Marietta, GA, 30060 |
| **TELEPHONE:** | 770-795-7600 |

Page 1 of 1 / BH

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

C

Sent By: AVE llp;                    925 939 9915 ;        Oct-10-06  1:59PM;        Page 2

## SUI  NS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Newell Rubbermaid, Inc., a Delaware corporation, The
Home Depot, Inc., a Delaware corporation, and Does 1-
100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 0 2006

By        LAURA LUONG

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Andrew Shalaby, an individual, and Sonia Dunn-Ruiz,
an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG06292670 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark D. Epstein,                              (925) 939-9880   (925) 939-9915
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA  94596

DATE:  OCT 1 0 2006    PAT S              Clerk, by  LAURA LUONG              , Deputy
*(Fecha)*                    *(Secretario)*                                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):  The Home Depot, Inc., a Delaware Corporation

under:  ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT E

2006103090



**CSC.**

CORPORATION SERVICE COMPANY

# Notice of Service of Process

null / ALL
Transmittal Number: 4835677
Date Processed: 10/13/2006

| | |
|---|---|
| Primary Contact: | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd., NW<br>Atlanta, GA 30339-4024 |
| Copy of transmittal only sent to: | Quinessa Malcolm |
| Entity: | The Home Depot Supply, Inc.<br>Entity ID Number 2483833 |
| Entity Served: | The Home Depot, Inc. |
| Title of Action: | Andrew Sahlaby vs. Newell Rubbermaid, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court: | Alameda County Superior Court, California |
| Case Number: | RG06292670 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/13/2006 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Mark D. Epstein<br>925-939-9880 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882 |  sop@cscinfo.com

OT 1 6

By LITIGATION

**EXHIBIT F**

.0/18/06 09:39AM  ONELE851 TIFFANY GRIFFIN - 105 ALBO 9259399915 Pg 3/3    OCT 30 2008

Sent By: AVE llp;                925 939 9915 ;    Oct-12-06  :34PM;    Page 2/2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, telephone number, and attorney State Bar number):* | ENDORSED |
|---|---|
| Mark D. Epstein (SBN 168221)<br>Alborg, Veiluva & Epstein LLP<br>200 Pringle Avenue, Suite 410<br><br>Walnut Creek, CA 94596<br>(925) 939-9880 | *Reserved for Clerk's File Stamp*<br>ALAMEDA COUNTY<br><br>OCT 12 2006<br><br>CLERK OF THE SUPERIOR COURT<br>BY DOROTHY DUCKETT, DEPUTY |

ATTORNEY FOR *(Name):*  Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

COURT ADDRESS  1225 Fallon Street

Oakland, CA 94612

PLAINTIFF  Andrew Shalaby and Sonia Dunn-Ruiz

DEFENDANT  Newell Rubbermaid, Inc. et al.

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious/Incorrect Name)** | CASE NUMBER<br>RG06292670 |
|---|---|

[x] **FICTITIOUS NAME** *(No order required)*

Upon filing the complaint in this case, the plaintiff, being ignorant of the true name of a defendant and having designated the defendant in the complaint by the fictitious name of:  DOE No. 1

and having discovered the defendant's true name to be:  RUBBERMAID INCORPORATED

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

[ ] **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

and having discovered the true name of the defendant to be:

amends the complaint by inserting the true name for the incorrect name wherever it appears in the complaint.

| DATE<br>October 12, 2006 | TYPE OR PRINT NAME<br>MARK D. EPSTEIN | SIGNATURE<br>► *[signature]* |
|---|---|---|

**ORDER**

THE COURT ORDERS the amendment approved and filed.

Date:

|  | [ ] Judge    [ ] Commissioner |
|---|---|

| FORM NO. AC-001 (New 4-00) | **AMENDMENT TO COMPLAINT**<br>**(Fictitious/Incorrect Name)** | C.C.P. §§471.5, 472, 473, 474<br>AL 001 |
|---|---|---|

10551551.tif - 10/12/2006 11:51:46 AM

10341894.tif - 11/9/2006 1:19:43 PM

BY FAX

F

OCT 3 0 2006

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark D. Epstein, 168221<br>ALBORG, VEILUVA & EPSTEIN<br>200 Pringle Avenue Suite 410<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: (925) 939-9880<br>ATTORNEY FOR *(Name)*: Plaintiff | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of Alameda County<br>1225 Fallon St. #209<br>Oakland, CA 94612 | |

| PLAINTIFF/PETITIONER: Shalaby | CASE NUMBER:<br>RG06292670 | BY FAX |
|---|---|---|
| DEFENDANT/RESPONDENT: Newell Rubbermaid et al. | | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>900725 | |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Amended Complaint

3. a. Party served: Rubbermaid, Inc.

   b. Person Served: Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date)*: October 20, 2006   (2) at *(time)*: 3:00 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Doe no.1 Rubbermaid, Inc.

