RICHARD A. ERGO (# 110487)
CATHLEEN S. HUANG (# 219554)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: raergo@bowlesverna.com

Attorneys for Third Party Defendant
Worthington Industries, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ an individual,<br><br>       Plaintiffs,<br><br>  vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br><br>       Defendants. | **Case No.: C06-07026 MJJ**<br><br>Judge Martin J. Jenkins<br><br>**DECLARATION OF JOSEPH TANCREDY IN SUPPORT OF THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Date:     September 25, 2007<br>Time:    9:30 a.m.<br>Ctrm:   11, 19th Floor |
| BERNZOMATIC,<br><br>       Third Party Plaintiff,<br><br>  vs.<br><br>WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive,<br><br>       Third Party Defendants. | |

I, Joseph Tancredy, declare as follows:

1.    I am employed by St. Paul Traveler's Insurance Company, the liability insurance carrier

Bowles & Verna LLP
121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ          1
DECLARATION OF JOSEPH TANCREDY IN SUPPORT OF WORTHINGTON'S REPLY BRIEF IN
SUPPORT OF MOTION TO TRANSFER VENUE

for Irwin Industrial Tool Company.  Bernzomatic is an unincorporated division of Irwin Tool Company. I am familiar with the above-entitled action and the matters set forth in this Declaration are known to me personally and, if called and sworn as a witness, I could competently testify thereto.

2.      I understand that Worthington Industries, Inc. has filed a Motion to Transfer Venue from the Northern District of California to the Southern District of California in San Diego.

3.      If called as a witness, I am very willing to travel to the San Diego to testify at trial, if necessary.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _10th_ day of ~~August,~~ 2007 at Walnut Creek, California.
                                    *september*

                        _Joseph Tancredy_
                        JOSEPH TANCREDY

Bowles & Verna LLP
121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    2

DECLARATION OF JOSEPH TANCREDY IN SUPPORT OF WORTHINGTON'S REPLY BRIEF IN
SUPPORT OF MOTION TO TRANSFER VENUE

Lowell T. Carruth, # 034065
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Third-Party Defendant
WESTERN INDUSTRIES, INC.

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br><br>    Defendants. | Case No.  C 06-07026 MJJ<br><br>**STIPULATION AND ORDER WITHDRAWING MOTION TO STRIKE AND EXTENDING DUE DATE FOR FILING RESPONSE TO THIRD-PARTY COMPLAINT**<br><br>Judge:    Martin J. Jenkins |
| BERNZOMATIC,<br><br>    Cross-Complainant,<br><br>    v.<br><br>WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive,<br><br>    Cross-Defendants. | |

IT IS HEREBY STIPULATED by and between Defendant and Third Party Plaintiff

BERNZOMATIC, an Unincorporated Division of Irwin Industrial Tool Company, and Defendant

THE HOME DEPOT, INC. (collectively referred as "BERNZOMATIC") and Third Party

Defendant WESTERN INDUSTRIES, INC., ("WESTERN") and by and through their respective

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

STIPULATION AND ORDER WITHDRAWING MOTION TO STRIKE AND EXTENDING DUE DATE FOR
RESPONSE TO COMPLAINT C 06-07026 EDL

1    attorneys of record that the Motion To Strike Cross-Complainant's Third Party Complaint

2    Against Cross-Defendant, Western Industries, Inc., shall be withdrawn.  WESTERN'S response

3    to BERNZOMATIC's Third Party Complaint shall be due twenty (20) days after the Court rules

4    on Defendant WORTHINGTON INDUSTRIES' Motion for Change of Venue.

5    Dated: September 5, 2007                    McCORMICK, BARSTOW, SHEPPARD,
                                                  WAYTE & CARRUTH LLP
6

7

8                                     By:    /s/ Lowell T. Carruth
                                                  Lowell T. Carruth
9                                            Attorneys for Third-Party Defendant
                                             WESTERN INDUSTRIES, INC.
10

11

12   Dated: August 27, 2007                       KELLER, PRICE & MOORHEAD

13

14                                    By:    /s/ J. Phillip Moorhead
                                                  J. Phillip Moorhead
15                                           Attorneys for Defendant and Third Party
                                             Plaintiff BERNZOMATIC, an
16                                           Unincorporated Division of Irwin
                                             Industrial Tool Company, and Defendant
17                                           THE HOME DEPOT, INC.

18                                          **ORDER**

19        The Court, having considered the above Stipulation and good cause appearing, hereby

20   orders that the Motion To Strike Cross-Complainant's Third Party Complaint Against Cross-

21   Defendant, Western Industries, Inc., shall be withdrawn.   WESTERN'S response to

22   BERNZOMATIC's Third Party Complaint shall be due twenty (20) days after the Court rules on

23   Defendant WORTHINGTON INDUSTRIES' Motion for Change of Venue.

24        IT IS SO ORDERED.

25   Dated:    9/6/07                        _____
                                             U.S. Magistrate Judge
26
                                             IT IS SO ORDERED
27   03664/00161-1127231.v1                  Judge Martin J. Jenkins

28

McCORMICK, BARSTOW,                          2
SHEPPARD, WAYTE &
CARRUTH LLP          STIPULATION AND ORDER WITHDRAWING MOTION TO STRIKE AND EXTENDING DUE DATE FOR
5 RIVER PARK PLACE EAST         FILING RESPONSE TO THIRD PARTY COMPLAINT C 06-07026 EDL
FRESNO, CA 93720-1501

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**ANDREW SHALABY, et al.,**

|  |  |
|---|---|
| Plaintiff(s), | No. **C06-7026 MJJ** |
| v. | **Clerk's Notice** |

**IRWIN INDUSTRIAL TOOL COMPANY**, et al.,

Defendant(s),

_____/

    (Plaintiff is required to serve, and file proof of service with the Court, any party involved not listed on the attached proof of service.)

YOU ARE NOTIFIED THAT the Court has rescheduled the motion(s) currently on calendar for September 25, 2007 to Tuesday October 16, 2007 at 9:30 a.m. before the Honorable Martin J. Jenkins.

Please report to courtroom 11, on the 19th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

Dated: September 14, 2007

                                  FOR THE COURT,

                                    Richard W. Wieking, Clerk

                                    By:_____
                                        Alfred Amistoso
                                        Courtroom Deputy

Please refer to Judge Jenkins' Standing Order located at www.cand.uscourts.gov for additional information.  Pursuant to the Standing Order, the rescheduling of a hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the date of the _originally noticed_ hearing and any reply brief is due not less than 14 days prior to the _originally noticed_ hearing date.

