1  Lowell T. Carruth, # 034065
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA  93720-1501
4  Telephone:     (559) 433-1300
   Facsimile:     (559) 433-2300
5  Email: lowell.carruth@mccormickbarstow.com

6  Attorneys for Third-party Defendant
   WESTERN INDUSTRIES, INC.
7

(SPACE BELOW FOR FILING STAMP ONLY)

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual,<br>12<br>       Plaintiffs,<br>13<br>   v.<br>14<br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br>15<br>16<br>       Defendants.<br>17<br>BERNZOMATIC,<br>18<br>       Cross-Complainant,<br>19<br>   v.<br>20<br>WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive,<br>21<br>22<br>       Cross-Defendants.<br>23 | Case No.  07-CV-2107-W (POR)<br><br>**ANSWER TO THIRD-PARTY COMPLAINT; DEMAND FOR TRIAL BY JURY**<br><br>Judge:     The Hon. Thomas J. Whelan |

24       COMES NOW Third-party Defendant WESTERN INDUSTRIES, INC. ("WESTERN")

25  and responds to Third-party Plaintiff BERNZOMATIC'S Third-party Complaint as follows:

26                                **PARTIES**

27       1.      As to Paragraph 1 of the Third-party Complaint, WESTERN is without knowledge

28  or information sufficient for it to form a belief as to the truth of said allegations, and on that basis

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

ANSWER TO THIRD-PARTY COMPLAINT  07-CV-2107 W POR

denies each and every allegation contained therein.

2. As to Paragraph 2 of the Third-party Complaint, WESTERN admits each and every allegation contained therein.

3. As to Paragraph 3 of the Third-party Complaint, WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and, accordingly, denies each and every allegation contained therein.

4. As to Paragraph 4 of the Third-party Complaint, WESTERN admits that between certain dates it manufactured and sold to BERNZOMATIC, BERNZOMATIC branded gas cylinders. WESTERN denies that it manufactured and/or sold the BERNZOMATIC branded gas cylinder at issue in this case and denies any other allegations contained in Paragraph 4.

5. As to Paragraph 5 of the Third-party Complaint, WESTERN admits that WORTHINGTON purchased certain assets from WESTERN on or about September 17, 2004. WESTERN denies any remaining allegations contained in said Paragraph 5.

## JURISDICTION AND VENUE

6. As to Paragraph 6 of the Third-party Complaint, WESTERN, at all times, denies that any of its actions or omissions caused any damage to Third-party Plaintiff. WESTERN is without knowledge or information concerning any of the remaining allegations in Paragraph 6, and on that basis denies each and every remaining allegation contained therein.

7. As to Paragraph 7 of the Third-party Complaint, WESTERN admits that venue is proper in the United States District Court, Southern District of California. WESTERN is without knowledge or information sufficient to form a belief as to any of the other allegations contained in Paragraph 7, and on that basis denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

8. As to Paragraph 8 of the Third-party Complaint, WESTERN admits that Plaintiffs filed suit on or about October 10, 2006, in Alameda County, California, and amended their Complaint on or about June 11, 2007. Said Complaint and Amended Complaint speak for themselves. Furthermore, Third-party Plaintiff BERNZOMATIC is not the named defendant in the above-captioned lawsuit, and that BERNZOMATIC is a division and not a legal entity.

WESTERN is without knowledge or information sufficient to form a belief as to the truth of any other allegations in said Paragraph 8, and on that basis denies each and every remaining allegation contained therein.

9. As to Paragraph 9 of the Third-party Complaint, WESTERN admits there exists a February 20, 2007 Joint Case Management Statement and Order, but WESTERN was not part of the lawsuit at the time. Said Joint Case Management Statement and Order speaks for itself. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 9, and on that basis denies each and every remaining allegation contained therein.

10. As to Paragraph 10 of the Third-party Complaint, WESTERN admits that said February 20, 2007 Joint Case Management Statement and Order speaks for itself, and that certain depositions of fire department and campground personnel have been taken. Said depositions speak for themselves. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 10, and on that basis denies each and every remaining allegation contained therein.

11. As to Paragraph 11 of the Third-party Complaint, WESTERN admits that it and WORTHINGTON manufactured MAPP gas cylinders at certain times. WESTERN denies any remaining allegations in Paragraph 11 that suggest that it manufactured the subject MAPP gas cylinder. Further, WESTERN is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 11, and on that basis denies each and every remaining allegation contained therein.

12. As to Paragraph 12 of the Third-party Complaint, WESTERN is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies each and every allegation contained therein.

