EXHIBIT A
(to Western Industries, Inc.'s Cross-Claim)

MICHAEL J. VEILUVA (State Bar No. 100419)
MARK D. EPSTEIN (State Bar No. 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Telephone: (925) 939-9880
Facsimile: (925) 939-9915

Attorneys for Plaintiffs
Andrew Shalaby and Sonia Dunn-Ruiz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY and SONIA DUNN-RUIZ,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, INC., THE HOME DEPOT, INC., and DOES 2 through 100, inclusive<br><br>Defendants. | Case No. C 06-07026 EDL<br><br>**FIRST AMENDED COMPLAINT**<br>**(DEMAND FOR JURY TRIAL)** |

Plaintiffs Andrew Shalaby (hereinafter "Mr. Shalaby") and Sonia Dunn-Ruiz (hereinafter "Ms. Dunn-Ruiz" – collectively "Plaintiffs"), by and through their attorneys, allege for their First Amended Complaint against defendants Irwin Industrial Tool Company, Inc., a wholly owned subsidiary of Newell Rubbermaid, Inc. (hereinafter "Irwin"), and The Home Depot, Inc. (collectively ("Defendants") as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs are, and at all times were, residents of the City of El Cerrito, County of Contra Costa, in the State of California.

2. Defendant Irwin Industrial Tool Company, Inc. is and at all times relevant to this action was, a corporation organized and existing under the laws of the State of Delaware, with its

principal place of business in Huntersville, North Carolina, and is a wholly owned subsidiary of Newell Rubbermaid, Inc. Plaintiffs are informed and believe, and thereon allege, that Irwin Industrial Tool Company manufactures and distributes hand tools, power tools and accessories, including MAPP Gas torches and MAPP Gas cylinders under the "BernzOmatic" brand name.

3.  Plaintiffs are informed and believe, and thereon allege, that BernzOmatic is an unincorporated division of Irwin Industrial Tool Company

4.  Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Plaintiffs are informed and believe, and thereon allege, that The Home Depot, Inc. is a retail seller of hardware, appliances, building materials, gardening materials, and other home improvement supplies, which operates stores throughout the United States, including California, with stores in the cities of Emeryville (Alameda County) and El Cerrito (Contra Costa County), California. The Home Depot, Inc. sells, among other things, BernzOmatic Brand MAPP Gas torches.

5.  Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 2 through 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said defendants if and when that information is ascertained.

6.  Plaintiffs are informed and believe that at all times mentioned herein, defendants and each of them were the agents, servants, joint venturers, authorized representatives, delegates and/or successors of the other defendants named herein, and were acting within the course and scope of said agency, service, joint venture, representation, delegation and/or succession.

7.  The court has original jurisdiction of this action under 28 U.S.C. § 1332, based upon the parties' complete diversity of citizenship, in that it is a civil action between citizens of

different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.  Venue is proper in the Northern District of California, pursuant to 28 U.S.C. § 1441(a), as well as Civil Local Rules 3-2 (c) and (d), on the grounds that this action was commenced in the Superior Court of the State of California, in and for the County of Alameda, and was subsequently removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a).

## FACTUAL ALLEGATIONS

9.  Sometime in early to mid 2005, Mr. Shalaby purchased a BernzOmatic brand MAPP Gas torch kit from a Home Depot store near his home in El Cerrito, California. The torch kit included the two components of a BernzOmatic MAPP Gas torch: a yellow colored MAPP Gas canister, or cylinder, and a torch head assembly ("torch"), the tip of which emits a flame when the torch is in use. The flame is intended to be used for soldering, welding, and other purposes that are described on the cylinder labels, on BernzOmatic internet website: http://www.bernzomatic.com, and in other product related instructions and promotional materials.

10. The BernzOmatic torch is designed and intended to be screwed on to a threaded metal neck of the MAPP Gas cylinder. Once attached to the cylinder, the torch is designed and intended to be ignited when the user activates a trigger switch that is a part of the torch assembly.

