EXHIBIT B
(to Western Industries, Inc.'s Cross-Claim)

1  J. Phillip Moorhead, Esq. (SBN 99445)
   KELLER, PRICE & MOORHEAD
2  229 Avenue I, Second Floor
   Redondo Beach, California 90277-5600
3  Telephone: (310) 540-1332

4

   Attorneys for Defendants, BERNZOMATIC, an Unincorporated Division
5  of Irwin Industrial Tool Company and THE HOME DEPOT, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 ANDREW SHALABY, an individual, )   CASE NO. C 06 7026 EDL
   and  SONIA  DUNN-RUIZ,  an    )
12 individual,                    )   Magistrate Judge Elizabeth D.
                                  )   LaPorte
13              Plaintiffs,       )
                                  )   ANSWER TO FIRST AMENDED
14     v.                         )   COMPLAINT BY BERNZOMATIC AND
                                  )   THE HOME DEPOT, INC.
15 IRWIN INDUSTRIAL TOOL COMPANY  )
   and THE HOME DEPOT, INC. and   )
16 DOES 2 through 100, inclusive, )
                Defendants.       )
17 _____)

18

19      COME NOW, Defendants, Bernzomatic, an Unincorporated Division

20 of Irwin Industrial Tool Company, and The Home Depot, Inc., and

21 answer the First Amended Complaint of Andrew Shalaby and Sonia

22 Dunn-Ruiz on file herein by admitting, denying and alleging as

23 follows:

24                    **JURISDICTION AND VENUE**

25      1.   Answering paragraph 1, Defendants are without sufficient

26 knowledge or information to form a belief as to the truth of the

27 allegations contained in said paragraph, and on that basis, deny

28 each and every allegation contained therein.

-1-

ANSWER TO FIRST AMENDED COMPLAINT

# EXHIBIT B

2. In response to paragraph 2, Defendants admit all allegations contained therein.

3. In response to paragraph 3, Defendants admit all allegations contained therein.

4. In response to paragraph 4, Defendants admit that Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Defendants admit that The Home Depot, Inc., is a retail seller of hardware, appliances, building materials, gardening materials, and other home improvement supplies, and that it operates stores throughout the United States, including California, with stores in the cities of Emeryville (Alameda County) and El Cerrito (Contra Costa County), California. Defendants further admit that The Home Depot, Inc., sells, among other things Bernzomatic brand MAPP Gas torches. Home Depot U.S.A., Inc., is an indirect and principal operating subsidiary of Defendant The Home Depot, Inc. Defendants deny each and every remaining allegation of paragraph 4, except for those allegations which are expressly admitted above.

5. In response to paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegations contained therein.

6. In response to paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegations contained therein.

-2-

ANSWER TO FIRST AMENDED COMPLAINT

1     7. In response to paragraph 7, Defendants admit all allegations contained therein.

8. In response to paragraph 8, Defendants admit all allegations contained therein.

### FACTUAL ALLEGATIONS

9. In response to paragraph 9, Defendants admit the flame from a Bernzomatic MAPP Gas torch is intended to be used for soldering, welding, and other purposes that are described on the cylinder labels, on Bernzomatic internet website: http://www.Bernzomatic.com and in other product-related instructions and promotional materials. Defendants deny all remaining allegations of paragraph 9 on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained therein.

10. In response to paragraph 10, Defendants admit all allegations contained therein.

11. In response to paragraph 11, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegations contained therein.

12. In response to paragraph 12, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegations contained therein.

13. In response to paragraph 13, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegations contained therein.

14. In response to paragraph 14, Defendants admit that MAPP Gas torch kits contained a written representation that, among other things, one of the intended and/or acceptable uses of the torches was for "lighting grills." Defendants deny each and every remaining allegation contained in paragraph 14, except for the allegation expressly admitted above.

15. In response to paragraph 15, Defendants admit that neither torches nor MAPP Gas cylinders sold by Defendants contained a warning against using their torches to ignite a wood campfire. Defendants deny each and every remaining allegation contained in paragraph 15, except for the allegation expressly admitted above.

16. In response to paragraph 16, Defendants deny each and every allegation contained therein.

17. In response to paragraph 17, Defendants deny each and every allegation contained therein.

18. In response to paragraph 18, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis, deny each and every allegation contained therein.

19. In response to paragraph 19, Defendants admit all allegations contained therein.

20. In response to paragraph 20, Defendants admit that, on or about the evening of April 21, 2006, Mr. Shalaby was seriously injured. Defendants deny each and every remaining allegation

-4-

ANSWER TO FIRST AMENDED COMPLAINT

contained in paragraph 20, except for the allegation expressly admitted above.

21. In response to paragraph 21, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

22. In response to paragraph 22, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

23. In response to paragraph 23, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

24. In response to paragraph 24, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

25. In response to paragraph 25, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

**FIRST CAUSE OF ACTION - STRICT PRODUCTS LIABILITY**

**(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

26. Defendants incorporate by this reference the responses contained in paragraphs 1 through 25 above, as though fully set forth herein.

