EXHIBIT C
(to Western Industries, Inc.'s Cross-Claim)

```
 1  J. Phillip Moorhead, Esq. (SBN 99445)
    KELLER, PRICE & MOORHEAD
 2  229 Avenue I, Second Floor
    Redondo Beach, California 90277-5600
 3  Telephone:  (310) 540-1332

 4
    Attorneys for Defendant and Third Party Plaintiff, BERNZOMATIC, an
 5  Unincorporated Division of Irwin Industrial Tool Company, and
    Defendant, THE HOME DEPOT, INC.
 6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual, | CASE NO. C 06 7026 EDL |
| Plaintiffs, | Magistrate Judge Elizabeth D. LaPorte |
| v. | THIRD PARTY COMPLAINT ON BEHALF OF BERNZOMATIC, AN UNINCORPORATED DIVISION OF IRWIN INDUSTRIAL TOOL COMPANY |
| IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive, | |
| Defendants. | |
| BERNZOMATIC, | |
| Cross-Complainant, | |
| v. | |
| WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive, | |
| Cross-Defendants. | |

For their Third Party Complaint against the Third Party Defendants, Defendant/Third Party Plaintiff, Bernzomatic, an

-1-

THIRD PARTY COMPLAINT



EXHIBIT C

1 | Unincorporated Division of Irwin Industrial Tool Company
2 | (hereinafter Bernzomatic), states as follows:
3 | PARTIES
4 | 1. Defendant/Third Party Plaintiff, Bernzomatic, is a
5 | Delaware corporation, with its principal place of business in
6 | North Carolina.
7 | 2. Third Party Defendant, Western Industries, Inc., is a
8 | closely-held corporation with its principal place of business in
9 | Wisconsin.
10 | 3. Third Party Defendant, Worthington Industries, Inc., is
11 | an Ohio corporation with its principal place of business in Ohio.
12 | 4. At various times, both Western and Worthington
13 | manufactured and sold BernzOmatic-branded MAPP gas cylinders.
14 | 5. Worthington purchased Western's cylinder business in
15 | September 2004.
16 | JURISDICTION AND VENUE
17 | 6. Subject matter jurisdiction is proper in this Court
18 | because federal district courts in California recognize the rights
19 | of Third Party Complainant to Declarations of Rights, Breach of
20 | Contract Claims, Contractual Indemnity, Common Law Indemnity and
21 | Punitive Damages. This Court has Personal Jurisdiction over the
22 | Third Party Defendants under the California long-arm statute as
23 | the actions or failures to act by the Third Party Defendants
24 | caused damage to the Defendant/Third Party Plaintiff and gave rise
25 | to claims in California.
26 | 7. Venue is proper in this Court because all of the
27 | Plaintiffs' litigation claims arose in this jurisdiction, and all
28 | of the Third Party Complaint claims are derivative of those

-2-

THIRD PARTY COMPLAINT

1  litigation claims.

## FACTUAL ALLEGATIONS

8.  Defendant/Third Party Plaintiff, Bernzomatic, has been named as a Defendant in the above-captioned lawsuit (the "Shalaby litigation"). Plaintiffs filed suit on October 10, 2006 and recently amended their Complaint on June 11, 2007.

9.  The Joint Case Management Statement and Order entered on February 20, 2007 alleges that Plaintiff, Andrew Shalaby, suffered burns to his face and extremities due to an accident involving a Bernzomatic-branded MAPP gas cylinder that he used to light a campfire. It further alleges that liquid MAPP gas inside the pressurized cylinder absorbed energy from the surrounding fire and heated up such that it vaporized causing the cylinder to produce "an explosive effect."

10. The Joint Case Management Statement and Order entered on February 20, 2007 states that fire department personnel who responded during the incident instructed the onsite manager to discard the product. Depositions of fire department and onsite personnel were taken on April 17, 2007 confirming that the product had been discarded.

11. Third Party Defendants, Western and Worthington, manufactured MAPP gas cylinders, such as the one allegedly involved in this action.

12. Defendant/Third Party Plaintiff purchased MAPP gas cylinders exclusively from Western and Worthington during the time periods relevant to this action.

13. To the extent that a Bernzomatic-branded MAPP gas cylinder was involved in the accident which forms the basis of

-3-

THIRD PARTY COMPLAINT

1  Plaintiffs' Complaint against Bernzomatic and Home Depot, said
2  MAPP gas cylinder was manufactured by either Western or
3  Worthington.
4      14.  Defendant/Third Party Plaintiff cannot determine whether
5  Western or Worthington manufactured the MAPP gas cylinder involved
6  because the fire department personnel who responded during the
7  incident instructed the onsite manager to discard the product and
8  it cannot be recovered.
