UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALABY, ET AL,<br><br>                              Plaintiffs,<br><br>         v.<br><br>NEWELL RUBBERMAID, INC. ET AL,<br><br>                              Defendants. | Civil No.   07cv2107-W (POR)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

On January 16, 2008, the court held an Early Neutral Evaluation. Appearing before the Court were: Mark D. Epstein, counsel for Plaintiffs; Plaintiff Andrew Shalaby; Plaintiff Sonia Dunn-Ruiz; John Moorhead, counsel for Defendant BernzOmatic; Maxine Schroll, a representative of Defendant BernzOmatic; Rich Ergo, counsel for Third Party Defendant Worthington Industries; Tim Doney, a representative of Third Party Defendant Worthington Industries; Lowell T. Carruth, counsel for Third Party Defendant Western Industries, Inc.; and Mark Stevens, a claims representative for Third Party Defendant Western Industries, Inc. The case did not settle. Counsel represented that they have already held their Rule 26(f) conference. Based thereon, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.     Counsel orally stipulated that they do not intend to amend the pleadings. Therefore, the Court will not set a deadline for amending the pleadings.

2.     A Settlement Conference shall be held on **March 24, 2008** at **9:30 a.m.** The

conference shall be <u>telephonic</u>, with <u>attorneys only</u>.  Plaintiff's counsel shall initiate and coordinate the call.

   3. On or before **March 28**, **2008** all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **April 11, 2008**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

   4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **July 3, 2008**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

   *Except as specifically provided below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).*

   5. Any party, through any expert designated, shall, in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **July 18, 2008**.

   6. Discovery, except expert discovery, shall be completed on or before **June 27, 2008**.  Expert discovery shall be completed on or before **August 8, 2008**.  *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of this Court no later than 30 days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall

1  meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule
2  26.1(a) before contacting the Court regarding discovery disputes.
3       7.    A Mandatory Settlement Conference shall be conducted on **July 28, 2008,** at
4  **10:00 a.m.**, in the chambers of the Honorable Louisa S. Porter.  Counsel shall lodge settlement
5  statements, if any, directly with the chambers of Judge Porter via email to
6  efile_porter@casd.uscourts.gov on or before **July 23, 2008**.  The settlement statements should
7  include a neutral factual statement of the case, identify controlling legal issues, and concisely set out
8  issues of liability and damages, including any settlement demands and offers to date and addressing
9  special and general damages where applicable.  The parties shall exchange settlement statements.
10  The settlement statements **shall not** be filed with the Clerk of the Court.
11       All parties and claims adjusters for insured defendants and representatives with complete
12  authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the
13  litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the
14  mandatory settlement conference.  All conference discussions will be informal, off the record,
15  privileged and confidential.
16       Mandatory settlement conferences shall not be rescheduled without a showing of good cause
17  and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
18  the Court at least ten days prior to the conference.  Absent exceptional circumstances, the Court will
19  not reschedule this conference with less than ten 10 days' notice.  <u>Only in extreme circumstances</u>
20  <u>will the Court reschedule a mandatory settlement conference with less than 24 hours' notice.</u>
21       8.    All motions, other than motions to amend or join parties, or motions in limine, shall
22  be **FILED** on or before **September 12, 2008**.
23       Motions will not be heard or calendared unless counsel for the moving party has obtained a
24  motion hearing date from the law clerk of the judge who will hear the motion.  <u>Be advised that the</u>
25  <u>parties must file their moving papers within three days of receiving the motion hearing date from the</u>
26  <u>Court.  Be further advised that the period of time between the date you request a motion date and the</u>
27  <u>hearing date may be</u> **up to three months**.  Please plan accordingly.
28       Briefs or memoranda in support of or in opposition to any pending motion shall not exceed

25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten pages without leave of the judge or magistrate judge who will hear the motion.

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).

Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

9. Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified below.

10. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **December 22, 2008**. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

11. Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **December 29, 2008**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **January 5, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a copy of the pretrial order to the

1 | pretrial conference for the Court.

2 |     13.    In addition to the proposed final pretrial conference order, the parties are further ordered to prepare separate informal letter briefs, not exceeding two single-spaced pages. The informal letter briefs shall be served on opposing counsel and lodged with the chambers of the **Honorable Thomas J. Whelan** (and **not** filed with the Clerk of the Court), on or before **January 7, 2009**.

    The letter brief should be a relatively informal and straightforward document. It should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that wither party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

    14.    The final pretrial conference shall be held before the **Honorable Thomas J. Whelan**, on **January 12, 2009**, at **10:30 a.m**.

    15.    The dates and times set forth herein will not be further modified except for good cause shown.

DATED: January 16, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Thomas J. Whelan
       all parties