RICHARD A. ERGO (# 110487)
CATHLEEN S. HUANG (# 219554)
BOWLES & VERNA LLP
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: raergo@bowlesverna.com
       chuang@bowlesverna.com

Attorneys for Third Party Defendant
WORTHINGTON INDUSTRIES, INC. and Cross-Defendants
WORTHINGTON CYLINDER ACQUISITION, LLC and
WORTHINGTON CYLINDER CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br><br>Defendants.<br><br>WESTERN INDUSTRIES, INC.,<br><br>Cross-Claimant,<br><br>v.<br><br>WORTHINGTON CYLINDER ACQUISITION, LLC, and WORTHINGTON CYLINDER CORPORATION,<br><br>Cross-Defendants. | Case No.: 07-CV-2107-W (POR)<br><br>**WORTHINGTON CYLINDER ACQUISITION, LLC'S AND WORTHINGTON CYLINDER CORPORATION'S ANSWER TO WESTERN INDUSTRIES, INC.'S CROSS-CLAIM FOR INDEMNIFICATION**<br><br>Judge: Honorable Thomas J. Whelan |

Cross-Defendants Worthington Cylinder Acquisition, LLC and Worthington Cylinder Corporation (hereinafter referred to collectively as "Worthington") respond to Cross-Claimant Western Industries, Inc.'s (hereinafter referred to as "Western") Cross-Claim for Indemnification as follows:

1

07-CV-2107-W (POR)

1. On or about September 17, 2004, Cross-Claimant WESTERN INDUSTRIES, INC. and Cross-Defendants WORTHINGTON CYLINDER ACQUISITION, LLC, and WORTHINGTON CYLINDER CORPORATION entered into an Asset Purchase Agreement, which was to be effective as of September 1, 2004.

**RESPONSE**: Worthington admits that Worthington and Western entered into an Asset Purchase Agreement in or about September 2004 and that the Agreement speaks for itself. Worthington denies the remaining allegations in Paragraph 1.

2. Under the terms of said Agreement, Cross-Claimant sold to Cross-Defendants its propane and specialty gas cylinder business, which included the manufacture and sale of what is known as MAPP gas cylinders, which further included its contract with Newell Operating Company to manufacture and sell BERNZOMATIC labeled cylinders containing MAPP gas.

**RESPONSE**: Worthington admits that Worthington and Western entered into an Asset Purchase Agreement and that the Agreement speaks for itself. Worthington denies the remaining allegations in Paragraph 2.

3. Other provisions in the contract involved the assumption of post-closing liabilities. The contract provided as follows:

> All liabilities and obligations arising out of the operations of business from and after the closing date, including without limitation claims of third parties for damages or injuries suffered as a result of defective products produced by the business and sold by the purchaser on or after the closing date. For purposes of this Section 1.09(f), any products with a manufacture date of thirty (30) days prior to the closing date (the "manufacture cut-off date") or later, as stamped on the product, shall be deemed to have been sold by purchaser or one of its affiliates on or after the closing date. Further, if such manufacture date cannot be ascertained from a stamp on such product or otherwise and the relevant occurrence occurred on a date that is ninety (90) calendar days after the closing date, such product shall be deemed to have been sold by purchaser on or after the closing date.

**RESPONSE**: Worthington admits that Worthington and Western entered into an Asset Purchase Agreement and that the Agreement speaks for itself. Worthington further admits that the Agreement contains a Post-Closing Liabilities provision which speaks for itself. Worthington denies the remaining allegations in Paragraph 3.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2    07-CV-2107-W (POR)
WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

4. In or about June, 2007, Plaintiffs ANDREW SHALABY and SONIA DUNN-RUIZ filed a First Amended Complaint, a copy of which is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

**RESPONSE**: Worthington admits the allegations in Paragraph 4.

5. In or about June, 2007, an Answer was filed by BERNZOMATIC and the HOME DEPOT, INC. to said First Amended Complaint. Attached hereto and marked as Exhibit "B" is a copy of said Answer.

