1  RICHARD A. ERGO (# 110487)
   CATHLEEN S. HUANG (# 219554)
2  BOWLES & VERNA LLP
   2121 N. California Blvd., Suite 875
3  Walnut Creek, CA  94596
   Telephone:  (925) 935-3300
4  Facsimile:  (925) 935-0371
   Email:  raergo@bowlesverna.com
5         chuang@bowlesverna.com

6  Attorneys for Third Party Defendant WORTHINGTON INDUSTRIES, INC.
   and Cross-Claimants and Cross-Defendants
7  WORTHINGTON CYLINDER ACQUISITION, LLC and
   WORTHINGTON CYLINDER CORPORATION

8

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  ANDREW SHALABY, an individual, and SONIA        **Case No.:  07-CV-2107-W (POR)**
    DUNN-RUIZ, an individual,
13                                                  **WORTHINGTON CYLINDER
                    Plaintiffs,                     ACQUISITION, LLC'S and
14                                                  WORTHINGTON CYLINDER
           v.                                       CORPORATION'S CROSS-CLAIM FOR
15                                                  INDEMNIFICATION**
    IRWIN INDUSTRIAL TOOL COMPANY, THE
16  HOME DEPOT, INC., and DOES 2 through 100,       Judge:  Honorable Thomas J. Whelan
    inclusive,
17
           Defendants.
18

19  WORTHINGTON CYLINDER ACQUISITION,
    LLC and WORTHINGTON CYLINDER
20  CORPORATION,

21              Cross-Claimants,
           v.
22
    WESTERN INDUSTRIES, INC.
23
           Cross-Defendant.
24

25     Cross-Claimants WORTHINGTON CYLINDER ACQUISITION LLC and WORTHINGTON

26  CYLINDER CORPORATION allege as follows:

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

                              1                          07-CV-2107-W (POR)
              WORTHINGTON'S CROSS-CLAIM FOR INDEMNIFICATION

1.     In and around September 2004, WORTHINGTON CYLINDER ACQUISITION, LLC, and WORTHINGTON CYLINDER CORPORATION (hereinafter collectively referred to as "Worthington") and Cross-Defendant, WESTERN INDUSTRIES, INC., (hereinafter "Western") entered into an Asset Purchase Agreement dated September 1, 2004.

2.     Under the terms of the Agreement, Western sold to Worthington its Propane and Specialty Gas Cylinder business, which included the manufacture and sale of what is known as MAPP gas cylinders.

3.     Paragraph 1.10 of the Agreement governs Excluded Liabilities and provides:

> [Worthington] does not assume or agree to pay, perform or otherwise discharge any liabilities, obligations or expenses (of any nature or kind, and whether based in common law or statute or arising under written contract or otherwise, known or unknown, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, real or potential, now existing or arising at or after the Closing) other than the Assumed Liabilities.  The Liabilities not assumed by [Worthington] (including, but not limited to, (a) claims of third parties for damage or injury suffered as the result of defective products produced by the Business and sold by [Western] before the Closing Date...) are referred to as the "Excluded Liabilities."

4.     In or about June, 2007, Plaintiffs ANDREW SHALABY and SONIA DUNN-RUIZ filed a First Amended Complaint, alleging injuries and damages arising out of an allegedly defective Bernzomatic torch and MAPP Gas cylinder.  A copy of the First Amended Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.

5.     In or about June, 2007, BERNZOMATIC and the HOME DEPOT, INC. filed an Answer to said First Amended Complaint.

6.     In or about June, 2007, BERNZOMATIC filed a Third Party Complaint, naming Western and Worthington Industries, Inc. as third-party defendants, for manufacturing the allegedly defective MAPP Gas cylinder.  Attached hereto as Exhibit "B" is a copy of the Third-Party Complaint.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2                                          07-CV-2107-W (POR)
WORTHINGTON'S CROSS-CLAIM FOR INDEMNIFICATION

7. Evidence developed during discovery of this matter reflects that the MAPP gas cylinder which Plaintiff ANDREW SHALABY was using at the time of the accident was manufactured by Western.

8. If it is determined that Worthington is liable to Third-Party Plaintiff BERNZOMATIC then Worthington is entitled to be fully indemnified by Western.

### PRAYER

WHEREFORE, Worthington prays for a judgment against Western as set forth herein below:

1. For indemnity in the amount of any judgment against Western in favor of Worthington, or in the amount that Worthington is required to pay to Bernzomatic, or in the amount determined by the Court as indemnity for the loss and/or liability incurred as alleged above;

2. For attorney's fees, costs, interest and expenses, Worthington incurred in its defense according to proof; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 7, 2008

BOWLES & VERNA LLP

By: _____

RICHARD A. ERGO
CATHLEEN S. HUANG
Attorneys for Third Party Defendant and
Cross-Claimant WORTHINGTON
INDUSTRIES, INC. and Cross-
Defendants WORTHINGTON
CYLINDER ACQUISITION, LLC and
WORTHINGTON CYLINDER
CORPORATION

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

3                                                          07-CV-2107-W (POR)
WORTHINGTON'S CROSS-CLAIM FOR INDEMNIFICATION

# EXHIBIT A

1 MICHAEL J. VEILUVA (State Bar No. 100419)
MARK D. EPSTEIN (State Bar No. 168221)
2 ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
3 Walnut Creek, CA 94596
Telephone: (925) 939-9880
4 Facsimile: (925) 939-9915

5 Attorneys for Plaintiffs
Andrew Shalaby and Sonia Dunn-Ruiz

6

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10 ANDREW SHALABY and SONIA DUNN-         Case No. C 06-07026 EDL
   RUIZ,
11                                        **FIRST AMENDED COMPLAINT**
              Plaintiffs,                 **(DEMAND FOR JURY TRIAL)**
12
13          vs.

