1  Lowell T. Carruth, # 034065
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA  93720-1501
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5  Email: lowell.carruth@mccormickbarstow.com

6  Attorneys for Cross-Defendant
   WESTERN INDUSTRIES, INC.

7

(SPACE BELOW FOR FILING STAMP ONLY)

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY, an individual, and          Case No.  3:07-CV-2107-W (BLM)
    SONIA DUNN-RUIZ, an individual,
12                                              ANSWER TO WORTHINGTON
               Plaintiffs,                      CYLINDER ACQUISITION, LLC'S AND
13                                              WORTHINGTON CYLINDER
         v.                                     CORPORATION'S CROSS-CLAIM FOR
14                                              INDEMNIFICATION
    IRWIN INDUSTRIAL TOOL
15  COMPANY, et al.,                            Judge:      The Hon. Thomas J. Whelan

16             Defendants.

17  WORTHINGTON CYLINDER
    ACQUISITION, LLC AND
18  WORTHINGTON CYLINDER
    CORPORATION,
19
               Cross-Claimants,
20
         v.
21
    WESTERN INDUSTRIES, INC.,
22
               Cross-Defendant.
23

24          COMES NOW Cross-Defendant WESTERN INDUSTRIES, INC. ("WESTERN") and

25  responds to WORTHINGTON CYLINDER ACQUISITION, LLC'S and WORTHINGTON

26  CYLINDER CORPORATION'S (hereinafter jointly referred to as "WORTHINGTON") Cross-

27  claim for indemnification as follows:

28          1.      As to Paragraph 1 of the Cross-claim, WESTERN admits each and every

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

ANSWER TO WORTHINGTON'S CROSS-CLAIM 3:07-CV-2107 W (BLM)

1    allegation contained therein.

2       2.  As to Paragraph 2 of the Cross-claim, WESTERN admits each and every

3    allegation contained therein.

4       3.  As to Paragraph 3 of the Cross-claim, WESTERN admits each and every

5    allegation contained therein and further alleges that there are further terms of said Agreement.

6       4.  As to Paragraph 4 of the Cross-claim, WESTERN admits each and every

7    allegation contained therein.

8       5.  As to Paragraph 5 of the Cross-claim, WESTERN admits each and every

9    allegation contained therein.

10      6.  As to Paragraph 6 of the Cross-claim, WESTERN admits each and every

11   allegation contained therein.

12      7.  As to Paragraph 7 of the Cross-claim, WESTERN denies jointly and

13   severally each and every allegation contained therein and specifically sets forth that there is no

14   evidence that has been developed that the MAPP gas cylinder which Plaintiff ANDREW

15   SHALABY was using at the time of the accident was manufactured by WESTERN.

16      8.  As to Paragraph 8 of the Cross-claim, WESTERN denies the allegations

17   contained therein and specifically alleges that it is WESTERN that is entitled to indemnification

18   from WORTHINGTON as specifically alleged in its Cross-claim.

19   FIRST AFFIRMATIVE DEFENSE

20      9.  As and for a first, separate and affirmative defense, Cross-defendant

21   alleges that the Cross-claim and each and every cause of action set forth therein fail to state facts

22   sufficient to constitute a cause of action against this answering Cross-defendant.

23   SECOND AFFIRMATIVE DEFENSE

24      10.  As and for a second, separate and affirmative defense, Cross-defendant

25   incorporates the allegations contained in its Cross-claim, a copy of which is attached hereto as

26   Exhibit "A." Accordingly, Cross-defendant alleges that it is WESTERN that is entitled to be

27   fully indemnified and not WORTHINGTON.

28   ///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

ANSWER TO WORTHINGTON'S CROSS-CLAIM 3:07-CV-2107 W (BLM)

1

### THIRD AFFIRMATIVE DEFENSE

2    11.    As and for a third, separate and affirmative defense, Cross-defendant

3  WESTERN alleges that Cross-claimant WORTHINGTON is in breach of its contract with

4  WESTERN by not assuming WESTERN'S defense of this action after numerous requests for

5  such defense have been made of WORTHINGTON.

6    WHEREFORE, Cross-Defendant WESTERN INDUSTRIES, INC., prays for judgment

7  against WORTHINGTON as follows:

8    1.    That WORTHINGTON be denied any of the claimed relief that it seeks in

9  its Cross-claim;

10    2.    That WESTERN be totally indemnified for any amount of any judgment

11  that is rendered against WESTERN and for any amount expended by way of attorneys' fees,

12  costs, interest and expenses incurred by WESTERN in the defense of the above-entitled action in

13  an amount according to proof; and

14    3.    For such other and further relief as the Court deems just and proper.

15  Dated: July 17, 2008    McCORMICK, BARSTOW, SHEPPARD,
                            WAYTE & CARRUTH LLP
16

17

18    By:    s/ Lowell T. Carruth
                Lowell T. Carruth
19              Attorneys for Cross-Defendant
                WESTERN INDUSTRIES, INC.
20          Email: Lowell.carruth@mccormickbarstow.com

03664/00161-1249995.v1

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

ANSWER TO WORTHINGTON'S CROSS-CLAIM 3:07-CV-2107 W (BLM)

EXHIBIT "A"
(TO ANSWER TO WORTHINGTON'S CROSS-CLAIM)

1  Lowell T. Carruth, # 034065                    (SPACE BELOW FOR FILING STAMP ONLY)
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA 93720-1501
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5  Email: lowell.carruth@mccormickbarstow.com

6  Attorneys for Third-Party Defendant/Cross-claimant
   WESTERN INDUSTRIES, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW SHALABY, an individual, and        Case No.  07-CV-2107-W (POR)
    SONIA DUNN-RUIZ, an individual,
12                                            **WESTERN INDUSTRIES, INC.'S CROSS-**
                 Plaintiffs,                  **CLAIM FOR INDEMNIFICATION**
13
                                              Judge:      The Hon. Thomas J. Whelan
14        v.

15  IRWIN INDUSTRIAL TOOL
    COMPANY, THE HOME DEPOT, INC.,
16  and DOES 2 through 100, inclusive,

17              Defendants.

18  WESTERN INDUSTRIES, INC.,

19              Cross-claimant,

20        v.

21  WORTHINGTON CYLINDER
    ACQUISITION, LLC, and
22  WORTHINGTON CYLINDER
    CORPORATION,
23
                Cross-Defendants.
24

25        COMES NOW Cross-claimant WESTERN INDUSTRIES, INC., and alleges as follows:

26        1.    On or about September 17, 2004, Cross-claimant WESTERN

27  INDUSTRIES, INC., and Cross-Defendants WORTHINGTON CYLINDER ACQUISITION,

28  LLC, and WORTHINGTON CYLINDER CORPORATION entered into an Asset Purchase

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

WESTERN INDUSTRIES' CROSS-CLAIM FOR INDEMNIFICATION  07-CV-2107 W POR

1  Agreement, which was to be effective as of September 1, 2004.

2      2.    Under the terms of said Agreement, Cross-claimant sold to Cross-

3  defendants its propane and specialty gas cylinder business, which included the manufacture and

4  sale of what is known as MAPP gas cylinders, which further included its contract with Newell

5  Operating Company to manufacture and sell BERNZOMATIC labeled cylinders containing

6  MAPP gas.

7      3.    Other provisions in the contract involved the assumption of post-closing

8  liabilities. The contract provided as follows:

9          All liabilities and obligations arising out of the operations of business from
   and after the closing date, including without limitation claims of third
10         parties for damages or injuries suffered as a result of defective products
   produced by the business and sold by the purchaser on or after the closing
11         date. For purposes of this Section 1.09(f), any products with a manufacture
   date of thirty (30) days prior to the closing date (the "<u>manufacture cut-off</u>
12         <u>date</u>") or later, as stamped on the product, shall be deemed to have been
   sold by purchaser or one of its affiliates on or after the closing date.
13         Further, if such manufacture date cannot be ascertained from a stamp on
   such product or otherwise and the relevant occurrence occurred on a date
14         that is ninety (90) calendar days after the closing date, such product shall be
   deemed to have been sold by purchaser on or after the closing date.
15

16     4.    In or about June, 2007, Plaintiffs ANDREW SHALABY and SONIA

17 DUNN-RUIZ filed a First Amended Complaint, a copy of which is attached hereto, marked as

18 Exhibit "A" and incorporated herein by reference.

19     5.    In or about June, 2007, an Answer was filed by BERNZOMATIC and the

20 HOME DEPOT, INC. to said First Amended Complaint. Attached hereto and marked as Exhibit

21 "B" is a copy of said Answer.

