1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANDREW SHALABY & SONIA DUNN-    )   Case No. 07cv2107-W(BLM)
     RUIZ,                           )
12                                   )
                     Plaintiffs,     )   **ORDER GRANTING *EX PARTE***
13                                   )   **REQUESTS TO BE EXCUSED FROM**
     v.                              )   **PERSONAL APPEARANCE**
14                                   )   **REQUIREMENT**
     NEWELL RUBBERMAID, INC., et     )
15   al.,                           )
                                     )
16                   Defendants.     )
     _____ )
17                                   )
     And related counterclaim.       )
18   _____ )

19        Before the Court are two *ex parte* requests to excuse parties

20   or their insurers from the requirement that they personally appear

21   at the Mandatory Settlement Conference ("MSC") set for October 14,

22   2008.  The first request, a letter from Defendant Western Industries

23   dated July 25, 2008, asks that a representative for Western

24   Industries not be required to appear, because all authority to

25   settle the case lies with the company's insurer, and the insurer

26   will have a representative with full settlement authority present at

27   the MSC.  Ex. 1 (Western Industries' letter and supporting docu-

28

                                   -1-                      07cv2107-W (BLM)

1  ments).[1]

2      The second request, a letter from Defendants Newell

3  Rubbermaid, Rubbermaid, Inc., The Home Depot, Bernzomatic, and Irwin

4  Industrial Tool Company ("Newell Defendants") dated August 8, 2008,

5  asks that AIG, the excess liability insurer for the Newell Defen-

6  dants, be excused from having a personal representative present at

7  the MSC.  Ex. 2.  In support, the Newell Defendants argue that it is

8  unlikely that their liability exceeds $3,000,000, the point after

9  which the excess liability insurer may be required to contribute to

10  the settlement.  Id.

11      The parties' *ex parte* requests are **GRANTED** as follows.

12  First, in accord with Judge Porter's previous order, Western

13  Industries is not required to have a personal representative present

14  on behalf of the company at the MSC.  Western Industries is,

15  however, required to have an insurance representative present with

16  full settlement authority.  Second, the Newell Defendants' excess

17  liability insurer, AIG, is not required to have a representative

18  present at the MSC.  However, AIG shall have a representative with

19  full settlement authority available by phone during the conference.

20      **IT IS SO ORDERED.**

21

22  DATED:  August 13, 2008

23                                BARBARA L. MAJOR

24                                United States Magistrate Judge

25

26

27      [1]Before being transferred to this Court, this case was before Magistrate
    Judge Louisa S. Porter.  At that time, Western Industries requested to be

28  excused from personally appearing at an MSC scheduled before that Court (Ex.
    1, containing copy of request), and Judge Porter granted that request (Doc. No.
    21, order).

1   COPY TO:

2   HONORABLE THOMAS J. WHELAN
    UNITED STATES DISTRICT JUDGE
3
    ALL COUNSEL AND PARTIES
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28