Shelley G. Hurwitz (SBN 217566)
HOLLAND & KNIGHT LLP
633 W. Fifth Street, 21st Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile (213) 896-2450
Email: shelley.hurwitz@hklaw.com

Beth S. Naylor (*admitted pro hac vice*)
Douglas R. Dennis (*admitted pro hac vice*)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6727
Facsimile: (513) 651-6981
Email: ddennis@fbtlaw.com

Attorney for Defendants IRWIN INDUSTRIAL TOOL COMPANY, INC.
and THE HOME DEPOT, INC. and Third-Party Plaintiff BERNZOMATIC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| ANDREW SHALABY, an individual, and SONIA DUNN-RUIZ an individual,<br><br>   Plaintiffs,<br>   vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, THE HOME DEPOT, INC., and DOES 2 through 100, inclusive,<br>   Defendants. | **Case No.: 07-CV-2107 W BLM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS JASON LUSK**<br><br>Judge: Hon. Thomas J. Whelan<br>Magistrate Judge: Hon. Barbara Major |
| BERNZOMATIC,<br>   Third Party Plaintiff,<br>   vs.<br><br>WESTERN INDUSTRIES, INC., WORTHINGTON INDUSTRIES, AND ROES 2 through 100, inclusive,<br>   Third Party Defendants. | **Date: October 2, 2008**<br>**Courtroom: A**<br>**NO ORAL ARGUMENT REQUIRED**<br><br>Mand. Settlement Conf: October 14, 2008<br>Pretrial Conference: January 12, 2009<br><br>**[FILED IN COMPLIANCE WITH BRIEFING SCHEDULE ORDERED BY COURT]** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Irwin Industrial Tool Company, Inc. and the Home Depot, Inc, and Third-Party Plaintiff Bernzomatic (together the "Bernzomatic Defendants") submit the following Memorandum of Points and Authorities in support of their Motion for Leave to Designate Jason Lusk as an Expert Witness in this matter:

## I. INTRODUCTION

This is a product liability action wherein plaintiff Andrew Shalaby alleges that he suffered burn injuries while using a handheld torch attached to a MAPP gas cylinder. While the actual torch and cylinder in use at the time of the accident were discarded, submitted herewith as Exhibit 1 are photographs of an exemplar torch and cylinder. The Bernzomatic Defendants are alleged to have manufactured and sold the torch in use at the time of the accident. Cross-Defendants Worthington Industries and Western Industries are alleged to be the manufacturers of the cylinder.

Mr. Shalaby testified that the torch and cylinder "exploded" as he was relighting his campfire. However, campground employees and paramedics who responded to the scene testified at deposition that their understanding was that Mr. Shalaby was trying to light the campfire with the torch and when it would not light, he banged the torch and cylinder on the side of the fire ring and it burst. Warren Ratcliff Depo., 19:18-20:18; 69:15-70:19, Exh. 2; Joe Russo Depo., 22-23, Exh. 3. There is also testimony that Mr. Shalaby may have kicked the torch and cylinder into the fire. *Id.*

By this motion, the Bernzomatic Defendants seek leave to designate Jason Lusk, a 22 year veteran plumber, as an expert witness to provide testimony that the manner in which witnesses testified Mr. Shalaby was using the torch and cylinder at the time of the accident was not "normal use" and as to what constitutes "abuse". As discussed below, this testimony will rebut plaintiffs' expert Dr. Anderson's changing opinions that were not included in plaintiffs' initial expert designations. The Bernzomatic Defendants respectfully submit that the requisite "good cause" exists for the grant of leave to designate Jason Lusk as an expert witness in this matter.

