THOMAS E. ALBORG (SBN 056425)
MICHAEL J. VEILUVA (SBN 100419)
MARK D. EPSTEIN (SBN 168221)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel: 925-939-9880
Fax: 925-939-9915

Attorneys for Plaintiffs
ANDREW SHALABY and SONIA DUNN-RUIZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| ANDREW SHALABY and SONIA DUNN-RUIZ,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN INDUSTRIAL TOOL COMPANY INC., THE HOME DEPOT, INC., and DOES 2 through 100, inclusive<br><br>Defendants. | Case No.: 07-CV-2107 W (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITIN TO MOTION FOR LEAVE TO DESIGATE UNDISCLOSED EXPERT WITNESS JASON LUSK**<br><br>Date: October 2, 2008<br>    (Motion to Be Resolved Without a Hearing Unless Directed Otherwise By the Court)<br><br>Time: 9:00 a.m.<br>Dept.  Courtroom A, First Floor<br><br>Judge:  The Hon. Thomas J. Whelan<br>Magistrate Judge:  The Hon. Barbara L. Major |

AND RELATED THIRD PARTY CLAIMS
_____/

## **INTRODUCTION**

Defendants Irwin Industrial Tool Company, Inc. and the Home Depot, Inc. (collectively "Moving Defendants") seek leave to proffer the opinion testimony at trial of Jason Lusk, a retained expert witness who was never disclosed in accordance with Rule in accordance with Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. Plaintiffs only learned of Mr. Lusk for the first time when Moving Defendants included a written report by Mr. Lusk among a series of

supplemental reports by their disclosed experts that they served upon plaintiffs. On or about August 11, 2008l, plaintiffs promptly objected to Moving Defendants' belated attempt to have a non-disclosed expert testify. (See Exhibit 9 to Moving Defendants' motion.) As Moving Defendatns did not previously disclose Mr. Lusk as an expert witness whom they expect to use at trial, they are precluded from calling Mr. Lusk as an expert witness. (Fed.R.Evid. §§702, 703 and 705; Fed.R.Civ.P. §26(a)(2).)

Moving Defendants' attempt to sneak a non-disclosed expert past them without any notice was pure subterfuge. They now contend, inaccurately and misleadingly, that they are justified in seeking leave to have Mr. Lusk testify because, they contend, one of plaintiffs' designated experts, Robert N. Anderson PhD., PE, has "changing opinions" (e.g., see moving papers at 2:25). That is simply untrue.

As indicated in Moving Defendants' motion papers, defendants intend to introduce inadmissible hearsay testimony from campground manager, Warren Ratliff, that he heard a guest at a neighboring campsite say that he heard Mr. Shalaby "bang" they MAPP gas cylinder at issue in this case against a concrete fire ring before the incident at issue in this case, as well as testimony from others who responded to the scene after the incident (paramedics and an assistant campground manager, Randy Stephens) that they heard Mr. Shalaby make certain statements about kicking the cylinder into the fire. Defendants' retained experts have relied on those statements in forming their opinions. On the other hand, plaintiffs dispute that Mr. Shalaby ever struck, "banged," kicked or otherwise misused the cylinder, and have never opined, nor have any of their experts, that such conduct constitutes "normal" uses of a MAPP gas cylinder and torch. Plaintiffs' designated expert, Dr. Anderson, has never opined that kicking, striking or banging a MAPP gas cylinder and torch constitute a "normal use" of the product, as is proven by the very deposition testimony of Dr. Anderson that Moving Defendants submit in support of this motion.

Moving Defendants have been aware of the testimony of Warren Ratliff and the other witnesses whose testimony gives rise to their assertion that Mr. Shalaby kicked the torch prior to

ALBORG, VEILUVA
& EPSTEIN LLP
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

2                                             900725.pld.opp to mtn.doc
OPPOSITION TO MOTION FOR LEAVE TO DESIGNATE JASON LUSK

the incident (e.g., Joe Russo – See Exhibit 3 to moving papers) since April 2007, and therefore cannot truthfully take the position that they didn't know about the grounds that they now contend create the need for Mr. Lusk's expert testimony.  Moreover, while there may be a dispute of fact in this case as to whether plaintiff Andrew Shalaby ever struck, banged, kicked or otherwise mistreated the MAPP gas cylinder at issue in this case, plaintiffs do not, and never have taken the position that these activities constitute normal or expected use of the torch.  Moving Defendants' effort to show otherwise is disingenuous, as there is no testimony by expert Robert Anderson or any other witness, nor are there arguments within any pleadings or motions, that striking or kicking a MAPP  gas cylinder constitutes normal use.

