UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHALABY and SONIA DUNN-RUIZ,<br><br>Plaintiffs,<br><br>v.<br><br>IRWIN INDUSTRIAL TOOL COMPANY, et al.,<br><br>Defendants. | Case No.: 07cv2107-MMA (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO TERMINATE PROTECTIVE ORDER**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(3) GRANTING PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(4) MODIFYING THE PROTECTIVE ORDER**<br><br>**[ECF Nos. 278, 282, 288]** |

Currently before the Court are Plaintiff Andrew Shalaby's October 25, 2017 motion to terminate the Protective Order [ECF No. 278-1 ("Motion")]; Defendant Worthington Industries, Inc.'s November 27, 2017 motion to file documents under seal [ECF No. 282]; and Plaintiff's December 10, 2017 motion to file documents under seal [ECF No. 288]. Defendant filed a response in opposition to the motion to terminate the Protective Order on

///

November 27, 2017 ("Opposition").[1] ECF No. 281 ("Oppo."). In reply to the Opposition, Plaintiff filed a declaration on December 9, 2017 [ECF No. 286], a supplemental declaration on December 10, 2017 [ECF No. 287], and a notice of errata on the supplemental declaration on December 10, 2017 [ECF No. 289].

For the reasons set forth below, the Court **DENIES** Plaintiff's motion to terminate the Protective Order; **GRANTS** Defendant's motion to file documents under seal; **GRANTS** Plaintiff's motion to file documents under seal; and **ORDERS** modification of the Protective Order.

## I. BACKGROUND

The original Complaint for the instant matter was filed in Alameda County Superior Court of the State of California by Andrew Shalaby and Sonia Dunn-Ruiz (collectively "Plaintiffs") against Newell Rubbermaid, Inc. ("Newell") and The Home Depot, Inc. ("Home Depot") for injuries allegedly caused by a gas torch product and fuel cylinder. See ECF No. 1 at 1-2. After it was removed to the United States District Court for the Northern District of California, Plaintiffs filed an Amended Complaint against Irwin Industrial Tool Company, Inc. ("Irwin") and Home Depot.[2] Id. at 2. A stipulated Protective Order was entered by the court on February 27, 2007 to protect the "proprietary and confidential information of the Defendant Bernzomatic, an unincorporated division of [Irwin]." ECF No. 1-1 at 14. On June 19, 2007, Defendant Bernzomatic filed third-party complaints against Western Industries, Inc. ("Western") and Worthington Industries ("Worthington"). See ECF No. 1 at 17. On October 30, 2007, the case was transferred to the United States District Court for the Southern District of California. ECF No. 1-4.

On January 16, 2008, the Honorable Thomas J. Whelan entered an order regarding the

---

[1] Of the defendants and third-party defendants in the now-closed case, only Worthington Industries, Inc. filed a response in opposition to the motion to terminate the Protective Order. See Docket; ECF No. 281; ECF No. 279 (ordering Plaintiff to serve all attorneys of record who had not been previously terminated in the case by U.S. Mail); ECF No. 280 (declaration of service).

[2] The Amended Complaint named Irwin as a defendant in place of Newell and described Irwin as a wholly owned subsidiary of Newell. ECF No. 1-2 at 27-28.

1  Protective Order, in which the parties stipulated that third party defendants Western and
2  Worthington also would be parties to the original Protective Order and that proprietary and
3  confidential information of Western and Worthington produced in the litigation or otherwise
4  made available would be "preserved and maintained in accordance with the Protective Order."
5  ECF No. 10 at 1-3.  The stipulation was signed by Richard A. Ergo or Cathleen S. Huang on
6  behalf of Worthington, Lowell T. Carruth on behalf of Western, and Mark D. Epstein on behalf
7  of Plaintiffs Shalaby and Sonia Dunn-Ruiz.  Id. at 2-3.  On July 28, 2009, the Honorable
8  Michael M. Anello granted Defendants Irwin's and Home Depot's motion for summary judgment,
9  and ordered the Clerk of Court to enter judgment in favor of Defendants and to terminate the
10 case.  ECF No. 209 at 25.  In 2010, the U.S. Court of Appeals for the Ninth Circuit affirmed the
11 district court's ruling.  ECF No. 272 at 6.