   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: Jimmy Lizama
   b. Address: One Legal, Inc. - 132-Marin
      504 Redwood Blvd #223
      Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 14.95
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. 4553
          (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: October 24, 2006

Jimmy Lizama
*(NAME OF PERSON WHO SERVED PAPERS)*

*(SIGNATURE)*

PROOF OF SERVICE OF SUMMONS
Code of Civil Procedure, § 417.10

FF# 6629902

10341894.tif - 11/9/2006 1:19:43 PM

G

**EXHIBIT H**

11/08/06  14:56 FAX 4157050411        JENKINS GOODMAN & NEUMAN        ☑002

ENDORSED
FILED
ALAMEDA COUNTY

NOV 8 - 2006

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

1 JOSHUA S. GOODMAN - State Bar #116576
  PAVAN L. ROSATI - State Bar #146171
2 JENKINS GOODMAN NEUMAN & HAMILTON LLP
  417 Montgomery Street, 10th Floor
3 San Francisco, California 94104
  Telephone: (415) 705-0400
4 Facsimile: (415) 705-0411

5 Attorneys for Defendant HOME DEPOT U.S.A., INC.
  (erroneously sued herein as THE HOME DEPOT, INC.)
6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF ALAMEDA

10

11 ANDREW SHALABY, an individual,
   and SONIA DUNN-RUIZ, an                    Case No. RG06292670
12 individual,
                                              ANSWER OF DEFENDANT HOME
13                 Plaintiffs,                DEPOT, U.S.A., INC. TO PLAINTIFFS'
                                              COMPLAINT
14 vs.

15 NEWELL RUBBERMAID, INC., a
   Delaware corporation, THE HOME
16 DEPOT, INC., a Delaware                    BY FAX
   corporation,
17
                   Defendants.
18

19        Defendant, HOME DEPOT U.S.A., INC. (erroneously sued herein as THE HOME

20 DEPOT, INC.), in answer to the unverified complaint of plaintiffs herein, denies each and

21 every, all and singular, the allegations of their unverified complaint, and denies that

22 plaintiffs have been injured or damaged in any of the sums mentioned in their complaint,

23 or in any sum, or at all, as the result of any act or omission of this answering defendant.

24        AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

25 defendant alleges that plaintiffs were themselves careless and negligent in and about the

26 matters alleged in the complaint, and that this carelessness and negligence on plaintiffs'

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

1  own part contributed as a proximate cause to the happening of the incident and to the

2  injuries, loss and damage complained of, and any recovery by plaintiffs should be reduced

3  or eliminated based upon comparative fault.

4      AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

5  defendant alleges that the sole proximate cause of the injuries and damages, if any,

6  allegedly suffered by the plaintiffs was the negligence and fault of persons or entities other

7  than this answering defendant, for whose acts or omissions this answering defendant is not

8  legally or otherwise responsible.

9      AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

10  defendant alleges that the complaint fails to state facts sufficient to constitute a cause of

11  action against this answering defendant.

12      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

13  defendant alleges that at all times and places mentioned in the complaint, plaintiffs failed

14  to mitigate their damages.  The damages claimed by plaintiffs could have been mitigated

15  by due diligence on their part or by one acting under similar circumstances.  Any recovery

16  by plaintiffs should be reduced or eliminated due to their failure to mitigate their damages.

17      AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

18  defendant alleges that plaintiffs had full knowledge of all the risks, dangerousness and

19  hazards, if any there were, and nevertheless voluntarily and with full appreciation of the

20  amount of danger involved in their actions and the magnitude of risk involved, assumed

21  the risk of damages to themselves.

22      AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

23  defendant alleges that its conduct was not the cause in fact or the proximate cause of any

24  of the losses alleged by plaintiffs.

25      AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, this answering

26  defendant is informed and believes, and thereupon alleges that if plaintiffs sustained

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-2-

1 injuries attributable to the use of any product manufactured by this defendant, which

2 allegations are expressly denied, the injuries were caused in whole or in part by the

3 unreasonable, unforeseeable and inappropriate purpose and/or improper use which was

4 made of the product.