RICHARD A. ERGO (# 110487)
CATHLEEN S. HUANG (# 219554)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: raergo@bowlesverna.com
        chuang@bowlesverna.com

Attorneys for Third Party Defendant
Worthington Industries, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ an individual,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br><br>                    Defendants.<br>_____<br><br>BERNZOMATIC,<br><br>            Third Party Plaintiff,<br><br>        vs.<br><br>WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive,<br><br>            Third Party Defendants. | **Case No.: C06-07026 MJJ**<br><br>Judge Martin J. Jenkins<br><br>**THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S REQUEST TO APPEAR TELEPHONICALLY AT CASE MANAGEMENT CONFERENCE**<br><br>Date:       October 2, 2007<br>Time:       2:00 p.m.<br>Ctrm:       11, 19th Floor |

Third party defendant Worthington Industries, Inc. hereby requests that its attorney of record,

Cathleen S. Huang of Bowles & Verna LLP, be allowed to participate in the Case Management

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.: C06-07026 MJJ                     1

WORTHINGTON'S REQUEST TO APPEAR TELEPHONICALLY AT CASE MANAGEMENT CONF.

1  Conference scheduled for **Tuesday, October 2, 2007 at 2:00 p.m.** before the Honorable Martin J.

2  Jenkins by telephone.

3  Dated: September _20_, 2007                                    BOWLES & VERNA LLP

4

5                                                                By:

6                                                                CATHLEEN S. HUANG
                                                                 Attorneys for rThird Party Defendant
7                                                                WORTHINGTON INDUSTRIES, INC.

8

9          **IT IS SO ORDERED.**

10

11
   Dated: September ____, 2007                                   _____

12                                                               HONORABLE MARTIN J. JENKINS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                              2

WORTHINGTON'S REQUEST TO APPEAR TELEPHONICALLY AT CASE MANAGEMENT CONF.

1   Lowell T. Carruth, # 034065            (SPACE BELOW FOR FILING STAMP ONLY)
    McCormick, Barstow, Sheppard,
2   Wayte & Carruth LLP
    P.O. Box 28912
3   5 River Park Place East
    Fresno, CA  93720-1501
4   Telephone:    (559) 433-1300
    Facsimile:    (559) 433-2300
5   Email: lowell.carruth@mccormickbarstow.com

6   Attorneys for Third-Party Defendant
    WESTERN INDUSTRIES, INC.
7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY, an individual, and     Case No.  CV 06-07026 MJJ
    SONIA DUNN-RUIZ, an individual,
12                                          **THIRD-PARTY DEFENDANT WESTERN
                  Plaintiffs,               INDUSTRIES, INC.'S REQUEST TO
13                                          APPEAR TELEPHONICALLY AT CASE
          v.                                MANAGEMENT CONFERENCE**
14
    IRWIN INDUSTRIAL TOOL                   Judge:     Martin J. Jenkins
15  COMPANY, THE HOME DEPOT, INC.,          Date:      October 2, 2007
    and DOES 2 through 100, inclusive,      Time:      2:00 p.m.
16                                          Courtroom: 11, 19th Floor
                  Defendants.
17
    BERNZOMATIC,
18
                  Cross-Complainant,
19
          v.
20
    WESTERN INDUSTRIES, INC.,
21  WORTHINGTON INDUSTRIES, AND
    ROES 2 through 100, inclusive,
22
                  Cross-Defendants.
23

24        Third-Party Defendant WESTERN INDUSTRIES, INC., hereby requests that its attorney

25  of record, Lowell T. Carruth of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, be

26  ///

27  ///

28  ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1   allowed to participate in the Case Management Conference presently set for October 2, 2007 at

2   2:00 p.m. before the Honorable Martin J. Jenkins by telephone.

3

Dated: September 20, 2007                          McCORMICK, BARSTOW, SHEPPARD,
4                                                      WAYTE & CARRUTH LLP

5

6                                            By:_____/s/ Lowell T. Carruth_____

7                                                      Lowell T. Carruth
                                                 Attorneys for Third-Party Defendant
8                                                WESTERN INDUSTRIES, INC.

9                                            ORDER

10       IT IS SO ORDERED.

11   DATED: September ___, 2007

12                                                 _____
                                                 The Honorable Martin J. Jenkins
                                                 Judge of the U.S. District Court

13

14

15

16   03664/00161-1141311.v1

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

REQUEST TO APPEAR TELEPHONICALLY AT CMC CV 06-07026 MJJ



1   MICHAEL J. VEILUVA (State Bar No. 100419)
    MARK D. EPSTEIN (State Bar No. 168221)
2   ALBORG, VEILUVA & EPSTEIN LLP
    200 Pringle Avenue, Suite 410
3   Walnut Creek, CA 94596
    Telephone: (925) 939-9880
4   Facsimile: (925) 939-9915

5   Attorneys for Plaintiffs
    Andrew Shalaby and Sonia Dunn-Ruiz
6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  ANDREW SHALABY and SONIA DUNN-      Case No. C 06-07026 MJJ
    RUIZ,
11                                      **JOINT CASE MANAGEMENT
               Plaintiffs,              STATEMENT AND PROPOSED ORDER**
12
13             vs.                      Date:   October 2, 2007
                                        Time:   2:00 p.m.
14  IRWIN INDUSTRIAL TOOL COMPANY,      Dept.:  Courtroom 11, 19th Floor
    INC., THE HOME DEPOT, INC., and DOES  Judge: The Hon. Martin J. Jenkins
15  2 through 100, inclusive,
                                        Complaint filed: October 10, 2006
16             Defendants.              Case Removed: November 9, 2006

17  AND RELATED THIRD PARTY CLAIMS
                                    /
18

19         The parties to the above-entitled action jointly submit this Case Management Statement

20  and Proposed Order, and respectfully request that the Court adopt it as its Case Management

21  Order in this case.

22                       **DESCRIPTION OF THE CASE**

23         This case stems from an incident that occurred on April 21, 2006, in which plaintiff

24  Andrew Shalaby was injured while using a BernzOmatic brand MAPP Gas cylinder and torch.

25     1.   **Brief Description of the Events Underlying the Action**

26          a.   **Description of the Product at Issue in the Case**

27         Plaintiff Andrew Shalaby contends that he purchased a BernzOmatic brand MAPP Gas

28  kit consisting of a MAPP gas cylinder and torch from a local hardware store, near his home in El

                                        1                    900725 pld USDC Pldgs Joint CMC(2nd) final.doc

1  Cerrito, California in mid-2005.  He further contends that sometime after he purchased the

2  original BernzOmatic kit, Mr. Shalaby purchased two replacement BernzOmatic MAPP Gas

3  cylinders to use when the original cylinder was depleted of fuel.  MAPP gas is a mixture of

4  liquefied petroleum and methylacetylene-propadiene.  MAPP gas is typically used for welding or

5  soldering applications due to its high combustion temperature of 5301° F (2927° C ).