13. As to Paragraph 13 of the Third-party Complaint, WESTERN denies that it manufactured the BERNZOMATIC MAPP gas cylinder that was involved in this accident. Further, WESTERN is without knowledge or information sufficient to form a belief as to the truth of any other allegations in Paragraph 13, and on that basis denies each and every allegation

contained therein.

14. As to Paragraph 14 of the Third-party Complaint, WESTERN at all times denies that it manufactured the MAPP gas cylinder that was involved in the subject accident. With respect to any other allegation contained in said Paragraph 14, WESTERN is without knowledge or information sufficient to form a belief as to the truth of said allegations, and on that basis denies each and every other allegation contained therein.

15. As to Paragraph 15 of the Third-party Complaint, WESTERN admits there is a written contract between it and WORTHINGTON and that it speaks for itself. Said provision in the written contract requires that WORTHINGTON be determined the manufacturer of the subject cylinder. To the extent there are any other allegations, WESTERN denies said allegations.

## FIRST CLAIM – DECLARATION OF RIGHTS

16. As to Paragraph 16 of the Third-party Complaint, WESTERN incorporates by reference the allegations in Paragraphs 1 through 15 of this Answer to Third-party Complaint as though fully rewritten herein.

17. As to Paragraph 17 of the Third-party Complaint, WESTERN admits there are supply agreements between WESTERN and Newell Operating Company and between WORTHINGTON and IRWIN INDUSTRIAL TOOL COMPANY which speak for themselves. WESTERN denies any remaining allegations in Paragraph 17 that are directed at WESTERN. The indemnification provisions in said contracts also speak for themselves. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 17, and on that basis denies each and every remaining allegation contained therein.

18. As to Paragraph 18 of the Third-party Complaint, WESTERN admits that the supply agreement between it and Newell Operating Company speaks for itself. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 18, and on that basis denies each and every remaining allegation contained therein.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

4

ANSWER TO THIRD-PARTY COMPLAINT 07-CV-2107 W POR

19. As to Paragraph 19 of the Third-party Complaint, WESTERN admits that the supply agreement between BERNZOMATIC and WORTHINGTON speaks for itself. WESTERN denies any allegations in Paragraph 19 that may be directed at WESTERN. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any other remaining allegations contained in Paragraph 19, and on that basis denies each and every remaining allegation contained therein.

20. As to Paragraph 20 of the Third-party Complaint, the allegations set forth by the SHALABYs speak for themselves. WESTERN denies that it manufactured and/or sold the gas cylinder which is the subject of this litigation. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 20, and on that basis denies each and every remaining allegation contained therein.

21. As to Paragraph 21 of the Third-party Complaint, WESTERN admits that BERNZOMATIC tendered the defense of the SHALABY matter to WESTERN on or about June 19, 2006. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 21, and on that basis denies each and every remaining allegation contained therein.

22. As to Paragraph 22 of the Third-party Complaint, WESTERN admits that it has denied the tender of defense by BERNZOMATIC. Further, WESTERN denies that it is in breach of the indemnification provisions of the supply agreement. With respect to any further allegations, WESTERN is without knowledge or information sufficient to form a belief as to the truth of said allegations, and on that basis denies each and every allegation contained therein.

23. As to Paragraph 23 of the Third-party Complaint, WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies each and every allegation contained therein.

24. As to Paragraph 24 of the Third-party Complaint, WESTERN admits there is a dispute between Plaintiffs and Defendant IRWIN INDUSTRIAL TOOL COMPANY. WESTERN denies that there is a dispute between Plaintiffs and it. WESTERN is without knowledge or information to form a belief as to the truth of any remaining allegations in

Paragraph 24, and on that basis denies each and every remaining allegation contained therein.

25. As to Paragraph 25 of the Third-party Complaint, WESTERN denies the allegations contained in Paragraph 25a. WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25b, and on that basis denies each and every allegation contained therein.

**SECOND CLAIM – BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION**

26. As to Paragraph 26 of the Third-party Complaint, WESTERN incorporates by reference the allegations in Paragraphs 1 through 25 of this Answer to Third-party Complaint as though fully rewritten herein.

27. As to Paragraph 27 of the Third-party Complaint, WESTERN denies each and every allegation contained therein.

28. As to Paragraph 28 of the Third-party Complaint, WESTERN denies each and every allegation contained therein.

29. As to Paragraph 29 of the Third-party Complaint, WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies each and every allegation contained therein.

30. As to Paragraph 30 of the Third-party Complaint, WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies each and every allegation contained therein.

**THIRD CLAIM – EQUITABLE INDEMNIFICATION**

31. As to Paragraph 31 of the Third-party Complaint, WESTERN refers to Paragraphs 1 through 30 of this Answer to BERNZOMATIC's Third-party Complaint, and by this reference incorporates the same as though fully set forth.