11. Soon after Mr. Shalaby purchased the BernzOmatic torch kit from Home Depot, he purchased several replacement BernzOmatic MAPP Gas cylinders from Home Depot and/or Ace Hardware to use once the original cylinder that came with the torch kit was depleted of MAPP Gas.

12. Plaintiffs and their two children are avid campers. They own a recreational vehicle which they use on a regular basis to tour and park for overnight stays at designated campgrounds that accommodate recreational vehicles.

13. While camping, Plaintiffs regularly light wood campfires in the evenings. Up until April 21, 2006, Mr. Shalaby typically ignited the family's campfires by using his BernzOmatic MAPP Gas torch to ignite the firewood. Mr. Shalaby stored the torch in a wooden box, along with the auxiliary MAPP Gas canisters, which Plaintiffs kept inside of their recreational vehicle.

14. The MAPP Gas torch kit contained a written representation that, among other things, one of the intended and/or acceptable uses of the torch was for "lighting grills." By making this representation, BernzOmatic intended for consumers to use its MAPP Gas torches to start cooking and/or recreational campfires, and knew or should have known that some consumers would use its torches in the manner that Mr. Shalaby used his torch at the time of the incident which is the subject of this lawsuit, as set forth in more detail herein below.

15. Neither the torch nor the MAPP Gas cylinder contained a warning against using the torch to ignite a wood campfire.

16. Defendants and each of them at all times herein mentioned knew and intended that the BernzOmatic Brand MAPP Gas torches that they designed, manufactured, marketed and sold would be purchased and used by consumers without the requisite knowledge of what constitutes material defects in the product, and thus without inspection for defects therein or in any of its component parts.

17. The MAPP Gas torch and/or cylinder at issue in this case was, at the time Mr. Shalaby purchased it, defective and unsafe for its intended purposes in that the design, manufacture and/or workmanship of the torch or its component parts were such that, without any misuse of or abuse to the product on the part of the user, the contents of the cylinder allowed to discharge instantaneously and become ignited upon activation of the torch ignition switch.

18. Between the date on which he purchased the MAPP Gas torch kit and April 21, 2006, Mr. Shalaby used the torch to ignite campfires on many occasions.

### A. The Incident

19. During the week of April 17, 2006, Plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

20. On or about the evening of April 21, 2006, Mr. Shalaby was seriously injured when he activated the trigger switch on his BernzOmatic MAPP Gas torch in order to light a wood campfire in a designated campfire pit, located within the campsite at the Campland complex where Plaintiffs were staying. Mr. Shalaby activated the trigger switch on the torch when the MAPP Gas cylinder suddenly, instantaneously, and without warning, exploded and/or discharged its contents, which caught fire. The heated MAPP Gas and fire enveloped Mr. Shalaby, and caused severe burns to his face, limbs, and extremities.

### B. Ms. Dunn-Ruiz Witnessed the Incident

21. Ms. Dunn-Ruiz was less than ten feet away from Mr. Shalaby when the BernzOmatic cylinder exploded and/or instantaneously discharged its contents and enveloped Mr. Shalaby in heated MAPP Gas and fire. While she had her back turned to her husband at the moment the explosion and/or gas discharge occurred, Ms. Dunn-Ruiz heard the noise from the explosion and/or gas discharged, and turned around within seconds to see her husband enveloped in flames.

### C. Plaintiffs' Damages

22. Mr. Shalaby was confined to a hospital for approximately three weeks after the incident of April 21, 2006 involving the BernzOmatic torch and MAPP Gas cylinder, receiving medical treatment for his injuries, including but not limited to painful skin grafts and surgeries, as well as treatments for infections and other medical complications that were proximately caused by the incident. Mr. Shalaby was bedridden for several weeks thereafter. During his time in the hospital, Mr. Shalaby incurred in excess of $300,000 in medical expenses, and he continues to incur medical substantial expenses in connection with ongoing medical treatment for his injuries.