-5-

1   27.  In response to paragraph 27, Defendants deny each and
2 every allegation contained therein.
3   28.  In response to paragraph 28, Defendants deny each and
4 every allegation contained therein.
5   29.  In response to paragraph 29, Defendants deny each and
6 every allegation contained therein.
7   30.  In response to paragraph 30, Defendants admit that
8 Defendant, Irwin Industrial Tool Company designed, manufactured,
9 distributed, and marketed MAPP Gas torches under the "Bernzomatic"
10 brand name.  Defendants admit that Irwin Industrial Tool Company
11 distributed and marketed MAPP Gas cylinders under the
12 "Bernzomatic" brand name.  Defendants admit that The Home Depot,
13 Inc., sold Bernzomatic brand MAPP Gas torches and cylinders.
14 Defendants deny that the Bernzomatic brand torches and/or
15 cylinders contained manufacturing and/or design defects when they
16 left Defendants' possession.  Defendants deny any other
17 allegations which may be included or implied in paragraph 30
18 except for those allegations expressly admitted above.
19   31.  In response to paragraph 31, Defendants deny each of the
20 allegations contained therein with the exception of the
21 allegations of subparts a. through f., inclusive, which Defendants
22 deny on the basis that Defendants are without sufficient knowledge
23 or information to form a belief as to the truth of the allegations
24 contained in said subparts.
25
26 **SECOND CAUSE OF ACTION - STRICT LIABILITY FOR FAILURE TO WARN**
27 **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**
28   32.  Defendants incorporate by this reference the responses

-6-

ANSWER TO FIRST AMENDED COMPLAINT

1 | contained in paragraphs 1 through 31 above, as though fully set
2 | forth herein.
3 |     33.  In response to paragraph 33, Defendants deny each and
4 | every allegation contained therein.
5 |     34.  In response to paragraph 34, Defendants deny each and
6 | every allegation contained therein.
7 |     35.  In response to paragraph 35, Defendants deny each and
8 | every allegation contained therein.
9 |     36.  In response to paragraph 36, Defendants deny each and
10 | every allegation contained therein.
11 |     37.  In response to paragraph 37, Defendants deny each and
12 | every allegation contained therein.

### THIRD CAUSE OF ACTION - NEGLIGENCE

### (By Mr. Shalaby Against Irwin Industrial Tools)

16 |     38.  Defendants incorporate by this reference the responses
17 | contained in paragraphs 1 through 37 above, as though fully set
18 | forth herein.
19 |     39.  In response to paragraph 39, Defendant admits that
20 | Bernzomatic is a division of Defendant, Irwin Industrial Tool
21 | Company, which designed, manufactured, distributed, marketed,
22 | and/or sold Bernzomatic brand torches, and distributed and
23 | marketed MAPP Gas cylinders.  Defendants deny each and every
24 | remaining allegation contained in paragraph 39 except for the
25 | allegations expressly admitted above.
26 |     40.  In response to paragraph 40, Defendant denies each and
27 | every allegation contained therein.
28 |     41.  In response to paragraph 41, Defendant denies each and

-7-

ANSWER TO FIRST AMENDED COMPLAINT

every allegation contained therein.

42. In response to paragraph 42, Defendant denies each and every allegation contained therein.

### FOURTH CAUSE OF ACTION - NEGLIGENT FAILURE TO WARN

**(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

43. Defendants incorporate by this reference the responses contained in paragraphs 1 through 42 above, as though fully set forth herein.

44. In response to paragraph 44, Defendants deny each and every allegation contained therein.

45. In response to paragraph 45, Defendants deny each and every allegation contained therein.

46. In response to paragraph 46, Defendants deny each and every allegation contained therein.

47. In response to paragraph 47, Defendants deny each and every allegation contained therein.

### FIFTH CAUSE OF ACTION - BREACH OF
### IMPLIED WARRANTY OF MERCHANTABILITY

**(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

48. Defendants incorporate by this reference the responses contained in paragraphs 1 through 47 above, as though fully set forth herein.

49. In response to paragraph 49, Defendants deny each and every allegation contained therein.

50. In response to paragraph 50, Defendants admit each and every allegation contained therein.

1   51.  In response to paragraph 51, Defendants deny each and
2   every allegation contained therein.
3   52.  In response to paragraph 52, Defendants deny each and
4   every allegation contained therein.

### SIXTH CAUSE OF ACTION - NEGLIGENT INFLICTION
### OF EMOTIONAL DISTRESS
### (By Plaintiffs Against All Defendants)

8   53.  Defendants incorporate by this reference the responses
9   contained in paragraphs 1 through 52 above, as though fully set
10  forth herein.
11  54.  In response to paragraph 54, Defendants deny each and
12  every allegation contained therein.
13  55.  In response to paragraph 55, Defendants are without
14  sufficient knowledge or information to form a belief as to the
15  truth of the allegations contained in said paragraph, and on that
16  basis, deny each and every allegation contained therein.
17  56.  In response to paragraph 56, Defendants deny each and
18  every allegation contained therein.
19  57.  In response to paragraph 57, Defendants deny each and
20  every allegation contained therein.
21  .