9      15.  Upon information and belief, the written contract
10 between Worthington and Western regarding the sale of the cylinder
11 business in September 2004 contains an express provision setting
12 forth a method to facilitate identification of a cylinder's
13 manufacturer if it cannot be determined by a serial number or
14 other reliable information.
15             FIRST CLAIM - DECLARATION OF RIGHTS
16     16.  Defendant/Third Party Plaintiff incorporates by
17 reference the allegations in Paragraphs 1 through 15 of this Third
18 Party Complaint as if fully rewritten herein.
19     17.  Exclusive Supply Agreements between Newell Operating
20 Company (a predecessor to Industrial Tool Company, dba
21 Bernzomatic) and Western in 2001, as well as between Irwin
22 Industrial Tool Company, dba Bernzomatic, and Worthington in 2006
23 for Western's and Worthington's MAPP gas cylinders included
24 indemnification provisions.  In September 2004, Worthington
25 assumed the rights and obligations of Western under the 2001
26 Supply Agreement resulting from Worthington's purchase of
27 Western's cylinder business at that time.
28     18.  The indemnification provision at page 10 of the

-4-

THIRD PARTY COMPLAINT

1 | Agreement between Newell (Bernzomatic) and Western states, in
2 | pertinent part:
3 |     "Western assumes and agrees to indemnify, defend and
4 |     hold harmless Newell and its affiliates, directors,
5 |     officers, employees and agents for all claims against
6 |     Newell for personal injury or property damage to the
7 |     extent such injury or damage is alleged to be caused by
8 |     or is caused by the sale or distribution of Covered
9 |     Cylinders supplied under this Agreement that were not
10 |    suitable for sale, distribution or use due to the
11 |    design, manufacture, labeling or failure to label, or
12 |    storage prior to delivery to Newell of such Covered
13 |    Cylinders. Western further agrees to indemnify, defend
14 |    and hold harmless Newell and its affiliates, directors,
15 |    officers, employees and agents for all claims against
16 |    Newell resulting from the failure to manufacture
17 |    products in accordance with applicable laws including
18 |    environmental and labor laws."
19 |    19.  The indemnification provision at page 8 of the Agreement
20 | between Irwin Industrial Tool Company (Bernzomatic) and
21 | Worthington states, in pertinent party:
22 |    "WCW [Worthington] assumes and agrees to indemnify,
23 |    defend and hold harmless BernzOmatic and its customers,
24 |    affiliates, directors, officers, employees and agents
25 |    for all claims against BernzOmatic for personal injury
26 |    or property damage to the extent such injury or damage
27 |    is alleged to be cause[d] by or is caused by in whole or
28 |    in part the sale or distribution of Covered Cylinders

-5-

THIRD PARTY COMPLAINT

        supplied under this Agreement that were not suitable for sale, distribution or use due to the design, manufacture, labeling or failure to label (except as provided in Section 4.4), or storage prior to delivery to BernzOmatic of such Covered Cylinders. WCW further agrees to indemnify, defend and hold harmless BernzOmatic and its affiliates, directors, officers, employees and agents for all claims against BernzOmatic resulting from the failure to manufacture products in accordance with applicable laws.

20. The allegations in the <u>Shalaby</u> litigation are for personal injury caused by the sale or distribution of covered cylinders - (a Bernzomatic-branded MAPP gas cylinder) - manufactured and sold by Western and Worthington pursuant to the Supply Agreements, which contained the above-cited indemnification provisions.

21. Pursuant to the indemnification provisions, Bernzomatic tendered its defense and indemnification to Western on June 19, 2006, and to Worthington on January 24, 2007.

22. To date, Western has neither defended nor indemnified Bernzomatic, which is a breach of the indemnification provision in the Supply Agreement.

23. To date, Worthington, has neither defended nor indemnified Bernzomatic, which is a breach of the indemnification provision in the Supply Agreement.

24. An actual dispute exists between Defendant/Third Party Plaintiff and Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz.