**RESPONSE**: Worthington admits the allegations in Paragraph 5.

6. In or about June, 2007, a Third Party Complaint on behalf of BERNZOMATIC, an unincorporated division of IRWIN INDUSTRIAL TOOL COMPANY, was filed, naming WESTERN INDUSTRIES, INC., and WORTHINGTON INDUSTRIES as the third-party defendants. Attached hereto and marked as Exhibit "C" is a copy of said Third-Party Complaint.

**RESPONSE**: Worthington admits the allegations in Paragraph 6.

7. The accident which is referred to in all of said pleadings, occurred on April 21, 2006. Said accident occurred far beyond ninety (90) days from the closing date of the transfer of the assets and liabilities from Cross-Claimant to Cross-Defendants. As set forth in the attached pleadings, the date of manufacture of the cylinder in question cannot be ascertained since it has been destroyed.

**RESPONSE**: Worthington admits that the First Amended Complaint alleged that an accident occurred on April 21, 2006. Worthington further admits that an accident date of April 21, 2006 is more than 90 days after September 17, 2004. Worthington denies the remaining allegations in Paragraph 7 and on that basis denies the same.

8. If it is determined that Cross-Claimant is liable to Third-Party Plaintiff BERNZOMATIC on the basis of any contractual indemnity which existed in April 2006, then Cross-Claimant is entitled to be fully indemnified by Cross-Defendants pursuant to the terms of said written agreement.

**RESPONSE**: Worthington denies the allegations in Paragraph 8.

//
//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

3    07-CV-2107-W (POR)
WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Insufficient Facts to Constitute a Cause of Action)

1. As a first, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that some or all of the claims for relief fail to state facts sufficient to constitute a cause of action against Worthington.

### SECOND AFFIRMATIVE DEFENSE
(Negligence of Cross-Claimant)

2. As a second, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that Western was careless and negligent with respect to matters alleged in the Cross-Claim and in the First Amended Complaint such carelessness and negligence proximately caused and contributed to the extent of one hundred percent (100%) to the happening of the incident, loss and damages complained of, if any there were, and this contributory negligence bars or at least proportionately reduces any potential recovery.

### THIRD AFFIRMATIVE DEFENSE
(Negligence of Others)

3. As a third, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that the damages Plaintiffs and Third Party Plaintiff complained of, if any there were, were proximately contributed to or caused by the carelessness, negligence, fault or defects created by the remaining parties in this action, or by other persons, corporations or business entities, unknown to Worthington at this time and were not caused in any way by Worthington or by persons for whom Worthington is legally liable.

### FOURTH AFFIRMATIVE DEFENSE
(Imputed Negligence)

4. As a fourth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that the damages complained of, if any there were, were either wholly or in part, negligently or otherwise, caused by persons, firms, corporations, or entities other than

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

4

07-CV-2107-W (POR)

WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

Worthington, and such negligence or other conduct is either imputed to Western, by reason of the relationship of such parties to Western, and/or such negligence or other conduct comparatively reduces the percentage of negligence, if any, by Worthington.

### FIFTH AFFIRMATIVE DEFENSE
(Negligence of Plaintiffs)

5. As a fifth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that Plaintiffs were careless and negligent with respect to matters alleged in the Complaint and such carelessness and negligence proximately caused and contributed to the extent of one hundred percent (100%) to the happening of the incident, loss and damages complained of, if any there were, and this contributory negligence bars or at least proportionately reduces any potential recovery.

### SIXTH AFFIRMATIVE DEFENSE
(Breach of Contract)

6. As a sixth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Western, Western cannot assert any of the contractual claims contained in the Cross-Claim because Western, as well as its agents, materially breached said contract or contracts.

### SEVENTH AFFIRMATIVE DEFENSE
(Intervening Cause)

7. As a seventh, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, the injuries and damages of which Western complains were proximately caused or contributed to by the acts of other persons and/or entities. These acts were an intervening, supervening and superseding cause of the damages, if any, of which Western alleges it suffered, thereby barring Western from any recovery against Worthington.