14 IRWIN INDUSTRIAL TOOL COMPANY,
   INC., THE HOME DEPOT, INC., and DOES
15 2 through 100, inclusive

16             Defendants.

17      Plaintiffs Andrew Shalaby (hereinafter "Mr. Shalaby") and Sonia Dunn-Ruiz (hereinafter

18 "Ms. Dunn-Ruiz" – collectively "Plaintiffs"), by and through their  attorneys, allege for their

19 First Amended Complaint against defendants Irwin Industrial Tool Company, Inc., a wholly

20 owned subsidiary of Newell Rubbermaid, Inc. (hereinafter "Irwin"), and The Home Depot, Inc.

21 (collectively ("Defendants") as follows:

22                    **JURISDICTION AND VENUE**

23
        1.      Plaintiffs are, and at all times were, residents of the City of El Cerrito, County of
24
25 Contra Costa, in the State of California.

26      2.      Defendant Irwin Industrial Tool Company, Inc. is and at all times relevant to this

27 action was, a corporation organized and existing under the laws of the State of Delaware, with its

28

principal place of business in Huntersville, North Carolina, and is a wholly owned subsidiary of Newell Rubbermaid, Inc. Plaintiffs are informed and believe, and thereon allege, that Irwin Industrial Tool Company manufactures and distributes hand tools, power tools and accessories, including MAPP Gas torches and MAPP Gas cylinders under the "BernzOmatic" brand name.

3.     Plaintiffs are informed and believe, and thereon allege, that BernzOmatic is an unincorporated division of Irwin Industrial Tool Company

4.     Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Plaintiffs are informed and believe, and thereon allege, that The Home Depot, Inc. is a retail seller of hardware, appliances, building materials, gardening materials, and other home improvement supplies, which operates stores throughout the United States, including California, with stores in the cities of Emeryville (Alameda County) and El Cerrito (Contra Costa County), California. The Home Depot, Inc. sells, among other things, BernzOmatic Brand MAPP Gas torches.

5.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 2 through 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said defendants if and when that information is ascertained.

6.     Plaintiffs are informed and believe that at all times mentioned herein, defendants and each of them were the agents, servants, joint venturers, authorized representatives, delegates and/or successors of the other defendants named herein, and were acting within the course and scope of said agency, service, joint venture, representation, delegation and/or succession.

7.     The court has original jurisdiction of this action under 28 U.S.C. § 1332, based upon the parties' complete diversity of citizenship, in that it is a civil action between citizens of

1    different states in which the amount in controversy exceeds the sum of $75,000, exclusive of

2    interest and costs.

3        8.    Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §

4    1441(a), as well as Civil Local Rules 3-2 (c) and (d), on the grounds that this action was

5    commenced in the Superior Court of the State of California, in and for the County of Alameda,

6    and was subsequently removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a).

7    **FACTUAL ALLEGATIONS**

8

9        9.    Sometime in early to mid 2005, Mr. Shalaby purchased a BernzOmatic brand

10    MAPP Gas torch kit from a Home Depot store near his home in El Cerrito, California. The torch

11    kit included the two components of a BernzOmatic MAPP Gas torch: a yellow colored MAPP

12    Gas canister, or cylinder, and a torch head assembly ("torch"), the tip of which emits a flame

13    when the torch is in use. The flame is intended to be used for soldering, welding, and other

14    purposes that are described on the cylinder labels, on BernzOmatic internet website:

15    http://www.bernzomatic.com, and in other product related instructions and promotional

16

17    materials.

18        10.    The BernzOmatic torch is designed and intended to be screwed on to a threaded

19    metal neck of the MAPP Gas cylinder. Once attached to the cylinder, the torch is designed and

20    intended to be ignited when the user activates a trigger switch that is a part of the torch assembly.

21        11.    Soon after Mr. Shalaby purchased the BernzOmatic torch kit from Home Depot,

22    he purchased several replacement BernzOmatic MAPP Gas cylinders from Home Depot and/or

23    Ace Hardware to use once the original cylinder that came with the torch kit was depleted of

24    MAPP Gas.

25

26        12.    Plaintiffs and their two children are avid campers. They own a recreational

27    vehicle which they use on a regular basis to tour and park for overnight stays at designated

28    campgrounds that accommodate recreational vehicles.

13.    While camping, Plaintiffs regularly light wood campfires in the evenings.  Up until April 21, 2006, Mr. Shalaby typically ignited the family's campfires by using his BernzOmatic MAPP Gas torch to ignite the firewood.  Mr. Shalaby stored the torch in a wooden box, along with the auxiliary MAPP Gas canisters, which Plaintiffs kept inside of their recreational vehicle.

14.    The MAPP Gas torch kit contained a written representation that, among other things, one of the intended and/or acceptable uses of the torch was for "lighting grills."  By making this representation, BernzOmatic intended for consumers to use its MAPP Gas torches to start cooking and/or recreational campfires, and knew or should have known that some consumers would use its torches in the manner that Mr. Shalaby used his torch at the time of the incident which is the subject of this lawsuit, as set forth in more detail herein below.