22     6.    In or about June, 2007, a Third-Party Complaint on behalf of

23 BERNZOMATIC, an unincorporated division of IRWIN INDUSTRIAL TOOL COMPANY, was

24 filed, naming WESTERN INDUSTRIES, INC., and WORTHINGTON INDUSTRIES as the

25 third-party defendants. Attached hereto and marked as Exhibit "C" is a copy of said Third-party

26 Complaint.

27     7.    The accident which is referred to in all of said pleadings, occurred on April

28 21, 2006. Said accident occurred far beyond ninety (90) days from the closing date of the transfer

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

1  of the assets and liabilities from Cross-claimant to Cross-defendants.  As set forth in the attached

2  pleadings, the date of manufacture of the cylinder in question cannot be ascertained since it has

3  been destroyed.

4     8.  If it is determined that Cross-claimant is liable to Third-party Plaintiff

5  BERNZOMATIC on the basis of any contractual indemnity which existed in April 2006, then

6  Cross-claimant is entitled to be fully indemnified by Cross-defendants pursuant to the terms of

7  said written agreement.

8    WHEREFORE, Cross-claimant WESTERN INDUSTRIES, INC., seeks indemnity from

9  Cross-defendants including, but not limited to, any judgment which may be rendered against it

10  and further including, but not limited to, all attorneys' fees and costs which it may incur if it is

11  found responsible in any manner to Third-party Plaintiff BERNZOMATIC; for costs of suit

12  incurred in defending this matter; and for such other and further relief as the Court may deem just

13  and proper.

14  Dated: December 7, 2007      McCORMICK, BARSTOW, SHEPPARD,

15              WAYTE & CARRUTH LLP

16

17          By:  /s/ Lowell T. Carruth

            Lowell T. Carruth

18             Attorneys for Third-Party

           Defendant/Cross-claimant

19             WESTERN INDUSTRIES, INC.

20  03664/00161-1168559.v1

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

WESTERN INDUSTRIES' CROSS-CLAIM FOR INDEMNIFICATION 07-CV-2107 W POR

# EXHIBIT A
## (to Western Industries, Inc.'s Cross-Claim)

1  MICHAEL J. VEILUVA (State Bar No. 100419)
   MARK D. EPSTEIN (State Bar No. 168221)
2  ALBORG, VEILUVA & EPSTEIN LLP
   200 Pringle Avenue, Suite 410
3  Walnut Creek, CA 94596
   Telephone: (925) 939-9880
4  Facsimile: (925) 939-9915

5  Attorneys for Plaintiffs
   Andrew Shalaby and Sonia Dunn-Ruiz

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  ANDREW SHALABY and SONIA DUNN-    Case No. C 06-07026 EDL
    RUIZ,
11                                    **FIRST AMENDED COMPLAINT**
              Plaintiffs,             **(DEMAND FOR JURY TRIAL)**
12
13        vs.

14  IRWIN INDUSTRIAL TOOL COMPANY,
    INC., THE HOME DEPOT, INC., and DOES
15  2 through 100, inclusive

16            Defendants.

17        Plaintiffs Andrew Shalaby (hereinafter "Mr. Shalaby") and Sonia Dunn-Ruiz (hereinafter

18  "Ms. Dunn-Ruiz" – collectively "Plaintiffs"), by and through their attorneys, allege for their

19  First Amended Complaint against defendants Irwin Industrial Tool Company, Inc., a wholly

20  owned subsidiary of Newell Rubbermaid, Inc. (hereinafter "Irwin"), and The Home Depot, Inc.

21  (collectively ("Defendants") as follows:

22                    **JURISDICTION AND VENUE**

23

24        1.    Plaintiffs are, and at all times were, residents of the City of El Cerrito, County of

25  Contra Costa, in the State of California.

26        2.    Defendant Irwin Industrial Tool Company, Inc. is and at all times relevant to this

27  action was, a corporation organized and existing under the laws of the State of Delaware, with its

28

# EXHIBIT A

principal place of business in Huntersville, North Carolina, and is a wholly owned subsidiary of

Newell Rubbermaid, Inc. Plaintiffs are informed and believe, and thereon allege, that Irwin

Industrial Tool Company manufactures and distributes hand tools, power tools and accessories,

including MAPP Gas torches and MAPP Gas cylinders under the "BernzOmatic" brand name.

3.       Plaintiffs are informed and believe, and thereon allege, that BernzOmatic is an

unincorporated division of Irwin Industrial Tool Company

4.       Defendant The Home Depot, Inc. is, and at all times relevant was, a corporation

organized and existing under the laws of the State of Delaware, with its principal place of

business in Atlanta, Georgia. Plaintiffs are informed and believe, and thereon allege, that The

Home Depot, Inc. is a retail seller of hardware, appliances, building materials, gardening

materials, and other home improvement supplies, which operates stores throughout the United

States, including California, with stores in the cities of Emeryville (Alameda County) and El

Cerrito (Contra Costa County), California. The Home Depot, Inc. sells, among other things,

BernzOmatic Brand MAPP Gas torches.

5.       Plaintiffs are ignorant of the true names and capacities of defendants sued herein

as DOES 2 through 100, inclusive, and therefore sues those defendants by such fictitious names.

Plaintiffs will amend this complaint to allege the true names and capacities of said defendants if

and when that information is ascertained.

6.       Plaintiffs are informed and believe that at all times mentioned herein, defendants

and each of them were the agents, servants, joint venturers, authorized representatives, delegates

and/or successors of the other defendants named herein, and were acting within the course and

scope of said agency, service, joint venture, representation, delegation and/or succession.

7.       The court has original jurisdiction of this action under 28 U.S.C. § 1332, based

upon the parties' complete diversity of citizenship, in that it is a civil action between citizens of

1    different states in which the amount in controversy exceeds the sum of $75,000, exclusive of

2    interest and costs.

3        8.      Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §

4    1441(a), as well as Civil Local Rules 3-2 (c) and (d), on the grounds that this action was

5    commenced in the Superior Court of the State of California, in and for the County of Alameda,

6    and was subsequently removed to this Court by defendants pursuant to 28 U.S.C. § 1441(a).

7                          **FACTUAL ALLEGATIONS**

8

9        9.      Sometime in early to mid 2005, Mr. Shalaby purchased a BernzOmatic brand

10   MAPP Gas torch kit from a Home Depot store near his home in El Cerrito, California.  The torch

11   kit included the two components of a BernzOmatic MAPP Gas torch: a yellow colored MAPP

12   Gas canister, or cylinder, and a torch head assembly ("torch"), the tip of which emits a flame

13   when the torch is in use.  The flame is intended to be used for soldering, welding, and other

14   purposes that are described on the cylinder labels, on BernzOmatic internet website:

15   http://www.bernzomatic.com, and in other product related instructions and promotional

16   materials.

17

18       10.     The BernzOmatic torch is designed and intended to be screwed on to a threaded

19   metal neck of the MAPP Gas cylinder.  Once attached to the cylinder, the torch is designed and

20   intended to be ignited when the user activates a trigger switch that is a part of the torch assembly.

21       11.     Soon after Mr. Shalaby purchased the BernzOmatic torch kit from Home Depot,

22   he purchased several replacement BernzOmatic MAPP Gas cylinders from Home Depot and/or

23   Ace Hardware to use once the original cylinder that came with the torch kit was depleted of

24   MAPP Gas.

25

26       12.     Plaintiffs and their two children are avid campers.  They own a recreational

27   vehicle which they use on a regular basis to tour and park for overnight stays at designated

28   campgrounds that accommodate recreational vehicles.

13.     While camping, Plaintiffs regularly light wood campfires in the evenings.  Up until April 21, 2006, Mr. Shalaby typically ignited the family's campfires by using his BernzOmatic MAPP Gas torch to ignite the firewood.  Mr. Shalaby stored the torch in a wooden box, along with the auxiliary MAPP Gas canisters, which Plaintiffs kept inside of their recreational vehicle.

14.     The MAPP Gas torch kit contained a written representation that, among other things, one of the intended and/or acceptable uses of the torch was for "lighting grills."  By making this representation, BernzOmatic intended for consumers to use its MAPP Gas torches to start cooking and/or recreational campfires, and knew or should have known that some consumers would use its torches in the manner that Mr. Shalaby used his torch at the time of the incident which is the subject of this lawsuit, as set forth in more detail herein below.

15.     Neither the torch nor the MAPP Gas cylinder contained a warning against using the torch to ignite a wood campfire.

16.     Defendants and each of them at all times herein mentioned knew and intended that the BernzOmatic Brand MAPP Gas torches that they designed, manufactured, marketed and sold would be purchased and used by consumers without the requisite knowledge of what constitutes material defects in the product, and thus without inspection for defects therein or in any of its component parts.

17.     The MAPP Gas torch and/or cylinder at issue in this case was, at the time Mr. Shalaby purchased it, defective and unsafe for its intended purposes in that the design, manufacture and/or workmanship of the torch or its component parts were such that, without any misuse of or abuse to the product on the part of the user, the contents of the cylinder allowed to discharge instantaneously and become ignited upon activation of the torch ignition switch.