CASE NO.:  07-CV-2107 W                          2
MOTION FOR LEAVE TO DESIGNATE EXPERT

## II. BACKGROUND.

This matter was originally assigned to Magistrate Judge Hon. Louisa Porter. Hurwitz Decl., ¶4. Judge Porter subsequently recused herself. *Id.* On July 14, 2008, this case was transferred to Magistrate Judge Hon. Barbara L. Major. *Id.* Prior to the recusal, Judge Porter issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings (the "Scheduling Order"). Exh. 4. The Scheduling Order required the parties to exchange a list of expert witnesses expected to be called at trial on March 28, 2008, and a supplemental list of experts on April 11, 2008. Exh. 4, ¶3. The parties thereafter exchanged initial expert designations, and subsequently exchanged expert witness reports. Hurwitz Decl., ¶5.

In plaintiffs' initial list of expert witnesses, dated March 28, 2008, plaintiffs designated their experts, including Dr. Robert Anderson who plaintiffs stated was "anticipated to testify regarding physical properties and combustibility of MAPP gas, metallurgy, tank manufacture, explosions, product defects and accident reconstruction involving the MAPP gas torch." Exh. 5, page 1. Plaintiffs timely provided Mr. Anderson's report on July 3, 2008, in which he opined, among other things, that the cylinder fails "to resist stresses placed on it when used in a normal manner." Exh. 6, page 4.

Given the testimony of the campground employees and paramedics, and because plaintiff's initial expert disclosures did not indicate that Dr. Anderson would testify on the "normal use" of the product, the Bernzomatic defendants retained Jason Lusk, a professional plumber, as an expert witness to address the "normal use" of the product.[1] The Bernzomatic Defendants provided Mr. Lusk's one page expert witness report to plaintiffs on August 1, 2008, the date that all non-damages supplemental expert reports were exchanged by the parties. Exh. 8.

The Bernzomatic Defendants and plaintiffs thereafter met and conferred on the issue of Mr. Lusk's expert testimony. Bernzomatic offered several accommodations to plaintiffs

---

[1] Plaintiffs' expert disclosures did indicate that Alison Vrendenburgh would testify as to "the adequacy of consumer warnings and consumer use of the product in question." Exh. 3, page 2. However, Dr. Vrendenburgh is a warnings expert and could not opine on a design defect in the product nor on whether a defect was present during normal use. As this is clearly not a warnings case, it was not necessary to designate an expert to testify on the normal use of the product in response to Dr. Vrendenburgh's proposed testimony in the context of product warnings.

CASE NO.: 07-CV-2107 W                                3
MOTION FOR LEAVE TO DESIGNATE EXPERT

1  regarding the designation of Mr. Lusk as an expert witness, including having plaintiffs designate
2  an expert to respond to Mr. Lusk's testimony and holding the deposition of Mr. Lusk at any time.
3  Exh. 9.

4  But plaintiffs have not agreed to the designation of Mr. Lusk. Therefore on August 27,
5  2008, Bernzomatic filed an ex parte application seeking leave to designate Mr. Lusk as an expert
6  witness in this matter. Hurwitz Decl., ¶13. On September 4, 2008, the court held a telephonic
7  conference, after which it issued an order striking the ex parte application and setting a briefing
8  schedule for the instant noticed motion on the designation of Mr. Lusk. *Id.*

9  The expert discovery cut-off in this matter is September 30, 2008.

### III. GOOD CAUSE FOR LEAVE TO DESIGNATE JASON LUSK AS AN EXPERT WITNESS EXISTS.

12  Federal Rules of Civil Procedure Rule 16(b) requires a showing of "good cause" to
13  justify amendment to a scheduling order, including an amendment that would grant a party leave
14  to designate an expert witness. *Excelsior College v. Frye,* 2005 WL 5994158 *2 (S.D. Cal
15  2005). Rule 16's "good cause" standard primarily considers the diligence of the party seeking
16  amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (1992). The district
17  court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the
18  party seeking the extension. *Id.*