In short, the opinions of Mr. Lusk that Moving Defendants wish to proffer at trial, as described in his report (see Exhibit 8 to moving papers) are inadmissible because they are irrelevant to any issue in this case, and will not assist the trier of fact to understand the evidence or to determine a fact in issue, and is not based upon sufficient facts or data.  (F.R.Evid. 402 and 702.)  Moreover, eve if Mr. Lusk's opinions had some potential relevance to some issue in this case, they should be excluded on the grounds that any marginal probative value they might have is substantially outweighed by the danger it would pose of confusing and misleading the jury on the issues at play, would result in undue delay, waste of time, and the needless presentation of evidence.  (F.R. Evid. 402.)  Finally, Moving Defendants are barred from using Mr. Lusk as a witness in this case because they have never disclosed him as an expert witness, in either their initial or supplemental disclosures, and there was no justification at all for their failure to do so, let alone substantial justification. (Fed. R. Civ. P. 37(c)(1); *Heidtman v. County of El Paso* (5th Cir. 1999) 171 F.3d 1038, 1040.)

//

//

ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

3    900725.pld.opp to mtn.doc
OPPOSITION TO MOTION FOR LEAVE TO DESIGNATE JASON LUSK

## BACKGROUND

### 1. The Incident Underlying this Case

Plaintiff Andrew Shalaby, his wife, Sonia Dunn-Ruiz, and their two children are avid campers. The family owns a recreational vehicle which they use on a regular basis to tour the western United States and park for overnight stays at designated campgrounds which accommodate such vehicles. Prior to and including the evening of April 21, 2006, Mr. Shalaby regularly used his BernzOmatic MAPP Gas torch to ignite wood campfires, consistent with the types of use for which the torch is intended and proscribed by BernzOmatic.

During the week of April 17, 2006, plaintiffs were vacating at Campland-on-the-Bay, a recreational vehicle resort located near the water in San Diego, California. On the evening of April 21, 2006, Mr. Shalaby was severely injured when he activated the trigger switch on his BernzOmatic MAPP gas torch. Upon activating the trigger, Mr. Shalaby was engulfed by heated MAPP gas and flames that were instantaneously discharged from the product, and which caused severe burns to his face, limbs and extremities. The incident occurred in the presence of, and was observed by, Ms. Dunn-Ruiz.

There are no other known witnesses to the incident itself. The evidence will show that Mr. Shalaby never misused or abused the torch, and he exercised due caution and care in operating the torch. Mr. Shalaby testified that he never mistreated the torch, and certainly never kicked it in the fire, nor struck or banged it against a hard surface, as some hearsay testimony from an identified witness (about Mr. Shalaby "banging" the cylinder), and testimony of paramedics who arrived on the scene later and treated Mr. Shalaby after the incident (that Mr. Shalaby said he kicked the torch in the fire) suggests. (Declaration of Mark D. Epstein ("Epstein Decl."), ¶ 2 and Exh. A.) This is confirmed by the testimony of Ms. Dunn-Ruiz. (Epstein Decl., ¶ 3 and Exh. B.)

ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

4    900725.pld.opp to mtn.doc
OPPOSITION TO MOTION FOR LEAVE TO DESIGNATE JASON LUSK

### 2. The Testimony of Witnesses Who Responded to the Scene of the Incident

#### a. Warren L. Ratliff, Jr.

Warren L. Ratliff, Jr. is employed as a park ranger supervisor at Campland-by-the-Bay in San Diego. (Epstein Decl., ¶ 4 and Exh. C [Ratliff Deposition Transcript] at p. 9.) Mr. Ratliff was on duty on April 21, 2006, when he was informed by a Campland guest that there was an injury accident in which another guest had been burned. (Epstein Decl., ¶ 4 and Exh. C [Ratliff Deposition Transcript] at pp. 10-11.) Mr. Ratliff dispatched Campland ranger Randy Stephens to the scene of the incident and waited for the fire department and paramedics to arrive so that he could escort them to the scene. (Epstein Decl., ¶ 4 and Exh. C [Ratliff Deposition Transcript] at pp. 15-16.)