## II. **MOTIONS TO FILE DOCUMENTS UNDER SEAL**

Defendant asks the Court to seal Exhibits J and K to the declaration of Jason J. Granskog, counsel for Defendant, in support of its Opposition.  ECF No. 282.  In support, Defendant claims that the documents contain trade secrets and confidential information, and that they were produced in discovery in the instant case, pursuant to a protective order.  Id. at 1-2.  In further support, Defendant notes that the documents are of a technical drawing containing text that identifies the drawing as confidential and "the sole property of Worthington Cylinders," and that it was only produced by Defendant after the parties stipulated to entry of the Protective Order at issue.  ECF No. 282-1, Declaration of Jason J. Granskog in support of Defendant's application to file documents under seal, ¶¶ 3-4.  Defendant declares that it maintains these documents as confidential because "a competitor or potential competitor could seek to capitalize on this information and attempt to make these products to sell themselves."  Id. ¶ 5.  Plaintiff does not expressly oppose the motion to file Exhibits J and K under seal.[3]

---

[3] Although Plaintiff does not expressly oppose Defendant's motion to file Exhibits J and K under seal, he makes two conflicting claims about them.  In his supplemental declaration, Plaintiff first claims that Exhibits J and K are no longer protected documents because "the protective order

3

Plaintiff asks the Court to seal Exhibit A to Plaintiff's declaration in reply to Defendant's Opposition of the motion to terminate the Protective Order. ECF No. 288. In support, Plaintiff claims that the document is subject to a protective order in an active case in Illinois. Id. at 2; ECF No. 288-1, Declaration of Andrew W. Shalaby in support of motion to file Exhibit A under seal, ¶¶ 2-3. Defendant did not file an opposition to Plaintiff's motion to file Exhibit A under seal.

Having reviewed the motions to file documents under seal [ECF Nos. 282 and 288], and finding good cause, the Court **GRANTS** the motions and **ORDERS** that (1) Defendant's Exhibits J and K to the declaration of Jason J. Granskog in support of its Opposition, and (2) Exhibit A to Plaintiff's declaration in reply to Defendant's Opposition to the motion to terminate the Protective Order be filed under seal.

## III. MOTION TO TERMINATE THE PROTECTIVE ORDER

### A. Parties' Arguments

Plaintiff asks the Court to terminate the Protective Order, claiming that it "is obsolete, the company 'BernzOmatic' is no longer in existence, and the product has long since been recalled and is no longer produced." ECF No. 278 at 1-2. Plaintiff claims that he is an attorney and only recently learned of the existence of the Protective Order during his representation of a plaintiff in an Illinois case for injuries allegedly caused by the same torch product and fuel cylinder that were at issue in the instant case.[4] Id. Plaintiff declares that on October 21, 2017, counsel for third party defendant Worthington objected to the use of a drawing in the Illinois case, claiming that it is a violation of the Protective Order for the instant terminated case. ECF No. 278-2, Declaration of Andrew W. Shalaby in Support of Motion to Terminate Protective Order ("Shalaby Decl. Motion") ¶ 1; ECF No. 278-3. Plaintiff asks the Court to terminate the Protective Order "so

---

states that it is intended to protect trade secrets to prevent harm in competition, and Bernzomatic ceased its existence long ago, while the product itself is no longer produced either." ECF No. 287 at 3. However, in Plaintiff's motion to file documents under seal, he claims that Exhibits J and K are "indeed protected." ECF No. 288 at 2.

[4] Plaintiff represents Kurtis Bailey in Bailey v. Bernzomatic, et al., Case No. 16-cv-7548, in United States District Court in Illinois. ECF No. 278-2 at 1; Oppo. at 1 n.1.

4

that it does not pose an obstacle or impediment to discovery in the several other fuel cylinder failure cases pending, and forthcoming, against Worthington Industries and Worthington Cylinder Corporation and affiliates." Shalaby Decl. Motion ¶ 10. Plaintiff explains that in addition to the Illinois case, he represents a plaintiff, Mr. Shadbolt, who has a case pending in Canada alleging that a "cylinder failed and caused injury and severe property damage in Canada while being used by [] Mr. Shadbolt."[5] See ECF No. 278-2, Shalaby Decl. Motion, ¶ 8.