5         AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, this answering

6 defendant alleges that the damages complained of in the complaint were caused in whole

7 or in part by the misuse and abuse of the product.

8         AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

9 defendant alleges that the plaintiffs' complaint is barred by the applicable statute of

10 limitations, contained in California Code of Civil Procedure, Section 340(3).

11         AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

12 defendant is informed and believes, and thereupon alleges that plaintiffs were, at all

13 relevant times, a special employee of defendant, acting in the course and scope of that

14 special employment, and that this action is therefore barred by the exclusive remedy

15 provisions of the Workers' Compensation Act, as contained in California Labor Code

16 sections 3600, 3601, and 3602.

17         AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

18 answering defendant is informed and believes, and thereupon alleges that at all times

19 material herein, the plaintiffs were in the course and scope of their employment and that

20 plaintiffs and their employer were subject to the provisions of the Workers' Compensation

21 Act of the State of California; that certain sums have been paid to or on behalf of plaintiffs

22 herein under the applicable provisions of the Labor Code of the State of California; that

23 plaintiffs' employer and plaintiffs' co-employees were negligent and careless and that such

24 negligence and carelessness proximately contributed to and caused the injuries of

25 plaintiffs, if any; and that under the doctrine of *Witt v. Jackson* such negligence and

26 carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

1  Intervention which may be made for reimbursement of Workers' Compensation benefits

2  paid to or on behalf of plaintiffs.

3    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

4  defendant is informed and believes, and thereupon alleges that plaintiffs' complaint, and

5  each of cause of action thereof, fails to state a cause of action in that plaintiffs failed to

6  give timely and proper notice of breach of warranty.

7    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

8  answering defendant is informed and believes, and thereupon alleges that the injuries and

9  damages sustained by plaintiffs, if any, were solely and legally caused by the modification,

10  alternation or change of the product referred to in the complaint and said modification,

11  alteration or change was performed by persons or entities other than this answering

12  defendant and without defendant's knowledge or consent.

13    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

14  answering defendant is informed and believes, and thereupon alleges that defendant

15  presently has insufficient knowledge or information on which to form a belief as to

16  whether it may have additional, as yet unstated, defenses available.  Defendant reserves

17  herein the right to assert additional defenses in the event discovery indicates that they

18  would be appropriate.

19    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering

20  defendant is informed and believes, and thereupon alleges that defendant may not be held

21  liable for damages in this case pursuant to an absolute "litigation privilege" set forth in

22  California Civil Code section 47(b).

23    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this

24  answering defendant is informed and believes, and thereupon alleges that defendant's

25  conduct was lawful under the "merchant's privilege", as set forth in California Penal Code

26  section 490.5(f)(1).

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-4-

1    WHEREFORE, defendant prays:

2         1.    Plaintiffs take nothing against it by their complaint;

3         2.    Defendant have judgment for its costs of suit; and

4         3.    Such other and further relief as the court deems just and proper.

5    DATED:  November 8, 2006              JENKINS GOODMAN NEUMAN &
                                          HAMILTON LLP
6

7

8                                         By:
                                             JOSHUA S. GOODMAN
                                             PAVAN L. ROSATI
9                                            Attorneys for Defendant
                                             HOME DEPOT U.S.A., INC.
10

11   f:\docs\jsg\shalaby v. home depot\pleadings\answer.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-5-

## PROOF OF SERVICE

**CASE NAME:** *Shalaby v. Home Depot, et al.*
**CASE NUMBER:** RG06292670
**DATE OF SERVICE:** November 8, 2006
**DESCRIPTION OF DOCUMENTS SERVED:**

> **ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFFS' COMPLAINT**

**SERVED ON THE FOLLOWING:**

Mark D. Epstein, Esq.
Alborn, Veiluva & EpsteinLLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA  94596
925.939.9915 fax

J. Phillip Moorhead, Esq.
Keller, Price & Moorhead
229 Avenue I, Second Floor
Redondo Beach, CA  90277-5600
310.540.8480 fax

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

                                        Nikki Sands

F:\docs\jsg\shalaby v. home depot\pleadings\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705 0400