6      The products involved in this dispute are a yellow colored canister or "cylinder" which

7  contained the MAPP gas that served as the fuel, and a "torch" that emits a flame from the tip

8  when it is in use.  The torch attached to the cylinder by screwing on to a threaded metal neck at

9  the top of the cylinder.  When the torch is attached to the cylinder, the user ignites the torch by

10  pulling a trigger switch that is part of the torch assembly.

11      **b.    The Parties**

12      The plaintiffs are Andrew Shalaby and his wife, Sonia Dunn-Ruiz.  Mr. Shalaby contends

13  he was injured while using a MAPP gas cylinder and torch to light a campfire on or about April

14  21, 2006.  The accident occurred in the presence of Ms. Dunn-Ruiz.

15      The named defendants in the operative (first amended) complaint are Irwin Industrial

16  Tool Company, of which BernzOmatic is an unincorporated division (hereinafter "Irwin"), and

17  the Home Depot, Inc.  Upon answering the first amended complaint, Irwin filed a third party

18  complaint for indemnity against Western Industries, Inc. ("Western") and Worthington

19  Industries, Inc. ("Worthington").  In its third party complaint, Irwin alleges that during the time

20  periods relevant to this action, Irwin purchased MAPP gas cylinders exclusively from Western

21  and Worthington.  Irwin alleges further that to the extent a BernzOamtic MAPP gas cylinder was

22  involved in the accident which forms the basis of plaintiffs' first amended complaint, said MAPP

23  gas cylinder was manufactured by either Western or Worthington.

24      **c.    The Incident Underlying This Case**

25      Mr. Shalaby and his family, his wife Sonia Dunn-Ruiz and their two children, are avid

26  campers.  The family owns a recreational vehicle which they use on a regular basis to tour the

27  western United States and park for overnight stays at designated campgrounds that accommodate

28

1  recreational vehicles. Prior to and including the evening of April 21, 2006, Mr. Shalaby

2  regularly used his BernzOmatic MAPP gas cylinder and torch to ignite wood campfires.

3       During the week of April 17, 2006, plaintiffs were vacationing at the "Campland on the

4  Bay," a recreational vehicle resort located near the water in San Diego, California. On the

5  evening of April 21, 2006, Mr. Shalaby contends he was severely injured when he activated the

6  trigger switch on the torch attached to the MAPP gas cylinder. Upon activating the trigger, Mr.

7  Shalaby contends he was engulfed by heated MAPP gas and flames that were emitted from the

8  product, which caused severe burns to his face, limbs, and extremities.

9       Ms. Dunn-Ruiz, was less than ten feet away from Mr. Shalaby during the occurrence of

10  the incident. She initially had her back turned to her husband, but upon hearing a loud noise, she

11  turned around to witness her husband on fire.

12       Two Campland employees who were on duty the evening of the incident, Warren Ratliff

13  and Randy Stephens, testified at their depositions that they viewed the cylinder and torch

14  following the incident, and that they were discarded a short time later because the captain of the

15  fire department suppression team who responded to the incident advised that the fire department

16  had no need for them.

17       **d.    Plaintiffs Contend That The Incident Was Caused By a Defect In the MAPP
         Gas Cylinder – Defendants and Third Party Defendants Deny Any Such
18       Defect**

19

20       Plaintiffs contend that Mr. Shalaby's injuries were caused by manufacturing and/or

21  design defects in the MAPP gas cylinder that was connected to the torch he was using to start the

22  campfire.

23       Plaintiffs are informed and believe that the defects in the cylinder resulted in a

24  phenomenon known in the scientific community as a "BLEVE," which is an acronym that stands

25  for "Boiling Liquid Expanding Vapor Explosion." A BLEVE occurs when a tank containing

26  pressurized liquid fails suddenly and produces an explosive effect. During the occurrence of a

27  BLEVE, the liquid inside the tank absorbs energy from the surrounding fire and rapidly heats up,

28  resulting in an increased rate of vaporization that increases pressure. When this pressure exceeds

1  a certain limit (characteristic of the material properties of the tank wall, wall thickness and

2  temperature), the tank fails and the liquid that is released from the tank boils rapidly and

3  expands. If the liquid inside the tank is flammable, it ignites and forms a fireball.

4      Defendants and third party defendants currently do not believe that a BLEVE occurred,

5  and contend that there is a safety relief valve to prevent an explosion if pressure builds inside the

6  cylinder. Defendants and third party defendants believe that the accident occurred as a result of

7  Mr. Shalaby's misuse of the cylinder and torch. Defendants and third party defendants deny that

8  the cylinder had any defects.

9      **2.**    **The Principal Factual Issues Which the Parties Dispute**

10      Discovery is still in its early stages. The parties anticipate further discovery may result in

11  additional factual disputes prior to trial.

12      As of the filing of this joint statement, the parties have the following factual disputes:

13      a.    Whether the cylinder or torch were manufactured by any of the parties in this

14  action.

15      b.    Defendants and third party defendants contend that Mr. Shalaby intentionally or

16  unintentionally caused the torch and MAPP gas cylinder at issue to come in contact with a

17  campfire in the moments preceding the incident. Plaintiffs deny this contention, and deny that

18  either the torch or cylinder ever came into contact with the campfire at any time prior to the

19  incident.

20      c.    Defendants and third party defendants contend that Mr. Shalaby hit or struck the

21  MAPP gas cylinder or torch at issue against a concrete fire ring or otherwise misused the torch or

22  cylinder. Plaintiffs deny that Mr. Shalaby ever hit or struck the cylinder or torch against any

23  surface prior to the incident, or that he misused them in any way.

24      **3.**    **The Principal Legal Issues Which the Parties Dispute**

25      The parties reasonably anticipate that they may have one or more disputes regarding the

26  following legal issues:

27

28

1      a.      Whether or not the any of the products at issue in this case contained a

2   manufacturing defect when it left defendants' possession.

3      b.      Whether or not Plaintiffs can make a prima facie showing of defect

4   without the actual products available for examination and inspection by all parties and experts.

5      c.      Whether or not the products at issue in this case, or any of their

6   components, contained one or more design defects.

7      d.      Whether or not any defect in any of the products was present at the time it

8   left the custody and control of any parties in this action.

9      e.      Whether or not Mr. Shalaby's injuries at issue in this case were

10   proximately caused, in whole or in part, by a defective or unsafe condition in one or more of the

11   products.

12      f.      Whether or not Mr. Shalaby's injuries were proximately caused, in whole

13   or in part, by a misuse of one or more of the products.

14      g.      Whether or not Mr. Shalaby was using the products in a safe and/or

15   intended and foreseeable manner.

16      h.      Whether or not the products at issue in this case had adequate instructions

17   or warnings that addressed the potential risks and factors in using the product which plaintiffs

18   contend proximately caused Mr. Shalaby's injuries.