32. As to Paragraph 32 of the Third-party Complaint, WESTERN admits that at different times WESTERN and WORTHINGTON manufactured BERNZOMATIC branded MAPP gas cylinders. Further, WESTERN admits that at such times it sold such cylinders to Newell Operating Company. WESTERN also admits that WORTHINGTON sold such cylinders at that time when it manufactured such cylinders to either Newell Operating Company and/or

IRWIN INDUSTRIAL TOOL COMPANY. WESTERN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis denies each and every allegation contained therein.

33. As to Paragraph 33 of the Third-party Complaint, WESTERN denies at all times that the any MAPP gas cylinder that it manufactured and/or sold was defective. WESTERN is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 33, and on that basis denies each and every allegation contained therein.

34. As to Paragraph 34 of the Third-party Complaint, WESTERN denies any of the allegations contained in said paragraph insofar as they are alleging that WESTERN caused any injuries and/or damages to Plaintiffs, and/or manufactured the subject cylinder. WESTERN is without knowledge or information sufficient to form a belief as to any of the remaining allegations in Paragraph 34, and on that basis denies each and every remaining allegation contained therein.

35. As to Paragraph 35 of the Third-party Complaint, at all times, WESTERN denies that it manufactured and/or sold the subject cylinder. With respect to any other allegation contained in Paragraph 35, WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies each and every allegation contained therein.

36. As to Paragraph 36 of the Third-party Complaint, WESTERN denies the allegations set forth in said paragraph, and specifically denies that it owes indemnity to the Defendant/Third-party Plaintiff for any alleged harm caused by the cylinder being used by the Plaintiff at the time of this accident.

37. As to Paragraph 37 of the Third-party Complaint, WESTERN denies the allegations contained in said paragraph. With respect to any attempt to claim indemnification from WESTERN, WESTERN is without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 37, and on that basis denies each and every allegation contained therein.

///

**FOURTH CLAIM – THIRD PARTY BENEFICIARY**

38. As to Paragraph 38 of the Third-party Complaint, WESTERN refers to Paragraphs 1 through 37 of this Answer to BERNZOMATIC's Third-party Complaint, and by this reference incorporates the same as though fully set forth.

39. As to Paragraph 39 of the Third-party Complaint, WESTERN admits that there exists a contract between WESTERN and WORTHINGTON, which speaks for itself. Under the terms of said contract, when the manufacturer of the subject cylinder cannot be determined, if it is to be presumed that if the accident occurred more than 90 days after September 17, 2004, it will be deemed to have been manufactured by WORTHINGTON. Accordingly, if there is any liability with respect to the manufacturer of the subject cylinder, it is the liability of WORTHINGTON. WESTERN denies the remaining allegations contained in Paragraph 39.

40. As to Paragraph 40 of the Third-party Complaint, WESTERN admits that there exists an agreement between it and Newell Operating Company, which speaks for itself. Further, WESTERN admits that it has an agreement with WORTHINGTON, which speaks for itself. WESTERN is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis denies each and every allegation contained therein.

41. As to Paragraph 41 of the Third-party Complaint, WESTERN admits that there exists an agreement between IRWIN INDUSTRIAL TOOL COMPANY and WORTHINGTON, and an agreement between WESTERN and Newell Operating Company, which speak for themselves. WESTERN denies any other allegation contained in Paragraph 41.

42. As to Paragraph 42 of the Third-party Complaint, WESTERN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on that basis denies each and every allegation contained therein.

**FIFTH CLAIM - ESTOPPEL**

43. As to Paragraph 43 of the Third-party Complaint, WESTERN refers to Paragraphs 1 through 42 of this Answer to BERNZOMATIC's Third-party Complaint, and by this reference incorporates the same as though fully set forth.

44. As to Paragraph 44 of the Third-party Complaint, WESTERN denies each and

1   every allegation contained in said paragraph.

2   45.   As to Paragraph 45 of the Third-party Complaint, WESTERN denies each and
3   every allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

46.   As the first, separate and distinct affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that the named Third-party Plaintiff is not a legal entity and is not properly a third-party plaintiff.  Accordingly, all claims for relief should be dismissed.

### Second Affirmative Defense

47.   As a second, separate and distinct affirmative defense to the Third-party Complaint, and each claim for relief set forth therein, WESTERN alleges that some or all of the claims fail to state facts sufficient to constitute a or any claim for relief against Third-party Defendant WESTERN.

### Third Affirmative Defense

48.   As a third, separate and distinct affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that Third-party Plaintiff was careless and negligent with respect to the matters alleged in said Third-party Complaint, and that such carelessness and negligence legally caused the happening of the incident loss and damages complained of, if any there were, and such negligence bars or proportionately reduces any potential recovery.