23. At all times mentioned herein, Mr. Shalaby was and remains a self-employed attorney at law with an active litigation practice. During the time he was confined to the hospital, Mr. Shalaby was unable to work and, as a result, lost a substantial amount of income. Since being discharged from the hospital, Mr. Shalaby's ability to resume his law practice has been limited due to the physical and emotional injuries he sustained as a result of the April 21, 2006 incident involving the BernzOmatic torch and MAPP Gas cylinder. Mr. Shalaby was recently able to resume practicing law on a limited basis, but he continues to lose a substantial amount of business and income due to his limited ability to practice law on a full time basis. Mr. Shalaby will continue to lose income as a result of the injuries he sustained from the BernzOmatic MAPP Gas torch for an indefinite period of time.

24. Mr. Shalaby has suffered mental anguish and emotional injuries as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder, including but not limited to Post Traumatic Stress Disorder, for which he has sough treatment. Mr. Shalaby has incurred, and continues to incur, out-of-pocket expenses for the treatment of his emotional injuries.

25. Ms. Dunn-Ruiz has suffered mental anguish and emotional injuries as a result of witnessing her husband burn as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder while standing in close proximity to her husband.

**FIRST CAUSE OF ACTION -- STRICT PRODUCTS LIABILITY**
*(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

26. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 25 above, as though fully set forth herein.

27. At all times mentioned in this complaint, the BernzOmatic Brand MAPP Gas torch and/or cylinder that caused Mr. Shalaby's injuries and/or its component parts, were defective as to design, manufacture, and warnings, which caused the torch, cylinder and/or their

component parts to be in a dangerous and defective condition and prone to failure, which made them unsafe for their intended use.

28. Plaintiffs are informed and believe that the torch and/or cylinder contained one or more manufacturing defects when they left the possession of Irwin Industrial Tools, Home Depot and/or DOES 2 through 100 (collectively "Defendants") in that the torch and/or cylinder differed from the intended design and specifications, and/or from other typical units of the same product line.

29. Plaintiffs are further informed and believe that the design of the BernzOmatic torch and/or MAPP Gas cylinder that caused Mr. Shalaby's injuries was defective because the torch and/or cylinder did not perform as safely as an ordinary consumer would have expected them to perform when used in the manner that Mr. Shalaby did at the time of the April 21, 2006 incident which is the subject of this case.

30. Defendants, and each of them, designed, manufactured, distributed, marketed and/or sold the torch and cylinder, and the torch and/or cylinder contained one or more manufacturing and/or design defects when they left Defendants' possession.

31. As a direct and proximate result of the defective and dangerous condition of torch, cylinder and/or their component parts as described above, Mr. Shalaby sustained the following serious injuries and damages from using the torch in an intended manner:

  a. Deep burns over 22% of his body surface, including his face, hands, arms and legs, requiring surgical repair, skin grafts and continuing medical treatment;

  b. physical pain and discomfort;

  c. immobility;

  d. disfigurement;

  e. lost wages; and

   f. emotional trauma and mental anguish, including but not limited to Post Traumatic Stress Disorder.

### SECOND CAUSE OF ACTION -- STRICT LIABILITY FOR FAILURE TO WARN
*(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

32. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 31 above, as though fully set forth herein.

33. The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries lacked sufficient instructions or warnings of the potential risk and danger that the cylinder might suddenly and instantaneously discharge its contents and catch fire when used in an intended and foreseeable manner.

34. This danger and risk were known or should have been known to Defendants at the time the torch and MAPP Gas cylinder were designed, manufactured, distributed, marketed and sold.

35. These risks presented a substantial danger to purchasers and users of the torch that ordinary consumers would not have recognized or expected, particularly without an adequate warning.

36. Mr. Shalaby was injured when he used the torch in a manner that was intended and foreseeable to Defendants.

37. The lack of sufficient instructions or warnings was a substantial factor in causing Mr. Shalaby's injuries.

### THIRD CAUSE OF ACTION – NEGLIGENCE
*(By Mr. Shalaby Against Irwin Industrial Tools)*

38. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 37 above, as though fully set forth herein.