### FIRST AFFIRMATIVE DEFENSE

23  58.  Plaintiffs' First Amended Complaint herein, and each and
24  every cause of action therein, fails to state facts sufficient to
25  constitute a cause of action against these answering Defendants
26  upon which relief can be predicated.

### SECOND AFFIRMATIVE DEFENSE

28  59.  Plaintiffs' injuries and damages, if any, were caused in

-9-

ANSWER TO FIRST AMENDED COMPLAINT

1  whole or in part by their own lack of due care, and their recovery
2  herein, if any, should be correspondingly barred or reduced.

### THIRD AFFIRMATIVE DEFENSE

60. Plaintiffs' injuries and damages, if any, were caused in whole or in part by the acts and/or omissions of some third party or third parties over whom these answering Defendants had no control and for whose acts and/or omissions these answering Defendants are neither responsible nor liable.

### FOURTH AFFIRMATIVE DEFENSE

61. These answering Defendants' liability, if any, for non-economic damages suffered by Plaintiffs shall be several only, and not joint, and Defendants shall only be liable, if at all, for the non-economic damages allocated to them in direct proportion to their percentage of fault, if any, as more fully defined in California Civil Code, Section 1431.2(a), et seq.

### FIFTH AFFIRMATIVE DEFENSE

62. At all times relevant hereto, Plaintiffs failed and/or refused to properly mitigate their damages, and their recovery herein, if any, should be correspondingly barred or reduced.

### SIXTH AFFIRMATIVE DEFENSE

63. At the time of the incident alleged in the First Amended Complaint on file herein, the product therein described was/had been altered, modified, and/or was in a condition different than that in which it had left the possession of these answering Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

64. At the time of the incident alleged in the First Amended Complaint on file herein, the product therein described was/had

-10-

ANSWER TO FIRST AMENDED COMPLAINT

1 been damaged, abused, unforeseeably misused, and/or was not properly maintained after it left the possession of these answering Defendants.

WHEREFORE, Defendants, Bernzomatic, an Unincorporated Division of Irwin Industrial Tool Company and The Home Depot, Inc., pray judgment on the First Amended Complaint of Andrew Shalaby and Sonia Dunn-Ruiz herein as follows:

1. That Plaintiffs take nothing from these answering Defendants by way of their First Amended Complaint herein;

2. That these answering Defendants be awarded their costs of suit incurred herein;

3. That these answering Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED: June 19, 2007

KELLER, PRICE & MOORHEAD

*/s/ J. Phillip Moorhead*
J. Phillip Moorhead
Attorneys for Defendants,
BERNZOMATIC, an Unincorporated Division of Irwin Industrial Tool Company and THE HOME DEPOT, INC.

-11-

ANSWER TO FIRST AMENDED COMPLAINT

1  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
2  Andrew Shalaby v. Bernzomatic/Home Depot, Inc.
   CASE NO. C 06 7026 CW
3
                        **PROOF OF SERVICE**
4
       I am employed in the county of Los Angeles, State of
5  California. I am over the age of 18 and not a party to the within
   action; my business address is 229 Avenue "I", Second Floor,
6  Redondo Beach, California 90277.

7      On June 19, 2007, I served the foregoing document described as
   **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties in this
8  action as set forth below:

9
       Mark D. Epstein
10     Alborg, Veiluva & Epstein LLP
       200 Pringle Avenue, Suite 410
11     Walnut Creek, CA 94596
       (925) 939-9880    FAX (925) 939-9915
12     (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

13
       FACSIMILE - by use of facsimile machine telephone number
14 (310)540-8480, I served a copy of the within document, to the   by
   facsimile numbers set forth above. The facsimile machine I used
15 complied with California Rules of Court, Rule 2004, and no error
   was reported by the machine. Pursuant to California Rules of
16 Court, Rule 2006(d), I caused the machine to print a transmission
   record of the transmission, a copy of which is attached to this
17 Declaration.

18     MAIL - I caused such envelope with postage thereon fully
   prepaid to be placed in the United States mail at Redondo Beach,
19 California. I am "readily familiar" with the firm's practice of
   collection and processing correspondence for mailing. Under that
20 practice it would be deposited with the U.S. Postal Service that
   same day with postage thereon fully prepaid at Redondo Beach,
21 California, in the ordinary course of business. I am aware that on
   motion of the party served, service is presumed invalid if postal
22 cancellation date or postage meter date is more than one day after
   date of deposit for mailing in affidavit.
23
       FEDERAL - I declare under penalty of perjury that the
24 foregoing is true and correct, and that I am employed in the office
   of a member of the Bar of this Court at whose direction the service
25 was made.

26     Executed on June 19, 2007, at Redondo Beach, California.

27                            _____
                              Deidre A. Picascia
28
                                    -12-

                         ANSWER TO FIRST AMENDED COMPLAINT