25. Bernzomatic is entitled to a declaration of rights under

-6-

THIRD PARTY COMPLAINT

1  the contracts against Western and Worthington and the obligations
2  under the indemnification provisions of the Supply Agreement as
3  follows:
4      a.  Western is obligated under the indemnification
5  provisions of the Supply Agreement and by virtue of its breach of
6  its duty to defendant Bernzomatic in the <u>Shalaby</u> litigation, to
7  indemnify Bernzomatic with respect to the full amount of all
8  defense costs and any liability or settlement in the <u>Shalaby</u>
9  litigation without any cost sharing, apportionment between
10 particular claims or allegations, or limitation on amount.
11     b.  Worthington is obligated under the indemnification
12 provisions of the Supply Agreement and by virtue of its breach of
13 its duty to defendant Bernzomatic in the <u>Shalaby</u> litigation, to
14 indemnify Bernzomatic with respect to the full amount of all
15 defense costs and any liability or settlement in the <u>Shalaby</u>
16 litigation without any cost sharing, apportionment between
17 particular claims or allegations, or limitation on amount.
18 <u>SECOND CLAIM - BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION</u>
19     26.  Defendant/Third Party Plaintiff incorporates by
20 reference the allegations in Paragraphs 1 through 25 of this
21 Complaint as if fully rewritten herein.
22     27.  Western has breached its express and implied obligations
23 under the Supply Agreement because it has failed to defend and
24 indemnify Defendant/Third Party Plaintiff and hold it harmless
25 with respect to any of the amounts Defendant/Third Party Plaintiff
26 has incurred and will incur in the future because of the <u>Shalaby</u>
27 litigation.
28     28.  Such breach of contract by Western has directly and

-7-

THIRD PARTY COMPLAINT

1  proximately caused injury to Defendant/Third Party Plaintiff,
2  including, but not limited to, the payment of the entire cost of
3  the Shalaby litigation and the payment of fees and expenses in
4  defending the Shalaby litigation.
5     29.  Worthington has breached its express and implied
6  obligations under the Supply Agreement because it has failed to
7  defend and indemnify Defendant/Third Party Plaintiff and hold it
8  harmless with respect to any of the amounts Defendant/Third Party
9  Plaintiff has incurred and will incur in the future because of the
10 Shalaby litigation.
11    30.  Such breach of contract by Worthington has directly and
12 proximately caused injury to Defendant/Third Party Plaintiff,
13 including, but not limited to, the payment of the entire cost of
14 the Shalaby litigation and the payment of fees and expenses in
15 defending the Shalaby litigation.
16              THIRD CLAIM - EQUITABLE INDEMNIFICATION
17    31.  Defendant/Third Party Plaintiff incorporates by
18 reference the allegations in Paragraphs 1 through 30 of this
19 Complaint as if fully rewritten herein.
20    32.  Third Party Defendants, Western and Worthington,
21 manufactured Bernzomatic-branded MAPP gas cylinders and introduced
22 those cylinders into the stream of commerce by selling them to
23 Defendant/Third Party Plaintiff.
24    33.  To the extent that the MAPP gas cylinder at issue is
25 held to be defective, which Defendant/Third Party Plaintiff
26 expressly denies, one of the Third Party Defendants, Western
27 and/or Worthington, introduced that defect by manufacturing and
28 selling MAPP gas cylinders to Defendant/Third Party Plaintiff for

-8-

1  further distribution and resale to the Plaintiffs.

2      34.  To the extent that the MAPP gas cylinder at issue is held to have caused injuries and damages to Andrew Shalaby and Sonia Dunn-Ruiz, which Defendant/Third Party Plaintiff expressly denies, Third Party Defendants, Western and Worthington, are liable for those injuries as a result of the manufacture and sale of those MAPP gas cylinders to Defendant/Third Party Plaintiff for further distribution and resale.

    35.  Because the cylinder product was discarded well before any lawsuit or involvement of the Defendant/Third Party Plaintiff, there is no way to discover whether Western or Worthington manufactured the cylinder at issue.

    36.  Because it is certain that the manufacturer of the cylinder at issue was either Western or Worthington, both Western and Worthington owe indemnity to the Defendant/Third Party Plaintiff for any alleged harm caused by the cylinder.

    37.  Thus, as a result of their actions, Third Party Defendants, Western and Worthington, owe a complete common law duty of indemnification to Defendant/Third Party Plaintiff for all damages, costs, expenses and fees associated with the Shalaby litigation.

## FOURTH CLAIM - THIRD PARTY BENEFICIARY

    38.  Defendant/Third Party Plaintiff incorporates by reference the allegations in Paragraphs 1 through 37 of this Complaint as if fully rewritten herein.