//
//
//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

5                                                 07-CV-2107-W (POR)
WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

### EIGHTH AFFIRMATIVE DEFENSE
(Waiver)

8. As an eighth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, by conduct, representations and omissions, Western has waived, relinquished and/or abandoned any claim for relief against Worthington respecting the matters which are the subject of the Cross-Claim.

### NINTH AFFIRMATIVE DEFENSE
(Estoppel)

9. As a ninth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, by conduct, representations and omissions, Western is equitably estopped to assert any claim for relief against Worthington respecting the matters which are the subject of the Cross-Claim.

### TENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

10. As a tenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, no relief may be obtained by Western under the Cross-Claim by reason of the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
(Superseding & Intervening Cause)

11. As an eleventh, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that responsibility for any harm, injury or damages sustained by Western was caused by acts or events which constitute a superseding and intervening cause.

### TWELFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

12. As a twelfth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that Western and/or its representatives failed and neglected to use reasonable care to protect themselves and to minimize the losses and damages complained of, if any

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

there were. Worthington further alleges that Plaintiffs' alleged injuries, loss, or damages, if any, were aggravated by plaintiffs' failure to use reasonable diligence to mitigate same.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

13. As a thirteenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Western's causes of action are barred in whole or in part because any actions taken by Worthington were fair and reasonable and were performed in good faith based on all relevant facts known to Worthington at the time.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

14. As a fourteenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, to the extent Western has the right to recover any amount from Worthington (which right Worthington denies), such recovery must be reduced by the amount of damage attributable to Western's own negligence and fault.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Offset and Reduction)

15. As a fifteenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, Western should be barred from recovery in whole or part, in proportion to the fault attributed to itself.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Constructive Fraud)

16. As a sixteenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, at all times relevant, Western or its agents failed, concealed and/or refused to disclose certain material documents and facts to Worthington, thus misleading Worthington to its extreme prejudice. Western's or its agent's constructive fraud/unclean hands serves as a bar to the entire action and as to Western's claims as against Worthington.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

7                                                07-CV-2107-W (POR)
WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Willful and Gross Contributory Negligence)

17. As a seventeenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Western, Western and its agents were willfully and grossly negligent in the matters alleged, thereby causing and contributing to any injury, damage or loss to Western.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Partial Indemnity)

18. As an eighteenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Western, Western was negligent or legally responsible or otherwise at fault for the damages alleged in the Cross-Claim. Worthington therefore requests that, in the event of a finding of any liability in favor of Western or settlement or judgment against Worthington, an apportionment of fault be made among all parties by the court or jury. Worthington further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### NINETEENTH AFFIRMATIVE DEFENSE
(Ratification, Consent)

19. As a nineteenth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Western, such rights are unenforceable as Western consented to or ratified the acts of Worthington after full disclosure of all pertinent facts.

### TWENTIETH AFFIRMATIVE DEFENSE
(Failure of Consideration)

20. As a twentieth, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

8   07-CV-2107-W (POR)
WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

asserted herein by Western, such rights are unenforceable as Western's claims are barred as a result of a failure of consideration.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Assumption of Risk)

21. As a twenty-first, separate and distinct affirmative defense to the Cross-Claim and each cause of action thereof, if there presently exists or ever existed, any or all of the alleged rights as asserted herein by Western, such rights are unenforceable as Western assumed the risk involved in the transaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Laches)

22. As a twenty-second, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that Western's unreasonable delay in seeking to cross-claim Worthington is a basis for denying its Cross-Claim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Unforseeable Use)

23. As a twenty-third, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that any alleged defect in any product allegedly supplied by Worthington was caused by the unauthorized, unreasonable, and unforeseeable use of the product by Plaintiffs or other individuals, and accordingly, Worthington has no liability with respect to the same.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Instructions)

24. As a twenty-fourth, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that Plaintiffs failed to comply with the written and oral instructions relating to use of the product and this failure caused the alleged damages, if any, suffered by Plaintiffs.