15.    Neither the torch nor the MAPP Gas cylinder contained a warning against using the torch to ignite a wood campfire.

16.    Defendants and each of them at all times herein mentioned knew and intended that the BernzOmatic Brand MAPP Gas torches that they designed, manufactured, marketed and sold would be purchased and used by consumers without the requisite knowledge of what constitutes material defects in the product, and thus without inspection for defects therein or in any of its component parts.

17.    The MAPP Gas torch and/or cylinder at issue in this case was, at the time Mr. Shalaby purchased it, defective and unsafe for its intended purposes in that the design, manufacture and/or workmanship of the torch or its component parts were such that, without any misuse of or abuse to the product on the part of the user, the contents of the cylinder allowed to discharge instantaneously and become ignited upon activation of the torch ignition switch.

18.    Between the date on which he purchased the MAPP Gas torch kit and April 21, 2006, Mr. Shalaby used the torch to ignite campfires on many occasions.

**A.    The Incident**

19.    During the week of April 17, 2006, Plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

20.    On or about the evening of April 21, 2006, Mr. Shalaby was seriously injured when he activated the trigger switch on his BernzOmatic MAPP Gas torch in order to light a wood campfire in a designated campfire pit, located within the campsite at the Campland complex where Plaintiffs were staying. Mr. Shalaby activated the trigger switch on the torch when the MAPP Gas cylinder suddenly, instantaneously, and without warning, exploded and/or discharged its contents, which caught fire. The heated MAPP Gas and fire enveloped Mr. Shalaby, and caused severe burns to his face, limbs, and extremities.

**B.    Ms. Dunn-Ruiz Witnessed the Incident**

21.    Ms. Dunn-Ruiz was less than ten feet away from Mr. Shalaby when the BernzOmatic cylinder exploded and/or instantaneously discharged its contents and enveloped Mr. Shalaby in heated MAPP Gas and fire. While she had her back turned to her husband at the moment the explosion and/or gas discharge occurred, Ms. Dunn-Ruiz heard the noise from the explosion and/or gas discharged, and turned around within seconds to see her husband enveloped in flames.

**C.    Plaintiffs' Damages**

22.    Mr. Shalaby was confined to a hospital for approximately three weeks after the incident of April 21, 2006 involving the BernzOmatic torch and MAPP Gas cylinder, receiving medical treatment for his injuries, including but not limited to painful skin grafts and surgeries, as well as treatments for infections and other medical complications that were proximately caused by the incident. Mr. Shalaby was bedridden for several weeks thereafter. During his time in the hospital, Mr. Shalaby incurred in excess of $300,000 in medical expenses, and he continues to incur medical substantial expenses in connection with ongoing medical treatment for his injuries.

23.    At all times mentioned herein, Mr. Shalaby was and remains a self-employed attorney at law with an active litigation practice.  During the time he was confined to the hospital, Mr. Shalaby was unable to work and, as a result, lost a substantial amount of income. Since being discharged from the hospital, Mr. Shalaby's ability to resume his law practice has been limited due to the physical and emotional injuries he sustained as a result of the April 21, 2006 incident involving the BernzOmatic torch and MAPP Gas cylinder.  Mr. Shalaby was recently able to resume practicing law on a limited basis, but he continues to lose a substantial amount of business and income due to his limited ability to practice law on a full time basis.  Mr. Shalaby will continue to lose income as a result of the injuries he sustained from the BernzOmatic MAPP Gas torch for an indefinite period of time.

24.    Mr. Shalaby has suffered mental anguish and emotional injuries as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder, including but not limited to Post Traumatic Stress Disorder, for which he has sough treatment.  Mr. Shalaby has incurred, and continues to incur, out-of-pocket expenses for the treatment of his emotional injuries.

25.    Ms. Dunn-Ruiz has suffered mental anguish and emotional injuries as a result of witnessing her husband burn as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder while standing in close proximity to her husband.

### FIRST CAUSE OF ACTION -- STRICT PRODUCTS LIABILITY
#### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

26.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.    At all times mentioned in this complaint, the BernzOmatic Brand MAPP Gas torch and/or cylinder that caused Mr. Shalaby's injuries and/or its component parts, were defective as to design, manufacture, and warnings, which caused the torch, cylinder and/or their

component parts to be in a dangerous and defective condition and prone to failure, which made them unsafe for their intended use.

28.    Plaintiffs are informed and believe that the torch and/or cylinder contained one or more manufacturing defects when they left the possession of Irwin Industrial Tools, Home Depot and/or DOES 2 through 100 (collectively "Defendants") in that the torch and/or cylinder differed from the intended design and specifications, and/or from other typical units of the same product line.

29.    Plaintiffs are further informed and believe that the design of the BernzOmatic torch and/or MAPP Gas cylinder that caused Mr. Shalaby's injuries was defective because the torch and/or cylinder did not perform as safely as an ordinary consumer would have expected them to perform when used in the manner that Mr. Shalaby did at the time of the April 21, 2006 incident which is the subject of this case.

30.    Defendants, and each of them, designed, manufactured, distributed, marketed and/or sold the torch and cylinder, and the torch and/or cylinder contained one or more manufacturing and/or design defects when they left Defendants' possession.