18.     Between the date on which he purchased the MAPP Gas torch kit and April 21, 2006, Mr. Shalaby used the torch to ignite campfires on many occasions.

**A.    The Incident**

19.    During the week of April 17, 2006, Plaintiffs were vacationing at the "Campland on the Bay" recreational vehicle resort, located at 2211 Pacific Beach Drive in San Diego, California.

20.    On or about the evening of April 21, 2006, Mr. Shalaby was seriously injured when he activated the trigger switch on his BernzOmatic MAPP Gas torch in order to light a wood campfire in a designated campfire pit, located within the campsite at the Campland complex where Plaintiffs were staying.  Mr. Shalaby activated the trigger switch on the torch when the MAPP Gas cylinder suddenly, instantaneously, and without warning, exploded and/or discharged its contents, which caught fire.  The heated MAPP Gas and fire enveloped Mr. Shalaby, and caused severe burns to his face, limbs, and extremities.

**B.    Ms. Dunn-Ruiz Witnessed the Incident**

21.    Ms. Dunn-Ruiz was less than ten feet away from Mr. Shalaby when the BernzOmatic cylinder exploded and/or instantaneously discharged its contents and enveloped Mr. Shalaby in heated MAPP Gas and fire.  While she had her back turned to her husband at the moment the explosion and/or gas discharge occurred, Ms. Dunn-Ruiz heard the noise from the explosion and/or gas discharged, and turned around within seconds to see her husband enveloped in flames.

**C.    Plaintiffs' Damages**

22.    Mr. Shalaby was confined to a hospital for approximately three weeks after the incident of April 21, 2006 involving the BernzOmatic torch and MAPP Gas cylinder, receiving medical treatment for his injuries, including but not limited to painful skin grafts and surgeries, as well as treatments for infections and other medical complications that were proximately caused by the incident.  Mr. Shalaby was bedridden for several weeks thereafter.  During his time in the hospital, Mr. Shalaby incurred in excess of $300,000 in medical expenses, and he continues to incur medical substantial expenses in connection with ongoing medical treatment for his injuries.

23.     At all times mentioned herein, Mr. Shalaby was and remains a self-employed attorney at law with an active litigation practice.  During the time he was confined to the hospital, Mr. Shalaby was unable to work and, as a result, lost a substantial amount of income. Since being discharged from the hospital, Mr. Shalaby's ability to resume his law practice has been limited due to the physical and emotional injuries he sustained as a result of the April 21, 2006 incident involving the BernzOmatic torch and MAPP Gas cylinder.  Mr. Shalaby was recently able to resume practicing law on a limited basis, but he continues to lose a substantial amount of business and income due to his limited ability to practice law on a full time basis.  Mr. Shalaby will continue to lose income as a result of the injuries he sustained from the BernzOmatic MAPP Gas torch for an indefinite period of time.

24.     Mr. Shalaby has suffered mental anguish and emotional injuries as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder, including but not limited to Post Traumatic Stress Disorder, for which he has sough treatment.  Mr. Shalaby has incurred, and continues to incur, out-of-pocket expenses for the treatment of his emotional injuries.

25.     Ms. Dunn-Ruiz has suffered mental anguish and emotional injuries as a result of witnessing her husband burn as a result of the April 21, 2006 incident with the BernzOmatic torch and MAPP Gas cylinder while standing in close proximity to her husband.

**FIRST CAUSE OF ACTION -- STRICT PRODUCTS LIABILITY**
***(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)***

26.     Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.     At all times mentioned in this complaint, the BernzOmatic Brand MAPP Gas torch and/or cylinder that caused Mr. Shalaby's injuries and/or its component parts, were defective as to design, manufacture, and warnings, which caused the torch, cylinder and/or their

component parts to be in a dangerous and defective condition and prone to failure, which made them unsafe for their intended use.

28.     Plaintiffs are informed and believe that the torch and/or cylinder contained one or more manufacturing defects when they left the possession of Irwin Industrial Tools, Home Depot and/or DOES 2 through 100 (collectively "Defendants") in that the torch and/or cylinder differed from the intended design and specifications, and/or from other typical units of the same product line.

29.     Plaintiffs are further informed and believe that the design of the BernzOmatic torch and/or MAPP Gas cylinder that caused Mr. Shalaby's injuries was defective because the torch and/or cylinder did not perform as safely as an ordinary consumer would have expected them to perform when used in the manner that Mr. Shalaby did at the time of the April 21, 2006 incident which is the subject of this case.

30.     Defendants, and each of them, designed, manufactured, distributed, marketed and/or sold the torch and cylinder, and the torch and/or cylinder contained one or more manufacturing and/or design defects when they left Defendants' possession.

31.     As a direct and proximate result of the defective and dangerous condition of torch, cylinder and/or their component parts as described above, Mr. Shalaby sustained the following serious injuries and damages from using the torch in an intended manner:

a.     Deep burns over 22% of his body surface, including his face, hands, arms and legs, requiring surgical repair, skin grafts and continuing medical treatment;

b.     physical pain and discomfort;

c.     immobility;

d.     disfigurement;

e.     lost wages; and

f.      emotional trauma and mental anguish, including but not limited to Post Traumatic Stress Disorder.

### SECOND CAUSE OF ACTION -- STRICT LIABILITY FOR FAILURE TO WARN
#### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

32.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 31 above, as though fully set forth herein.

33.    The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries lacked sufficient instructions or warnings of the potential risk and danger that the cylinder might suddenly and instantaneously discharge its contents and catch fire when used in an intended and foreseeable manner.

34.    This danger and risk were known or should have been known to Defendants at the time the torch and MAPP Gas cylinder were designed, manufactured, distributed, marketed and sold.

35.    These risks presented a substantial danger to purchasers and users of the torch that ordinary consumers would not have recognized or expected, particularly without an adequate warning.

36.    Mr. Shalaby was injured when he used the torch in a manner that was intended and foreseeable to Defendants.

37.    The lack of sufficient instructions or warnings was a substantial factor in causing Mr. Shalaby's injuries.

### THIRD CAUSE OF ACTION – NEGLIGENCE
#### *(By Mr. Shalaby Against Irwin Industrial Tools)*

38.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 37 above, as though fully set forth herein.

39.    Irwin Industrial Tools, whose BernzOmatic division designed, manufactured, distributed, marketed and/or sold the BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

40.    Irwin Industrial Tools was negligent in designing and/or manufacturing the torch and MAPP Gas cylinder in that they failed to use the amount of care in designing and/or manufacturing the torch and cylinder that a reasonably careful designer and manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

41.    Mr. Shalaby was harmed as a proximate result of Irwin Industrial Tools' negligence when the BernzOmatic Brand MAPP Gas cylinder exploded and instantaneously discharged its contents upon Mr. Shalaby's activation of the torch trigger switch.

42.    The negligence of Industrial Tools' was a substantial factor in causing Mr. Shalaby's injuries.

### FOURTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN
### *(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)*

43.    Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 42 above, as though fully set forth herein.

44.    Defendants, and each of them, were negligent by not using reasonable care to adequately warn or instruct consumer's about the dangerous condition(s) in the BernzOmatic Brand MAPP Gas torch's and/or cylinder that caused Mr. Shalaby's injuries, or about circumstances that are likely to make the consumer's use of the torch dangerous.

45.    Defendants, and each of them, knew or reasonably should have known that the torch presented an unreasonable danger of exploding, or was likely to explode, when used in a reasonably foreseeable manner.

46.   Defendants knew or reasonably should have known that users of the torch would not realize this danger, yet failed to adequately warn of the danger or instruct users on the safe use of the torch to prevent the type of injuries that Mr. Shalaby has sustained.

47.   A reasonable designer, manufacturer, marketer, distributor and seller would have warned of this danger, or instructed users on the safe use of the torch, to prevent that type of injuries that Mr. Shalaby has sustained.

### FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (*By Mr. Shalaby Against Irwin Industrial Tools and Home Depot*)

48.   Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 47 above, as though fully set forth herein.

49.   Mr. Shalaby was proximately harmed by the BernzOmatic Brand torch and MAPP Gas cylinder used in the April 21, 2006 incident because the torch and cylinder did not have the qualities, reliability and safety that a reasonable consumer would expect.

50.   At the time he purchased the torch, Defendants were in the business of selling BernzOmatic Brand torches and MAPP Gas cylinders.

51.   The BernzOmatic torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries were not of the same quality as those generally acceptable in the industry, and were not fit for the ordinary purposes for which such products are used.

52.   The failure of the torch to have the expected quality that it should have had was a substantial factor in causing Mr. Shalaby's injuries.

### SIXTH CAUSE OF ACTION –
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (*By Plaintiffs Against All Defendants*)

53.   Plaintiffs incorporate by this reference the allegations, and each of them, contained in paragraphs 1 through 52 above, as though fully set forth herein.