19  While the focus of the inquiry is upon the moving party's reasons for seeking the
20  modification, the existence or degree of prejudice to the party opposing the modification should
21  be taken into account. *Id.; Continental Laboratory Products v. Medix International Inc.*, 195
22  F.R.D. 675, 677 (S.D. Cal. 2000); *Justin v. City and County of San Francisco,* 2008 WL 544466
23  3 (N.D. Cal. 1994); *See also National Railroad Passenger Corp. v. Expresstrak LLC*, 2006 WL
24  2711533 (D.D.C. 2006)(granting plaintiff's motion for leave to submit a substitute expert report
25  after the deadline had passed and explaining that "the substantial risk of unfairness to the
26  plaintiff because of [the prior expert's] dishonesty more than adequately supports the substitution
27  of Golden as its witness".).

28  As discussed below, the "good cause" standard is met in this instance.

1  **A.  The Issues Necessitating The Designation Of Mr. Lusk Only Arose After The Disclosure Dates Set Forth In The Scheduling Order; The Bernzomatic Defendants Will Be Unfairly Prejudiced If They Are Not Permitted To Rebut Dr. Anderson's Changing Theories.**

The disclosure dates set forth in the Scheduling Order could not reasonably be met with regard to Mr. Lusk because the need for his testimony in response to Dr. Anderson's changing theories only materialized after the expiration of the expert disclosure dates. Mr. Lusk's testimony directly addresses an issue that was raised in Dr. Anderson's report, but not in his expert designation – the issue of "normal use". Dr. Anderson's opinions regarding the failure of the cylinder are based upon the assumption that Mr. Shalaby was using the torch as intended at the time of the incident. However, because the evidence indicates otherwise – that Mr. Shalaby banged a cylinder of highly flammable gas against a fire ring and then kicked it into a fire – the Bernzomatic Defendants should be provided with an opportunity to present testimony regarding the "normal use" of the torch and cylinder. While plaintiffs have unsurprisingly offered to stipulate to the fact that banging a cylinder filled with highly flammable gas against a fire ring and then kicking it into a fire is not a normal use of the product (Exh. 9), such a stipulation does not suffice to address why or how far outside the "normal use" of the product Mr. Shalaby's conduct was. This is important in the context of Dr. Anderson's apparent view of what would constitute foreseeable abuse or misuse, as discussed below. In the event that plaintiffs (inappropriately) seek to apply California's consumer expectation test to prove a design defect, plaintiffs' proposed stipulation will not suffice.

In his supplemental report, Dr. Anderson opined that Worthington's expert Dr. Eager "is silent on what the level of abuse is to be critical and if Bernzomatic should consider the possibility of customer abuse and therefore design against it, since the consequences are so grave." Exh. 7. Mr. Lusk will respond to this conclusion, and offer opinion testimony on what constitutes foreseeable abuse. Neither Dr. Anderson's initial designation or initial report indicated that Dr. Anderson would be offering an opinion on the "level of [foreseeable] abuse". This theory – that the Bernzomatic Defendants should have guarded against *abuse* – is totally