Upon arriving at the scene of the incident, Mr. Ratliff made sure that the area was secured and then set about looking for witnesses to interview. (Epstein Decl., ¶ 4 and Exh. C [Ratliff Deposition Transcript] at pp. 17-19.) Mr. Ratliff first went to the adjacent campsite to the left of plaintiffs' campsite and was told by an unidentified female who was staying at that site, that "the guest" at plaintiffs' campsite (presumably Mr. Shalaby) was "trying to light the campfire with the torch and it would not light, and was banging the torch on the side of the fire ring." (Epstein Decl., ¶ 4 and Exh. C [Ratliff Deposition Transcript] at pp. 19-20.) A male guest who was staying at the same adjacent campsite to the left of plaintiffs told Mr. Ratliff that "he heard [Mr. Shalaby] was frustrated at not being able…to light the campfire." (*Id.* at p. 20.) Mr. Ratliff cannot recount any other statements from witnesses at that campsite. (*Ibid.*)
Mr. Ratliff then went to the adjacent campsite to the right of plaintiffs' campsite. (*Id.* at p. 21.)

Mr. Ratliff described seeing the torch cylinder (which contained the MAPP Gas) lying in the dirt, about four feet behind Mr. Shalaby who had been propped up in a chair. (*Id.* at p. 23.) The cylinder and the torch were still attached. (*Ibid*.) Mr. Ratliff picked up the cylinder and

ALBORG, VEILUVA
& EPSTEIN LLP
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

5                                              900725.pld.opp to mtn.doc
OPPOSITION TO MOTION FOR LEAVE TO DESIGNATE JASON LUSK

inspected it to make certain that it wasn't still in an explosive state, and then carried it to an engineer with the fire department who was at the scene to ask if the fire department needed it. (*Id.* at p. 24.) After asking his captain, the engineer returned five minutes later to tell Mr. Ratliff that the fire department did not need the cylinder and that Mr. Ratliff could dispose of it. (*Id.* at pp. 35-36.)

   **b.**  **Deposition of Joe Russo**

One of the paramedics who was present while Mr. Shalaby was being administered first aid in the aftermath of the incident was Joe Russo. Mr. Russo testified that he heard Mr. Shalaby state that he kicked the torch into the fire. (See Exhibit 3 to moving papers, at pp. 23-24.) Mr. Russo did not personally observe the cylinder being kicked; he can only repeat a statement that he testified Mr. Shalaby said in the immediate aftermath of a catastrophic and life threatening accident, when Mr. Shalaby was on the verge of going into shock, if he was not already in shock.

**ARGUMENT**

**1.**  **Jason Lusk's Opinions Are Not Relevant and Will Not Assist The Trier of Fact to Understand the Evidence or Determine a Fact in Issue**

Evidence which is not relevant is not admissible. (Fed. R. Evid. 402.) Evidence is only relevant if it has a tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. (Fed. R. Evid. 401.) The opinions expressed by Moving Parties' undisclosed expert witness, Jason Lusk, in his report, pertain to whether it is a usual, customary, acceptable or normal use of a cylinder containing flammable gas to knock or bang it against a hard surface, or to kick it in a fire. While it is a disputed issue of fact in this case whether or not plaintiff Andrew Shalaby ever struck the cylinder and torch at issue against a concrete fire ring, or whether he ever kicked the cylinder and torch into a campfire, there is no issue in this case that using the cylinder and torch in such a manner, were someone to do so, is a normal use of the product. Plaintiff's expert, Dr. Robert Anderson, has stated no such opinions, and the testimony and reports by Dr. Anderson

that Moving Defendants have submitted with their motion papers contain no such opinions. Accordingly, the opinions of Jason Lusk have no tendency in logic to make the existence of any fact that is of consequence to the determination of this action more or less probable than would be the case without this evidence.

Moreover, because plaintiffs do not contend that kicking or banging a cylinder of volatile gas against a hard surface, or placing such a cylinder into a fire, are "normal" uses of such a product, the opinions of Mr. Lusk will not assist the trier of fact to understand the evidence or to determine any fact at issue. His opinions certainly have no probative value to the issue of whether or not Mr. Shalaby struck or banged the MAPP gas cylinder at issue in this case against a concrete fire ring, or whether he kicked the cylinder into a fire. Accordingly, Mr. Lusk's opinions are not admissible under Rule 702 of the Federal Rules of Evidence.