Defendant argues that Plaintiff's Motion should be denied for several reasons. Oppo. at 1. First, Defendant argues that Plaintiff has unclean hands because he violated the Protective Order at issue by failing to return protected documents when this action ended and by emailing protected documents obtained during this action to a Federal District Court in Illinois in an active case in which he is the attorney for the plaintiff. Id. at 2-3; ECF No. 281-1, Declaration of Jason J. Granskog in support of Defendant's Opposition ("Granskog Decl."), ¶¶ 6-7. Second, Defendant argues that Plaintiff's claim that he did not know the Protective Order existed is false, as he has both actual and constructive knowledge of the Protective Order. Oppo. at 2; see also ECF No. 281-2, Declaration of William T. Nagle ("Nagle Decl."), ¶¶ 2-4. Third, Defendant argues that Plaintiff's Motion violates a Prefiling Order in a related case, which was "issued to prevent [Plaintiff] from further arguing his personal injury claims." Oppo. at 2; see also Nagle Decl. ¶ 5, Exh. E. Finally, Defendant argues that termination of the Protective Order is unnecessary because Plaintiff can seek documents from Defendant through discovery in the active case in Illinois, which has its own confidentiality order authorizing protection for proprietary documents. Oppo. at 2; Granskog Decl. ¶ 11. In addition to these arguments in opposition, Defendant asks the Court to impose sanctions against Plaintiff for violating the Protective Order, altering a document covered by the Protective Order to "make it appear as though the document was not protected," and violating the Prefiling Order in a related case by

---

[5] Plaintiff also explains that there is litigation alleging injuries from fuel cylinder failures in Los Angeles, New York, and in other cases "posted on the Pacer system." ECF No. 278-2, Shalaby Decl. Motion, ¶¶ 5-7, 9. Plaintiff does not state that he is counsel of record on any of those cases. See id.

"rehashing his personal injury case." Oppo. at 6-10. Defendant argues that sanctions are appropriate under Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927. Id.

In reply, Plaintiff declares that he did not represent himself during this case, that his attorneys did not tell him about the Protective Order and did not give him a copy, and that he did not sign the Protective Order. ECF No. 286, Declaration of Andrew W. Shalaby in Reply to Responses to Motion to Terminate Protective Order ("Shalaby Decl. Reply"), ¶ 2; see also ECF No. 10 at 1-3. Plaintiff denies allegations that he "altered documents and circulated them in violation of the subject protective order of this Court" or the Illinois court. ECF No. 287, Supplemental Declaration of Andrew W. Shalaby in Reply to Responses to Motion to Terminate Protective Order ("Shalaby Supp. Decl. Reply"), ¶ 1. Plaintiff also denies distributing "any protected documents to any third party," except for one protected document from the instant case to court staff in the Illinois case. Id. ¶¶ 3-4. Plaintiff claims that the protected document was produced by Bernzomatic, but because Bernzomatic ceased its existence in 2011, the document is no longer protected. Id. ¶ 4; see also ECF No. 289 at 1-2.

### B. <u>Legal Standard</u>

Protective orders in discovery are governed by Federal Rule of Civil Procedure 26(c), which states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "The Supreme Court has interpreted Federal Rule of Civil Procedure 26(c) as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" In re Static Random Access Memory (SRAM) Antitrust Litig., No. 07-MD-01819 CW, 2011 WL 5193479, at *4 (N.D. Cal. Nov. 1, 2011) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

Generally, the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citing Beckman Indus., Inc. v. Int'l Ins. Co.,

966 F.2d 470, 475 (9th Cir. 1992). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." Id. (citing Beckman, 966 F.2d at 475). "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." Id. at 1132 (citing Beckman, 966 F.2d at 475; Olympic Refining Co. v. Carter, 332 F.2d 260, 265-66 (9th Cir. 1964)). However, courts should not grant a request for modification automatically. See id. The Ninth Circuit's two-part test requires that the party seeking modification must first "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." Id. Relevance is determined by the "degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." Id. (internal quotations and citation omitted).

The district court that issued the protective order only is required to make a rough estimate of relevance determining "whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted." Id. at 1132-33. "Even if the issuing court modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials" because "ultimate discoverability of specific materials" must be resolved by the collateral court. Id. at 1133; see also The Sherwin-Williams Co. v. JB Collision Servs., Inc., No. 13-CV-1946-LAB (WVG), 2017 WL 6027005, at *2 n.1 (S.D. Cal. Dec. 5, 2017) ("The case in this District has been closed for nearly two years and is not the proper forum in which to wage battles over the relevancy of *specific* items of discovery in an active case pending in another district. The narrow issue before this Court is whether the Protective Order should be modified such that such a battle can even be waged or whether the Protective Order should remain unmodified and thus serve as a barrier to requests for protected discovery."); Stokes v. Life Ins. Co. of N. Am., Nov. CIV 06-00411-S-LMB, 2009 WL 8397036, at *3 (D. Idaho Aug. 31, 2009) ("In other words, the court's ruling [to modify the protective order] does not allow movants to directly access the underlying documents. It simply establishes

7

that no party may prevent movants from obtaining access as a matter of course, for use in the collateral actions." (quoting In re Dynamic Random Access Memory (DRAM) Antitrust Litig., No. M 02-1486 PJH, 2008 WL 4191780, at *3 (N.D. Cal. Sept. 10, 2008))).