-1-

11/09/06  13:18 FAX 4157050411      JENKINS GOODMAN & NEUMAN                    ☑040

11/09/06  11:05 FAX 4157050411      JENKINS GOODMAN & NEUMAN                    ☑002/007

1   JOSHUA S. GOODMAN - State Bar #116576
    PAVAN L. ROSATI - State Bar #146171
2   JENKINS GOODMAN NEUMAN & HAMILTON LLP
    417 Montgomery Street, 10th Floor
3   San Francisco, California 94104
    Telephone: (415) 705-0400
4   Facsimile: (415) 705-0411

5   Attorneys for Defendants NEWELL RUBBERMAID, INC.
    and RUBBERMAID, INC.

**ENDORSED
FILED
ALAMEDA COUNTY**

NOV - 9 2006

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  ANDREW SHALABY, an individual,
    and SONIA DUNN-RUIZ, an                   Case No. RG06292670
12  individual,
                                              **ANSWER OF DEFENDANTS NEWELL
13                 Plaintiffs,                RUBBERMAID, INC. and
                                              ROBBERMAID, INC. TO PLAINTIFFS'
14  vs.                                       COMPLAINT**

15  NEWELL RUBBERMAID, INC., a
    Delaware corporation, THE HOME
16  DEPOT, INC., a Delaware
    corporation,
17
                   Defendants.
18

19

20      Defendants, NEWELL RUBBERMAID, INC. and ROBBERMAID, INC., in

21  answer to the unverified complaint of plaintiffs herein, denies each and every, all and

22  singular, the allegations of their unverified complaint, and denies that plaintiffs have been

23  injured or damaged in any of the sums mentioned in their complaint, or in any sum, or at

24  all, as the result of any act or omission of these answering defendants.

25      AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

26  defendants allege that plaintiffs were themselves careless and negligent in and about the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO COMPLAINT
10553295.tif - 11/9/2006 11:06:53 AM

10841894.tif - 11/9/2006 1:19:43 PM

**BY FAX**

1    matters alleged in the complaint, and that this carelessness and negligence on plaintiffs'

2    own part contributed as a proximate cause to the happening of the incident and to the

3    injuries, loss and damage complained of, and any recovery by plaintiffs should be reduced

4    or eliminated based upon comparative fault.

5        AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

6    defendants allege that the sole proximate cause of the injuries and damages, if any,

7    allegedly suffered by the plaintiffs was the negligence and fault of persons or entities other

8    than these answering defendants, for whose acts or omissions these answering defendants

9    is not legally or otherwise responsible.

10        AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

11    defendants allege that the complaint fails to state facts sufficient to constitute a cause of

12    action against these answering defendants.

13        AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

14    defendants allege that at all times and places mentioned in the complaint, plaintiffs failed

15    to mitigate their damages. The damages claimed by plaintiffs could have been mitigated

16    by due diligence on their part or by one acting under similar circumstances. Any recovery

17    by plaintiffs should be reduced or eliminated due to their failure to mitigate their damages.

18        AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

19    defendants allege that plaintiffs had full knowledge of all the risks, dangerousness and

20    hazards, if any there were, and nevertheless voluntarily and with full appreciation of the

21    amount of danger involved in their actions and the magnitude of risk involved, assumed

22    the risk of damages to themselves.

23        AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

24    defendants allege that its conduct was not the cause in fact or the proximate cause of any

25    of the losses alleged by plaintiffs.

26        AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, these answering

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-2-

11/09/06  13:18 FAX 4157050    JENKINS GOODMAN & NEUMAN    ☒042

1   defendants are informed and believe, and thereupon alleges that if plaintiffs sustained

2   injuries attributable to the use of any product manufactured by this defendant, which

3   allegations are expressly denied, the injuries were caused in whole or in part by the

4   unreasonable, unforeseeable and inappropriate purpose and/or improper use which was

5   made of the product.

6         AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, these answering

7   defendants allege that the damages complained of in the complaint were caused in whole

8   or in part by the misuse and abuse of the product.

9         AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

10   defendants allege that the plaintiffs' complaint is barred by the applicable statute of

11   limitations, contained in California Code of Civil Procedure, Section 340(3).

12         AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

13   defendants are informed and believe, and thereupon allege that plaintiffs were, at all

14   relevant times, a special employee of defendant, acting in the course and scope of that

15   special employment, and that this action is therefore barred by the exclusive remedy

16   provisions of the Workers' Compensation Act, as contained in California Labor Code

17   sections 3600, 3601, and 3602.