19      i.      Whether or not Irwin, or either of the two third party defendants, has any

20   liability for plaintiffs' injuries and, if so, whether Irwin and one or both of the third party

21   defendants are jointly and severally liable for plaintiffs' injuries.

22      j.      Whether or not Irwin or one of its vendors, suppliers and/or subcontractors

23   was negligent in manufacturing and/or designing the products or component parts.

24      k.      Whether or not the products performed as safely as an ordinary consumer

25   would have expected it to perform when used in the manner that Mr. Shalaby used it at the time

26   of the incident.

27      l.      Whether or not Mr. Shalaby's claimed injuries and damages in this case,

28   or some of them, were proximately caused by the incident.

1        m.    Whether or not the products were of the quality that a reasonable buyer

2    would expect, or was fit for the ordinary purposes for which similar or like-kind products are

3    typically used.

4        n.    Whether or not Irwin and/or the third party defendants can make a prima

5    facie showing that the products conformed with generally accepted design, manufacturing, and

6    safety standards and regulations in existence at the time of the incident, and if so, what the

7    relevance and weight of that evidence is as to the issue of whether the products contained a

8    design and/or manufacturing defect.

9        o.    Whether Mr. Shalaby was negligent in his use of the products thereby

10   barring or reducing his recovery, if any.

11   **4.     The Other Factual Issues (e.g. Service of Process, Personal Jurisdiction,
       Subject Matter Jurisdiction, or Venue) Which Remain Unresolved**

12   None.

13   **5.     The Parties Which Have Not Been Served and the Reasons**

14   All named defendants and third party defendants have been served.

15

16   **6.     The Additional Parties To Be Joined**

     None at this time.

17

18   **ALTERNATIVE DISPUTE RESOLUTION**

19   **7.     The Following Parties Consent to Assignment of this Case to a United States
       Magistrate Judge**

20   None.

21   **8.     ADR**

22   The parties agree to submit the case to mediation before a private mediator who has yet to

23   be selected.

24   **DISCLOSURES**

25   Plaintiffs and Irwin certify that they have made the disclosures that are required of them

26   by F.R. Civ. P. 26(a)(1) and Civil L.R. 16-9. The parties have stipulated that Western and

27   Worthington have until September 28, 2007 to make the disclosures that are required of them by

28   F.R. Civ. P. 26(a)(1) and Civil L.R. 16-9, and certify that they will do so by that date.

## DISCOVERY

The parties agree to the following discovery plan, exclusive of expert discovery:

a.    Interrogatories.  Each party may propound up to 35 interrogatories.

b.    Requests for Documents and Things.  Each party may propound up to 35 requests for production of documents and things.

c.    Depositions.  Each party may take up to 15 depositions of percipient witnesses and non-retained expert witnesses.

d.    Third Party Subpoenas.  In addition to any deposition subpoenas, each party may serve up to 15 third party subpoenas for purposes of inspection and producing documents and things including, but not limited to, entry onto land to inspect the accident site.

e.    Defendants request that Plaintiffs be required to disclose and produce for deposition their experts, prior to Defendants having to disclose their experts.  This proposal is based on defendants' view that plaintiffs have not put forth a specific theory of what was defective and what caused the accident.  Defendants believe it would be unfair and unduly prejudicial to them if they were required to retain an expert without knowing plaintiffs' theory of liability.  Plaintiffs believe that it would be unfair and unduly prejudicial to them if they were required to disclose and produce their experts before defendant, and request that expert disclosure by simultaneous.

The parties will need to complete some basic discovery prior to mediation, but do not anticipate that they will be able to complete all necessary discovery before mediation.  Plaintiffs believe that the parties will be able to complete non-expert discovery by January 31, 2008, barring unforeseen difficulties.  Defendants anticipate that they will be able to complete their non-expert discovery by April 30, 2008, barring unforeseen difficulties.

## TRIAL SCHEDULE

Plaintiffs request a trial date in April 2008.  Defendants request a trial date in September 2008.  The parties estimate that the trial will last between five to seven court days.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: September 21, 2007          KELLER, PRICE & MOORHEAD

                                        /s/
                                   By:_____
                                        J. PHILLIP MOORHEAD
                                   Attorneys for Defendants IRWIN INDUSTRIAL
                                   TOOL COMPANY, INC. and THE HOME DEPOT, INC.

Date: September 21, 2007           ALBORG, VEILUVA & EPSTEIN LLP

                                        /s/
                                   By:_____
                                        MARK D. EPSTEIN
                                   Attorneys for Plaintiffs

Dated: September 21, 2007          BOWLES & VERNA LLP

                                        /s/
                                   By:_____
                                        RICHARD A. ERGO
                                   Attorneys for Third Party Defendant
                                   WORTHINGTON INDUSTRIES, INC.

Dated: September 21, 2007          McCORMICK, BARSTOW, SHEPPARD,
                                   WAYTE & CARRUTH LLP

                                        /s/
                                   By:_____
                                        LOWELL T. CARRUTH
                                   Attorneys for Third Party Defendant
                                   WESTERN INDUSTRIES, INC.

## CASE MANAGEMENT ORDER

    The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____　　　　　　_____

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**ANDREW SHALABY and SONIA DUNN-RUIZ,**                    No. **C-06-7026 MJJ**

            Plaintiffs,                                **Clerk's Notice**

    v.

**IRWIN INDUSTRIAL TOOL COMPANY, INC.,**
**et al.,**

            Defendants,
                                        /

AND RELATED THIRD PARTY CLAIMS                          /

(Plaintiff is required to serve, and file proof of service with the Court, any party involved not listed on the attached proof of service.)

      YOU ARE NOTIFIED THAT the Court has rescheduled the **Case Management Conference** on October 2, 2007 at 2:00 p.m. to **Tuesday, November 13, 2007 at 1:45 p.m. to be conducted telephonically** before the Honorable Martin J. Jenkins.  Counsel for Third Party Defendant, Worthington Industries, shall initiate a joint teleconference with all counsel and thereafter call (415) 522-4141.   A joint statement from the parties is due ten (10) days prior to the conference.

Dated: 09/26/07

                                    FOR THE COURT,

                                    Richard W. Wieking, Clerk

                                    By:
                                    R.B. Espinosa
                                    Courtroom Deputy

Please refer to Judge Jenkins' Standing Order located at www.cand.uscourts.gov for additional information.  Pursuant to the Standing Order, the rescheduling of a hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the date of the *originally noticed* hearing and any reply brief is due not less than 14 days prior to the *originally noticed* hearing date.