### Fourth Affirmative Defense

49.   As a fourth, separate and distinct affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that any damages sought by Third-party Plaintiff were proximately caused by the carelessness, negligence, fault or defects of either the remaining parties in the action or by parties and corporations unknown to WESTERN at this time, and were not caused by WESTERN.

///

**Fifth Affirmative Defense**

50. As a fifth, separate and distinct affirmative defense to the Third-party Complaint, and each claim for relief contained therein, some or all of Plaintiffs' causes of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 339 and 343.

**Sixth Affirmative Defense**

51. As a sixth, separate and distinct affirmative defense to the Third-party Complaint, and each claim for relief contained therein, any or all of the alleged rights being asserted by BERNZOMATIC (an non-legal entity) cannot be asserted because BERNZOMATIC, as well as its agents, materially breached said contract or contracts.

**Seventh Affirmative Defense**

52. As a seventh, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, the injuries and damages of which BERNZOMATIC complains were caused or contributed to by the acts of other persons and/or entities. These acts were an intervening, supervening and superseding cause of the damages, if any of which BERNZOMATIC alleges it suffered, thereby barring BERNZOMATIC from any recovery against WESTERN.

**Eighth Affirmative Defense**

53. As an eighth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, by its conduct, representations and omissions, BERNZOMATIC has waived, relinquished and/or abandoned any claim for relief against WESTERN respecting said matters.

**Ninth Affirmative Defense**

54. As a ninth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, by its conduct, representations and omissions, BERNZOMATIC is equitably estopped to assert any claim for relief against WESTERN, respecting said matter.

///

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

### Tenth Affirmative Defense

55. As a tenth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, no relief may be obtained by Third-party Plaintiff by reason of the doctrine of unclean hands.

### Eleventh Affirmative Defense

56. As an eleventh, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, any and all of the alleged rights asserted herein by Third-party Plaintiff are unenforceable as it assumed the risk.

### Twelfth Affirmative Defense

57. As a twelfth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that Third-party Plaintiff's unreasonable delay in seeking to name WESTERN as a Third-party defendant is a basis for denying its recovery.

### Thirteenth Affirmative Defense

58. As a thirteenth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that any alleged defect in the product allegedly supplied by WESTERN was caused by the unauthorized, unreasonable and unforeseeable use of the product by Plaintiffs, or by other individuals. Accordingly, WESTERN has no liability with respect to the same.

### Fourteenth Affirmative Defense

59. As a fourteenth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that Plaintiffs in this action failed to comply with the written and oral instructions relating to the use of the product, and this failure caused the alleged damages being suffered by Plaintiffs. Accordingly, WESTERN is not liable to anyone for such injuries.

### Fifteenth Affirmative Defense

60. As a fifteenth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that the product which

is the subject of this action, may have been without WESTERN's knowledge or approval, redesigned, modified and/or altered in such a way to create the alleged defect, which resulted in the injuries and damages claimed by Plaintiffs.

### Sixteenth Affirmative Defense

61.  As a sixteenth, separate and distinctive affirmative defense to the Third-party Complaint, and each claim for relief contained therein, WESTERN alleges that Plaintiffs were careless and negligent with respect to the matters alleged in the Complaint, and such carelessness and negligence proximately caused and contributed to the happening of the incident, the loss and damages complained of, if any there were, and this contributory negligence bars, or at least proportionately reduces, any potential recovery.

WHEREFORE, Third-party Defendant WESTERN INDUSTRIES, INC., prays that Third-party Plaintiff BERNZOMATIC take nothing by reason of the Third-party Complaint herein, and that said defendant be hence dismissed with its attorneys' fees and costs of suit incurred herein, and for such other and further relief as the Court may deem just and proper.

Dated: December 7, 2007                          McCORMICK, BARSTOW, SHEPPARD,
                                                 WAYTE & CARRUTH LLP


                                                 By:   /s/ Lowell T. Carruth
                                                          Lowell T. Carruth
                                                   Attorneys for Third-party Defendant
                                                      WESTERN INDUSTRIES, INC.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

12

ANSWER TO THIRD-PARTY COMPLAINT 07-CV-2107 W POR

**DEMAND FOR TRIAL BY JURY**

Third-party Defendant WESTERN INDUSTRIES, INC., hereby demands a trial by jury.

Dated: December 7, 2007

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Lowell T. Carruth
Lowell T. Carruth
Attorneys for Third-party Defendant
WESTERN INDUSTRIES, INC.

03664/00161-1168363.v1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

13

ANSWER TO THIRD-PARTY COMPLAINT 07-CV-2107 W POR