39. Irwin Industrial Tools, whose BernzOmatic division designed, manufactured, distributed, marketed and/or sold the BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

40. Irwin Industrial Tools was negligent in designing and/or manufacturing the torch and MAPP Gas cylinder in that they failed to use the amount of care in designing and/or manufacturing the torch and cylinder that a reasonably careful designer and manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

41. Mr. Shalaby was harmed as a proximate result of Irwin Industrial Tools' negligence when the BernzOmatic Brand MAPP Gas cylinder exploded and instantaneously discharged its contents upon Mr. Shalaby's activation of the torch trigger switch.

42. The negligence of Industrial Tools' was a substantial factor in causing Mr. Shalaby's injuries.

**FOURTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN**
*(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

43. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 42 above, as though fully set forth herein.

44. Defendants, and each of them, were negligent by not using reasonable care to adequately warn or instruct consumer's about the dangerous condition(s) in the BernzOmatic Brand MAPP Gas torch's and/or cylinder that caused Mr. Shalaby's injuries, or about circumstances that are likely to make the consumer's use of the torch dangerous.

45. Defendants, and each of them, knew or reasonably should have known that the torch presented an unreasonable danger of exploding, or was likely to explode, when used in a reasonably foreseeable manner.

46. Defendants knew or reasonably should have known that users of the torch would not realize this danger, yet failed to adequately warn of the danger or instruct users on the safe use of the torch to prevent the type of injuries that Mr. Shalaby has sustained.

47. A reasonable designer, manufacturer, marketer, distributor and seller would have warned of this danger, or instructed users on the safe use of the torch, to prevent that type of injuries that Mr. Shalaby has sustained.

**FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
*(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

48. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 47 above, as though fully set forth herein.

49. Mr. Shalaby was proximately harmed by the BernzOmatic Brand torch and MAPP Gas cylinder used in the April 21, 2006 incident because the torch and cylinder did not have the qualities, reliability and safety that a reasonable consumer would expect.

50. At the time he purchased the torch, Defendants were in the business of selling BernzOmatic Brand torches and MAPP Gas cylinders.

51. The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries were not of the same quality as those generally acceptable in the industry, and were not fit for the ordinary purposes for which such products are used.

52. The failure of the torch to have the expected quality that it should have had was a substantial factor in causing Mr. Shalaby's injuries.

**SIXTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
*(By Plaintiffs Against All Defendants)*

53. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 52 above, as though fully set forth herein.

54. Defendants, and each of them, were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

55. Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion and/or instantaneous discharge of the contents of the MAPP Gas cylinder in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was sustaining severe and life threatening injuries.

56. Both Mr. Shalaby and Ms. Dunn-Ruiz suffered serious emotional distress as a result of experiencing and observing the April 21, 2006 incident, respectively, including severe mental suffering, grief, anguish, anxiety, depression, worry, shock, and in the case of Mr. Shalaby, Post Traumatic Stress Disorder.

57. The negligence of Defendants in designing, manufacturing, distributing, marketing and selling the defective torch and/or MAPP Gas cylinder was a substantial factor in causing Plaintiffs' serious emotional distress.

Wherefore, Plaintiffs DEMAND A JURY TRIAL, and pray that a judgment be entered against Defendants, and each of them, as follows:

1. For general damages, including but not limited to damages for emotional distress, pain and suffering, according to proof;

2. For special damages, including but not limited to out of pocket medical expenses and incidental expenses related to Mr. Shalaby's injuries, and lost income, according to proof;

3. For exemplary damages;

4. For prejudgment interest according to law;

5. For costs of suit incurred in this action; and

6. For any other and further relief that the court deems just and proper.

Dated: June 11, 2007

ALBORG, VEILUVA & EPSTEIN LLP

By: /s/
MARK D. EPSTEIN
Attorneys for Plaintiffs