    39.  Defendant/Third Party Plaintiff is an intended third party beneficiary of the contract between Western and Worthington for the sale of the cylinder business in September 2004, wherein

1 an express method was provided for determining which manufacturer
2 is responsible for a cylinder when it cannot be determined by
3 serial number or other reliable information.
4    40.  As set forth in the First Claim, both Third Party
5 Defendants, Western and Worthington, separately contracted with
6 Defendant/Third Party Plaintiff, Bernzomatic, to defend and
7 indemnify Bernzomatic against claims involving cylinders
8 manufactured by each of them.
9    41.  One purpose of the contractual provision to identify a
10 cylinder manufacturer in the absence of a serial number or other
11 reliable information is to insure that at least one of the
12 manufacturers will take responsibility for the manufacture of the
13 cylinder.
14    42.  The identification of the cylinder manufacturer may be
15 necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's
16 rights to a defense and indemnification as set forth in the First,
17 Second and Third Claims.

FIFTH CLAIM - ESTOPPEL

19    43.  Defendant/Third Party Plaintiff incorporates by
20 reference the allegations in Paragraph 1 through 42 as if fully
21 rewritten herein.
22    44.  Given the allegations in the <u>Shalaby</u> litigation that a
23 Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries,
24 it is undisputed that either Western or Worthington manufactured
25 the MAPP gas cylinder.
26    45.  If Plaintiffs are able to maintain an action against
27 Defendant/Third Party Plaintiff Bernzomatic for injuries, Western
28 and Worthington are estopped from denying responsibility for the

1 manufacture, sale and distribution of the Bernzomatic-branded MAPP
2 gas cylinder as it would lead to an unjust result.
3       WHEREFORE, Defendant/Third Party Plaintiff demands judgment
4 in its favor and against both Western and Worthington on all
5 counts for the full amount of all defense costs and any liability
6 or settlement in the <u>Shalaby</u> litigation, together with attorneys'
7 fees, costs, expenses and any other relief the Court deems
8 equitable and just.
9 DATED:   June 19, 2007         KELLER, PRICE & MOORHEAD

                                _____
                                J. Phillip Moorhead
                                Attorneys for Defendant/Third
                                Party Plaintiff, BERNZOMATIC, an
                                Unincorporated Division of Irwin
                                Industrial Tool Company, and
                                Defendant, THE HOME DEPOT, INC.

-11-

THIRD PARTY COMPLAINT

1  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
2  <u>Andrew Shalaby v. Bernzomatic/Home Depot, Inc.</u>
   CASE NO. C 06 7026 CW
3
                        **PROOF OF SERVICE**
4
       I am employed in the county of Los Angeles, State of
5  California.  I am over the age of 18 and not a party to the within
   action; my business address is 229 Avenue "I", Second Floor,
6  Redondo Beach, California 90277.

7      On June 19, 2007, I served the foregoing document described as
   **THIRD PARTY COMPLAINT** on all interested parties in this action as
8  set forth below:

9
       Mark D. Epstein
10     Alborg, Veiluva & Epstein LLP
       200 Pringle Avenue, Suite 410
11     Walnut Creek, CA 94596
       (925) 939-9880    FAX (925) 939-9915
12     (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

13
       FACSIMILE - by use of facsimile machine telephone number
14  (310)540-8480, I served a copy of the within document, to the  by
    facsimile numbers set forth above.  The facsimile machine I used
15  complied with California Rules of Court, Rule 2004, and no error
    was reported by the machine.  Pursuant to California Rules of
16  Court, Rule 2006(d), I caused the machine to print a transmission
    record of the transmission, a copy of which is attached to this
17  Declaration.

18     MAIL - I caused such envelope with postage thereon fully
    prepaid to be placed in the United States mail at Redondo Beach,
19  California.  I am "readily familiar" with the firm's practice of
    collection and processing correspondence for mailing.  Under that
20  practice it would be deposited with the U.S. Postal Service that
    same day with postage thereon fully prepaid at Redondo Beach,
21  California, in the ordinary course of business.  I am aware that on
    motion of the party served, service is presumed invalid if postal
22  cancellation date or postage meter date is more than one day after
    date of deposit for mailing in affidavit.
23
       FEDERAL - I declare under penalty of perjury that the
24  foregoing is true and correct, and that I am employed in the office
    of a member of the Bar of this Court at whose direction the service
25  was made.

26     Executed on June 19, 2007, at Redondo Beach, California.

27                              /s/ Deidre A. Picascia
                                _____
                                Deidre A. Picascia
28

                              -12-

                        THIRD PARTY COMPLAINT