//

//

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk by Plaintiffs)

25. As a twenty-fifth, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that Plaintiffs are barred from recovery in that they were fully informed of the risk and possible consequences of the use of the product. Plaintiffs had full knowledge of, and accepted and assumed any and all risks and possible adverse effects related to the use of the product described in Plaintiffs' Complaint and the circumstances surrounding the use of the product.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Altered Product)

26. As a twenty-sixth, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges the product which is the subject of this action may have been, without Worthington's knowledge or approval, redesigned, modified and/or altered in such a way as to create the alleged defect which resulted in the injuries and damages claimed by Plaintiffs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (State of the Art)

27. As a twenty-seventh, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington alleges that that the products at issue met the standards of the state of the art and state of scientific knowledge at the time of its manufacture and distribution to the extent of available scientific and technological knowledge then available. Further, at all relevant times, Worthington acted in conformity with the existing state of knowledge, common and accepted procedures, and state of the art in the manufacture of the products.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Other Defenses)

28. As a twenty-eighth, separate and affirmative defense to the Cross-Claim and each cause of action thereof, Worthington reserves all rights to supplement this Answer with additional denials and/or affirmative defenses, as additional facts are discovered in this litigation.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

10

07-CV-2107-W (POR)

WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

1 WHEREFORE, WORTHINGTON CYLINDER ACQUISITION, LLC, AND WORTHINGTON CYLINDER CORPORATION having fully responded to WESTERN INDUSTRIES, INC.'S Cross-Claim against them, pray that they be henceforth discharged and that all costs be cast upon the Western.

Dated: July 7, 2008

BOWLES & VERNA LLP

By: _____
RICHARD A. ERGO
CATHLEEN S. HUANG
Attorneys for Third Party Defendant
WORTHINGTON INDUSTRIES, INC.
and Cross-Defendants
WORTHINGTON CYLINDER
ACQUISITION, LLC and
WORTHINGTON CYLINDER
CORPORATION

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

11

07-CV-2107-W (POR)

WORTHINGTON'S ANSWER TO WESTERN'S CROSS-CLAIM FOR INDEMNIFICATION

## PROOF OF SERVICE
(Shalaby v. Irwin – USDC, Southern District of California – San Diego, Case No: 07-CV-2107 W POR)

I, the undersigned, declare as follows: I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

On July 7, 2008, I served the following document(s):

**WORTHINGTON CYLINDER ACQUISITION, LLC'S AND WORTHINGTON CYLINDER CORPORATION'S ANSWER TO WESTERN INDUSTRIES, INC.'S CROSS-CLAIM FOR INDEMNIFICATION**

on the following parties in this action addressed as follows:

*Attorneys for Plaintiffs*
Mark D. Epstein
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel: (925) 939-9880
Fax: (925) 939-9915

*Attorneys for Defendant and Third Party Plaintiff Bernzomatic and Defendant The Home Depot*
Shelley G. Hurwitz
Holland & Knight LLP
633 West Fifth Street, 21st Floor
Los Angeles, California 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

*Attorneys for Third Party Defendant Western Industries, Inc.*
Lowell T. Carruth
McCormick Barstow LLP
5 River Park Place East
P.O. Box 28912
Fresno, CA 93720-1501
Tel: (559) 433-1300
Fax: (559) 433-2300

*Attorneys for Defendant and Third Party Plaintiff Bernzomatic and Defendant The Home Depot*
Beth S. Naylor
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
Tel: (513) 651-6726
Fax: (513) 651-6981

__XXX__ **(BY MAIL)** *I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at Walnut Creek, California. I am readily familiar with the business practice for collection and processing of mail in this office. That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in Walnut Creek on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.*

_____ **(BY PERSONAL SERVICE)** *I caused each such envelope to be delivered by hand to each addressee above.*

_____ **(BY OVERNIGHT DELIVERY)** *I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by UPS/FEDERAL EXPRESS. I am readily familiar with Bowles & Verna's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS/FEDERAL EXPRESS or delivered to an authorized courier or driver authorized by UPS/FEDERAL EXPRESS to receive documents on the same date that it is placed at Bowles & Verna for collection.*

_____ **(BY FACSIMILE)** *By use of facsimile machine number (925) 935-0371 or (925) 256-1755, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 7, 2008, at Walnut Creek, California.

*Donna Withrow*
DONNA WITHROW

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

{00001206.RTF; 1}