31.    As a direct and proximate result of the defective and dangerous condition of torch, cylinder and/or their component parts as described above, Mr. Shalaby sustained the following serious injuries and damages from using the torch in an intended manner:

a.    Deep burns over 22% of his body surface, including his face, hands, arms and legs, requiring surgical repair, skin grafts and continuing medical treatment;

b.    physical pain and discomfort;

c.    immobility;

d.    disfigurement;

e.    lost wages; and

1          f.     emotional trauma and mental anguish, including but not limited to Post

2  Traumatic Stress Disorder.

3       **SECOND CAUSE OF ACTION -- STRICT LIABILITY FOR FAILURE TO WARN**
          *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

4

5        32.    Plaintiffs incorporate by this reference the allegations, and each of them,

6  contained in paragraphs 1 through 31 above, as though fully set forth herein.

7        33.    The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's

8  injuries lacked sufficient instructions or warnings of the potential risk and danger that the

9

10  cylinder might suddenly and instantaneously discharge its contents and catch fire when used in

11  an intended and foreseeable manner.

12        34.    This danger and risk were known or should have been known to Defendants at the

13  time the torch and MAPP Gas cylinder were designed, manufactured, distributed, marketed and

14  sold.

15        35.    These risks presented a substantial danger to purchasers and users of the torch that

16  ordinary consumers would not have recognized or expected, particularly without an adequate

17

18  warning.

19        36.    Mr. Shalaby was injured when he used the torch in a manner that was intended

20  and foreseeable to Defendants.

21        37.    The lack of sufficient instructions or warnings was a substantial factor in causing

22  Mr. Shalaby's injuries.

23          **THIRD CAUSE OF ACTION – NEGLIGENCE**
            *(By Mr. Shalaby Against Irwin Industrial Tools)*

24

25

26        38.    Plaintiffs incorporate by this reference the allegations, and each of them,

27  contained in paragraphs 1 through 37 above, as though fully set forth herein.

28

39.    Irwin Industrial Tools, whose BernzOmatic division designed, manufactured, distributed, marketed and/or sold the BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

40.    Irwin Industrial Tools was negligent in designing and/or manufacturing the torch and MAPP Gas cylinder in that they failed to use the amount of care in designing and/or manufacturing the torch and cylinder that a reasonably careful designer and manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

41.    Mr. Shalaby was harmed as a proximate result of Irwin Industrial Tools' negligence when the BernzOmatic Brand MAPP Gas cylinder exploded and instantaneously discharged its contents upon Mr. Shalaby's activation of the torch trigger switch.

42.    The negligence of Industrial Tools' was a substantial factor in causing Mr. Shalaby's injuries.

### FOURTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN
### (*By Mr. Shalaby Against Irwin Industrial Tools and Home Depot*)

43.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 42 above, as though fully set forth herein.

44.    Defendants, and each of them, were negligent by not using reasonable care to adequately warn or instruct consumer's about the dangerous condition(s) in the BernzOmatic Brand MAPP Gas torch's and/or cylinder that caused Mr. Shalaby's injuries, or about circumstances that are likely to make the consumer's use of the torch dangerous.

45.    Defendants, and each of them, knew or reasonably should have known that the torch presented an unreasonable danger of exploding, or was likely to explode, when used in a reasonably foreseeable manner.

46. Defendants knew or reasonably should have known that users of the torch would not realize this danger, yet failed to adequately warn of the danger or instruct users on the safe use of the torch to prevent the type of injuries that Mr. Shalaby has sustained.

47. A reasonable designer, manufacturer, marketer, distributor and seller would have warned of this danger, or instructed users on the safe use of the torch, to prevent that type of injuries that Mr. Shalaby has sustained.

### FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
#### (*By Mr. Shalaby Against Irwin Industrial Tools and Home Depot*)

48. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 47 above, as though fully set forth herein.

49. Mr. Shalaby was proximately harmed by the BernzOmatic Brand torch and MAPP Gas cylinder used in the April 21, 2006 incident because the torch and cylinder did not have the qualities, reliability and safety that a reasonable consumer would expect.

50. At the time he purchased the torch, Defendants were in the business of selling BernzOmatic Brand torches and MAPP Gas cylinders.

51. The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries were not of the same quality as those generally acceptable in the industry, and were not fit for the ordinary purposes for which such products are used.

52. The failure of the torch to have the expected quality that it should have had was a substantial factor in causing Mr. Shalaby's injuries.

### SIXTH CAUSE OF ACTION –
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (*By Plaintiffs Against All Defendants*)

53. Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 52 above, as though fully set forth herein.

54.     Defendants, and each of them, were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

55.     Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion and/or instantaneous discharge of the contents of the MAPP Gas cylinder in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was sustaining severe and life threatening injuries.

56.     Both Mr. Shalaby and Ms. Dunn-Ruiz suffered serious emotional distress as a result of experiencing and observing the April 21, 2006 incident, respectively, including severe mental suffering, grief, anguish, anxiety, depression, worry, shock, and in the case of Mr. Shalaby, Post Traumatic Stress Disorder.

57.     The negligence of Defendants in designing, manufacturing, distributing, marketing and selling the defective torch and/or MAPP Gas cylinder was a substantial factor in causing Plaintiffs' serious emotional distress.