54.    Defendants, and each of them, were negligent in designing, manufacturing, distributing and selling the defective BernzOmatic Brand torch and MAPP Gas cylinder that caused Mr. Shalaby's injuries.

55.    Ms. Dunn-Ruiz was present at the scene of the April 21, 2006 incident involving the explosion and/or instantaneous discharge of the contents of the MAPP Gas cylinder in Mr. Shalaby's hands, when it occurred, and was aware at the time that her husband was sustaining severe and life threatening injuries.

56.    Both Mr. Shalaby and Ms. Dunn-Ruiz suffered serious emotional distress as a result of experiencing and observing the April 21, 2006 incident, respectively, including severe mental suffering, grief, anguish, anxiety, depression, worry, shock, and in the case of Mr. Shalaby, Post Traumatic Stress Disorder.

57.    The negligence of Defendants in designing, manufacturing, distributing, marketing and selling the defective torch and/or MAPP Gas cylinder was a substantial factor in causing Plaintiffs' serious emotional distress.

Wherefore, Plaintiffs DEMAND A JURY TRIAL, and pray that a judgment be entered against Defendants, and each of them, as follows:

1.    For general damages, including but not limited to damages for emotional distress, pain and suffering, according to proof;

2.    For special damages, including but not limited to out of pocket medical expenses and incidental expenses related to Mr. Shalaby's injuries, and lost income, according to proof;

3.    For exemplary damages;

4.    For prejudgment interest according to law;

5.    For costs of suit incurred in this action; and

900725.pld.USDC Pldgs.Amended Complaint (Final).doc

1

2      6.     For any other and further relief that the court deems just and proper.

3

4  Dated:  June 11, 2007                      ALBORG, VEILUVA & EPSTEIN LLP

5                            /s/

                        By:_____

6                         MARK D. EPSTEIN

                       Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B
## (to Western Industries, Inc.'s Cross-Claim)

1  J. Phillip Moorhead, Esq. (SBN 99445)
   KELLER, PRICE & MOORHEAD
2  229 Avenue I, Second Floor
   Redondo Beach, California 90277-5600
3  Telephone:  (310) 540-1332

4

   Attorneys for Defendants, BERNZOMATIC, an Unincorporated Division
5  of Irwin Industrial Tool Company and THE HOME DEPOT, INC.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 ANDREW SHALABY, an individual, )    CASE NO. C 06 7026 EDL
   and  SONIA  DUNN-RUIZ,  an )
12 individual,                   )    Magistrate Judge Elizabeth D.
                                 )    LaPorte
13          Plaintiffs,          )
                                 )    ANSWER  TO  FIRST  AMENDED
14     v.                        )    COMPLAINT BY BERNZOMATIC AND
                                 )    THE HOME DEPOT, INC.
15 IRWIN INDUSTRIAL TOOL COMPANY )
   and THE HOME DEPOT, INC. and )
16 DOES 2 through 100, inclusive, )
                Defendants.      )
17 _____ )

18

19     COME NOW, Defendants, Bernzomatic, an Unincorporated Division

20 of Irwin Industrial Tool Company, and The Home Depot, Inc., and

21 answer the First Amended Complaint of Andrew Shalaby and Sonia

22 Dunn-Ruiz on file herein by admitting, denying and alleging as

23 follows:

24              **JURISDICTION AND VENUE**

25     1.    Answering paragraph 1, Defendants are without sufficient

26 knowledge or information to form a belief as to the truth of the

27 allegations contained in said paragraph, and on that basis, deny

28 each and every allegation contained therein.

                        -1-
   _____
           ANSWER TO FIRST AMENDED COMPLAINT

                  EXHIBIT  B

1      2.    In   response   to   paragraph   2,   Defendants   admit   all
2  allegations contained therein.

3      3.    In   response   to   paragraph   3,   Defendants   admit   all
4  allegations contained therein.

5      4.    In   response   to   paragraph   4,   Defendants   admit   that
6  Defendant The Home Depot, Inc. is, and at all times relevant was,
7  a corporation organized and existing under the laws of the State
8  of Delaware, with its principal place of business in Atlanta,
9  Georgia.  Defendants admit that The Home Depot, Inc., is a retail
10 seller of hardware, appliances, building materials, gardening
11 materials, and other home improvement supplies, and that it
12 operates   stores   throughout   the   United   States,   including
13 California, with stores in the cities of Emeryville (Alameda
14 County)  and  El  Cerrito  (Contra  Costa  County),  California.
15 Defendants further admit that The Home Depot, Inc., sells, among
16 other things Bernzomatic brand MAPP Gas torches.  Home Depot
17 U.S.A., Inc., is an indirect and principal operating subsidiary of
18 Defendant The Home Depot, Inc.  Defendants deny each and every
19 remaining allegation of paragraph 4, except for those allegations
20 which are expressly admitted above.

21     5.    In   response   to   paragraph   5,   Defendants   are   without
22 sufficient knowledge or information to form a belief as to the
23 truth of the allegations contained in said paragraph, and on that
24 basis, deny each and every allegations contained therein.

25     6.    In   response   to   paragraph   6,   Defendants   are   without
26 sufficient knowledge or information to form a belief as to the
27 truth of the allegations contained in said paragraph, and on that
28 basis, deny each and every allegations contained therein.

-2-

ANSWER TO FIRST AMENDED COMPLAINT

1       7.  In response to paragraph 7, Defendants admit all

2    allegations contained therein.

3       8.  In response to paragraph 8, Defendants admit all

4    allegations contained therein.

5

6                   **FACTUAL ALLEGATIONS**

7       9.  In response to paragraph 9, Defendants admit the flame

8    from a Bernzomatic MAPP Gas torch is intended to be used for

9    soldering, welding, and other purposes that are described on the

10   cylinder    labels,    on    Bernzomatic    internet    website:

11   http://www.Bernzomatic.com    and    in    other    product-related

12   instructions and promotional materials.  Defendants deny all

13   remaining allegations of paragraph 9 on the basis that Defendants

14   are without sufficient knowledge or information to form a belief

15   as to the truth of the remaining allegations contained in said

16   paragraph, and on that basis deny each and every remaining

17   allegation contained therein.

18      10.  In response to paragraph 10, Defendants admit all

19   allegations contained therein.

20      11.  In response to paragraph 11, Defendants are without

21   sufficient knowledge or information to form a belief as to the

22   truth of the allegations contained in said paragraph, and on that

23   basis, deny each and every allegations contained therein.

24      12.  In response to paragraph 12, Defendants are without

25   sufficient knowledge or information to form a belief as to the

26   truth of the allegations contained in said paragraph, and on that

27   basis, deny each and every allegations contained therein.

28      13.  In response to paragraph 13, Defendants are without

-3-

ANSWER TO FIRST AMENDED COMPLAINT

1  sufficient knowledge or information to form a belief as to the

2  truth of the allegations contained in said paragraph, and on that

3  basis, deny each and every allegations contained therein.

4      14.  In response to paragraph 14, Defendants admit that MAPP

5  Gas torch kits contained a written representation that, among

6  other things, one of the intended and/or acceptable uses of the

7  torches was for "lighting grills." Defendants deny each and every

8  remaining allegation contained in paragraph 14, except for the

9  allegation expressly admitted above.

10      15.  In response to paragraph 15, Defendants admit that

11  neither torches nor MAPP Gas cylinders sold by Defendants

12  contained a warning against using their torches to ignite a wood

13  campfire. Defendants deny each and every remaining allegation

14  contained in paragraph 15, except for the allegation expressly

15  admitted above.

16      16.  In response to paragraph 16, Defendants deny each and

17  every allegation contained therein.

18      17.  In response to paragraph 17, Defendants deny each and

19  every allegation contained therein.

20      18.  In response to paragraph 18, Defendants are without

21  sufficient knowledge or information to form a belief as to the

22  truth of the allegation contained in said paragraph, and on that

23  basis, deny each and every allegation contained therein.

24      19.  In response to paragraph 19, Defendants admit all

25  allegations contained therein.

26      20.  In response to paragraph 20, Defendants admit that, on

27  or about the evening of April 21, 2006, Mr. Shalaby was seriously

28  injured.  Defendants deny each and every remaining allegation

-4-

ANSWER TO FIRST AMENDED COMPLAINT

1  contained in paragraph 20, except for the allegation expressly

2  admitted above.

3      21.  In response to paragraph 21, Defendants are without

4  sufficient knowledge or information to form a belief as to the

5  truth of the allegations contained in said paragraph, and on that

6  basis, deny each and every allegation contained therein.

7      22.  In response to paragraph 22, Defendants are without

8  sufficient knowledge or information to form a belief as to the

9  truth of the allegations contained in said paragraph, and on that

10  basis, deny each and every allegation contained therein.