1  different than Dr. Anderson's theory that the cylinder failed during *normal use* offered in his
2  initial report.
3        Although Dr. Anderson's initial and supplemental reports provided two seemingly
4  contradictory theories – normal use v. abuse – the Bernzomatic Defendants could not have
5  anticipated the testimony that Dr. Anderson provided at his deposition on September 3, 2008.
6  While plaintiff has offered to stipulate that banging a torch on a fire ring and kicking it into the
7  fire constitutes abuse, Dr. Anderson testified that in his opinion, "simply picking up the . . . torch
8  and cylinder " with one's hand constitutes "abuse":
9      Q   So setting the torch down or using it to solder is what you meant -- is encompassed
10       by what you meant by "normal abuse"?
11     A   Right.  If I'm going to pick it up, I'm abusing it.  I'm taking it out of its pristine
12       condition and doing some abuse.  If I use it under a normal circumstance, then this is --
13       30 pounds is more than I believe I would experience.
14     Q   Just so I understand this, what you're saying is by simply picking up the cylinder --
15       torch and cylinder, you're abusing the torch and cylinder?
16     A   Yes, I'm putting some forces on it.  Yes.
17 Anderson Depo., 153:17-154:3, Exh.10.  Nothing in either report indicated that Dr. Anderson
18 would provide such remarkable testimony on what constitutes "abuse".
19       Certainly, "abuse" is an essential issue in this case given the testimony of the paramedics
20 and park rangers regarding Mr. Shalaby's use of the torch and the cylinder.  The Bernzomatic
21 Defendants will be unfairly prejudiced if they are not permitted to rebut Dr. Anderson's
22 changing theories.
23       On the other hand, plaintiffs will not be prejudiced if leave to designate Mr. Lusk as an
24 expert is granted.  Plaintiffs were provided with Mr. Lusk's report on August 1, 2008.  The
25 Bernzomatic Defendants will agree to any deadline that the plaintiffs request to depose Mr. Lusk
26 and, if they choose, to designate a responsive expert.  As the Final Pretrial Conference is only
27 scheduled for January 12, 2009, there is more than enough time for plaintiffs to do so.
28 Moreover, since Mr. Lusk's entire report is four short paragraphs contained on one page (Exh.

8), his deposition will be short and straightforward. The Bernzomatic Defendants will also agree to cover the expert witness fees for Mr. Lusk's expert witness deposition. Hurwitz Decl., ¶11.

Plaintiff's lack of prejudice stands in sharp contrast to cases in which leave to designate an expert was denied. In *Excelsior College v. Frye,* 2005 WL 5994158 (S.D. Cal 2005), the court denied defendants' motion for leave to designate an expert witness finding that plaintiff would be significantly prejudiced by the Court permitting Defendants to reopen discovery at such a late date because a summary judgment motion was then pending, and the reopening of discovery would impede the timely disposition of plaintiff's motion, causing prejudice to plaintiff and delay and disruption of the court's calendar. *Id.* at *3. Likewise, in *Continental Laboratory Products v. Medix International Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000), Judge Whelan struck untimely expert affidavits filed with the plaintiff's response to a summary judgment motion due to the unfair prejudice that would result to the defendants. No such concerns exist here – there are no pending motions, plaintiffs have adequate time to depose Mr. Lusk and designate a responsive expert, and there will be no delay or disruption of the court's calendar.

**B.    The Bernzomatic Defendants Have Been Diligent In Seeking Leave To Designate Mr. Lusk.**

Furthermore, the Bernzomatic Defendants have been diligent in seeking relief from this Court. They provided plaintiffs with Mr. Lusk's expert report 28 days after receiving Dr. Anderson's initial report, and thereafter sought to meet and confer with plaintiffs in order to resolve this issue without court intervention. After it was apparent that Court intervention was necessary, the Bernzomatic Defendants sought relief from this Court 26 days after providing plaintiff with Mr. Lusk's report.

At the telephonic conference on September 4, 2008, this Court indicated that it believed that defendants were on notice of the need for Mr. Lusk's testimony on July 3, 2008 (the date Dr. Anderson's initial report was disclosed) and requested case law supporting the notion that Bernzomatic was diligent in seeking relief on August 27, 2008 – 55 days following Dr. Anderson's initial disclosure. Hurwitz Decl., ¶13. The case law supports Bernzomatic's

1  position that only delay far in excess of 55 days constitutes unreasonable delay that demonstrates
2  a lack of diligence:

3  - *Continental Laboratory Products v. Medix International Inc.*, 195 F.R.D. 675,
4    677 (S.D. Cal. 2000)(Judge Whelan ruled that expert testimony was properly
5    excluded where the plaintiff's expert disclosure was untimely by **11 months**;
6    plaintiff would be prejudiced permitting such expert testimony).

7  - *Excelsior College v. Frye,* 2005 WL 5994158 (S.D. Cal 2005)(denying
8    defendant's motion for leave to designate an expert witness where "the parties
9    deadline to designate experts was over **ten months** ago. Reports were due **nine**
10   **months** ago.")