**2. Permitting Mr. Lusk to Testify Will Will Result in an Unreasonable Risk of Unfair Prejudice, Confusing the Jury on the Issue of Whether or Not Mr. Shalaby Misused the Torch, and Will Result in an Unreasonable Waste of Time**

Since there is no issue in this case as to whether kicking a cylinder of MAPP gas into a fire, or striking it against a hard concrete surface, constitutes a normal or acceptable use of such a product, the presentation of Mr. Lusk as a witness at trial will result in an unnecessary and undue waste of time. Moreover, as noted above, Mr. Lusk's opinions are probative of nothing at issue in this case, if Moving Defendants are permitted to present Mr. Lusk's opinions at trial, plaintiffs run the substantial risk that the jury will become confused and/or lead to believe that plaintiffs are contending that striking a MAPP gas cylinder against a hard surface, or kicking it into a fire, are acceptable uses of the product, which is only a position that one would logically take if one were to have used the product in such a fashion.

In truth, Mr. Lusk's opinions have no probative value to any issue in this case. Accordingly, if Mr. Lusk were to testify at trial, his opinions create the substantial likelihood of

ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

unfair prejudice, confusion of the issues, and/or misleading the jury, and by considerations of undue delay and waste of time. Accordingly, Moving Defendants should be precluded from presenting Mr. Lusk as an expert witness at trial pursuant to Rule 403 of the Federal Rules of Evidence, and pursuant to Rule 237(c)(1) of the Federal Rules of Civil Procedure. (*See also Barrett v. Atlantic Richfield Co.* 95 F.3d 375, 380 (5th Cir. 1996)[court must evaluate the importance of the proffered testimony, the prejudice to the opposing party, and the validity of the explanation for the failure to disclose].)

### 3. Permitting Mr. Lusk to Testify Will Result In Unreasonable and Undue Burden and Expense for Plaintiffs

If Moving Defendants are granted leave to have their undisclosed expert, Mr. Lusk, testify, it will mean that plaintiffs will have to face the very difficult choice of either incurring the expense to have their counsel travel from Northern California to Southern California to take Mr. Lusk's deposition, or else face the risk that Moving Defendants will present opinion testimony from Mr. Lusk on issues that are not directly stated in his written report. Accordingly, because Mr. Lusk was not disclosed as an expert witness, Moving Defendants should be precluded from having him testify at trial pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure.

### CONCLUSION

Moving Defendants attempted to sneak past plaintiffs the report of an expert whom Moving Defendants never disclosed. When plaintiffs called Moving Defendants on their subterfuge, Moving Defendants argued that they were justified in their conduct because, they argued, Plaintiff's designated expert, Dr. Robert N. Anderson expressed opinions that he has never in fact expressed. Dr. Anderson has never opined, either in any report nor in his deposition testimony, that striking or "banging" a MAPP gas cylinder and torch against a hard surface, or placing it into a fire, constitutes a normal use of such a product. The opinion testimony of Dr.

**ALBORG, VEILUVA & EPSTEIN LLP**
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

8   900725.pld.opp to mtn.doc
OPPOSITION TO MOTION FOR LEAVE TO DESIGNATE JASON LUSK

Anderson that Moving Defendants proffered in support of this motion had to do with the types of activity that Dr. Anderson regards as putting "abuse" on a cylinder and torch, but has nothing to do with the issue that Moving Defendants contend that it does: whether striking a MAPP gas cylinder and torch against a hard surface or placing it into a fire constitutes normal use.

Because Moving Defendants have failed to present any evidence that Dr. Anderson, or any other witness has opined that striking a cylinder against a hard surface or kicking or otherwise placing it into a fire constitutes normal use of the product, the Court should view this motion, and Moving Defendants' desire to have their undisclosed expert Jason Lusk testify at trial with suspicion. Moving Defendants have no legitimate grounds upon which to have Mr. Lusk testify as to his opinions at trial in the first instance, and they certainly have no justification, let alone substantial justification, for their failure to disclose him to plaintiffs. Accordingly, plaintiffs respectfully request that this motion be denied.

Dated: September 19, 2008              ALBORG VEILUVA & EPSTEIN


                                       By: /s/ _____
                                           MARK D. EPSTEIN
                                           Attorney for Plaintiffs
                                           ANDREW SHALABY and SONIA DUNN-RUIZ

ALBORG, VEILUVA
& EPSTEIN LLP
200 Pringle Avenue
Suite 410
Walnut Creek
CA 94596
Tel.: 925.939.9880
Fax: 925.939.9915

9                                                       900725.pld.opp to mtn.doc
OPPOSITION TO MOTION FOR LEAVE TO DESIGNATE JASON LUSK