If the court finds sufficient relevancy, it must then "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." Foltz, 331 F.3d at 1133. When there is an interest in maintaining the secrecy of confidential information such as "trade secrets, financial information, and third-party medical or personnel information," the court should recognize that such information can be protected by placing the collateral litigants "under the same use and disclosure restrictions contained in the original protective order." Id. at 1134.

### C. Discussion

#### 1. The Protective Order

First, the Court finds that contrary to Plaintiff's contentions, he is bound by the Protective Order in the instant closed case, pursuant to the express terms of the agreement. Although Plaintiff did not sign the Protective Order, his attorney—acting as his agent in this litigation—did sign it. ECF No. 10 at 1-3; see Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962) (finding that in "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney" (internal quotations and citation omitted)). The Protective Order was signed by Mark D. Epstein, attorney for Plaintiffs Andrew Shalaby and Sonia Dunn-Ruiz on November 28, 2007, thus binding Mr. Epstein and Plaintiffs to the terms of the Protective Order. ECF No. 10 at 1-3; see Link, 370 U.S. at 633-34.

The Protective Order designates trade secrets and other confidential information produced in the action by Bernzomatic, Worthington, and Western as Protected Documents. ECF No. 10 at 1-2, 5-6. The Protective Order preserves and maintains the confidentiality of the Protected Documents by, inter alia, mandating that the parties may use the Protected Documents "solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except

as otherwise provided herein," absent a specific order by the Court. Id. at 6. Plaintiffs themselves are part of the small group of people—referred to as Qualified Persons—who are allowed access to the Protected Documents. Id. at 7. All Protected Documents and copies were required to be returned to the producing party's counsel after the conclusion of the action. Id. at 9. The Protective Order also states the following:

> 11. Plaintiffs, their counsel, and experts or any other person retained by Plaintiffs to assist in the preparation of this action shall not under any circumstances sell, offer for sale, advertise, or publicize either the contents of the Protected Documents or the fact that Plaintiffs have obtained [Bernzomatic, Worthington, or Western] confidential documents.
> 12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

Id.

The Court also finds that the Protective Order is still in effect and enforceable. The plain language of paragraph 12 of the Protective Order clearly and expressly provides for the Protective Order to remain binding even after termination of the action. Id. Plaintiff's unsupported argument that the Protective Order is "obsolete" and "serves no valid purpose" because defendant Bernzomatic no longer exists is unconvincing. Motion at 1-2; ECF No. 278 at 1-2. Bernzomatic was not the only entity that relied on the Protective Order to protect its trade secrets and other confidential information produced during the litigation of this case because Worthington and Western also became protected by and bound to the Protective Order. Furthermore, even if Bernzomatic no longer exists, that is not a condition that would render a Protected Document unprotected. ECF No. 10 at 9. Instead, the Protective Order provides that even after litigation has ended, the provisions remain binding "except with respect to those documents and information that became a matter of public record." Id. Plaintiff provides no evidence that Bernzomatic's Protected Documents have become a matter of public record.

Accordingly, the Court **DENIES** Plaintiff's motion to terminate the Protective Order on

the grounds that it is obsolete or because the product has been recalled or is no longer in production. The Court also explicitly finds that Plaintiff is a party to the Protective Order and must comply with its terms. Accordingly, Plaintiff is **ORDERED** to return all Protected Documents covered by this Court's Protective Order to Defendant's counsel on or before **February 2, 2018**.[6] See ECF No. 10.

### 2. Modification of the Protective Order

Plaintiff also asks the Court to terminate the Protective Order on the ground that it may impede discovery in other cases, pending or anticipated. Motion at 2. In analyzing motions challenging existing protective orders to facilitate discovery in collateral cases, the Ninth Circuit has set forth a two-part test. See Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1354-55 (9th Cir. 2013) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1132-34 (9th Cir. 2003)). Although neither party specifically discusses the relevant test, this Court will do so.