18         AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

19   answering defendants are informed and believe, and thereupon allege that at all times

20   material herein, the plaintiffs were in the course and scope of their employment and that

21   plaintiffs and their employer were subject to the provisions of the Workers' Compensation

22   Act of the State of California; that certain sums have been paid to or on behalf of plaintiffs

23   herein under the applicable provisions of the Labor Code of the State of California; that

24   plaintiffs' employer and plaintiffs' co-employees were negligent and careless and that such

25   negligence and carelessness proximately contributed to and caused the injuries of

26   plaintiffs, if any; and that under the doctrine of *Witt v. Jackson* such negligence and

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

1   carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-

2   Intervention which may be made for reimbursement of Workers' Compensation benefits

3   paid to or on behalf of plaintiffs.

4       AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering

5   defendants are informed and believe, and thereupon allege that plaintiffs' complaint, and

6   each of cause of action thereof, fails to state a cause of action in that plaintiffs failed to

7   give timely and proper notice of breach of warranty.

8       AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

9   answering defendants are informed and believe, and thereupon allege that the injuries and

10  damages sustained by plaintiffs, if any, were solely and legally caused by the modification,

11  alternation or change of the product referred to in the complaint and said modification,

12  alteration or change was performed by persons or entities other than these answering

13  defendants and without defendants' knowledge or consent.

14      AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

15  answering defendants are informed and believe, and thereupon alleges that defendants

16  presently have insufficient knowledge or information on which to form a belief as to

17  whether it may have additional, as yet unstated, defenses available.  Defendants reserve

18  herein the right to assert additional defenses in the event discovery indicates that they

19  would be appropriate.

20      AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

21  answering defendants are informed and believe, and thereupon allege that defendant may

22  not be held liable for damages in this case pursuant to an absolute "litigation privilege" set

23  forth in California Civil Code section 47(b).

24      AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

25  answering defendant are informed and believe, and thereupon allege that defendants'

26  conduct was lawful under the "merchant's privilege", as set forth in California Penal Code

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94101
(415) 705-0400

-4-

1  section 490.5(f)(1).

2      WHEREFORE, defendants pray:

3          1.    Plaintiffs take nothing against it by their complaint;

4          2.    Defendants have judgment for their costs of suit; and

5          3.    Such other and further relief as the court deems just and proper.

6  DATED:  November 9, 2006          JENKINS GOODMAN NEUMAN &
7                                    HAMILTON LLP

8                              By: _____ for
9                                    JOSHUA S. GOODMAN
10                                   PAVAN L. ROSATI
                                     Attorneys for Defendant NEWELL
11                                   RUBBERMAID, INC. and
                                     RUBBERMAID, INC.

12  f:\docs\jsg\shalaby v. home depot\pleadings\answer.doc

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROOF OF SERVICE

**CASE NAME:** *Shalaby v. Home Depot, et al.*
**CASE NUMBER:** RG06292670
**DATE OF SERVICE:** November 9, 2006
**DESCRIPTION OF DOCUMENTS SERVED:**

    **ANSWER OF DEFENDANTS NEWELL RUBBERMAID, INC. and
    RUBBERMAID, INC. TO PLAINTIFFS' COMPLAINT**

**SERVED ON THE FOLLOWING:**

Mark D. Epstein, Esq.
Alborn, Veiluva & EpsteinLLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
925.939.9915 fax

J. Phillip Moorhead, Esq.
Keller, Price & Moorhead
229 Avenue I, Second Floor
Redondo Beach, CA 90277-5600
310.540.8480 fax

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

Nikki Sands

f:\docs\jsg\shalaby v. home depot\pleadings\pos.doc

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

```
            RECEIPT FOR PAYMENT
        UNITED STATES DISTRICT COURT
                  for the
          NORTHERN DISTRICT OF
               CALIFORNIA

                      SAN FRANCISCO, CA
                              3392282
----------------------------------------
RECEIVED FROM:
ONE  LEGAL, INC
SUITE 223
504 REDWOOD BLVD
NOVATO, CA 94947
----------------------------------------

Case Number:
4:06CV07026-CW
----------------------------------------

F/U/B/O:
Party ID:

Tender Type:          CHECK
07-086400                  $100.00
Civil Filing-086400

Remarks:

07-086900                   $60.00
Civil Filing-086900

Remarks:

07-510000                  $190.00
Civil Filing-510000

Remarks:3075407

----------------------------------------

     Subtotal:          $350.00



----------------------------------------
Receipt Total:          $350.00
========================================
* Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.

   Date:    11/9/06
   Clerk:----------
                HA/
```