1  RICHARD A. ERGO (# 110487)
   CATHLEEN S. HUANG (#219554)
2  BOWLES & VERNA LLP
   2121 N. California Boulevard, Suite 875
3  Walnut Creek, California 94596
   Telephone: (925) 935-3300
4  Facsimile: (925) 935-0371
   Email:  raergo@bowlesverna.com
5          chuang@bowlesverna.com

6  Attorneys for Third Party Defendant
   Worthington Industries, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  ANDREW SHALABY, an individual, and SONIA        CASE NO.:  C06-07026 MJJ
    DUNN-RUIZ an individual,
13                                                   Judge Martin J. Jenkins
              Plaintiffs,
14                                                   ADR CERTIFICATION BY
         vs.                                         WORTHINGTON INDUSTRIES, INC. AND
15                                                   ITS COUNSEL
    IRWIN INDUSTRIAL TOOL COMPANY, THE
16  HOME DEPOT, INC., and DOES 2 through 100,
    inclusive,
17
              Defendants.
18

19  BERNZOMATIC,

20            Third Party Plaintiff,

21       vs.

22  WESTERN INDUSTRIES, INC.,
    WORTHINGTON INDUSTRIES, AND ROES 2
23  through 100, inclusive,

24            Third Party Defendants.

25       Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), each of the undersigned certifies that he or

26  she has:

27

28

Bowles & Verna LLP
121 N. California Blvd
Suite 875
Walnut Creek 94596

1     1.     Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of*

2   *California*" on the ADR Internet site www.adr.cand.uscourts.gov;http://www.adr.cand.uscourts.gov.

3     2.     Discussed the available dispute resolution options provided by the Court and private

4   entities; and

5     3.     Considered whether their case might benefit from any of the available dispute resolution

6   options.

7

8

9   Dated: September 21, 2007          WORTHINGTON INDUSTRIES, INC.

10

11

12                                     By:
                                           _____
13                                         Tim Doney
                                           In-House Counsel for Third Party Defendant
14                                         WORTHINGTON INDUSTRIES, INC.

15   _____

16

17

18   Dated: September 27, 2007          BOWLES & VERNA LLP

19

20

21                                     By:
                                           _____
22                                         Richard A. Ergo
                                           Cathleen S. Huang
23                                         Attorneys for Third Party Defendant
                                           WORTHINGTON INDUSTRIES, INC.

24

25

26

27

28

Bowles & Verna LLP
121 N. California Blvd
Suite 875
Walnut Creek 94596

CASE NO.:  C06-07026 MJJ                    2

ADR CERTIFICATION BY WORTHINGTON INDUSTRIES, INC. AND ITS COUNSEL

1  MICHAEL J. VEILUVA (State Bar No. 100419,
   MARK D. EPSTEIN (State Bar No. 168221,
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925, 939-9880
4  Facsimile: (925, 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz
6

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

| 10 | ANDREW SHALABY and SONIA DUNN-RUIZ, | Case No. C 06-07026 MJJ |
|----|----|----|
| 11 | | PLAINTIFFS' ADMINISTRATIVE |
| 12 | Plaintiffs, | MOTION PURSUANT TO CIVIL LOCAL RUOLE 7-11 FOR LEAVE TO FILE |
| 13 | vs. | OBJECTIONS TO EVIDENCE PROFFERED WITH THE REPLY PAPERS IN SUPPORT |
| 14 | IRWIN INDUSTRIAL TOOL COMPANY, INC., THE HOME DEPOT, INC., and DOES | OF WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE |
| 15 | 2 through 100, inclusive | Judge: The Honorable Martin J. Jenkins |
| 16 | Defendants. | Complaint filed: October 10, 2006 |
| 17 | | Case Removed:  November 9, 2006 |
|    | AND RELATED THIRD PARTY CLAIMS | |

18

19        Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz respectfully submit this administrative

20  motion, pursuant to Civil Local Rule 7-11, for leave to file objections to evidence that was

21  submitted and proffered by third party defendant Worthington Industries, Inc. ("Worthington",

22  for the first time in connection with its reply brief in support of Worthington's motion to transfer

23  venue, which is now scheduled for hearing on October 16, 2007.  Plaintiffs have attached their

24  proposed objections as Exhibit A to the Declaration of Mark D. Epstein in support of this

25  administrative motion.

26        There is good cause to grant this administrative motion because Worthington has

27  proffered new declarations with its reply brief in support of its motion to transfer venue which

28
                                        1                    900725.pld.Admin Motion to File Objections.doc

contain numerous statements that are untrustworthy and inadmissible, that would be unduly

prejudicial to plaintiffs if they were to be admitted. Because these declarations were submitted

for the first time with Worthington's reply brief, plaintiffs are unable to submit written

objections to this evidence without first obtaining leave of court, per the Court's local rules and

the Standing Order of the Honorable Martin J. Jenkins. Plaintiffs should be permitted under

fundamental notions of fairness and efficiency to submit written objections to Worthington's

newly submitted evidence in advance of the hearing. In <u>Provenz v. Miller</u>, 102 F.3d 1478, 1483

(9th Cir. 1996,, the court held that it would be "unfair" to allow moving parties to submit new

evidence in connection with their reply papers without affording the non-moving parties an

opportunity to respond. <u>See also</u> <u>Pfohl v. Farmers Ins. Group</u>, 2004 U.S. Dist. LEXIS 6447 at *4

n.1 (C.D. Cal. March 1, 2004, (defendant permitted to file sur-reply where plaintiff submitted

new evidence and raised new argument in reply,; <u>Hammett v. Am. Banker's Ins. Co.</u>, 203 F.R.D.

690, 695 n.1 (S.D. Fla. 2001, (same,.

Accordingly, plaintiffs respectfully request that they be granted leave to file their

objections to submitted with Worthington's reply papers in support of its motion to transfer

venue.

DATED: October 4, 2007                     ALBORG, VEILUVA & EPSTEIN, LLP


                                                    /s/ Mark D. Epstein
                                           By:_____
                                                 MARK D. EPSTEIN
                                           Attorneys for Plaintiffs ANDREW SHALABY and
                                           SONIA DUNN-RUIZ

MICHAEL J. VEILUVA (State Bar No. 100419)
MARK D. EPSTEIN (State Bar No. 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Telephone: (925) 939-9880
Facsimile: (925) 939-9915

Attorneys for Plaintiffs
Andrew Shalaby and Sonia Dunn-Ruiz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY and SONIA DUNN-RUIZ,<br><br>        Plaintiffs,<br><br>    vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, INC., THE HOME DEPOT, INC., and DOES 2 through 100, inclusive<br><br>        Defendants. | Case No. C 06-07026 MJJ<br><br>DECLARATION OF MARK D. EPSTEIN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RUOLE 7-11 FOR LEAVE TO FILE OBJECTIONS TO EVIDENCE PROFFERED WITH THE REPLY PAPERS IN SUPPORT OF WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE<br><br>Judge: The Honorable Martin J. Jenkins |
| AND RELATED THIRD PARTY CLAIMS | Complaint filed: October 10, 2006<br>Case Removed: November 9, 2006 |

I, MARK D. EPSTEIN, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California, and am admitted to practice before the United States District Court for the Northern District of California. I am a partner in the law firm of Alborg, Veiluva & Epstein, LLP, counsel of record for plaintiffs in this action. I make the following statements based upon matters that are within my personal knowledge, unless otherwise stated on information and belief. If called as a witness, I could and would testify competently regarding the matters set forth below.