Wherefore, Plaintiffs DEMAND A JURY TRIAL, and pray that a judgment be entered against Defendants, and each of them, as follows:

1.     For general damages, including but not limited to damages for emotional distress, pain and suffering, according to proof;

2.     For special damages, including but not limited to out of pocket medical expenses and incidental expenses related to Mr. Shalaby's injuries, and lost income, according to proof;

3.     For exemplary damages;

4.     For prejudgment interest according to law;

5.     For costs of suit incurred in this action; and

6.    For any other and further relief that the court deems just and proper.

Dated:   June 11, 2007

ALBORG, VEILUVA & EPSTEIN LLP

/s/

By:_____
      MARK D. EPSTEIN
Attorneys for Plaintiffs

# EXHIBIT B

1   J. Phillip Moorhead, Esq. (SBN 99445)
    KELLER, PRICE & MOORHEAD
2   229 Avenue I, Second Floor
    Redondo Beach, California 90277-5600
3   Telephone:  (310) 540-1332

4

    Attorneys for Defendant and Third Party Plaintiff, BERNZOMATIC, an
5   Unincorporated Division of Irwin Industrial Tool Company, and
    Defendant, THE HOME DEPOT, INC.
6

7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
    ANDREW SHALABY, an individual, )   CASE NO. C 06 7026 EDL
12  and  SONIA   DUNN-RUIZ,    an )
    individual,                    )   Magistrate Judge Elizabeth D.
13                                 )   LaPorte
                  Plaintiffs,      )
14                                 )   THIRD   PARTY   COMPLAINT   ON
         v.                        )   BEHALF   OF   BERNZOMATIC,   AN
15                                 )   UNINCORPORATED   DIVISION   OF
    IRWIN INDUSTRIAL TOOL COMPANY, )   IRWIN INDUSTRIAL TOOL COMPANY
16  THE HOME DEPOT, INC., and DOES )
    2 through 100, inclusive,      )
17                                 )
                  Defendants.      )
18  _____  )
                                   )
19  BERNZOMATIC,                   )
                                   )
20          Cross-Complainant,     )
                                   )
21      v.                         )
                                   )
22  WESTERN   INDUSTRIES,   INC., )
    WORTHINGTON   INDUSTRIES,   AND )
23  ROES 2 through 100, inclusive, )
                                   )
24          Cross-Defendants.      )
    _____  )
25                                 )

26

27      For  their  Third  Party  Complaint  against  the  Third  Party

28  Defendants,  Defendant/Third  Party  Plaintiff,  Bernzomatic,  an
                                 -1-
    _____
                    THIRD PARTY COMPLAINT

1   Unincorporated   Division   of   Irwin   Industrial   Tool   Company
2   (hereinafter Bernzomatic), states as follows:

3                                    PARTIES

4        1.    Defendant/Third   Party   Plaintiff,   Bernzomatic,   is   a
5   Delaware   corporation,   with   its   principal   place   of   business   in
6   North Carolina.

7        2.    Third Party Defendant, Western Industries, Inc., is a
8   closely-held corporation with its principal place of business in
9   Wisconsin.

10       3.    Third Party Defendant, Worthington Industries, Inc., is
11  an Ohio corporation with its principal place of business in Ohio.

12       4.    At    various    times,    both    Western    and    Worthington
13  manufactured and sold BernzOmatic-branded MAPP gas cylinders.

14       5.    Worthington   purchased   Western's   cylinder   business   in
15  September 2004.

16                        JURISDICTION AND VENUE

17       6.    Subject   matter   jurisdiction   is   proper   in   this   Court
18  because federal district courts in California recognize the rights
19  of Third Party Complainant to Declarations of Rights, Breach of
20  Contract Claims, Contractual Indemnity, Common Law Indemnity and
21  Punitive Damages. This Court has Personal Jurisdiction over the
22  Third Party Defendants under the California long-arm statute as
23  the actions or failures to act by the Third Party Defendants
24  caused damage to the Defendant/Third Party Plaintiff and gave rise
25  to claims in California.

26       7.    Venue   is   proper   in   this   Court   because   all   of   the
27  Plaintiffs' litigation claims arose in this jurisdiction, and all
28  of the Third Party Complaint claims are derivative of those

                                   -2-

                        THIRD PARTY COMPLAINT

1 | litigation claims.

2 | FACTUAL ALLEGATIONS

3 |    8.   Defendant/Third Party Plaintiff, Bernzomatic, has been

4 | named as a Defendant in the above-captioned lawsuit (the "Shalaby

5 | litigation"). Plaintiffs filed suit on October 10, 2006 and

6 | recently amended their Complaint on June 11, 2007.

7 |    9.   The Joint Case Management Statement and Order entered on

8 | February 20, 2007 alleges that Plaintiff, Andrew Shalaby, suffered

9 | burns to his face and extremities due to an accident involving a

10 | Bernzomatic-branded MAPP gas cylinder that he used to light a

11 | campfire. It further alleges that liquid MAPP gas inside the

12 | pressurized cylinder absorbed energy from the surrounding fire and

13 | heated up such that it vaporized causing the cylinder to produce

14 | "an explosive effect."

15 |    10.   The Joint Case Management Statement and Order entered on

16 | February 20, 2007 states that fire department personnel who

17 | responded during the incident instructed the onsite manager to

18 | discard the product. Depositions of fire department and onsite

19 | personnel were taken on April 17, 2007 confirming that the product

20 | had been discarded.

21 |    11.   Third Party Defendants, Western and Worthington,

22 | manufactured MAPP gas cylinders, such as the one allegedly

23 | involved in this action.

24 |    12.   Defendant/Third Party Plaintiff purchased MAPP gas

25 | cylinders exclusively from Western and Worthington during the time

26 | periods relevant to this action.

27 |    13.   To the extent that a Bernzomatic-branded MAPP gas

28 | cylinder was involved in the accident which forms the basis of

-3-

1  Plaintiffs' Complaint against Bernzomatic and Home Depot, said
2  MAPP gas cylinder was manufactured by either Western or
3  Worthington.