11      23.  In response to paragraph 23, Defendants are without

12  sufficient knowledge or information to form a belief as to the

13  truth of the allegations contained in said paragraph, and on that

14  basis, deny each and every allegation contained therein.

15      24.  In response to paragraph 24, Defendants are without

16  sufficient knowledge or information to form a belief as to the

17  truth of the allegations contained in said paragraph, and on that

18  basis, deny each and every allegation contained therein.

19      25.  In response to paragraph 25, Defendants are without

20  sufficient knowledge or information to form a belief as to the

21  truth of the allegations contained in said paragraph, and on that

22  basis, deny each and every allegation contained therein.

23

24      **FIRST CAUSE OF ACTION - STRICT PRODUCTS LIABILITY**

25  **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

26      26.  Defendants incorporate by this reference the responses

27  contained in paragraphs 1 through 25 above, as though fully set

28  forth herein.

-5-

---

ANSWER TO FIRST AMENDED COMPLAINT

27.  In response to paragraph 27, Defendants deny each and every allegation contained therein.

28.  In response to paragraph 28, Defendants deny each and every allegation contained therein.

29.  In response to paragraph 29, Defendants deny each and every allegation contained therein.

30.  In response to paragraph 30, Defendants admit that Defendant, Irwin Industrial Tool Company designed, manufactured, distributed, and marketed MAPP Gas torches under the "Bernzomatic" brand name.  Defendants admit that Irwin Industrial Tool Company distributed and marketed MAPP Gas cylinders under the "Bernzomatic" brand name.  Defendants admit that The Home Depot, Inc., sold Bernzomatic brand MAPP Gas torches and cylinders. Defendants deny that the Bernzomatic brand torches and/or cylinders contained manufacturing and/or design defects when they left Defendants' possession.   Defendants deny any other allegations which may be included or implied in paragraph 30 except for those allegations expressly admitted above.

31.  In response to paragraph 31, Defendants deny each of the allegations contained therein with the exception of the allegations of subparts a. through f., inclusive, which Defendants deny on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said subparts.

**SECOND CAUSE OF ACTION - STRICT LIABILITY FOR FAILURE TO WARN**

**(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

32.  Defendants incorporate by this reference the responses

-6-

1  contained in paragraphs 1 through 31 above, as though fully set

2  forth herein.

3      33.  In response to paragraph 33, Defendants deny each and

4  every allegation contained therein.

5      34.  In response to paragraph 34, Defendants deny each and

6  every allegation contained therein.

7      35.  In response to paragraph 35, Defendants deny each and

8  every allegation contained therein.

9      36.  In response to paragraph 36, Defendants deny each and

10  every allegation contained therein.

11      37.  In response to paragraph 37, Defendants deny each and

12  every allegation contained therein.

13

14              **THIRD CAUSE OF ACTION - NEGLIGENCE**

15          **(By Mr. Shalaby Against Irwin Industrial Tools)**

16      38.  Defendants incorporate by this reference the responses

17  contained in paragraphs 1 through 37 above, as though fully set

18  forth herein.

19      39.  In response to paragraph 39, Defendant admits that

20  Bernzomatic is a division of Defendant, Irwin Industrial Tool

21  Company, which designed, manufactured, distributed, marketed,

22  and/or sold Bernzomatic brand torches, and distributed and

23  marketed MAPP Gas cylinders.  Defendants deny each and every

24  remaining allegation contained in paragraph 39 except for the

25  allegations expressly admitted above.

26      40.  In response to paragraph 40, Defendant denies each and

27  every allegation contained therein.

28      41.  In response to paragraph 41, Defendant denies each and

-7-

ANSWER TO FIRST AMENDED COMPLAINT

1  every allegation contained therein.

2      42.  In response to paragraph 42, Defendant denies each and

3  every allegation contained therein.

4

5      **FOURTH CAUSE OF ACTION - NEGLIGENT FAILURE TO WARN**

6    **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

7      43.  Defendants incorporate by this reference the responses

8  contained in paragraphs 1 through 42 above, as though fully set

9  forth herein.

10      44.  In response to paragraph 44, Defendants deny each and

11  every allegation contained therein.

12      45.  In response to paragraph 45, Defendants deny each and

13  every allegation contained therein.

14      46.  In response to paragraph 46, Defendants deny each and

15  every allegation contained therein.

16      47.  In response to paragraph 47, Defendants deny each and

17  every allegation contained therein.

18

19      **FIFTH CAUSE OF ACTION - BREACH OF**

20      **IMPLIED WARRANTY OF MERCHANTABILITY**

21    **(By Mr. Shalaby Against Irwin Industrial Tools and Home Depot)**

22      48.  Defendants incorporate by this reference the responses

23  contained in paragraphs 1 through 47 above, as though fully set

24  forth herein.

25      49.  In response to paragraph 49, Defendants deny each and

26  every allegation contained therein.

27      50.  In response to paragraph 50, Defendants admit each and

28  every allegation contained therein.

-8-

ANSWER TO FIRST AMENDED COMPLAINT

1    51.  In response to paragraph 51, Defendants deny each and

2  every allegation contained therein.

3    52.  In response to paragraph 52, Defendants deny each and

4  every allegation contained therein.

5    **SIXTH CAUSE OF ACTION – NEGLIGENT INFLICTION**

6    **OF EMOTIONAL DISTRESS**

7    **(By Plaintiffs Against All Defendants)**

8    53.  Defendants incorporate by this reference the responses

9  contained in paragraphs 1 through 52 above, as though fully set

10  forth herein.

11    54.  In response to paragraph 54, Defendants deny each and

12  every allegation contained therein.

13    55.  In response to paragraph 55, Defendants are without

14  sufficient knowledge or information to form a belief as to the

15  truth of the allegations contained in said paragraph, and on that

16  basis, deny each and every allegation contained therein.

17    56.  In response to paragraph 56, Defendants deny each and

18  every allegation contained therein.

19    57.  In response to paragraph 57, Defendants deny each and

20  every allegation contained therein.

21

22    **FIRST AFFIRMATIVE DEFENSE**

23    58.  Plaintiffs' First Amended Complaint herein, and each and

24  every cause of action therein, fails to state facts sufficient to

25  constitute a cause of action against these answering Defendants

26  upon which relief can be predicated.

27    **SECOND AFFIRMATIVE DEFENSE**

28    59.  Plaintiffs' injuries and damages, if any, were caused in

-9-

ANSWER TO FIRST AMENDED COMPLAINT

1  whole or in part by their own lack of due care, and their recovery

2  herein, if any, should be correspondingly barred or reduced.

3                    **THIRD AFFIRMATIVE DEFENSE**

4       60.  Plaintiffs' injuries and damages, if any, were caused in

5  whole or in part by the acts and/or omissions of some third party

6  or third parties over whom these answering Defendants had no

7  control and for whose acts and/or omissions these answering

8  Defendants are neither responsible nor liable.

9                    **FOURTH AFFIRMATIVE DEFENSE**

10      61.  These answering Defendants' liability, if any, for non-

11 economic damages suffered by Plaintiffs shall be several only, and

12 not joint, and Defendants shall only be liable, if at all, for the

13 non-economic damages allocated to them in direct proportion to

14 their percentage of fault, if any, as more fully defined in

15 California Civil Code, Section 1431.2(a), et seq.

16                    **FIFTH AFFIRMATIVE DEFENSE**

17      62.  At all times relevant hereto, Plaintiffs failed and/or

18 refused to properly mitigate their damages, and their recovery

19 herein, if any, should be correspondingly barred or reduced.

20                    **SIXTH AFFIRMATIVE DEFENSE**

21      63.  At the time of the incident alleged in the First Amended

22 Complaint on file herein, the product therein described was/had

23 been altered, modified, and/or was in a condition different than

24 that in which it had left the possession of these answering

25 Defendants.

26                   **SEVENTH AFFIRMATIVE DEFENSE**

27      64.  At the time of the incident alleged in the First Amended

28 Complaint on file herein, the product therein described was/had

                              -10-

1   been damaged,   abused, unforeseeably misused, and/or was not

2   properly maintained after it left the possession of these

3   answering Defendants.

4       WHEREFORE, Defendants, Bernzomatic, an Unincorporated

5   Division of Irwin Industrial Tool Company and The Home Depot,

6   Inc., pray judgment on the First Amended Complaint of Andrew

7   Shalaby and Sonia Dunn-Ruiz herein as follows:

8       1.   That Plaintiffs take nothing from these answering

9   Defendants by way of their First Amended Complaint herein;

10      2.  That these answering Defendants be awarded their costs of

11  suit incurred herein;

12      3.  That these answering Defendants be awarded such other and

13  further relief as the Court may deem just and proper.