11 - *Pembroke v. City of San Rafael*, 1994 WL 443683 (N.D. Cal. 1994)(**5 month**
12   delay exhibited a lack of diligence).

13 - *Justin v. City and County of San Francisco,* 2008 WL 544466 (N.D. Cal.
14   1994)(delay of **9 months** exhibited a lack of diligence).

15     Here, a delay of 55 days – indeed, during which defendants provided plaintiff with Mr.
16 Lusk's short report and the parties met and conferred in an effort to avoid the necessity of court
17 intervention – does not demonstrate unreasonable delay or a lack of diligence that would justify
18 the denial of the instant motion.

19     In fact, defendants respectfully submit that the testimony by Dr. Anderson on September
20 3, 2008 that simply picking up the torch constitutes abuse was so remarkable and so out of the
21 realm of what defendants could have anticipated Dr. Anderson intended to convey by the term
22 "abuse", that relief on that basis alone –a basis that only materialized on September 3 – justifies
23 relief which would permit defendants to rebut his opinion.

24     Therefore, the Bernzomatic Defendants respectfully submit that they should be granted
25 leave to designate Jason Lusk as an expert witness in this matter.

26 **IV.   CONCLUSION**

27     For the reasons set forth above, the Bernzomatic Defendants respectfully request that the
28 Court grant leave to designate Jason Lusk as an expert witness in this matter.

CASE NO.: 07-CV-2107 W              8
MOTION FOR LEAVE TO DESIGNATE EXPERT

Dated: September 12, 2008				HOLLAND & KNIGHT LLP

        /s Shelley G. Hurwitz
SHELLEY G. HURWITZ
Attorney for Defendants
IRWIN INDUSTRIAL TOOL COMPANY, INC.
and THE HOME DEPOT, INC. and Third-Party
Plaintiff BERNZOMATIC

1  
**Andrew Shalaby v Newell Rubbermaid, Inc., et al.**  
**United States District Court, Southern District of CA (San Diego)**  
**Case No. 3:07-cv-02107-W-POR**

2

3  **PROOF OF SERVICE**

4

5 STATE OF CALIFORNIA    )  
                               ) ss.

6 COUNTY OF LOS ANGELES   )

7      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

8

9      On **September 12, 2008**, I served the document described as:

10

11 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS JASON LUSK**

12

13

14   on the interested parties in this action as follows:

15                SEE ATTACHED SERVICE LIST

16   X    **VIA THE ECF FILING SYSTEM** .

17

18 I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

19

20 Executed on September 12, 2008, at Los Angeles, California.

21

22                                      /s Shelley Hurwitz  
                                       Shelley G. Hurwitz

23

24

25

26

27

28

CASE NO.: 07-CV-2107 W          10  
MOTION FOR LEAVE TO DESIGNATE EXPERT

**Andrew Shalaby v Newell Rubbermaid, Inc., et al.**
**United States District Court, Southern District of CA (San Diego)**
**Case No. 3:07-cv-02107-W-POR**

## SERVICE LIST

Mark D. Epstein
Alborg, Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA  94596
(925) 939-9880
(925) 939-9915 - Fax

Attorneys for Plaintiffs

Richard A. Ergo
Cathleen S. Huang
Bowles & Verna LLP
2121 North California Boulevard, Suite 875
Walnut Creek, CA  94596
(925) 935-3300
(925) 935-0371 – Fax

Attorneys for Worthington Industries

Lowell T. Carruth
McCormick Barstow LLP
5 River Park Place East
P.O. Box 28912
Fresno, CA  93720-1501
(559) 433-1300
(559) 433-2300 – Fax

Attorneys for Western Industries, Inc.

# 5601037_v1

CASE NO.:  07-CV-2107 W                              11
MOTION FOR LEAVE TO DESIGNATE EXPERT