First, Plaintiff must "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." Foltz, 331 F.3d at 1132. Here, Plaintiff merely states there are other cases pending against Defendant with similar allegations of fuel cylinder failure. Shalaby Decl. Motion ¶¶ 5-10. However, Plaintiff provides few details regarding the identified collateral cases. Id. Moreover, Plaintiff does not discuss the scope of the Protected Documents covered by this Court's Protective Order, nor does he address the relevance of all of the covered Protected Documents to the pending or anticipated litigation.[7] See ECF No. 278; Shalaby Decl. Motion. Plaintiff also does not explain his standing to request that covered

---

[6] Although Bernzomatic no longer exists, its former counsel in this matter, Shelley Hurwitz, declared that the assets of Bernzomatic were sold to Worthington Industries in 2011. ECF No. 285 ¶ 11. Worthington is the sole Defendant opposing Plaintiff's motion to terminate the Protective Order. Therefore, Plaintiff shall return all Protected Documents produced by either Bernzomatic or Worthington to counsel for Defendant Worthington Industries, Inc.

[7] For example, on October 21, 2017, in the Illinois case, Defendant sent an email to Plaintiff objecting to the use of three drawings submitted by Plaintiff, alleging that they were not only subject to this Court's Protective Order, but also "not a photo of the subject cylinder." ECF No. 281-1 at 27 (Exhibit D); Granskog Decl. ¶¶ 6-7.

1  Protected Documents be made available for litigation in which he is neither a party nor an
2  attorney of record.  Shalaby Decl. Motion ¶¶ 5-10.  Finally, Plaintiff does not explain how the
3  existing Protective Order prevents Plaintiff or any other litigant from obtaining relevant discovery
4  from Defendants in other litigation.  See ECF No. 278; Shalaby Decl. Motion.

   Despite the minimal information presented to the Court, the Court finds that Plaintiff has established sufficient relevance to justify modifying the Protective Order solely to prohibit Defendant from using this Court's Protective Order as a shield to bar discovery requests in the Illinois case and in other pending or anticipated litigation against Defendants involving injuries allegedly caused by the same torch product and fuel cylinder in which Plaintiff is counsel of record.[8]  See Foltz, 331 F.3d at 1132-33 (finding that relevance is determined by the "degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings" (internal citation omitted)).  The Court makes no finding regarding the relevance of any specific documents to any other case.  While Plaintiff has not established that the instant Protective Order prevents him from obtaining requested discovery in the Illinois case (or any other case), the Court will consider the second part of the legal standard.  See id. (finding that the district court should consider "whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted").

   The second step requires the Court to weigh "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery."  Id. at 1133.  Here, Defendant only briefly addresses its reliance interest by claiming that in regard to the

---

[8] Plaintiff has not presented evidence indicating that Defendant has attempted to use this Court's Protective Order to prevent Plaintiff from obtaining discovery in other cases.  The Court recognizes that Defendant cited this Protective Order to object to the use of certain documents *produced by Plaintiff* in the Illinois case.  See ECF No. 281-1 at 27 (Exhibit D); Granskog Decl. ¶¶ 6-7.  However, Defendant did not use this Protective Order as a shield to prevent discovery because, according to Defendant, Plaintiff "has not even tried to obtain the same documents in [the Illinois case] by propounding discovery" despite the fact that the Illinois court entered a Confidentiality Order on November 2, 2017, providing protection for proprietary documents.  See Oppo. at 10; Oppo. at 2; Granskog Decl. ¶ 11; ECF No. 281-1 at 39-51 (Exh. G).

Protective Order at issue, "the terms of the Order were carefully considered and negotiated by the parties. The Order was then approved by the Court and relied on by the defendants. Worthington continues to rely on its protection." Oppo. at 6. The Court notes that the Protective Order does not deem all discovery to be protected, but only documents containing trade secrets and other confidential research, development, and commercial information. ECF No. 10 ¶ 1. In opposition, Plaintiff argues that the Protective Order is obsolete because Bernzomatic is no longer in existence and the product is no longer being produced. ECF No. 287 at 3-4. The Court rejects Plaintiff's argument, finding that all of the Defendants in the instant case placed significant reliance on the Protective Order when they produced their trade secrets and other confidential information. It is therefore reasonable for Defendants to expect the Protected Documents to be barred from public disclosure. See In re Static Random Access Memory (SRAM) Antitrust Litig., 2011 WL 5193479 at *5–6 ("Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery . . . . [C]hanging the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." (quoting Foltz 331 F.3d at 1137) (internal quotations and citation omitted)).