2.      I received service of the declarations of Steven T. Gentry and Joseph Tancredy in support of third party defendant Worthington Industries, Inc.'s ("Worthington's") motion to

1  transfer venue (Docket Nos. 64 and 65) for the first time, via the Court's CM-ECF System, on

2  September 11, 2007, in conjunction with Worthington's reply brief in support of the motion.

3          3.      Attached hereto as Exhibit A is a true and correct copy of the set of objections to

4  the declarations of Steven T. Gentry and Joseph Tancredy that plaintiffs are seeking leave to file.

5          I declare under penalty of perjury that the foregoing is true and correct.  Executed on

6  October 4, 2007 in Walnut Creek, California.

7

8                              /s/ Mark D. Epstein
                              _____

9                              MARK D. EPSTEIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1   MICHAEL J. VEILUVA (State Bar No. 100419)
    MARK D. EPSTEIN (State Bar No. 168221)
2   ALBORG, VEILUVA & EPSTEIN LLP
    200 Pringle Avenue, Suite 410
3   Walnut Creek, CA 94596
    Telephone: (925) 939-9880
4   Facsimile: (925) 939-9915

5   Attorneys for Plaintiffs
    Andrew Shalaby and Sonia Dunn-Ruiz

6

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   ANDREW SHALABY and SONIA DUNN-RUIZ, | Case No. C 06-07026 MJJ |
| 11 | |
| 12           Plaintiffs, | PLAINTIFFS' OBJECTIONS TO EVIDENCE PROFFERED WITH THE REPLY PAPERS IN SUPPORT OF |
| 13       vs. | WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE |
| 14   IRWIN INDUSTRIAL TOOL COMPANY, INC., THE HOME DEPOT, INC., and DOES | |
| 15   2 through 100, inclusive | Date: October 16, 2007 Time: 9:30 a.m. Ctrm: 11, 19th Floor |
| 16        Defendants. | Judge: The Honorable Martin J. Jenkins |
| 17 | Complaint filed: October 10, 2006 Case Removed: November 9, 2006 |
|     AND RELATED THIRD PARTY CLAIMS | |
| 18 | |

19       Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz hereby object to the following evidence

20 submitted and proffered by third party defendant Worthington Industries, Inc. in connection with

21 its reply brief in support of Worthington's motion to transfer venue, currently set for hearing on

22 October 16, 2007.

23       1.     <u>Objections to the Declaration of Steven T. Gentry</u>

24       Plaintiffs object to the Declaration of Steven T. Gentry in support of Worthington's reply

25 brief to its motion to transfer venue as follows:

26           a.     <u>The declaration as a whole is irrelevant to any issue on this motion.</u>

27       Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence

28

1  means evidence having any tendency to make the existence of any fact that is of consequence to

2  the determination of the action, or in this case the motion, more probable or less probable than it

3  would be without the evidence.  The issues on this motion are (1) whether the witnesses who

4  reside in San Diego, for whose convenience Worthington purports to make this motion, have

5  testimony that is of sufficient relative importance vis-à-vis the testimony of the witnesses who

6  reside in Northern California, and is of sufficient reliability and probative value (and in some

7  cases whether it is even admissible), to justify overriding plaintiffs' choice of forum and

8  transferring the case to the Southern District of California, and (2) whether on balance the more

9  critical witnesses in the case reside in Northern California as opposed to Southern California.

10      None of the statements contained in this declaration, which are all unfounded,

11  unsubstantiated, and self-serving statements of opinion by Worthington's own Regulatory

12  Affairs Manager, has any impact on the admissibility, reliability and/or probative value on the

13  testimony of the third party witnesses that serves as the basis of Worthington's motion to transfer

14  venue.  Nor do any of the statements in this declaration have any impact on the relative

15  importance of the testimony of the Northern California witnesses vis-à-vis the testimony of the

16  Southern California witnesses on whose behalf Worthington makes this motion.  Moreover,

17  there are no allegations in the complaint about when or where a hole may have developed in the

18  MAPP gas cylinder at issue, which is the primary focus of Mr. Gentry's declaration.

19      Accordingly, the declaration of Steven T. Gentry should be disregarded in its entirety on

20  the grounds that it is irrelevant to any issue in this motion.

21          b.    The Statements in Paragraph 3, Lines 11-16 Are Not Based on Matters

22                That Are Within the Declarant's Personal Knowledge and Contain
                  Inadmissible Opinions.

23

24  Statements Objected To:

25          "MAPP gas cylinders contain gas that is under pressure.  If there was a hole at the
            top of the cylinder, that would have allowed gas to escape from the cylinder.  The

26          sound of the gas escaping would be very audible and very obvious to anyone
            handling the cylinder or in the vicinity of the cylinder. As I am not aware that any

27          witness heard the sound of gas escaping before the accident occurred, it seems

28          fairly evident that the hole was not created prior to the accident that caused Mr.

Shalaby's injuries."

<u>Objections</u>:

(1) Mr. Gentry's statements and opinions expressed in this paragraph are inadmissible because they are not based upon matters that are within his personal knowledge. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. Evidence to prove personal knowledge may consist of, among other things, the witness' own testimony. *Ibid.* Mr. Gentry's superficial and conclusory statement in paragraph 1 that, "I have personal knowledge of the following matters," is insufficient to establish that he actually has personal knowledge of facts upon which he bases the statements that follow.

It is not enough for the declarant simply to state that he or she has personal knowledge of the facts stated, as Mr. Gentry has done. Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. Fed. R. Evid. 602; see <u>United States v. Shumway</u>, 199 F.3d 1093, 1104 (9th Cir. 1999); <u>Bank Melli Iran v. Pahlavi</u>, 58 F.3d 1406, 1412 (9th Cir. 1995). Indeed, other statements in Mr. Gentry's declaration contradict his statement in paragraph 1 that he has "personal knowledge" of the matters stated therein, and make clear that he in fact does not have personal knowledge of the facts upon which he bases his statement, opinions and conclusions.