4      14.   Defendant/Third Party Plaintiff cannot determine whether
5  Western or Worthington manufactured the MAPP gas cylinder involved
6  because the fire department personnel who responded during the
7  incident instructed the onsite manager to discard the product and
8  it cannot be recovered.

9      15.   Upon information and belief, the written contract
10 between Worthington and Western regarding the sale of the cylinder
11 business in September 2004 contains an express provision setting
12 forth a method to facilitate identification of a cylinder's
13 manufacturer if it cannot be determined by a serial number or
14 other reliable information.

15              FIRST CLAIM - DECLARATION OF RIGHTS

16     16.   Defendant/Third Party Plaintiff incorporates by
17 reference the allegations in Paragraphs 1 through 15 of this Third
18 Party Complaint as if fully rewritten herein.

19     17.   Exclusive Supply Agreements between Newell Operating
20 Company (a predecessor to Industrial Tool Company, dba
21 Bernzomatic) and Western in 2001, as well as between Irwin
22 Industrial Tool Company, dba Bernzomatic, and Worthington in 2006
23 for Western's and Worthington's MAPP gas cylinders included
24 indemnification provisions.   In September 2004, Worthington
25 assumed the rights and obligations of Western under the 2001
26 Supply Agreement resulting from Worthington's purchase of
27 Western's cylinder business at that time.

28     18.   The indemnification provision at page 10 of the

                              -4-

1  Agreement between Newell (Bernzomatic) and Western states, in
2  pertinent part:

3        "Western assumes and agrees to indemnify, defend and
4        hold harmless Newell and its affiliates, directors,
5        officers, employees and agents for all claims against
6        Newell for personal injury or property damage to the
7        extent such injury or damage is alleged to be caused by
8        or is caused by the sale or distribution of Covered
9        Cylinders supplied under this Agreement that were not
10       suitable for sale, distribution or use due to the
11       design, manufacture, labeling or failure to label, or
12       storage prior to delivery to Newell of such Covered
13       Cylinders.  Western further agrees to indemnify, defend
14       and hold harmless Newell and its affiliates, directors,
15       officers, employees and agents for all claims against
16       Newell resulting from the failure to manufacture
17       products in accordance with applicable laws including
18       environmental and labor laws."

19       19.  The indemnification provision at page 8 of the Agreement
20  between  Irwin  Industrial  Tool  Company  (Bernzomatic)  and
21  Worthington states, in pertinent party:

22       "WCW [Worthington] assumes and agrees to indemnify,
23       defend and hold harmless BernzOmatic and its customers,
24       affiliates, directors, officers, employees and agents
25       for all claims against BernzOmatic for personal injury
26       or property damage to the extent such injury or damage
27       is alleged to be cause[d] by or is caused by in whole or
28       in part the sale or distribution of Covered Cylinders

-5-

1    supplied under this Agreement that were not suitable for

2    sale, distribution or use due to the design,

3    manufacture, labeling or failure to label (except as

4    provided in Section 4.4), or storage prior to delivery

5    to BernzOmatic of such Covered Cylinders. WCW further

6    agrees to indemnify, defend and hold harmless

7    BernzOmatic and its affiliates, directors, officers,

8    employees and agents for all claims against BernzOmatic

9    resulting from the failure to manufacture products in

10   accordance with applicable laws.

11   20. The allegations in the _Shalaby_ litigation are for

12   personal injury caused by the sale or distribution of covered

13   cylinders - (a Bernzomatic-branded MAPP gas cylinder) -

14   manufactured and sold by Western and Worthington pursuant to the

15   Supply Agreements, which contained the above-cited indemnification

16   provisions.

17   21. Pursuant to the indemnification provisions, Bernzomatic

18   tendered its defense and indemnification to Western on June 19,

19   2006, and to Worthington on January 24, 2007.

20   22. To date, Western has neither defended nor indemnified

21   Bernzomatic, which is a breach of the indemnification provision in

22   the Supply Agreement.

23   23. To date, Worthington, has neither defended nor

24   indemnified Bernzomatic, which is a breach of the indemnification

25   provision in the Supply Agreement.

26   24. An actual dispute exists between Defendant/Third Party

27   Plaintiff and Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz.

28   25. Bernzomatic is entitled to a declaration of rights under

-6-

1  the contracts against Western and Worthington and the obligations

2  under the indemnification provisions of the Supply Agreement as

3  follows:

4       a.   Western is obligated under the indemnification

5  provisions of the Supply Agreement and by virtue of its breach of

6  its duty to defendant Bernzomatic in the Shalaby litigation, to

7  indemnify Bernzomatic with respect to the full amount of all

8  defense costs and any liability or settlement in the Shalaby

9  litigation without any cost sharing, apportionment between

10 particular claims or allegations, or limitation on amount.

11      b.   Worthington is obligated under the indemnification

12 provisions of the Supply Agreement and by virtue of its breach of

13 its duty to defendant Bernzomatic in the Shalaby litigation, to

14 indemnify Bernzomatic with respect to the full amount of all

15 defense costs and any liability or settlement in the Shalaby

16 litigation without any cost sharing, apportionment between

17 particular claims or allegations, or limitation on amount.