14  DATED:  June 19, 2007          KELLER, PRICE & MOORHEAD

15
                                   _____
16                                 J. Phillip Moorhead
                                   Attorneys    for    Defendants,
17                                 BERNZOMATIC,   an   Unincorporated
                                   Division of Irwin Industrial Tool
                                   Company and THE HOME DEPOT, INC.

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

1  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
2  <u>Andrew Shalaby v. Bernzomatic/Home Depot, Inc.</u>
   CASE NO. C 06 7026 CW
3
                    <u>**PROOF OF SERVICE**</u>
4
       I am employed in the county of Los Angeles, State of
5  California.  I am over the age of 18 and not a party to the within
   action; my business address is 229 Avenue "I", Second Floor,
6  Redondo Beach, California  90277.
7
       On June 19, 2007, I served the foregoing document described as
8  **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties in this
   action as set forth below:
9
10     Mark D. Epstein
       Alborg, Veiluva & Epstein LLP
       200 Pringle Avenue, Suite 410
11     Walnut Creek, CA 94596
       (925) 939-9880    FAX (925) 939-9915
12     (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)
13
       FACSIMILE - by use of facsimile machine telephone number
14 (310)540-8480, I served a copy of the within document, to the   by
   facsimile numbers set forth above.  The facsimile machine I used
15 complied with California Rules of Court, Rule 2004, and no error
   was reported by the machine.  Pursuant to California Rules of
16 Court, Rule 2006(d), I caused the machine to print a transmission
   record of the transmission, a copy of which is attached to this
17 Declaration.
18     MAIL - I caused such envelope with postage thereon fully
   prepaid to be placed in the United States mail at Redondo Beach,
19 California.  I am "readily familiar" with the firm's practice of
   collection and processing correspondence for mailing.  Under that
20 practice it would be deposited with the U.S. Postal Service that
   same day with postage thereon fully prepaid at Redondo Beach,
21 California, in the ordinary course of business.  I am aware that on
   motion of the party served, service is presumed invalid if postal
22 cancellation date or postage meter date is more than one day after
   date of deposit for mailing in affidavit.
23
       FEDERAL - I declare under penalty of perjury that the
24 foregoing is true and correct, and that I am employed in the office
   of a member of the Bar of this Court at whose direction the service
25 was made.
26     Executed on June 19, 2007, at Redondo Beach, California.
27              *Deidre A. Picascia*
                Deidre A. Picascia
28
                            -12-

        ANSWER TO FIRST AMENDED COMPLAINT

EXHIBIT C
(to Western Industries, Inc.'s Cross-Claim)

1  J. Phillip Moorhead, Esq. (SBN 99445)
   KELLER, PRICE & MOORHEAD
2  229 Avenue I, Second Floor
   Redondo Beach, California 90277-5600
3  Telephone: (310) 540-1332

4
   Attorneys for Defendant and Third Party Plaintiff, BERNZOMATIC, an
5  Unincorporated Division of Irwin Industrial Tool Company, and
   Defendant, THE HOME DEPOT, INC.

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11

   ANDREW SHALABY, an individual, )    CASE NO. C 06 7026 EDL
12 and   SONIA   DUNN-RUIZ,   an )
   individual,                   )    Magistrate Judge Elizabeth D.
13                               )    LaPorte
                Plaintiffs,      )
14                               )    THIRD   PARTY   COMPLAINT   ON
        v.                       )    BEHALF   OF   BERNZOMATIC,   AN
15                               )    UNINCORPORATED    DIVISION   OF
   IRWIN INDUSTRIAL TOOL COMPANY, )   IRWIN INDUSTRIAL TOOL COMPANY
16 THE HOME DEPOT, INC., and DOES )
   2 through 100, inclusive,     )
17                               )
                Defendants.      )
18 _____ )
                                 )
19 BERNZOMATIC,                  )
                                 )
20         Cross-Complainant,    )
                                 )
21      v.                       )
                                 )
22 WESTERN   INDUSTRIES,   INC., )
   WORTHINGTON   INDUSTRIES,  AND )
23 ROES 2 through 100, inclusive, )
                                 )
24         Cross-Defendants.     )
                                 )
25 _____ )

26

27      For their Third Party Complaint against the Third Party

28 Defendants, Defendant/Third Party Plaintiff, Bernzomatic, an

                              -1-

_____
                    THIRD PARTY COMPLAINT



EXHIBIT C

1    Unincorporated   Division   of   Irwin   Industrial   Tool   Company

2    (hereinafter Bernzomatic), states as follows:

3                          <u>PARTIES</u>

4        1.    Defendant/Third Party Plaintiff, Bernzomatic, is a

5    Delaware corporation, with its principal place of business in

6    North Carolina.

7        2.    Third Party Defendant, Western Industries, Inc., is a

8    closely-held corporation with its principal place of business in

9    Wisconsin.

10       3.    Third Party Defendant, Worthington Industries, Inc., is

11   an Ohio corporation with its principal place of business in Ohio.

12       4.    At   various   times,   both   Western   and   Worthington

13   manufactured and sold BernzOmatic-branded MAPP gas cylinders.

14       5.    Worthington  purchased  Western's  cylinder  business  in

15   September 2004.

16                 <u>JURISDICTION AND VENUE</u>

17       6.    Subject matter jurisdiction is proper in this Court

18   because federal district courts in California recognize the rights

19   of Third Party Complainant to Declarations of Rights, Breach of

20   Contract Claims, Contractual Indemnity, Common Law Indemnity and

21   Punitive Damages. This Court has Personal Jurisdiction over the

22   Third Party Defendants under the California long-arm statute as

23   the actions or failures to act by the Third Party Defendants

24   caused damage to the Defendant/Third Party Plaintiff and gave rise

25   to claims in California.

26       7.    Venue is proper in this Court because all of the

27   Plaintiffs' litigation claims arose in this jurisdiction, and all

28   of the Third Party Complaint claims are derivative of those

                              -2-

                    THIRD PARTY COMPLAINT

1  litigation claims.

2  <u>FACTUAL ALLEGATIONS</u>

3  8.   Defendant/Third Party Plaintiff, Bernzomatic, has been

4  named as a Defendant in the above-captioned lawsuit (the "Shalaby

5  litigation").  Plaintiffs filed suit on October 10, 2006 and

6  recently amended their Complaint on June 11, 2007.

7  9.   The Joint Case Management Statement and Order entered on

8  February 20, 2007 alleges that Plaintiff, Andrew Shalaby, suffered

9  burns to his face and extremities due to an accident involving a

10  Bernzomatic-branded MAPP gas cylinder that he used to light a

11  campfire.  It further alleges that liquid MAPP gas inside the

12  pressurized cylinder absorbed energy from the surrounding fire and

13  heated up such that it vaporized causing the cylinder to produce

14  "an explosive effect."

15  10.   The Joint Case Management Statement and Order entered on

16  February 20, 2007 states that fire department personnel who

17  responded during the incident instructed the onsite manager to

18  discard the product.  Depositions of fire department and onsite

19  personnel were taken on April 17, 2007 confirming that the product

20  had been discarded.

21  11.   Third Party Defendants, Western and Worthington,

22  manufactured MAPP gas cylinders, such as the one allegedly

23  involved in this action.

24  12.   Defendant/Third Party Plaintiff purchased MAPP gas

25  cylinders exclusively from Western and Worthington during the time

26  periods relevant to this action.

27  13.   To the extent that a Bernzomatic-branded MAPP gas

28  cylinder was involved in the accident which forms the basis of

-3-

1   Plaintiffs' Complaint against Bernzomatic and Home Depot, said

2   MAPP gas cylinder was manufactured by either Western or

3   Worthington.

4       14.   Defendant/Third Party Plaintiff cannot determine whether

5   Western or Worthington manufactured the MAPP gas cylinder involved

6   because the fire department personnel who responded during the

7   incident instructed the onsite manager to discard the product and

8   it cannot be recovered.

9       15.   Upon information and belief, the written contract

10  between Worthington and Western regarding the sale of the cylinder

11  business in September 2004 contains an express provision setting

12  forth a method to facilitate identification of a cylinder's

13  manufacturer if it cannot be determined by a serial number or

14  other reliable information.