By seeking to terminate the Protective Order, Plaintiff seeks to be free to disclose the Protected Documents to anyone and to use the Protected Documents in any way he chooses. The Court finds this request improper and unsupported because it would remove any "reasonable restrictions on collateral disclosure" and fail "to protect an affected party's legitimate interests in privacy." See Foltz, 331 F.3d at 1132 (internal citations omitted). The Court therefore **DENIES** Plaintiff's motion to terminate the Protective Order on the basis that it impedes discovery in other litigation. The Court recognizes, however, that the policy of avoiding duplicative discovery also must be considered. The Court finds good cause to modify the Protective Order so it may not be used as a shield by Defendant to prevent access to otherwise discoverable material. See In re eBay Seller Antitrust Litig., No. C07-01882 JF (HRL), 2010 WL 2836815, at *4 (N.D. Cal. July 19, 2010) ("[T]he protective order is modified to the extent that it may not be used as a shield by eBay to prevent Sawyer's lawyers from obtaining

documents otherwise discoverable from eBay."); In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 2008 WL 4191780, at *3 ("In other words, the court's ruling does not allow movants to directly access the underlying documents. It simply establishes that no party may prevent movants from obtaining access as a matter of course, for use in the collateral actions."). Whether the protected material is discoverable in Plaintiff's other cases is a question for those courts. See Foltz, 331 F.3d at 1133 ("If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court."); see also The Sherwin-Williams Co. v. JB Collision Servs., Inc., 2017 WL 6027005, at *2 n.1 ("The case in this District has been closed for nearly two years and is not the proper forum in which to wage battles over the relevancy of *specific* items of discovery in an active case pending in another district."). However, Plaintiff must still request the documents in the collateral proceedings and, if necessary, the courts in those districts will have to determine relevancy. See Stokes, 2009 WL 8397036, at *3 ("Any such access [is] permissible, however, only after the collateral courts have decided upon the proper scope of discovery . . . in those cases (and resolved any discovery objections that arise), and only to the extent and in accordance with the scope permitted by those courts." (internal citation omitted)).

For all of these reasons, the Court **DENIES** the Motion to Terminate the Protective Order, and **ORDERS** the Protective Order to be modified to prohibit Defendants from using the instant Protective Order as a shield to prevent production of otherwise discoverable materials. The remaining terms and provisions of the Protective Order are unchanged. See ECF No. 10. In particular, the Court reminds the parties that Protected Documents "shall be used by the parties solely in connection with [the underlying] litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as otherwise provided herein." ECF No. 10 ¶ 3.

### 3. Sanctions

Federal Rule of Civil Procedure 37 authorizes the court to exercise its discretion to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court

13

07cv2107-MMA (BLM)

orders enforcing those rules. Fed. R. Civ. P. 37(b)(2). Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The Court finds that Plaintiff's motion is not entirely without merit as the Court has slightly modified the Protective Order. The Court also finds that the Prefiling Order discussed by both parties is irrelevant to the instant motion and does not warrant the imposition of sanctions. Finally, while the Court finds that Plaintiff is subject to the Protective Order, should have returned all Protected Documents to Defendants after this case ended, and may not use Protected Documents in any manner not authorized by the Protective Order, the Court finds that Plaintiff's proven conduct does not warrant the imposition of sanctions. The Court also finds Defendant's allegation that Plaintiff altered Defendant's Protected Document in an attempt to conceal its protected status is too speculative to warrant sanctions. Oppo. at 5-6; Granskog Decl. ¶¶ 15-16. Therefore, the Court exercises its discretion and **DECLINES** to impose sanctions against Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Defendant's motion to file documents under seal and **ORDERS** Exhibits J and K to the declaration of Jason J. Granskog in support of its opposition to the motion to terminate the protective order to be filed under seal;

(2) **GRANTS** Plaintiff's motion to file documents under seal and **ORDERS** Exhibit A to Plaintiff's declaration in reply to Defendant's opposition to the motion to terminate the protective order to be filed under seal;

(3) **DENIES** Plaintiff's motion to terminate the Protective Order;

(4) **ORDERS** Plaintiff to immediately comply with the Protective Order, which includes returning all Protected Documents to counsel for Defendants on or before **February 2, 2018**;

(5) **ORDERS** the Protective Order to be modified only to the extent that it may not be

used as a shield by the parties to prevent production of otherwise discoverable materials.  In all other respects, the terms and provisions of the Protective Order are unchanged; and

(6) **DENIES** Defendant's request to impose monetary sanctions on Plaintiff.

**IT IS HEREBY ORDERED.**

Dated:  1/19/2018

Hon. Barbara L. Major
United States Magistrate Judge