For example, Mr. Gentry begins paragraph 2 by declaring, "It is my understanding that the MAPP gas cylinder involved in this accident…" and, "It is also my understanding that the campground employees observed a hole…" without stating *what* it is upon which he bases his understanding. Moreover, Mr. Gentry's statement in paragraph 3, to which this objection specifically pertains, makes clear that the opinions expressed therein are uncertain, unreliable, and not based upon matters that are within her personal knowledge, i.e., "…**it seems fairly evident** that the hole was not created prior to the accident (emphasis added)…." Accordingly, the statements in paragraph 3 are inadmissible.

900725.pld.Objections to Evidence.doc

1     (2)     The opinions expressed in this paragraph are also inadmissible.  Whether

2    Worthington purports to offer Mr. Gentry's statements as lay or expert opinions, Mr. Gentry has

3    not stated what the matters are upon which he bases his opinions and, thus, they are inadmissible

4    opinions under Rule 701 (lay witness opinion), and under Rules 702 and 703 (expert opinions) of

5    the Federal Rules of Evidence.  Among other things, Mr. Gentry's opinions have not been shown

6    to be rationally based on his perceptions, nor are they helpful to the determination of any fact at

7    issue in this motion.  Moreover, the facts or data upon which Mr. Gentry relies in stating his

8    opinions have not been identified, nor have they been shown to be of a type reasonably relied

9    upon by experts in this particular field in forming opinions or inferences upon the subject of his

10    opinions.

11

          c.     The Statements in Paragraph 4, Lines 17-19 Are Not Based on Matters
12                That Are Within the Declarant's Personal Knowledge and Contain
                Inadmissible Opinions.
13

14    Statements Objected To:

15         "The MAPP gas cylinder walls would not breach in the manner described by the
         campground employees unless subjected to striking force or localized heat
16         impingement.  A breach would not occur when a person simply attempted to
         ignite a torch that was attached to a MAPP gas cylinder."
17

    Objections:
18

19     (1)     Mr. Gentry statements and opinions expressed in this paragraph are inadmissible

20    because they are not based upon matters that are within his personal knowledge.  Mr. Getry does

21    not give the names of the campgrounds employees upon whose descriptions of the "MAPP gas

22    cylinder walls breach" he relies, nor does Mr. Gentry describe the information that he received

23    from the employees, if any, or whether he personally interviewed the employees, reviewed

24    transcripts of their deposition testimony, or relied on a hearsay account of their statements as

25    relayed to him by a third party.  As such, there is nothing in the declaration to establish that Mr.

26    Gentry has personal knowledge of the matter addressed in this paragraph, and his statements in

27    this paragraph are therefore inadmissible. Fed. R. Evid. 602.

28

1      (2) The opinions expressed in this paragraph are also inadmissible.  Whether

2    Worthington purports to offer Mr. Gentry's statements as lay or expert opinions, Mr. Gentry has

3    not stated what the matters are upon which he bases his opinions and, thus, they are inadmissible

4    opinions under Rule 701 (lay witness opinion), and under Rules 702 and 703 (expert opinions) of

5    the Federal Rules of Evidence.  Among other things, Mr. Gentry's opinions have not been shown

6    to be rationally based on his perceptions, nor are they helpful to the determination of any fact at

7    issue in this motion.   Moreover, the facts or data upon which Mr. Gentry relies in stating his

8    opinions have not been identified, nor have they been shown to be of a type reasonably relied

9    upon by experts in this particular field in forming opinions or inferences upon the subject of his

10    opinions.

    d. <u>The Statements in Paragraph 5, Lines 19-26 Are Not Based on Matters</u>

11         <u>That Are Within the Declarant's Personal Knowledge and Contain</u>

12         <u>Inadmissible Opinions.</u>

13    <u>Statements Objected To:</u>

14      "It is my understanding that one or more persons at the scene of the accident

15      heard Mr. Shalaby say that he kicked the cylinder into the fire.  That scenario very
  well could account for the hole in the cylinder observed after the accident.  If the

16      cylinder was in the fire and a flame or ember impinged on the top of the cylinder,
  the cylinder wall at the point of impingement would weaken.  The fire would

17      cause the temperature of the MAPP gas to increase; that in turn would cause the
  pressure inside the cylinder to increase.  It is possible that the cylinder wall at the

18      point of impingement would weaken to the point where the increased pressure
  would cause a breach."

19

20    <u>Objections:</u>

21      (1) Mr. Gentry statements and opinions expressed in this paragraph are inadmissible

22    because they are not based upon matters that are within his personal knowledge.  Mr. Getry does

23    not state the facts nor describe the information upon which he bases his *understanding* that "one

24    or more persons at the incident heard Mr. Shalaby say that he kicked the cylinder into the fire,"

25    nor does he have personal knowledge that Mr. Shalaby actually kicked the cylinder into the fire.

26    As such, there is nothing in the declaration to establish that Mr. Gentry has personal knowledge

27    of the matter addressed in this paragraph, and his statements in this paragraph are inadmissible.

28    Fed. R. Evid. 602.

1    (2)    The opinions expressed in this paragraph are also inadmissible. Whether

2   Worthington purports to offer Mr. Gentry's statements as lay or expert opinions, Mr. Gentry has

3   not stated what the matters are upon which he bases his opinions and, thus, they are inadmissible

4   opinions under Rule 701 (lay witness opinion), and under Rules 702 and 703 (expert opinions) of

5   the Federal Rules of Evidence. Among other things, Mr. Gentry's opinions have not been shown

6   to be rationally based on his perceptions, nor are they helpful to the determination of any fact at

7   issue in this motion. Moreover, the facts or data upon which Mr. Gentry relies in stating his

8   opinions have not been identified, nor have they been shown to be of a type reasonably relied

9   upon by experts in this particular field in forming opinions or inferences upon the subject of his

10  opinions.

11    2.    Objection to the Declaration of Joseph Tancredy

12    Plaintiffs object to the Declaration of Joseph Tancredy on the grounds that it is irrelevant

13  to any issue on this motion.

14    Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence

15  means evidence having any tendency to make the existence of any fact that is of consequence to

16  the determination of the action, or in this case the motion, more probable or less probable than it

17  would be without the evidence.

18    Worthington has the burden on this motion of establishing that "the convenience of the

19  parties and witnesses, and that the interests of justice" require that this case be transferred to the

20  Southern District of California. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270,

21  279 (9th Cir. 1979); Los Angeles Memorial Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (CD

22  Cal. 1981). The pertinent issues on this motion are (1) whether the witnesses who reside in San

23  Diego, for whose convenience Worthington purports to make this motion, have testimony that is

24  of sufficient relative importance vis-à-vis the testimony of the witnesses who reside in Northern

25  California, and is of sufficient reliability and probative value (and in some cases whether it is

26  even admissible), to justify overriding plaintiffs' choice of forum and transferring the case to the

27

28

1   Southern District of California, and (2) whether on balance the more critical witnesses in the case

2   reside in Northern California as opposed to Southern California.