18 SECOND CLAIM - BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION

19      26.  Defendant/Third Party Plaintiff incorporates by

20 reference the allegations in Paragraphs 1 through 25 of this

21 Complaint as if fully rewritten herein.

22      27.  Western has breached its express and implied obligations

23 under the Supply Agreement because it has failed to defend and

24 indemnify Defendant/Third Party Plaintiff and hold it harmless

25 with respect to any of the amounts Defendant/Third Party Plaintiff

26 has incurred and will incur in the future because of the Shalaby

27 litigation.

28      28.  Such breach of contract by Western has directly and

-7-

1  proximately caused injury to Defendant/Third Party Plaintiff,
2  including, but not limited to, the payment of the entire cost of
3  the Shalaby litigation and the payment of fees and expenses in
4  defending the Shalaby litigation.

5      29.  Worthington has breached its express and implied
6  obligations under the Supply Agreement because it has failed to
7  defend and indemnify Defendant/Third Party Plaintiff and hold it
8  harmless with respect to any of the amounts Defendant/Third Party
9  Plaintiff has incurred and will incur in the future because of the
10 Shalaby litigation.

11     30.  Such breach of contract by Worthington has directly and
12 proximately caused injury to Defendant/Third Party Plaintiff,
13 including, but not limited to, the payment of the entire cost of
14 the Shalaby litigation and the payment of fees and expenses in
15 defending the Shalaby litigation.

16             THIRD CLAIM – EQUITABLE INDEMNIFICATION

17     31.  Defendant/Third Party Plaintiff incorporates by
18 reference the allegations in Paragraphs 1 through 30 of this
19 Complaint as if fully rewritten herein.

20     32.  Third Party Defendants, Western and Worthington,
21 manufactured Bernzomatic-branded MAPP gas cylinders and introduced
22 those cylinders into the stream of commerce by selling them to
23 Defendant/Third Party Plaintiff.

24     33.  To the extent that the MAPP gas cylinder at issue is
25 held to be defective, which Defendant/Third Party Plaintiff
26 expressly denies, one of the Third Party Defendants, Western
27 and/or Worthington, introduced that defect by manufacturing and
28 selling MAPP gas cylinders to Defendant/Third Party Plaintiff for

-8-

1  further distribution and resale to the Plaintiffs.

2       34.  To the extent that the MAPP gas cylinder at issue is
3  held to have caused injuries and damages to Andrew Shalaby and
4  Sonia Dunn-Ruiz, which Defendant/Third Party Plaintiff expressly
5  denies,  Third Party Defendants,  Western and Worthington,  are
6  liable for those injuries as a result of the manufacture and sale
7  of those MAPP gas cylinders to Defendant/Third Party Plaintiff for
8  further distribution and resale.

9       35.  Because the cylinder product was discarded well before
10 any lawsuit or involvement of the Defendant/Third Party Plaintiff,
11 there  is  no  way  to  discover  whether  Western  or  Worthington
12 manufactured the cylinder at issue.

13      36.  Because it is certain that the manufacturer of the
14 cylinder at issue was either Western or Worthington, both Western
15 and  Worthington  owe  indemnity  to  the  Defendant/Third  Party
16 Plaintiff for any alleged harm caused by the cylinder.

17      37.  Thus,  as  a  result  of  their  actions,  Third  Party
18 Defendants, Western and Worthington, owe a complete common law
19 duty of indemnification to Defendant/Third Party Plaintiff for all
20 damages,  costs,  expenses and fees associated with the Shalaby
21 litigation.

22              FOURTH CLAIM - THIRD PARTY BENEFICIARY

23      38.  Defendant/Third  Party  Plaintiff  incorporates  by
24 reference the allegations in Paragraphs 1 through 37 of this
25 Complaint as if fully rewritten herein.

26      39.  Defendant/Third Party Plaintiff is an intended third
27 party beneficiary of the contract between Western and Worthington
28 for the sale of the cylinder business in September 2004, wherein

                              -9-

                      THIRD PARTY COMPLAINT

1   an express method was provided for determining which manufacturer
2   is responsible for a cylinder when it cannot be determined by
3   serial number or other reliable information.

4       40.  As set forth in the First Claim, both Third Party
5   Defendants, Western and Worthington, separately contracted with
6   Defendant/Third Party Plaintiff, Bernzomatic, to defend and
7   indemnify Bernzomatic against claims involving cylinders
8   manufactured by each of them.

9       41.  One purpose of the contractual provision to identify a
10  cylinder manufacturer in the absence of a serial number or other
11  reliable information is to insure that at least one of the
12  manufacturers will take responsibility for the manufacture of the
13  cylinder.

14      42.  The identification of the cylinder manufacturer may be
15  necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's
16  rights to a defense and indemnification as set forth in the First,
17  Second and Third Claims.

18              FIFTH CLAIM - ESTOPPEL

19      43.  Defendant/Third Party Plaintiff incorporates by
20  reference the allegations in Paragraph 1 through 42 as if fully
21  rewritten herein.

22      44.  Given the allegations in the <u>Shalaby</u> litigation that a
23  Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries,
24  it is undisputed that either Western or Worthington manufactured
25  the MAPP gas cylinder.

26      45.  If Plaintiffs are able to maintain an action against
27  Defendant/Third Party Plaintiff Bernzomatic for injuries, Western
28  and Worthington are estopped from denying responsibility for the

                        -10-

1  manufacture, sale and distribution of the Bernzomatic-branded MAPP

2  gas cylinder as it would lead to an unjust result.