15              FIRST CLAIM - DECLARATION OF RIGHTS

16      16.   Defendant/Third Party Plaintiff incorporates by

17  reference the allegations in Paragraphs 1 through 15 of this Third

18  Party Complaint as if fully rewritten herein.

19      17.   Exclusive Supply Agreements between Newell Operating

20  Company (a predecessor to Industrial Tool Company, dba

21  Bernzomatic) and Western in 2001, as well as between Irwin

22  Industrial Tool Company, dba Bernzomatic, and Worthington in 2006

23  for Western's and Worthington's MAPP gas cylinders included

24  indemnification provisions.  In September 2004, Worthington

25  assumed the rights and obligations of Western under the 2001

26  Supply Agreement resulting from Worthington's purchase of

27  Western's cylinder business at that time.

28      18.   The indemnification provision at page 10 of the

-4-

1   Agreement between Newell (Bernzomatic) and Western states, in

2   pertinent part:

3          "Western assumes and agrees to indemnify, defend and

4          hold harmless Newell and its affiliates, directors,

5          officers, employees and agents for all claims against

6          Newell for personal injury or property damage to the

7          extent such injury or damage is alleged to be caused by

8          or is caused by the sale or distribution of Covered

9          Cylinders supplied under this Agreement that were not

10         suitable for sale, distribution or use due to the

11         design, manufacture, labeling or failure to label, or

12         storage prior to delivery to Newell of such Covered

13         Cylinders. Western further agrees to indemnify, defend

14         and hold harmless Newell and its affiliates, directors,

15         officers, employees and agents for all claims against

16         Newell resulting from the failure to manufacture

17         products in accordance with applicable laws including

18         environmental and labor laws."

19       19.  The indemnification provision at page 8 of the Agreement

20   between Irwin Industrial Tool Company (Bernzomatic) and

21   Worthington states, in pertinent party:

22         "WCW [Worthington] assumes and agrees to indemnify,

23         defend and hold harmless BernzOmatic and its customers,

24         affiliates, directors, officers, employees and agents

25         for all claims against BernzOmatic for personal injury

26         or property damage to the extent such injury or damage

27         is alleged to be cause[d] by or is caused by in whole or

28         in part the sale or distribution of Covered Cylinders

-5-

THIRD PARTY COMPLAINT

1      supplied under this Agreement that were not suitable for

2      sale, distribution or use due to the design,

3      manufacture, labeling or failure to label (except as

4      provided in Section 4.4), or storage prior to delivery

5      to BernzOmatic of such Covered Cylinders. WCW further

6      agrees to indemnify, defend and hold harmless

7      BernzOmatic and its affiliates, directors, officers,

8      employees and agents for all claims against BernzOmatic

9      resulting from the failure to manufacture products in

10     accordance with applicable laws.

11         20.   The allegations in the _Shalaby_ litigation are for

12     personal injury caused by the sale or distribution of covered

13     cylinders - (a Bernzomatic-branded MAPP gas cylinder) -

14     manufactured and sold by Western and Worthington pursuant to the

15     Supply Agreements, which contained the above-cited indemnification

16     provisions.

17         21.   Pursuant to the indemnification provisions, Bernzomatic

18     tendered its defense and indemnification to Western on June 19,

19     2006, and to Worthington on January 24, 2007.

20         22.   To date, Western has neither defended nor indemnified

21     Bernzomatic, which is a breach of the indemnification provision in

22     the Supply Agreement.

23         23.   To date, Worthington, has neither defended nor

24     indemnified Bernzomatic, which is a breach of the indemnification

25     provision in the Supply Agreement.

26         24.   An actual dispute exists between Defendant/Third Party

27     Plaintiff and Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz.

28         25.   Bernzomatic is entitled to a declaration of rights under

-6-

THIRD PARTY COMPLAINT

1    the contracts against Western and Worthington and the obligations

2    under the indemnification provisions of the Supply Agreement as

3    follows:

4         a.    Western is obligated under the indemnification

5    provisions of the Supply Agreement and by virtue of its breach of

6    its duty to defendant Bernzomatic in the _Shalaby_ litigation, to

7    indemnify Bernzomatic with respect to the full amount of all

8    defense costs and any liability or settlement in the _Shalaby_

9    litigation without any cost sharing, apportionment between

10   particular claims or allegations, or limitation on amount.

11        b.    Worthington is obligated under the indemnification

12   provisions of the Supply Agreement and by virtue of its breach of

13   its duty to defendant Bernzomatic in the _Shalaby_ litigation, to

14   indemnify Bernzomatic with respect to the full amount of all

15   defense costs and any liability or settlement in the _Shalaby_

16   litigation without any cost sharing, apportionment between

17   particular claims or allegations, or limitation on amount.

18   SECOND CLAIM - BREACH OF CONTRACT/CONTRACTUAL INDEMNIFICATION

19        26.  Defendant/Third Party Plaintiff incorporates by

20   reference the allegations in Paragraphs 1 through 25 of this

21   Complaint as if fully rewritten herein.

22        27.  Western has breached its express and implied obligations

23   under the Supply Agreement because it has failed to defend and

24   indemnify Defendant/Third Party Plaintiff and hold it harmless

25   with respect to any of the amounts Defendant/Third Party Plaintiff

26   has incurred and will incur in the future because of the _Shalaby_

27   litigation.

28        28.  Such breach of contract by Western has directly and

-7-

THIRD PARTY COMPLAINT

1  proximately caused injury to Defendant/Third Party Plaintiff,
2  including, but not limited to, the payment of the entire cost of
3  the Shalaby litigation and the payment of fees and expenses in
4  defending the Shalaby litigation.

5      29.  Worthington has breached its express and implied
6  obligations under the Supply Agreement because it has failed to
7  defend and indemnify Defendant/Third Party Plaintiff and hold it
8  harmless with respect to any of the amounts Defendant/Third Party
9  Plaintiff has incurred and will incur in the future because of the
10 Shalaby litigation.

11     30.  Such breach of contract by Worthington has directly and
12 proximately caused injury to Defendant/Third Party Plaintiff,
13 including, but not limited to, the payment of the entire cost of
14 the Shalaby litigation and the payment of fees and expenses in
15 defending the Shalaby litigation.

16              THIRD CLAIM - EQUITABLE INDEMNIFICATION

17     31.  Defendant/Third  Party  Plaintiff  incorporates  by
18 reference the allegations in Paragraphs 1 through 30 of this
19 Complaint as if fully rewritten herein.

20     32.  Third  Party  Defendants,  Western  and  Worthington,
21 manufactured Bernzomatic-branded MAPP gas cylinders and introduced
22 those cylinders into the stream of commerce by selling them to
23 Defendant/Third Party Plaintiff.

24     33.  To the extent that the MAPP gas cylinder at issue is
25 held to be defective, which Defendant/Third Party Plaintiff
26 expressly denies, one of the Third Party Defendants, Western
27 and/or Worthington, introduced that defect by manufacturing and
28 selling MAPP gas cylinders to Defendant/Third Party Plaintiff for

                              -8-

1  further distribution and resale to the Plaintiffs.

2      34.  To the extent that the MAPP gas cylinder at issue is

3  held to have caused injuries and damages to Andrew Shalaby and

4  Sonia Dunn-Ruiz, which Defendant/Third Party Plaintiff expressly

5  denies, Third Party Defendants, Western and Worthington, are

6  liable for those injuries as a result of the manufacture and sale

7  of those MAPP gas cylinders to Defendant/Third Party Plaintiff for

8  further distribution and resale.

9      35.  Because the cylinder product was discarded well before

10 any lawsuit or involvement of the Defendant/Third Party Plaintiff,

11 there is no way to discover whether Western or Worthington

12 manufactured the cylinder at issue.

13     36.  Because it is certain that the manufacturer of the

14 cylinder at issue was either Western or Worthington, both Western

15 and Worthington owe indemnity to the Defendant/Third Party

16 Plaintiff for any alleged harm caused by the cylinder.

17     37.  Thus, as a result of their actions, Third Party

18 Defendants, Western and Worthington, owe a complete common law

19 duty of indemnification to Defendant/Third Party Plaintiff for all

20 damages, costs, expenses and fees associated with the Shalaby

21 litigation.

22          FOURTH CLAIM - THIRD PARTY BENEFICIARY

23     38.  Defendant/Third Party Plaintiff incorporates by

24 reference the allegations in Paragraphs 1 through 37 of this

25 Complaint as if fully rewritten herein.

26     39.  Defendant/Third Party Plaintiff is an intended third

27 party beneficiary of the contract between Western and Worthington

28 for the sale of the cylinder business in September 2004, wherein

                              -9-

1  an express method was provided for determining which manufacturer

2  is responsible for a cylinder when it cannot be determined by

3  serial number or other reliable information.

4      40.  As set forth in the First Claim, both Third Party

5  Defendants, Western and Worthington, separately contracted with

6  Defendant/Third Party Plaintiff, Bernzomatic, to defend and

7  indemnify Bernzomatic against claims involving cylinders

8  manufactured by each of them.

9      41.  One purpose of the contractual provision to identify a

10  cylinder manufacturer in the absence of a serial number or other

11  reliable information is to insure that at least one of the

12  manufacturers will take responsibility for the manufacture of the

13  cylinder.

14     42.  The identification of the cylinder manufacturer may be

15  necessary to enforce Defendant/Third Party Plaintiff Bernzomatic's

16  rights to a defense and indemnification as set forth in the First,

17  Second and Third Claims.

18                  FIFTH CLAIM - ESTOPPEL

19     43.  Defendant/Third Party Plaintiff incorporates by

20  reference the allegations in Paragraph 1 through 42 as if fully

21  rewritten herein.