3        Mr. Tancredy is a resident of Northern California, and thus it certainly would not be in

4   the interest of his convenience to transfer this case to Southern California. The fact that Mr.

5   Tancredy may be willing to *inconvenience* himself by traveling to San Diego for trial is entirely

6   beside the point, and does not provide any grounds on which to grant this motion.

7        Accordingly, the declaration of Joseph Tancredy should be disregarded in its entirety on

8   the grounds that it is irrelevant to any issue in this motion.

9

10

11   DATED: October 4, 2007                    ALBORG, VEILUVA & EPSTEIN, LLP

12

13                                                /s/ Mark D. Epstein
                                          By:_____
14                                             MARK D. EPSTEIN
                                          Attorneys for Plaintiffs ANDREW SHALABY and
15                                          SONIA DUNN-RUIZ

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MICHAEL J. VEILUVA (State Bar No. 100419)
   MARK D. EPSTEIN (State Bar No. 168221)
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925) 939-9880
4  Facsimile: (925) 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  ANDREW SHALABY and SONIA DUNN-        |  Case No. C 06-07026 MJJ
    RUIZ,                                  |
11                                         |  [PROPOSED] ORDER GRANTING
                                           |  PLAINTIFFS' ADMINISTRATIVE
12          Plaintiffs,                     |  MOTION PURSUANT TO CIVIL LOCAL
                                           |  RULE 7-11 FOR LEAVE TO FILE
13          vs.                             |  OBJECTIONS TO EVIDENCE PROFFERED
                                           |  WITH THE REPLY PAPERS IN SUPPORT
14  IRWIN INDUSTRIAL TOOL COMPANY,         |  OF WORTHINGTON INDUSTRIES, INC.'S
    INC., THE HOME DEPOT, INC., and DOES   |  MOTION TO TRANSFER VENUE
15  2 through 100, inclusive               |
                                           |
16          Defendants.                     |  Judge: The Honorable Martin J. Jenkins
                                           |
17                                         |  Complaint filed: October 10, 2006
                                           |  Case Removed: November 9, 2006
18

19          Having duly considered plaintiffs Administrative Motion Pursuant to Civil Local Rule 7-

20  11 for Leave to File Objections to Evidence Proffered With the Reply Papers In Support of

21  Worthington Industries, Inc.'s Motion to Transfer Venue, the supporting papers, declarations,

22  and the arguments in support of and in opposition thereto, IT IS HEREBY ORDERED that the

23  Motion is GRANTED.  Plaintiffs shall electronically file the objections that are attached as

24  Exhibit A to the Declaration of Mark D. Epstein in support of plaintiffs' Administrative Motion.

25          IT IS SO ORDERED.

26  Dated: _____         _____
                                           The Honorable Martin J. Jenkins
27                                         United States District Court Judge

28
                                          1           900725.pld.Proposed Order Granting Admin Motion.doc
           ORDER GRANTING PLAINTIFFS ADMINISTRATIVE MOTION FOR LEAVE TO FILE OBJECTIONS
                              Case No. C 06-07026 MJJ

Lowell T. Carruth, # 034065
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300
Email: lowell.carruth@mccormickbarstow.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Third-Party Defendant
WESTERN INDUSTRIES, INC.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive, <br><br> Defendants. <br><br> AND RELATED ACTIONS. | Case No.  CV 06-07026 MJJ <br><br> **NOTICE IN SUPPORT OF THIRD PARTY DEFENDANT WORTHINGTON INDUSTRIES, INC.'S MOTION TO TRANSFER VENUE** <br><br> Judge:    Martin J. Jenkins <br> Date:    October 16, 2007 <br> Time:    9:30 a.m. <br> Courtroom:  11, 19th Floor |

PLEASE TAKE NOTICE that Third Party Defendant WESTERN INDUSTRIES, INC., supports Third Party Defendant WORTHINGTON INDUSTRIES, INC.'S Motion to Transfer Venue.

Dated: October 5, 2007

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:    /s/ Lowell T. Carruth
Lowell T. Carruth
Attorneys for Third-Party Defendant
WESTERN INDUSTRIES, INC.

03664/00161-1146992.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA

### *CIVIL MINUTES*

**Judge: MARTIN J. JENKINS**

**Date**: October 16, 2007

**Case No**: C 06-07026 MJJ

**Case Title**: ANDREW SHALABY, et al.  v.  NEWELL RUBBERMAID, INC., et al.

**Appearances:**

For Plaintiff(s): Mark Epstein

For Defendant(s): Phillip Moorehead, Richard Ergo, Lowell Carruth

**Deputy Clerk**:  Rowena B. Espinosa          **Court Reporter**: Lydia Zinn

### *PROCEEDINGS*

1. Hearing on the Motion to Transfer Venue - held

MOTION/MATTER: (X) Granted
                              ( ) Denied
                              ( ) Granted in part/Denied in part
                              ( ) Taken under submission
                              ( ) Withdrawn/Off Calendar
                              ( ) Continued to:

Order to be prepared by:        ( ) Plaintiff   ( ) Defendant   (X) Court

**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wieking                                          General Court Number
Clerk                                                           415.522.2000

October 25, 2007

Southern District of California
940 Front Street
San Diego, CA 92101

RE: CV 06-07026 MJJ  SHALABY ET AL-v-NEWELL RUBBERMAID, INC. ET AL

Dear Clerk,

      Pursuant to an order transferring the above captioned case to your court, transmitted herewith
are:

        ☒     Certified copy of docket entries.

        ☒     Certified copy of Transferral Order.

        ☒     Original case file documents.

        ☒     Please access the electronic case file for additional pleadings you may need.  See
               the attached instructions for details.

      Please acknowledge receipt of the above documents on the attached copy of this letter.

             Sincerely,
             RICHARD W. WIEKING, Clerk

             by: Simone Voltz
             Case Systems Administrator

Enclosures
Copies to counsel of record

JS44
(Rev. 07/89)

**CIVIL COVER SHEET**

**FILED**
OCT 3 0 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Andrew Shalaby, Sonia Dunn-Ruiz

**DEFENDANTS**

Newell Rubbermaid, Inc, The Home Depot, Inc Rubbermaid, Inc. Irwin Industrial Tool Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Alameda
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Mark Douglas Epstein
200 Pringle Avenue , Suite 410
Walnut Creek, CA 94596
925-939-9880

**ATTORNEYS (IF KNOWN)**

'07 CV 2107 W     POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. 1441

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 610 Agriculture | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 620 Other Food & Drug | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☒ 365 Personal Injury - | ☐ 625 Drug Related Seizure of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | **SOCIAL SECURITY** | |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | | **LABOR** | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☒ 5 Transferred from another district (specify) Northern district of CA
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ _____
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   October 30, 2007

SIGNATURE OF ATTORNEY OF RECORD