3      WHEREFORE, Defendant/Third Party Plaintiff demands judgment

4  in its favor and against both Western and Worthington on all

5  counts for the full amount of all defense costs and any liability

6  or settlement in the Shalaby litigation, together with attorneys'

7  fees, costs, expenses and any other relief the Court deems

8  equitable and just.

9  DATED:   June 19, 2007              KELLER, PRICE & MOORHEAD

10

11                                     J. Phillip Moorhead
                                       Attorneys for Defendant/Third
12                                     Party Plaintiff, BERNZOMATIC, an
                                       Unincorporated Division of Irwin
                                       Industrial Tool Company, and
13                                     Defendant, THE HOME DEPOT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

THIRD PARTY COMPLAINT

1  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
2  Andrew Shalaby v. Bernzomatic/Home Depot, Inc.
   CASE NO. C 06 7026 CW
3
                        PROOF OF SERVICE
4
5       I am employed in the county of Los Angeles, State of
   California.  I am over the age of 18 and not a party to the within
   action; my business address is 229 Avenue "I", Second Floor,
6  Redondo Beach, California  90277.

7       On June 19, 2007, I served the foregoing document described as
   **THIRD PARTY COMPLAINT** on all interested parties in this action as
8  set forth below:

9
       Mark D. Epstein
10     Alborg, Veiluva & Epstein LLP
       200 Pringle Avenue, Suite 410
11     Walnut Creek, CA 94596
       (925) 939-9880    FAX (925) 939-9915
12     (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

13
       FACSIMILE - by use of facsimile machine telephone number
14 (310)540-8480, I served a copy of the within document, to the  by
   facsimile numbers set forth above.  The facsimile machine I used
15 complied with California Rules of Court, Rule 2004, and no error
   was reported by the machine.  Pursuant to California Rules of
16 Court, Rule 2006(d), I caused the machine to print a transmission
   record of the transmission, a copy of which is attached to this
17 Declaration.

18     MAIL - I caused such envelope with postage thereon fully
   prepaid to be placed in the United States mail at Redondo Beach,
19 California.  I am "readily familiar" with the firm's practice of
   collection and processing correspondence for mailing.  Under that
20 practice it would be deposited with the U.S. Postal Service that
   same day with postage thereon fully prepaid at Redondo Beach,
21 California, in the ordinary course of business.  I am aware that on
   motion of the party served, service is presumed invalid if postal
22 cancellation date or postage meter date is more than one day after
   date of deposit for mailing in affidavit.

23
       FEDERAL - I declare under penalty of perjury that the
24 foregoing is true and correct, and that I am employed in the office
   of a member of the Bar of this Court at whose direction the service
25 was made.

26     Executed on June 19, 2007, at Redondo Beach, California.

27                         _Deidre A. Picascia_
                         Deidre A. Picascia
28

                              -12-

                    THIRD PARTY COMPLAINT

**PROOF OF SERVICE**

**(Shalaby v. Irwin – USDC, Southern District of California – San Diego, Case No: 07-CV-2107 W POR)**

I, the undersigned, declare as follows: I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

On July 7, 2008, I served the following document(s):

**WORTHINGTON CYLINDER ACQUISITION, LLC'S AND WORTHINGTON CYLINDER CORPORATION'S CROSS-CLAIM FOR INDEMNIFICATION**

on the following parties in this action addressed as follows:

| *Attorneys for Plaintiffs* | *Attorneys for Defendant and Third Party Plaintiff* |
|---|---|
| Mark D. Epstein | *Bernzomatic and Defendant The Home Depot* |
| Alborg, Veiluva & Epstein LLP | Shelley G. Hurwitz |
| 200 Pringle Avenue, Suite 410 | Holland & Knight LLP |
| Walnut Creek, CA 94596 | 633 West Fifth Street, 21st Floor |
| Tel:    (925) 939-9880 | Los Angeles, California 90071 |
| Fax:    (925) 939-9915 | Tel:    (213) 896-2400 |
|  | Fax:    (213) 896-2450 |

| *Attorneys for Third Party Defendant Western Industries, Inc.* | *Attorneys for Defendant and Third Party Plaintiff* |
|---|---|
| Lowell T. Carruth | *Bernzomatic and Defendant The Home Depot* |
| McCormick Barstow LLP | Beth S. Naylor |
| 5 River Park Place East | Frost Brown Todd LLC |
| P.O. Box 28912 | 2200 PNC Center |
| Fresno, CA 93720-1501 | 201 East Fifth Street |
| Tel:    (559) 433-1300 | Cincinnati, OH 45202 |
| Fax:    (559) 433-2300 | Tel:    (513) 651-6726 |
|  | Fax:    (513) 651-6981 |

_XXX_    **(BY MAIL)** *I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at Walnut Creek, California. I am readily familiar with the business practice for collection and processing of mail in this office. That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in Walnut Creek on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.*

_____    **(BY PERSONAL SERVICE)** *I caused each such envelope to be delivered by hand to each addressee above.*

_____    **(BY OVERNIGHT DELIVERY)** *I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by UPS/FEDERAL EXPRESS. I am readily familiar with Bowles & Verna's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS/FEDERAL EXPRESS or delivered to an authorized courier or driver authorized by UPS/FEDERAL EXPRESS to receive documents on the same date that it is placed at Bowles & Verna for collection.*

_____    **(BY FACSIMILE)** *By use of facsimile machine number (925) 935-0371 or (925) 256-1755, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 7, 2008, at Walnut Creek, California.

*Donna Withrow*
DONNA WITHROW

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

{00001206.RTF; 1}