22     44.  Given the allegations in the Shalaby litigation that a

23  Bernzomatic-branded MAPP gas cylinder caused Plaintiff's injuries,

24  it is undisputed that either Western or Worthington manufactured

25  the MAPP gas cylinder.

26     45.  If Plaintiffs are able to maintain an action against

27  Defendant/Third Party Plaintiff Bernzomatic for injuries, Western

28  and Worthington are estopped from denying responsibility for the

1  manufacture, sale and distribution of the Bernzomatic-branded MAPP

2  gas cylinder as it would lead to an unjust result.

3      WHEREFORE, Defendant/Third Party Plaintiff demands judgment

4  in its favor and against both Western and Worthington on all

5  counts for the full amount of all defense costs and any liability

6  or settlement in the Shalaby litigation, together with attorneys'

7  fees, costs, expenses and any other relief the Court deems

8  equitable and just.

9  DATED:   June 19, 2007          KELLAR, PRICE & MOORHEAD

10

11                                 J. Phillip Moorhead
                                   Attorneys for Defendant/Third
12                                 Party Plaintiff, BERNZOMATIC, an
                                   Unincorporated Division of Irwin
13                                 Industrial Tool Company, and
                                   Defendant, THE HOME DEPOT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

1  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
2  Andrew Shalaby v. Bernzomatic/Home Depot, Inc.
   CASE NO. C 06 7026 CW
3
                        **PROOF OF SERVICE**
4
         I am employed in the county of Los Angeles, State of
5  California.  I am over the age of 18 and not a party to the within
   action; my business address is 229 Avenue "I", Second Floor,
6  Redondo Beach, California 90277.

7       On June 19, 2007, I served the foregoing document described as
   **THIRD PARTY COMPLAINT** on all interested parties in this action as
8  set forth below:

9
        Mark D. Epstein
10      Alborg, Veiluva & Epstein LLP
        200 Pringle Avenue, Suite 410
11      Walnut Creek, CA 94596
        (925) 939-9880    FAX (925) 939-9915
12      (Attorneys for Plaintiffs, Andrew Shalaby and Sonia Dunn-Ruiz)

13
        FACSIMILE – by use of facsimile machine telephone number
14 (310)540-8480, I served a copy of the within document, to the    by
   facsimile numbers set forth above.  The facsimile machine I used
15 complied with California Rules of Court, Rule 2004, and no error
   was reported by the machine.  Pursuant to California Rules of
16 Court, Rule 2006(d), I caused the machine to print a transmission
   record of the transmission, a copy of which is attached to this
17 Declaration.

18      MAIL – I caused such envelope with postage thereon fully
   prepaid to be placed in the United States mail at Redondo Beach,
19 California.  I am "readily familiar" with the firm's practice of
   collection and processing correspondence for mailing.  Under that
20 practice it would be deposited with the U.S. Postal Service that
   same day with postage thereon fully prepaid at Redondo Beach,
21 California, in the ordinary course of business.  I am aware that on
   motion of the party served, service is presumed invalid if postal
22 cancellation date or postage meter date is more than one day after
   date of deposit for mailing in affidavit.

23
        FEDERAL – I declare under penalty of perjury that the
24 foregoing is true and correct, and that I am employed in the office
   of a member of the Bar of this Court at whose direction the service
25 was made.

26      Executed on June 19, 2007, at Redondo Beach, California.

27                          _Deidre A. Picascia_
                        Deidre A. Picascia
28

                                -12-

                        THIRD PARTY COMPLAINT

**Peggy Maffei**

| | |
|---|---|
| **From:** | efile_information@casd.uscourts.gov |
| **Sent:** | Friday, December 07, 2007 3:25 PM |
| **To:** | casd.uscourts.gov@casd.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-02107-W-POR Shalaby et al v. Newell Rubbermaid Inc et al Answer to Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Southern District of California**

**Notice of Electronic Filing**

The following transaction was entered by Carruth, Lowell on 12/7/2007 at 3:25 PM PST and filed on 12/7/2007

| | |
|---|---|
| **Case Name:** | Shalaby et al v. Newell Rubbermaid Inc et al |
| **Case Number:** | 3:07-cv-2107 |
| **Filer:** | Western Industries Inc |
| **Document Number:** | 5 |

**Docket Text:**
*Western Industries, Inc.'s* ANSWER to Complaint with Jury Demand *(Third-party Complaint)*, CROSSCLAIM *for Indemnification* against Worthington Cylinder Acquisition, LLC, Worthington Cylinder Corporation by Western Industries Inc. (Attachments: # (1) Cross-claim for Indemnification# (2) Exhibit A to Cross-claim# (3) Exhibit B to Cross-claim# (4) Exhibit C to Cross-claim)(Carruth, Lowell)

**3:07-cv-2107 Notice has been electronically mailed to:**

Lowell T Carruth    lowell.carruth@mccormickbarstow.com, peggy.maffei@mccormickbarstow.com

Mark D Epstein    mepstein@avelaw.com, callen@avelaw.com

**3:07-cv-2107 Notice has been delivered by other means to:**

Cathleen Shu-Chia Huang
Bowles & Verna
2121 N. California Blvd
Suite 875
Walnut Creek, CA 94596

J Phillip IMoorhead

12/7/2007

Keller Price and Moorhead
229 Avenue I
2nd Floor
Redondo Beach, CA 90277

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=12/7/2007] [FileNumber=2311330-0
] [b921f3eaf9284f09c9fa3f9b0a9b2bf337811769dba14ac52b117343477a999d89e
ce854081b1f4fc7eeee9d05c896ea4212b4f66fff467c41c74ca94be0ca2e]]
**Document description:** Cross-claim for Indemnification
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=12/7/2007] [FileNumber=2311330-1
] [97494cb0177969aadfdf0177b8877b690bfd2b017a449c07461fb7c2c91a6699b60
d04ca1be656d128fccef838108baad4ba37480ec28921bc07d93616b27ac6]]
**Document description:**Exhibit A to Cross-claim
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=12/7/2007] [FileNumber=2311330-2
] [b82237e42b5647917d89ed410752786999ef544e67b3cfe9ab84e90ac7830ca021e
c58ca4c4ac66c9ad5d5fe15aeea82a87e0ff2d5a0f8070cd2be331e37e480]]
**Document description:**Exhibit B to Cross-claim
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=12/7/2007] [FileNumber=2311330-3
] [9c67981da39f310aae4e945840aca24edd25b08d451a85f5206b8106f350e31c7c2
f492c770986c4204c229bb91dddc2aa6b5503dbfeccfaf9bbbd1bfda2d686]]
**Document description:**Exhibit C to Cross-claim
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=12/7/2007] [FileNumber=2311330-4
] [c3ddce99a8029fe0e2b957b4e1ec27f696c74a470b512dcb77816093bf47c0b7789
e297d8533493720fa51ea8b11cdb1f88e2bf6a203b67cd34673baef09f216]]

12/7/2007

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On July 17, 2008, I served the within documents:

ANSWER TO WORTHINGTON CYLINDER ACQUISITION, LLC'S AND WORTHINGTON CYLINDER CORPORATION'S CROSS-CLAIM FOR INDEMNIFICATION

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as follows:

| | |
|---|---|
| Beth Schneider Naylor<br>Frost Brown Todd LLC<br>. 2200 PNC Center<br>201 E. Fifth St.<br>Cincinnati, OH 45202 | Attorneys for Defendant Newell Rubbermaid, Inc. |

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to the parties set forth below that the document has been served.

| | |
|---|---|
| Mark D. Epstein, Esq.<br>Alborg, Veiluva & Epstein LLP<br>200 Pringle Ave., Ste. 410<br>Walnut Creek, CA 94596 | Attorneys for Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz |
| Shelley G. Hurwitz, Esq.<br>Holland & Knight<br>633 W. Fifth St., 21st Fl.<br>Los Angeles, CA 90071-2040 | Attorneys for Defendant/Third-Party Plaintiff Bernzomatic and Defendant The Home Depot |
| Richard Ergo, Esq.<br>Bowles & Verna LLP<br>California Plaza<br>2121 N. California Blvd., Ste. 875<br>P. O. Box 8180<br>Walnut Creek, CA 94596 | Attorneys for Third-Party Defendant Worthington Industries and Cross-defendants/Cross-claimants Worthington Cylinder Acquisition, LLC and Worthington Cylinder Corporation |

1            I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal

2    Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation

3    date or postage meter date is more than one day after date of deposit for mailing in affidavit.

4            I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on July 17, 2008, at Fresno, California.

5

6

7    _____
                        Peggy Maffei

8    03664/00161-1194831.v1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
P.O. Box 28912
FRESNO, CA 93729-8912